UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DIGITAL REG OF TEXAS, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 6:11-CV-305 |
| | ) | |
| ADOBE SYSTEMS INCORPORATED, | ) | |
| VALVE CORPORATION, ELECTRONIC | ) | JURY TRIAL DEMANDED |
| ARTS, INC., UBISOFT, INC., SYMANTEC | ) | |
| CORPORATION, INTUIT, INC., AVG | ) | |
| TECHNOLOGIES USA, INC., ZYNGA | ) | |
| GAMING NETWORK, INC., and ZYNGA, | ) | |
| INC. | ) | |
| | ) | |
| *Defendants*. | ) | |

## UBISOFT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Ubisoft, Inc. ("Ubisoft"), by and through its attorneys, submits this Answer to

Plaintiff Digital Reg of Texas, LLC's ("Plaintiff") First Amended Complaint ("FAC"). Ubisoft

submits this Answer only on its own behalf, and not on behalf of any other named defendant in

this action. To the extent any allegation contained in this Answer is not specifically admitted, it

is hereby denied. Ubisoft further denies any allegation that may be implied by or inferred from

the headings of Plaintiff's FAC.

### I.       NATURE OF THE ACTION

1.       Ubisoft objects to the allegations in Paragraph 1 to the extent that they are

compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each

allegation must be simple, concise, and direct." To the extent that Ubisoft is able to answer,

Ubisoft states as follows. Ubisoft admits that Plaintiff's FAC purports to be an action for patent

infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to

1

enjoin and obtain damages; that Exhibit 1 to the FAC appears on its face to be U.S. Patent No. 6,389,541, entitled *Regulating Access to Digital Content* and names Patrick E. Patterson as inventor ("'541 patent"); that Exhibit 2 to the FAC appears on its face to be U.S. Patent No. 6,751,670, entitled *Tracking Electronic Component* and names Patrick E. Patterson as inventor ("'670 patent"); that Exhibit 3 to the FAC appears on its face to be U.S. Patent No. 7,127,515, entitled *Delivering Electronic Content* and names Patrick E. Patterson as inventor ("'515 patent"); that Exhibit 4 to the FAC appears on its face to be U.S. Patent No. 7,272,655, entitled *Delivering Electronic Content* and names Patrick E. Patterson as inventor ("'655 patent"); that Exhibit 5 to the FAC appears on its face to be U.S. Patent No. 7,421,741, entitled *Securing Digital Content System and Method* and names Eugene B. Phillips and Seth Ornstein as inventors ("'741 patent"); that Exhibit 6 to the FAC appears on its face to be U.S. Patent No. 7,562,150, entitled *Delivering Electronic Content* and names Patrick E. Patterson as inventor ("'150 patent"); that Exhibit 7 to the FAC appears on its face to be U.S. Patent No. 7,673,059, entitled *Tracking Electronic Content* and names Patrick E. Patterson as inventor ("'059 patent"); and that these patents are collectively referenced herein as the "Patents-in-Suit." Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Exhibits 1-7 are true and accurate copies of the Patents-in-Suit, and therefore denies the same. Ubisoft denies that Plaintiff's FAC sets forth a valid or meritorious claim against Ubisoft, denies that Ubisoft has engaged in any unauthorized use, sale, and/or offer to sell in the United States of products, methods, processes, services and/or systems that infringe one or more claims of the Patents-in-Suit, denies that Plaintiff has suffered damages resulting therefrom, denies that Plaintiff is entitled to enjoin and obtain damages from Ubisoft, and otherwise denies the remainder of the allegations in Paragraph 1.

4536119 v4

## II.     PARTIES

2.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies the same.

3.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the same.

4.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.

5.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the same.

6.      Ubisoft admits that Ubisoft, Inc. is a corporation organized and existing under the laws of California with a principal place of business in San Francisco, California and that Ubisoft, Inc. may be served with process by serving Stephen Smith, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

7.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies the same.

8.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.

10.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the same.

11.      Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

4536119 v4

### III.     JURISDICTION AND VENUE

12.     Ubisoft admits that Plaintiff's FAC purports to be an action for patent infringement arising under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.  Ubisoft denies, however, that Plaintiff's FAC sets forth a valid or meritorious claim.

13.     Ubisoft admits that this Court has jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338(a).  Ubisoft denies, however, that Plaintiff states a meritorious action against it.

