1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **NORTHERN DISTRICT OF CALIFORNIA**

8 **OAKLAND DIVISION**

9

10 DIGITAL REG OF TEXAS, LLC,

CASE NO. 12-CV-01971 CW

11 Plaintiff,

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

12 vs.

13 ADOBE SYSTEMS INCORPORATED, et al.,

14 Defendants.

15

16    This protective order ("Protective Order") is issued to expedite the flow of discovery

17 materials, to facilitate the prompt resolution of disputes over confidentiality of discovery

18 materials, to adequately protect information the parties are entitled to keep confidential, to ensure

19 that only materials the parties are entitled to keep confidential are subject to such treatment, and to

20 ensure that the parties are permitted reasonably necessary uses of such materials in preparation for

21 and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c) and any other applicable rules of this

22 Court.  Unless modified, superseded, or terminated pursuant to the terms contained herein, this

23 Protective Order shall remain in effect through the conclusion of the above-captioned action and

24 thereafter as set forth below.

25    In support of this Protective Order, the Court finds that:

26    A.    Documents or information containing confidential research, development, business,

27 and/or commercial information and/or trade secrets within the meaning of Fed. R. Civ. P. 26(c)

28

1  ("Confidential Information") are likely to be disclosed or produced during the course of discovery

2  in this Action ("Action," which shall include without limitation this action and any adjunct

3  subpoena proceedings incident hereto before any tribunal);

4          B.      The parties and non-parties to this Action may assert that public dissemination and

5  disclosure of Confidential Information could severely injure or damage the party or nonparty

6  disclosing or producing the Confidential Information and/or could place that party or nonparty at a

7  competitive disadvantage;

8          C.      Counsel for the party or parties receiving Confidential Information are presently

9  without sufficient information to accept the representation(s) made by the party or non-party

10  producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of

11  such Confidential Information; and

12          D.      To protect the respective interests of the parties and non-parties, and to facilitate the

13  progress of disclosure and discovery in this Action, the following Protective Order should issue.

14          **IT IS THEREFORE ORDERED THAT:**

15          1.      This Protective Order shall apply to all information, documents and things subject

16  to discovery in this Action produced either by a party or non-party in discovery in this Action,

17  including, without limitation, testimony adduced at deposition upon oral examination or upon

18  written questions, answers to interrogatories, documents and things produced, information

19  obtained from the inspection of premises or things, and answers to requests for admission, or

20  information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").

21          2.      Discovery Material containing Confidential Information is referred to as

22  "Confidential Material." The following information is not Confidential Material:

23          a.      any information that at the time of disclosure to a receiving party is in the

24  public domain; any information that, after its disclosure to a receiving party,

25  becomes part of the public domain as a result of voluntary publication that

26  does not involve a violation of this Protective Order;

27          b.      any information that the receiving party can show by dated written records

28  was already known to it prior to the disclosure, and with respect to which

1      the receiving party is under no obligation of confidentiality imposed outside

2      this Protective Order;

3    c.    any information that the receiving party can show by dated written records

4      was received by it after the disclosure from a source who obtained the

5      information lawfully and under no obligation of confidentiality to the

6      producing party; and

7    d.    any information that the receiving party can show by dated written records

8      was independently developed by it after the time of disclosure by personnel

9      who have not had access to the producing party's Confidential Material.

10     **Designation of Material**

11     3.    In determining the scope of information which a party or non-party may designate

12 as Confidential Material, each party or non-party shall make such designations, and shall respond

13 to requests to permit further disclosure of Confidential Material, in good faith and so as not to

14 impose burden or delay on a receiving party or for tactical or other advantage in this Action.

15     4.    Except as provided in paragraphs 5 and 6, the producing party or non-party shall

16 designate each document or thing it deems to be Confidential Materials as follows:

17 "**CONFIDENTIAL**."

18     5.    The producing party or non-party may designate as "**HIGHLY CONFIDENTIAL**

19 **– OUTSIDE COUNSEL ONLY**" those Confidential Materials which contain Confidential

20 Information that is especially sensitive and could cause the party or nonparty to suffer significant

21 competitive harm if disclosed to an unauthorized person.  Examples of such especially sensitive

22 Confidential Materials include but are not limited to pending but unpublished patent applications,

23 information concerning research, development, and other activities related to released or

24 unreleased products, strategic business planning information, legal communications with outside

25 entities, customer lists, marketing and sales information, financial information, license

26 agreements, and other highly confidential technical, proprietary, research, and development

27 information.

