W. PAUL SCHUCK (Cal. Bar No. 203717)
*pschuck@bzbm.com*
**BARTKO ZANKEL BUNZEL & MILLER**
A Professional Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

ANDREW G. DINOVO (admitted *pro hac vice*)
*adinovo@dpelaw.com*
ADAM G. PRICE (admitted *pro hac vice*)
*aprice@dpelaw.com*
JAMES W. COUTU (admitted *pro hac vice*)
*jcoutu@dpelaw.com*
**DINOVO PRICE ELLWANGER & HARDY LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

Attorneys for Plaintiff
DIGITAL REG OF TEXAS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC, | No. 12-CV-01971 CW (KAW) |
| Plaintiff, | **DECLARATION OF ANDREW G. DINOVO IN SUPPORT OF MOTION TO SEAL JOINT LETTER BRIEFS AND EXHIBITS (DKT. 329) PURSUANT TO CIVIL L.R. 79-5(d)** |
| v. | |
| ADOBE SYSTEMS INCORPORATED, et al., | |
| Defendants. | Judge: The Hon. Claudia Wilken<br>Ctrm: 4, Third Floor |

-1-

I, Andrew G. DiNovo, hereby declare:

1. I am an attorney licensed to practice law in the State of Texas and am admitted *pro hac vice* in this matter to the Northern District of California. I am a partner at the law firm DiNovo Price Ellwanger & Hardy, LLP, counsel for plaintiff Digital Reg of Texas, LLC ("Digital Reg"). The facts stated herein are true of my own knowledge, unless otherwise stated, and if called to testify I could and would testify to those facts.

2. On June 25, 2013, defendants Adobe Systems Incorporated ("Adobe") and Electronic Arts Inc. ("EA") filed an Administrative Motion to Seal Defendants' Motion for Partial Summary Judgment of Noninfringement Based on Digital Reg's License to Microsoft and Declaration of A. Zvenigorodsky in Support Thereof and Exhibits Thereto ("Motion to Seal") (Dkt. No. 400). The Motion to Seal is based, in part, on confidentiality designations by Digital Reg. Therefore, pursuant to Civil Local Rule 79-5(d), I submit this declaration in support of the Motion to Seal.

3. Specifically, Adobe and EA (collectively, "defendants") have requested that certain exhibits to the Declaration of Nathan Greenblatt in Support of Defendant's Motion for Partial Summary Judgment of Noninfringement Based on Digital Reg's License to Microsoft ("Greenblatt Declaration"), and related discussion in the Motion for Partial Summary Judgment, be sealed. This request is based upon confidentiality designations of Digital Reg.

4. As set forth below, the information is deemed confidential technical and business information by Digital Reg. Accordingly, Digital Reg requests that defendants' Motion to Seal be granted.

5. **Exhibit 1** to the Greenblatt Declaration is a copy of a Patent License and Settlement Agreement between Digital Reg of Texas LLC and Microsoft Corp., Dated October 30, 2009. This is a confidential business record with sensitive financial information that the parties have agreed to maintain as confidential. That information has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order (Dkt. 242). Accordingly, Digital Reg requests that the information be filed under seal.

-2-

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller | Lovitt & Hannan, Inc. of Counsel
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

6. **Exhibit 2** to the Greenblatt Declaration comprises excerpts from the Deposition of Michael Roberts Farley, taken on March 28, 2013. Mr. Farley is a principal of Digital Reg. In his deposition, he testified regarding financial information, including Digital Reg's balance sheets and its investors. That testimony has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 2 be filed under seal.

7. **Exhibit 5** to the Greenblatt Declaration includes excerpts from the Deposition of inventor Carl Vernon Venters, III, taken on March 26, 2013. Mr. Venters testified on behalf of Digital Reg on technical matters and licensing issues. That testimony has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 5 be filed under seal.

8. **Exhibit 10** to the Greenblatt Declaration is a document regarding Digital Containers, Inc. products that includes confidential business strategy information and technical information. That document has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 10 be filed under seal.

9. **Exhibit 11** to the Greenblatt Declaration is a document regarding Digital Containers, Inc.'s products, intellectual property and business. The document includes, *inter alia,* confidential business strategies and financial information. The document has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 11 be filed under seal.

10. **Exhibit 15** to the Greenblatt Declaration is a Digital Containers document that contains confidential intellectual property and competitive product analysis. This business information is regarded as confidential by Digital Reg. The document has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 15 be filed under seal.

11.   **Exhibit 16** to the Greenblatt Declaration is a draft document regarding Digital Containers, Inc. products that includes confidential business strategy information and technical information, and reveals business analysis. That document has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 16 be filed under seal.

12.   **Exhibit 17** to the Greenblatt Declaration is excerpts from the deposition of Eugene B. Phillips, II, taken on April 18, 2013. Mr. Phillips testified, *inter alia*, regarding confidential technical information and, business and intellectual property strategies. The deposition has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 17 be filed under seal.

13.   **Exhibit 18** to the Greenblatt Declaration is a technical document addressing encryption methodology. This is confidential technical information. The document has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 18 be filed under seal.

14.   **Exhibit 19** to the Greenblatt Declaration is a document discussing Digital Containers's intellectual property and business strategy. This business information and some of the technical information disclosed are confidential. Therefore, the document has been designated as Highly Confidential – Attorneys' Eyes Only pursuant to paragraph 5 of the Stipulated Protective Order. (Dkt. 242.) Accordingly, Digital Reg has requested that Exhibit 19 be filed under seal.

15.   In addition to the exhibits listed above, defendants have requested that portions of their Motion for Partial Summary Judgment be redacted and the full motion be placed under seal. Digital Reg supports this request because many of the redacted sections discuss and disclose the confidential information identified above.

16.   The public disclosure of the foregoing business and technical information described above could cause competitive harm to Digital Reg. In addition, disclosure of this private

-4-

information could harm non-parties.  Thus, the information is properly designated under the Stipulated Protective Order. These designations have not been challenged by any defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 2, 2013, at Austin, Texas.

                                       */s/ Andrew G. DiNovo*
                                       Andrew G. DiNovo

## **ATTESTATION OF E-FILER**

In compliance with Local Rule 5-1(i), the undersigned ECF user whose login and password are used in filing this document, hereby attests that the signatory has concurred in the filing of this document.

                                         */s/ W. Paul Schuck*
                                         W. Paul Schuck