14.     As to Ubisoft, Ubisoft admits that, for purposes of this action, venue is proper in this District but denies that this District is convenient for adjudication of the claims alleged in this action.  Ubisoft admits that it has transacted business in this District.  Ubisoft denies that it has committed and/or induced acts of patent infringement in this District.  Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 14, and therefore denies the same.

15.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.

18.     Ubisoft admits that, for purposes of this action, Ubisoft is subject to this Court's personal jurisdiction.  Ubisoft admits that it regularly does business in Texas and has sold

products and services in Texas and this District. Ubisoft denies, however, that it has or is committing patent infringement in Texas, this District, or otherwise.

19.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

## IV.        FACTUAL ALLEGATIONS

23.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies the same.

24.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies the same.

25.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same.

26.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

27.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29.     Ubisoft admits it provides the Ubisoft Online Services Platform and Ubisoft Game Launcher.  Ubisoft denies the remainder of the allegations set forth in Paragraph 29.

30.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the same.

31.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same.

32.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same.

33.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the same.

## V.     COUNT ONE – INFRINGEMENT OF THE '541 PATENT

34.     Ubisoft asserts its answers to Paragraphs 1 through 33.

35.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies the same.

36.     Ubisoft denies the allegations set forth in Paragraph 36.

37.     Ubisoft objects to the allegations in Paragraph 37 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly directly infringes the '541 Patent.  Ubisoft denies the allegations set forth in Paragraph 37 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies the same.

4536119 v4

38.     Ubisoft objects to the allegations in Paragraph 38 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly indirectly infringes the '541 Patent.  Ubisoft denies the allegations set forth in Paragraph 38 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies the same.

39.     Ubisoft denies the allegations set forth in Paragraph 39 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies the same.

40.     Ubisoft denies the allegations set forth in Paragraph 40 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

## VI.     COUNT TWO – INFRINGEMENT OF THE '670 PATENT

41.     Ubisoft asserts its answers to Paragraphs 1 through 40.

42.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies the same.

43.     Ubisoft denies the allegations set forth in Paragraph 43.

44.     Ubisoft objects to the allegations in Paragraph 44 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly

directly infringes the '670 Patent. Ubisoft denies the allegations set forth in Paragraph 44 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies the same.

45.     Ubisoft objects to the allegations in Paragraph 45 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly indirectly infringes the '670 Patent. Ubisoft denies the allegations set forth in Paragraph 45 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies the same.

46.     Ubisoft denies the allegations set forth in Paragraph 46 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies the same.

47.     Ubisoft denies the allegations set forth in Paragraph 47 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies the same.

## VII.     COUNT THREE – INFRINGEMENT OF THE '515 PATENT

48.     Ubisoft asserts its answers to Paragraphs 1 through 47.

49.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies the same.

50.     Ubisoft denies the allegations set forth in Paragraph 50.

51.     Ubisoft objects to the allegations in Paragraph 51 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly directly infringes the '515 Patent. Ubisoft denies the allegations set forth in Paragraph 51 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies the same.

52.     Ubisoft objects to the allegations in Paragraph 52 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly indirectly infringes the '515 Patent. Ubisoft denies the allegations set forth in Paragraph 52 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies the same.

53.     Ubisoft denies the allegations set forth in Paragraph 53 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies the same.

54.     Ubisoft denies the allegations set forth in Paragraph 54 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies the same.

4536119 v4

## VIII.     COUNT FOUR – INFRINGEMENT OF THE '655 PATENT

55.     Ubisoft asserts its answers to Paragraphs 1 through 54.

56.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies the same.

57.     Ubisoft denies the allegations set forth in Paragraph 57.

58.     Ubisoft objects to the allegations in Paragraph 58 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly directly infringes the '655 Patent.  Ubisoft denies the allegations set forth in Paragraph 58 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies the same.

59.     Ubisoft objects to the allegations in Paragraph 59 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly indirectly infringes the '655 Patent.  Ubisoft denies the allegations set forth in Paragraph 59 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies the same.

60.     Ubisoft denies the allegations set forth in Paragraph 60 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies the same.

4536119 v4

61.     Ubisoft denies the allegations set forth in Paragraph 61 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies the same.

## IX.     COUNT FIVE – INFRINGEMENT OF THE '150 PATENT

62.     Ubisoft asserts its answers to Paragraphs 1 through 61.

63.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies the same.