28

6.     The producing party or non-party may designate as "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" those Confidential Materials that include or are in the form of computer code (including without limitation source code, object code, HTML code, JavaScript code, CSS code, flash application code, scripts (in any language), and any other computer code (collectively, "source code")) and that would otherwise be appropriately designated in accordance with paragraph 5.

7.     A document or thing to be produced bearing the designation "**CONFIDENTIAL**," "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**," or "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" shall be so marked on its face (or in equivalent format if produced in native electronic format) by the producing party or non-party before the document or thing is produced.

8.     Where testimony is given at a hearing or deposition, and no designation is made at the deposition or hearing, such testimony shall be deemed "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**," until the expiration of seven (7) calendar days after the transcript of the testimony is provided by the court reporter. Pages, or entire transcripts, of deposition or hearing testimony may be designated as "**CONFIDENTIAL**," "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**," or "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" by an appropriate statement either at the time such testimony is given or by written notification within the seven (7) calendar day period. If the testimony is not otherwise designated at the time of the deposition, hearing or the ensuing seven (7) calendar day period, it will be deemed not to contain Confidential Material, unless a Court orders otherwise.

9.     Written discovery responses and the information contained therein may be designated as containing "**CONFIDENTIAL**," "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**," or "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" information by a statement, made at the beginning of the document or before each response that contains such information, specifying the level of designation of the Confidential Information.

10. Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above may be designated "**CONFIDENTIAL**," "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**," or "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" information by informing the receiving party of the designation in writing.

11. If documents or things are made available for inspection before production of copies of selected items, such documents or things initially shall be deemed "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" unless otherwise designated at the time of inspection and shall be subject to this Protective Order. Thereafter, the producing party shall have thirty (30) days to review and designate the documents as set forth in paragraph 7 above prior to furnishing copies to the receiving party.

12. Where Confidential Material has been produced without designation, or bearing a mis-designation, the producing party may correct this through written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the document or thing in the manner designated in the written notification, and such document or thing shall be subject to this Protective Order as if it had been initially so designated. If, before receiving such notice, the receiving party has disseminated any Confidential Material to individuals not authorized to receive it hereunder, the receiving party shall make reasonable efforts to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark and maintain the Confidential Material. In addition, the receiving party shall immediately notify the producing party of such dissemination.

### Restrictions on Use and Disclosure of Confidential Materials

13. The recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care.

14.     Confidential Material, and the Confidential Information contained therein, shall be used solely for the purposes of this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

15.     Confidential Material designated as "**CONFIDENTIAL**" and any information contained therein shall be disclosed only to the following persons:

a.      Counsel of record in this Action, including lawyers employed by local or trial counsel who are working on this Action or outside attorneys for a named party who, if they have not appeared in this Action, otherwise agree to be bound by this Protective Order;

b.      paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons (provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case): independent legal translators retained to translate in connection with this Action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this Action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action; non–technical jury or trial consulting services provided such individuals agree to be bound by this Protective Order; and mock jurors provided (i) they execute the attached Undertaking in Exhibit A attached hereto prior to receipt of Confidential Materials and (ii) they are not allowed to retain a copy of any Confidential Materials after serving as mock jurors;

c.      The Court, its personnel and stenographic reporters (with such Confidential Material having been filed under seal, lodged with the Court, or with other suitable precautions as determined by the Court);

d.      Members of the jury in this Action;

e.      Any appellate court with jurisdiction over an appeal in this Action;

[PROPOSED] STIPULATED PROTECTIVE ORDER

f.      At a deposition or hearing, any person who authored or previously received the Confidential Material and, subject to timely objection (including objection that such person is not internally authorized to receive such information), any person currently employed by the producing party or non-party;

g.      Any independent experts or consultants, and employees and assistants under the control of such expert or consultant, who is engaged by counsel of record in this Action or the parties to this Action, whether or not such expert or consultant is paid directly by a party, provided however that disclosure to such persons shall be made only after they first cleared the requirements set forth in paragraph 17 below;

h.      For each party, up to two (2) designated in-house counsel of the party and/or its parent/affiliate who are responsible for supervising or assisting in the defense of this Action may view materials or information designated as "**CONFIDENTIAL**" by a producing party or non-party. If there is a change in personnel or roles for in-house counsel of a party, the party may substitute other designees under this provision, so long as they meet the other criteria for clearance and keep the total to two or less; and

i.      For each party, up to three (3) representatives to the extent necessary for the litigation of this Action who shall be designated in writing by the party prior to receipt of Confidential Materials, and who shall agree to be bound by this Protective Order and execute the attached Undertaking in Exhibit A attached hereto prior to receipt of Confidential Materials.