64.     Ubisoft denies the allegations set forth in Paragraph 64.

65.     Ubisoft objects to the allegations in Paragraph 65 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly directly infringes the '150 Patent.  Ubisoft denies the allegations set forth in Paragraph 65 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies the same.

66.     Ubisoft objects to the allegations in Paragraph 66 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly indirectly infringes the '150 Patent.  Ubisoft denies the allegations set forth in Paragraph 66 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies the same.

67.     Ubisoft denies the allegations set forth in Paragraph 67 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies the same.

68.     Ubisoft denies the allegations set forth in Paragraph 68 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies the same.

## X.      COUNT SIX – INFRINGEMENT OF THE '059 PATENT

69.     Ubisoft asserts its answers to Paragraphs 1 through 68.

70.     Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies the same.

71.     Ubisoft denies the allegations set forth in Paragraph 71.

72.     Ubisoft objects to the allegations in Paragraph 72 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and direct" and fail to put Ubisoft on notice as to how Ubisoft allegedly directly infringes the '059 Patent.  Ubisoft denies the allegations set forth in Paragraph 72 to the extent that those allegations relate to Ubisoft.  As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies the same.

73.     Ubisoft objects to the allegations in Paragraph 73 because they are compound and fail to comply with Federal Rule of Civil Procedure 8(d)'s requirement that "each allegation must be simple, concise, and clear" and fail to put Ubisoft on notice as to how Ubisoft allegedly

indirectly infringes the '059 Patent. Ubisoft denies the allegations set forth in Paragraph 73 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies the same.

74.     Ubisoft denies the allegations set forth in Paragraph 74 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies the same.

75.     Ubisoft denies the allegations set forth in Paragraph 75 to the extent that those allegations relate to Ubisoft. As to the remaining defendants, Ubisoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies the same.

### XI.     COUNT SEVEN – INFRINGEMENT OF THE '741 PATENT

76.     Ubisoft asserts its answers to Paragraphs 1 through 75.

77.     Count Seven is not asserted against Ubisoft, therefore no response is required.

78.     Count Seven is not asserted against Ubisoft, therefore no response is required.

79.     Count Seven is not asserted against Ubisoft, therefore no response is required.

80.     Count Seven is not asserted against Ubisoft, therefore no response is required.

81.     Count Seven is not asserted against Ubisoft, therefore no response is required.

82.     Count Seven is not asserted against Ubisoft, therefore no response is required.

### XII.     WILLFUL INFRINGEMENT

83.     Willful infringement is not asserted against Ubisoft, therefore no response is required.

84.	Willful infringement is not asserted against Ubisoft, therefore no response is required.

### XIII.	JURY DEMAND

85.	Ubisoft admits that Plaintiff demands a trial by jury.

### XIV.	PRAYER FOR RELIEF

As to Ubisoft, Ubisoft denies that Plaintiff is entitled to any relief in connection with the allegations of Plaintiff's FAC, including, without limitation, the allegations of Paragraphs (A) through (F), and (H) through (M) of Plaintiff's Prayer for Relief. Paragraph (G) does not assert a request for relief from Ubisoft, therefore no response is required. As to the other defendants, Ubisoft is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relief specified in the Prayer for Relief, and therefore denies the same.

### <u>AFFIRMATIVE DEFENSES</u>

Without admitting or acknowledging that Ubisoft bears the burden of proof as to any of the following affirmative defenses, based upon information and belief, Ubisoft asserts the following defenses:

### FIRST DEFENSE

### (Non-Infringement of the Asserted Patents)

Ubisoft has not infringed, induced infringement, and/or contributed to the infringement of, either literally or under the doctrine of equivalents, any valid claim of the '541 Patent, the '670 Patent, the '515 Patent, the '655 Patent, the '150 Patent, and the '059 Patent; therefore, Ubisoft is not liable for any infringement thereof.

## SECOND DEFENSE

## (Invalidity of the Asserted Patents)

The '541 Patent, the '670 Patent, the '515 Patent, the '655 Patent, the '150 Patent, and the '059 Patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112, and/or do not otherwise meet one or more requirements of Title 35 of the United States Code.

## THIRD DEFENSE

## (Prosecution History Estoppel)

Plaintiff's claims of patent infringement against Ubisoft are barred in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

## (Laches)

Plaintiff's attempted enforcement of the asserted patents against Ubisoft is barred by the doctrine of laches.