16.      Confidential Material designated as "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" or "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" and any information contained therein may be disclosed only to those persons identified above in paragraphs 15(a) through 15(g), and subject to the provisions of paragraph 17 below.

17.     Counsel for the parties intending to disclose a particular producing party's Confidential Materials to experts, consultants, or employees and/or assistants under the control of such expert or consultant (collectively, "Experts") specified in paragraph 15 or 16 above shall first obtain a signed Undertaking, in the form of Exhibit A attached hereto, from each such consultant or expert, and such counsel shall retain in their files the original of each such signed Undertaking. A copy of the signed Undertaking from any Experts shall be forwarded to the producing party's opposing counsel with the current curriculum vitae for the expert or consultant, along with a statement identifying all entities with whom the expert or consultant has worked in the last five (5) years.   In addition, if the Experts are to be given access to the particular producing party's "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" materials, that intention shall be communicated concurrently with forwarding to opposing counsel of his/her signed Undertaking. No Confidential Materials designated under this Order shall be disclosed to such Experts until after fourteen (14) calendar days commencing with the service of a copy of the executed Undertaking and curriculum vitae (from expert or consultant).   Moreover, if during those fourteen (14) calendar days the producing party's opposing counsel objects to such disclosure, there shall be no disclosure of Confidential Materials to such Experts except by mutual agreement of the producing party and receiving party, or by order of the Court.   A party that receives a timely written objection must meet and confer with the producing party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.   If no agreement is reached, the party seeking to make the disclosure to the Experts may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so.   Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Experts is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.   In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the producing party for its refusal to approve the disclosure.

1   In any such proceeding, the party opposing disclosure to the Experts shall bear the burden of

2   proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

3   outweighs the receiving party's need to disclose the Confidential Materials to its Experts.

4        18.    Nothing in this Protective Order shall prevent or otherwise restrict counsel of

5   record from advising their client with respect to this Action and, in the course thereof, relying in a

6   general way upon his or her examination of Confidential Material; provided, however, that in

7   rendering such advice such counsel shall not disclose, reveal or describe the contents of any such

8   materials except insofar as allowed (if allowed at all) under the terms of this Protective Order.

9        19.    The restrictions on the use of Confidential Materials established by this Protective

10   Order apply only to the use of information received by a party from another party or a non-party to

11   this Action. A party is free to use as it pleases its own information or information that it obtained

12   outside the discovery process in this Action.

13   **Additional Protections for Source Code**

14        20.    Materials designated "**HIGHLY CONFIDENTIAL – SOURCE CODE –**

15   **OUTSIDE COUNSEL ONLY**" ("Source Code") shall be subject to the following additional

16   protections:

17       a.   "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE**

18   **COUNSEL ONLY**" materials, to the extent in electronic format, shall be

19   made available to persons authorized under paragraphs 15(a) and 15(g).

20   "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE**

21   **COUNSEL ONLY**" materials shall be made available for inspection, in a

22   format allowing it to be reasonably reviewed and searched, during normal

23   business hours or at other mutually agreeable times, at an office of the

24   producing party's local counsel or another mutually agreed upon location.