## FIFTH DEFENSE

## (Failure to State a Claim)

Plaintiff's claims for alleged infringement of the '541 Patent, the '670 Patent, the '515 Patent, the '655 Patent, the '150 Patent, and the '059 Patent fail to state a claim upon which relief can be granted.

## ADDITIONAL AFFIRMATIVE DEFENSES

Ubisoft reserves the right to assert additional defenses as they may become known.

## <u>COUNTERCLAIMS</u>

Pursuant to Federal Rule of Civil Procedure 13, Ubisoft asserts the following Counterclaims against Plaintiff:

4536119 v4

## JURISDICTION AND VENUE

1.     The following counterclaims arise under the United States Patent Laws, 35 U.S.C. §§ 101 *et seq*.  These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

2.     Plaintiff has submitted to the personal jurisdiction of this Court by bringing the present action.

3.     By its FAC, Plaintiff has alleged that it is the assignee and owner of the '541 Patent, the '670 Patent, the '515 Patent, the '655 Patent, the '150 Patent, and the '059 Patent.

4.     Plaintiff's FAC alleges that Ubisoft has infringed the '541 Patent, the '670 Patent, the '515 Patent, the '655 Patent, the '150 Patent, and the '059 Patent, and Ubisoft denies those allegations.

5.     Based on Plaintiff's FAC against Ubisoft and Ubisoft's Answer to the same, there exists an actual and justiciable controversy between Plaintiff and Ubisoft concerning the '541 Patent, the '670 Patent, the '515 Patent, the '655 Patent, the '150 Patent, and the '059 Patent.

## THE PARTIES

6.     Ubisoft, Inc. ("Ubisoft") is a corporation organized and existing under the law of California with a principal place of business at 625 3rd Street, San Francisco, California 94107.

7.     Upon information and belief, Plaintiff Digital Reg of Texas, LLC ("Plaintiff") is a limited liability corporation organized and existing under the laws of the State of Texas and headquartered at 104 East Houston Street, Suite 165, Marshall, Texas 75670.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF THE '541 PATENT

8.     Ubisoft incorporates by reference its allegations in Paragraphs 1-7 of its Counterclaims as if fully set forth herein.

4536119 v4

9.     Ubisoft has not infringed, induced infringement, and/or contributed to the infringement of, either literally or under the doctrine of equivalents, any valid claim of the '541 Patent.

10.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment of non-infringement of the '541 Patent.

## COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE '670 PATENT

11.     Ubisoft incorporates by reference its allegations in Paragraphs 1-10 of its Counterclaims as if fully set forth herein.

12.     Ubisoft has not infringed, induced infringement, and/or contributed to the infringement of, either literally or under the doctrine of equivalents, any valid claim of the '670 Patent.

13.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment of non-infringement of the '670 Patent.

## COUNT III – DECLARATION OF NON-INFRINGEMENT OF THE '515 PATENT

14.     Ubisoft incorporates by reference its allegations in Paragraphs 1-13 of its Counterclaims as if fully set forth herein.

15.     Ubisoft has not infringed, induced infringement, and/or contributed to the infringement of, either literally or under the doctrine of equivalents, any valid claim of the '515 Patent.

16.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment of non-infringement of the '515 Patent.

## COUNT IV – DECLARATION OF NON-INFRINGEMENT OF THE '655 PATENT

17.     Ubisoft incorporates by reference its allegations in Paragraphs 1-16 of its Counterclaims as if fully set forth herein.

18.     Ubisoft has not infringed, induced infringement, and/or contributed to the infringement of, either literally or under the doctrine of equivalents, any valid claim of the '655 Patent.

19.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment of non-infringement of the '655 Patent.

### COUNT V – DECLARATION OF NON-INFRINGEMENT OF THE '150 PATENT

20.     Ubisoft incorporates by reference its allegations in Paragraphs 1-19 of its Counterclaims as if fully set forth herein.

21.     Ubisoft has not infringed, induced infringement, and/or contributed to the infringement of, either literally or under the doctrine of equivalents, any valid claim of the '150 Patent.

22.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment of non-infringement of the '150 Patent.

### COUNT VI – DECLARATION OF NON-INFRINGEMENT OF THE '059 PATENT

23.     Ubisoft incorporates by reference its allegations in Paragraphs 1-22 of its Counterclaims as if fully set forth herein.