25       b.   "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE**

26   **COUNSEL ONLY**" materials shall be made available for inspection on a

27   secured computer in a secured room without Internet access or network

28   access to other computers, and the receiving party shall not copy, remove,

or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The producing party may visually monitor the activities of the receiving party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  The producing party shall provide a reasonably comfortable work environment within the secured site, including maintaining a proper room temperature and providing power, lighting, a table or desk, and chairs.  Further, the producing party shall use reasonable efforts to accommodate any request by the receiving party to (1) equip the standalone computer with an external monitor with an external display measuring at least 19 inches diagonal and configured to output to the external monitor at the monitor's native resolution, and/or (2) make available a second standalone computer if a second computer is reasonably necessary under the circumstances.  If the producing party does not have 19-inch monitor(s) and/or a second standalone computer reasonably available to it at the Source Code production site, the receiving party shall supply any such requested items at its own expense.

c.  Upon installation of Source Code to the standalone computer, the producing party shall use reasonable efforts to produce reasonably in advance of the scheduled inspection, in electronic format, a list of all files installed on the standalone computer, including path information so that the receiving party may locate a particular file referenced therein.  Access to the standalone computer shall be permitted, after five court days advance notice to the provider of the proposed inspection date and time and the identities of the proposed inspectors, to outside counsel representing the receiving party and experts retained by the receiving party who have been approved under Paragraph 17 of this Protective Order.  Counsel for the producing party shall ensure that only these persons authorized pursuant to this paragraph

[PROPOSED] STIPULATED PROTECTIVE ORDER

shall have access to the standalone computer. Moreover, the following additional restrictions shall apply to such access:

(i) Each time a person accesses the standalone computer, the person shall sign a sign-in sheet before, and a sign-out sheet subsequent to, accessing the standalone computer. Such sheets shall include the name of the person accessing and the date and time in and out. Such sheets shall be maintained by counsel for the producing party, and such sheets and any information on them shall be inadmissible in this Action except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

(ii) With the exception of those of the producing party, no other computers, tablets, smartphones, blackberries, photographic or video recording devices, or any recording media itself (including but not limited to camera phones, cameras, video recorders, portable hard drives, and/or USB flash drives) are permitted in a secured site containing a standalone computer. However, the aforementioned devices may be kept in a separate area within the office where representatives of the receiving party may confer in private.

(iii) After five court days advance notice to the producing party as to the time and date of desired access to a standalone computer and the identities of the proposed inspectors, the producing party shall make its standalone computer available for inspection.

(iv) Unless otherwise agreed in advance by the parties in writing, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the Source Code review room do not operate as a waiver of the attorney work

product doctrine or any other applicable privilege and shall be returned to the owner promptly. The producing party shall not be responsible for any items left in the Source Code review room.

(v)    The receiving party's outside counsel and/or experts shall be entitled to take notes in paper relating to the Source Code, but may not copy verbatim lines of the Source Code into the notes. The receiving party shall not copy, remove, or otherwise transfer any Source Code from the standalone computer including, without limitation, copying, removing, or transferring the Source Code onto any other computers or peripheral equipment. The receiving party shall not transmit any Source Code in any way from the producing party's facilities or the offices of its outside counsel of record. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

d.    At the request and sole expense of the party seeking discovery, the producing party shall permit authorized persons to use software tools of their choosing for searching, inspecting, and/or analyzing the "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" materials on a standalone computer. Specifically, before viewing these materials on a standalone computer, the receiving party shall notify the producing party of the specific software tools desired to be used, and provide such software tools to counsel for the producing party. Unless the producing party objects to such software tools within seven (7) calendar days of receipt of such notice, the producing party shall load such software tools on the standalone computer upon provision of such software tools by the receiving party. The parties agree to meet and confer in good faith to resolve any such objections. If an authorized person from the receiving party is viewing these materials on a standalone computer and wishes to use

additional software tools for searching, inspecting, and/or analyzing such material, the receiving party shall notify the producing party or non-party of such additional software tools and provide such software tools to producing party or non-party, and the producing party or non-party shall use its best efforts to load such software tools as soon as practical thereafter. At receiving party's request, the producing party or non-party shall provide to the receiving party or non-party the identity of programming languages used to develop or edit these materials, and whether these materials were developed or edited in a UNIX or Windows environment.

e.  The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filing, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph 20(a)-(c) in the first instance. Within seven (7) business days of a request, the producing party shall either (i) produce one copy set of the requested pages to the receiving party, or (ii) inform the requesting party that it objects to the request as excessive or not submitted for a permitted purpose. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the receiving party shall be entitled to seek a Court resolution of whether the request is not reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The receiving party shall not request printed copies of the Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the standalone computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that the producing party shall be