24.     Ubisoft has not infringed, induced infringement, and/or contributed to the infringement of, either literally or under the doctrine of equivalents, any valid claim of the '059 Patent.

25.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment of non-infringement of the '059 Patent.

4536119 v4

## COUNT VII– DECLARATION OF INVALIDITY OF THE '541 PATENT

26.     Ubisoft incorporates by reference its allegations in Paragraphs 1-25 of its Counterclaims as if fully set forth herein.

27.     The '541 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, and/or does not otherwise meet one or more requirements of Title 35 of the United States Code.

28.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment that the '541 Patent is invalid.

## COUNT VIII – DECLARATION OF THE INVALIDITY OF THE '670 PATENT

29.     Ubisoft incorporates by reference its allegations in Paragraphs 1-28 of its Counterclaims as if fully set forth herein.

30.     The '670 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, and/or does not otherwise meet one or more requirements of Title 35 of the United States Code.

31.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment that the '670 Patent is invalid.

## COUNT IX – DECLARATION OF INVALIDITY OF THE '515 PATENT

32.     Ubisoft incorporates by reference its allegations in Paragraphs 1-31 of its Counterclaims as if fully set forth herein.

33.     The '515 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, and/or does not otherwise meet one or more requirements of Title 35 of the United States Code.

34.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment that the '515 Patent is invalid.

## COUNT X – DECLARATION OF INVALIDITY OF THE '655 PATENT

35.     Ubisoft incorporates by reference its allegations in Paragraphs 1-34 of its Counterclaims as if fully set forth herein.

4536119 v4

36.     The '655 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, and/or does not otherwise meet one or more requirements of Title 35 of the United States Code.

37.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment that the '655 Patent is invalid.

## COUNT XI – DECLARATION OF INVALIDITY OF THE '150 PATENT

38.     Ubisoft incorporates by reference its allegations in Paragraphs 1-37 of its Counterclaims as if fully set forth herein.

39.     The '150 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, and/or does not otherwise meet one or more requirements of Title 35 of the United States Code.

40.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment that the '150 Patent is invalid.

## COUNT XII – DECLARATION OF INVALIDITY OF THE '059 PATENT

41.     Ubisoft incorporates by reference its allegations in Paragraphs 1-40 of its Counterclaims as if fully set forth herein.

42.     The '059 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, and/or does not otherwise meet one or more requirements of Title 35 of the United States Code.

43.     By reason of the foregoing, Ubisoft is entitled to a declaratory judgment that the '059 Patent is invalid.

## PRAYER

WHEREFORE, Ubisoft prays for judgment that:

A.     Finds judgment in favor of Ubisoft and against Plaintiff;

B.     Dismisses Plaintiff's FAC with prejudice;

C.     Declares that Ubisoft has not infringed the '541 Patent;

D.    Declares that Ubisoft has not infringed the '670 Patent;

E.    Declares that Ubisoft has not infringed the '515 Patent;

F.    Declares that Ubisoft has not infringed the '655 Patent;

G.    Declares that Ubisoft has not infringed the '150 Patent;

H.    Declares that Ubisoft has not infringed the '059 Patent;

I.    Declares the claims of the '541 Patent invalid;

J.    Declares the claims of the '670 Patent invalid;

K.    Declares the claims of the '515 Patent invalid;

L.    Declares the claims of the '655 Patent invalid;

M.    Declares the claims of the '150 Patent invalid;

N.    Declares the claims of the '059 Patent invalid;

O.    Awards Ubisoft its fees and costs, including attorneys' fees; and

P.    Grants such other and further relief as the Court may deem just and proper.

### DEMAND FOR A JURY TRIAL

Ubisoft demands a jury trial on all issues so triable.


Dated: January 17, 2012                    Respectfully Submitted,

                                           */s/ Robert Christopher Bunt*
                                           Robert Christopher Bunt
                                           State Bar No. 00787165
                                           **PARKER, BUNT & AINSWORTH, P.C.**
                                           100 East Ferguson, Ste. 1114
                                           Tyler, TX 75702
                                           Telephone: (903) 531-3535
                                           Fax: (903) 533-9687

                                           **ATTORNEYS FOR DEFENDANT
                                           UBISOFT, INC.**

4536119 v4

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served January 17, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Robert Christopher Bunt
ROBERT CHRISTOPHER BUNT

4536119 v4