[PROPOSED] STIPULATED PROTECTIVE ORDER

required to print Source Code only when reasonably necessary. The producing party will affix the proper Bates labeling and confidentiality designation to any printed copies to be produced to the receiving party. Further, the printed copies shall include line numbering which corresponds to that displayed on the monitors of the Secured Computer(s) as viewed by the receiving party, to the extent practical based on the installed viewing software and installed printer. The receiving party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.

f.      The receiving party's outside counsel of record shall only make additional paper copies of the Source Code received from a producing party pursuant to Paragraph 20.e above if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. The receiving party shall maintain a log of any individual who has inspected any portion of the source code in electronic or paper form. Upon seven (7) business day's advance notice to the receiving party by the producing party that the producing party has a reasonable basis to inspect the log, the receiving party meet and confer in good faith with the producing party on the request for production of a copy of this log to the producing party and, if the parties reach an impasse, may move to compel the receiving party to provide a copy of this log to the producing party.

g.      For depositions, copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit

by its production numbers. All paper copies of Source Code brought to the deposition shall be securely destroyed in a timely manner at the end of the day in which the deposition concludes.

h.     Except as provided in this paragraph, absent express written permission from the producing party, the receiving party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the receiving party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such filing will not be made absent (i) agreement from the producing party that the confidentiality protections will be adequate, or (ii) Court order. If a producing party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the receiving party that an electronic or any other copy needs to be made for a Court filing, the receiving party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the producing party has provided the express written permission required under this provision for a receiving party to create electronic copies of Source Code, the receiving party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained

consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY" as provided for in this Order.

    i.   Nothing in this Protective Order shall obligate the parties to produce any Source Code or particular portion thereof, and this Protective Order is not an act or admission that any portion of a producing party's source code is discoverable or relevant to any issues in this action.

## Court Filings

21.    Any party may file or lodge with the Court documents or things designated as Confidential Material under this Order. In no case, however, may a party submit more "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" material as part of a filing with the Court than is necessary to argue the precise point that such material supports, and shall redact any such material that is included on the pages submitted but which is not required to argue the precise point that such material supports. A party shall seal any filings with the Court which comprise, embody, summarize, discuss, or quote from documents or things given a confidentiality designation under this Order, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal, consistent with the Local Rules of the Northern District of California. Filing or lodging such information or items under seal shall be made in compliance with Local Civil Rule 79-5 and any other applicable rules.

## Challenges to Confidentiality Designations

22.    The acceptance by a party of documents or things produced with a confidentiality designation under this Order shall not constitute an agreement, admission, or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P. 26(c), or some other basis. Documents produced with a confidentiality designation under this Order shall be treated in accordance with the provisions of this Protective Order, except that any

party may at any time seek an Order from the Court determining that specified information or categories of information have been improperly designated, provided that before making such a motion the parties shall meet and confer in good faith to resolve any differences over the designation. In response to such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Material in question is protectable under Fed. R. Civ. P. 26(c) or some other basis, or, as the case may be, that the confidentiality designation is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time made, and failure to do so shall not preclude subsequent challenge. Should any party seek an Order from the Court to determine whether specified information or categories of information are not properly designated the claimed designation shall remain operative and respected by all the parties and non-parties pending the Court's ruling.

**Discovery and Evidentiary Rules Remain Unchanged**

23.     Nothing in this Protective Order shall require disclosure of material that a party or non-party contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity, nor preclude any party from moving the Court for an Order directing the disclosure of such material by such party or non-party. Nor shall anything in this Protective Order be deemed a waiver of any objections to discovery requests served by the parties or shall change the timing of responses to discovery requests, which shall be governed by the applicable local and federal rules.

**Disclosure of Privileged / Protected Materials—No Waiver**

24.     Production or disclosure of documents, things, or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall neither waive nor prejudice any claim that such or related material is privileged or protected by any applicable privilege or immunity, provided the producing party notifies the receiving party in writing promptly after discovering such production. Such produced documents, things, or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents, things, or information during deposition or at trial, nor shall such documents, things, or information be shown to anyone who has not already

been given access to them subsequent to the request that they be returned. Should a privileged or protected document, thing, or information be produced inadvertently, the producing party shall then provide a withheld document log identifying such produced document or thing. The receiving party may move the Court for an Order compelling production of any produced document, thing, or information, but the motion shall not assert as a ground for production the fact of the production nor shall the motion disclose the content of the produced document, thing, or information (beyond any information appearing on the above-referenced log) in any way in connection with any such motion.

25.     In the event of any disclosure of another party's Confidential Material, counsel for the party responsible for the disclosure shall immediately provide all pertinent facts to counsel for the party that originally produced the Confidential Material, and counsel for the party responsible for the disclosure shall make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and attempting to secure the agreement of the recipients not to further disseminate the Confidential Material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

**Modification / Amendment of this Order**

26.     This Protective Order shall not prevent the parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing among themselves to modifications of this Protective Order.

27.     In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

**Production of Documents Under Third-Party Confidentiality Obligations**

28.     During the course of this Action, a party may be requested to produce to another party Confidential Material subject to contractual or other obligations of confidentiality owed to

[PROPOSED] STIPULATED PROTECTIVE ORDER

another party or a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such nonparty is willing to permit disclosure of non-party's Confidential Material under the terms of this Protective Order and shall inform the non-party of the contents of this Protective Order and specifically this paragraph. If the non-party consents to the disclosure of non-party's Confidential Material to the requesting party, the Confidential Material shall be produced in accordance with this Protective Order. If the non-party does not consent to disclosure of its Confidential Material under the terms of this Protective Order, the party subject to such contractual or other obligation of confidentiality shall promptly notify the requesting party in the Action in writing of that non-party's refusal to consent, including an identification of the refusing non-party. This Protective Order shall not preclude any party from moving the Court for an Order compelling production of such Confidential Material.

### **Return of Confidential Materials**

29.     Within sixty (60) calendar days after the final termination of this Action, including any appeals, all "**CONFIDENTIAL**" and "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" materials, produced by any party or non-party, and all copies of such information, shall be returned to the producing party or non-party, or counsel of record shall certify in writing that such Confidential Materials have been destroyed. Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, and expert reports designated "**CONFIDENTIAL**," "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**," or incorporating Confidential Materials designated "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" only, except that there shall be no obligation for either outside counsel or in-house counsel if applicable to return or destroy all copies of materials that are contained in e-mails, back-up tapes, and/or other not readily available electronic formats even if those materials have been specifically labeled as Confidential.

1

### Confidentiality Obligations Survive

2      30.     This Protective Order, and all obligations and duties arising under this Protective

3   Order, shall remain in effect after the final termination of this Action, unless otherwise ordered by

4   the Court.

5

### Court Retains Jurisdiction

6      31.     This Court retains jurisdiction indefinitely over the parties, and any persons

7   provided access to Confidential Materials under the terms of this Protective Order, with respect to

8   any dispute over the prohibited use or disclosure of such Confidential Materials.

9      32.     No copy of any transcript of any deposition which is designated, in part or in

10  whole, as Confidential Material under this Order shall be furnished by the court reporter to any

11  person other than to counsel of record and counsel for a non-party, if the furnished transcript is of

12  the non-party's own deposition. If the original of any transcript of any deposition designated

13  pursuant to this Order must be filed, it shall be filed with the Court under seal in accordance with

14  paragraph 21 hereof, unless otherwise agreed by the producing party.

15

### Prosecution Bar

16     33.     Absent the written consent of the Producing Party, any Plaintiff's Counsel (outside

17  or in-house) that receives access to "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL**

18  **ONLY**" or "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL**

19  **ONLY**" under this Protective Order shall not be involved, directly or indirectly, in any of the

20  following activities: preparing, prosecuting, drafting, editing, amending, or otherwise affecting the

21  disclosure in patent applications or specifications or the scope of claims in patents or patent

22  applications relating to the subject matter of any information disclosed in the designated materials

23  or relating to digital rights management technology, before any foreign or domestic agency,

24  including the United States Patent and Trademark Office.  This bar precludes Plaintiff's counsel,

25  but not Defendants' Counsel, from participating in reexamination proceedings on behalf of a Party

26  challenging the validity of a patent, where counsel will not be involved in crafting claims.  This

27  bar also precludes Plaintiff's Counsel, but not Defendant's Counsel, from participating directly or

28  indirectly in reexamination proceedings on behalf of a patentee.  This prohibition on patent

prosecution shall begin when access to Protected Material is first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

### No Obligation to Produce Any Defendants' Documents to Co-Defendants

34.    Unless the parties agree otherwise, no documents or things or discovery papers produced by a Defendant to Plaintiff in this action and designated under this Order need be provided to another Defendant, with the following exceptions: (1) documents filed with the Court, (2) expert reports, including all attachments thereto, as well as any documents Plaintiff's expert(s) specifically indicate in their expert report(s) that they relied upon in forming their opinions, but not documents Plaintiff's expert(s) only otherwise reviewed, (3) discovery requests and responses, (4) deposition transcripts and exhibits thereto, or other papers required to be served on all parties to this Action, in which case all other Defendants shall respect and comply with the confidentiality designations under which the documents or things were produced to Plaintiff. To avoid any doubt, any documents, things, or discovery papers produced pursuant to this paragraph which were designated "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" or "**HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE COUNSEL ONLY**" shall not be shared or discussed in any manner with in-house counsel or other representatives of a defendant other than persons identified in paragraphs 15(a) through 15(g) and shall not be used for any purpose outside of this litigation.

### Confidential Material Subpoenaed or Ordered Produced in Other Litigation

35.    If a party receiving Confidential Material is served with a subpoena, a notice of subpoena or an order issued in other litigation that would compel disclosure of any materials it received in this Action, the subpoenaed receiving party must notify the producing party in writing as soon as practicable and in no event more than ten (10) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

36.    The receiving party also must immediately inform the subpoenaing party who caused the subpoena or order to issue in the other litigation that some or all the material requested

by subpoena or other order is subject to this Protective Order and provide a copy of this Protective Order to the subpoenaing party.

37.     The purpose of paragraphs 35 and 36 is to inform the interested parties of the existence of this Protective Order and to afford the producing party in this action an opportunity to seek protection for its Confidential Materials in the court issuing the subpoena or order. The producing party shall bear the burden and expense of seeking protection in that court.

**This Protective Order Applies to Confidential Materials Produced By Non-Parties**

38.     The terms of this Protective Order shall be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

**Agreement of the Parties**

39.     By affixing their signatures below, the parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court.


DATED:  August 23, 2012                    THOMAS WHITELAW LLP


                                          By:        /s/ W. Paul Schuck
                                                 W. PAUL SCHUCK

                                          Attorneys for Digital Reg of Texas, LLC

DATED:  August 23, 2012                    DINOVO PRICE ELLWANGER & HARDY LLP


                                          By:        /s/ Andrew Gerald DiNovo
                                                 ANDREW GERALD DINOVO

                                          Attorneys for Digital Reg of Texas, LLC

1   DATED:  August 23, 2012                WEIL GOTSHAL & MANGES LLP

2

3                                          By:        /s/ Edward Robert Reines
                                                EDWARD ROBERT REINES
4
                                           Attorneys for Electronic Arts Inc. and Adobe
5                                          Systems Incorporated

6

7   DATED:  August 23, 2012                HALTOM AND DOAN

8

9                                          By:        /s/ Jennifer Haltom Doan
                                                JENNIFER HALTOM DOAN
10
                                           Attorneys for Adobe Systems Incorporated
11

12  DATED:  August 23, 2012                BARCELO, HARRISON & WALKER, LLP

13

14                                         By:        /s/ Reynaldo C. Barcelo
                                                REYNALDO C. BARCELO
15
                                           Attorneys for Valve Corporation
16

17  DATED:  August 23, 2012                RIDDLE WILLIAMS PS

18

19                                         By:        /s/ Bryan J. Case
                                                BRYAN J. CASE
20
                                           Attorneys for Valve Corporation
21

22  DATED:  August 23, 2012                WILSON SONSINI GOODRICH & ROSATI

23

24                                         By:        /s/ Marvin Craig Tyler
                                                MARVIN CRAIG TYLER
25
                                           Attorneys for Symantec Corporation
26

27

28

1   DATED:  August 23, 2012                    GOODWIN PROCTER, LLP

2

3                                             By:        /s/ Anthony H. Cataldo
                                                 ANTHONY H. CATALDO
4
                                                 Attorneys for AVG Technologies USA, Inc.
5

6   DATED:  August 23, 2012                    WILSON ROBERTSON & CORNELIUS PC

7

8                                             By:        /s/ Jennifer Parker Ainsworth
                                                 JENNIFER PARKER AINSWORTH
9
                                                 Attorneys for AVG Technolgies USA, Inc.
10

11  DATED:  August 23, 2012                    GOODWIN PROCTER, LLP

12

13                                            By:        /s/ Douglas J. Kline
                                                 DOUGLAS J. KLINE
14
                                                 Attorneys for Ubisoft, Inc.
15

16  DATED:  August 23, 2012                    ERISE IP, P.A.

17

18                                            By:        /s/ Michelle Lyons Marriott
                                                 MICHELLE LYONS MARRIOTT
19
                                                 Attorneys for Ubisoft, Inc.
20

21  DATED:  August 23, 2012                    FENWICK & WEST, LLP

22

23                                            By:        /s/ Hector J. Ribera
                                                 HECTOR J. RIBERA
24
                                                 Attorneys for Intuit Inc.
25

26

27

28

1   DATED:  August 23, 2012          SHOOK HARDY & BACON LLP

2

3                                    By:  _____/s/ Lynn C. Herndon_____
                                         LYNN C. HERNDON
4
                                         Attorneys for Zynga Game Network Inc.
5

6   DATED:  August 23, 2012          SHOOK HARDY & BACON LLP

7

8                                    By:  _____/s/ Angel Mitchell_____
                                         ANGEL MITCHELL
9
                                         Attorneys for Zynga, Inc.
10

11

12      **IT IS SO ORDERED.**

13

14  DATED:_____8/30/2012_____        _____
                                     THE HONORABLE CLAUDIA WILKEN
15                                   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, W. Paul Schuck, am counsel for Plaintiff DIGITAL REG OF TEXAS, LLC.  I am the registered ECF user whose username and password are being used to file this [PROPOSED] STIPULATED PROTECTIVE ORDER.  In compliance with General Order 45, Section X(B), I hereby attest that the above-identified counsel concurred in this filing.

DATED:  August 23, 2012                    THOMAS WHITELAW LLP


                                     By:  _____/s/ W. Paul Schuck_____
                                          W. PAUL SCHUCK

                                          Attorneys for Plaintiff
                                          DIGITAL REG OF TEXAS, LLC

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    OAKLAND DIVISION

4

5    DIGITAL REG OF TEXAS LLC,                        Case No.: 12-cv-01971-CW

6             Plaintiff,

7        vs.

8    ADOBE SYSTEMS INCORPORATED,
     VALVE CORPORATION, ELECTRONIC
9    ARTS, INC., UBISOFT, INC., SYMANTEC
     CORPORATION, INTUIT INC., AVG
10   TECHNOLOGIES USA, INC., ZYNGA
     GAME NETWORK INC., and ZYNGA, INC.,
11
              Defendants.
12

13

14   **UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL
     MATERIALS SUBJECT TO PROTECTIVE ORDER**

15        I, _____ declare that:

16        1.    I presently reside at the following address: _____.

17        2.    My present employer is _____ and the address of my

18   present employer is _____.

19        3.    My present occupation or job description is _____.

20        4.    I have received and carefully read the Protective Order in this Action dated

21   _____, 2012, and I understand its provisions.  As a condition to receiving any Confidential

22   Materials, as that term is defined in the Protective Order, I agree to subject myself to the personal

23   jurisdiction of the United States District Court for the Northern District of California for the

24   enforcement of the provisions of that Protective Order.  I understand that I am obligated, under the

25   Order of the Court, to hold in confidence and not to disclose the contents of any document or thing

26   marked or designated as "**CONFIDENTIAL**," "**HIGHLY CONFIDENTIAL – OUTSIDE**

27   **COUNSEL ONLY**," or "**HIGHLY  CONFIDENTIAL  –  SOURCE  CODE  –  OUTSIDE**

28

144874                                   1                          12-CV-01971 CW

**COUNSEL ONLY**" to anyone other than those persons identified in paragraph 15 or 16 of the Protective Order who are qualified to review such information. I further understand that I am not to disclose to persons other than those persons identified in paragraph 15 or 16 of the Protective Order any words, substances, summaries, abstracts, or indices of Confidential Materials or transcripts disclosed to me. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5.     At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record in this Action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Materials which have come into my possession, and I will return all documents or things I have prepared relating to or reflecting such information.

6.     I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

7.     I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Executed on: _____          Name: _____