United States District Court
Northern District of California

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED, VALVE CORPORATION, ELECTRONIC ARTS INC., UBISOFT, INC., SYMANTEC CORPORATION, AVG TECHNOLOGIES USA, INC., ZYNGA GAME NETWORK INC., ZYNGA, INC., and INTUIT INC.,<br><br>Defendant. | Case No.: CV 12-01971-CW (KAW)<br><br>ORDER RE: PLAINTIFF AND DEFENDANT UBISOFT, INC.'S 3/14/2013 JOINT DISCOVERY LETTER |

Plaintiff Digital Reg of Texas, LLC ("Digital Reg") filed this action against several defendants, including Ubisoft, Inc. ("Ubisoft"), for patent infringement in violation of the U.S. Patent Act, 35 U.S.C. § 271. The parties filed a joint discovery letter on March 14, 2013 ("Joint Letter"), in which both sides identify perceived deficiencies in their opposing party's discovery responses. (Dkt. No. 304.)

Digital Reg contends that Ubisoft has failed to provide adequate discovery in four areas: (1) financial information relating to the use of the accused instrumentalities; (2) source code and basic technical documentation relating to the accused instrumentalities; (3) responses to interrogatories regarding the operation of the accused instrumentalities; and (4) a 30(b)(6) witness in response to the notice issued on December 7, 2012, as well as individually noticed witnesses. (Joint Letter, at 1.) Ubisoft, in turn, reiterates its longstanding allegation that Plaintiff's infringement contentions remain deficient under Patent L.R. 3-1.

In accordance with Civil L.R. 7-1(b), this matter is deemed suitable for disposition without hearing. In light of the Joint Letter and the documents submitted by the parties, the

Court, for the reasons set forth below, GRANTS Ubisoft's request to compel Digital Reg to amend its infringement contentions, DENIES without prejudice Digital Reg's request for further financial information at this time, DENIES Digital Reg's request for further responses to Interrogatory Nos. 2-4, and DENIES without prejudice Digital Reg's request to compel depositions.

## I. BACKGROUND

Digital Reg alleges that Defendant Ubisoft directly and indirectly infringe on U.S. Patent Nos. 6,389,541 ("'541 Patent"), 6,751,670 ("'670 Patent"), 7,127,515 ("'515 Patent"), 7,272,655 ("'655 Patent"), 7,562,150 ("'150 Patent"), 7,673,059 ("'059 Patent"), all of which concern the tracking of electronic content.

On October 28, 2011, Digital Reg served its original infringement contentions ("ICs") while this case was venued in the Eastern District of Texas. (Joint Letter, at 3.) On December 22, 2011, Ubisoft sent a meet and confer letter to Digital Reg detailing its failure to comply with the Eastern District's patent local rules. (Joint Letter, at 3; Ex. D7)

On March 28, 2012, the case was transferred to the Northern District of California. At the July 25, 2012 Case Management Conference, the presiding judge ordered Digital Reg to supplement its ICs to comply with this district's Patent L.R. 3-1(d),(h), which concern allegations of indirect infringement. Also on July 25, 2012, Defense counsel sent another meet and confer letter memorializing the parties' meet and confer efforts, and identifying other remaining deficiencies with Plaintiff's ICs. (Joint Letter, Ex. D8.)

On August 30, 2012, Digital Reg served its supplemental ICs on all Defendants.

On October 16, 2012, this action was referred to the undersigned for all discovery purposes.

On October 30, 2012, Ubisoft sent a meet and confer letter confirming the availability of Ubisoft source code for review, reiterating the problems with the infringement contentions, and demanding timely supplementation with citations to documentation and/or source code. (Joint Letter, Ex. D10.) The parties continued to meet and confer regarding the sufficiency of the

infringement contentions via phone and mail, and were not successful in resolving the issue without court intervention. (Joint Letter, at 4.)

Shortly thereafter, the parties met and conferred regarding the sufficiency of Ubisoft's discovery responses. (*See* Joint Letter, at 1-2.)

On March 14, 2013 the parties filed the joint discovery letter currently before the Court. (Dkt. No. 304.)[1]

## II. LEGAL STANDARD

Patent Local Rule 3-1 requires a party claiming patent infringement to serve on all parties a disclosure of asserted claims and infringement contentions (ICs). Pursuant to Local Rule, the ICs must contain (a) each claim of each patent that is allegedly infringed by each party, (b) all accused instrumentalities for each asserted claim, (c) a chart identifying specifically where each limitation of each asserted claim is located within each accused instrumentality, (d) a description of the acts of the alleged indirect infringer that induced the direct infringement by a third party, (e) whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality, (f) the priority date to which each asserted claim allegedly is entitled if applicable, (g) an identification of each apparatus that practices the claimed invention if applicable, and (h) the basis for the party's allegation of willful infringement if applicable. *See* Patent L.R. 3-1.

The purpose of Patent L.R. 3-1 is "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *InterTrust Technologies Corp. v. Microsoft Corp.*, No. 01-1640 SBA, 2003 WL 23120174, at *1 (N.D. Cal., Dec. 1, 2003) (citations omitted). When serving infringement contentions under Rule 3-1, a "plaintiff must put forth information so specific that either reverse engineering or its equivalent is required." *Id.*

Patent L.R. 3-1 is a discovery device that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined

---

[1] The Joint Letter was incorrectly docketed when filed. As a result, it only came to the Court's attention when the parties sought to extend the pretrial deadlines on June 20, 2013.

3

discovery." *Network Caching Technology LLC v. Novell, Inc.*, No. 01-2079, 2002 WL 32126128, *3-4 (N.D. Cal. Aug.13, 2002) (*Network Caching I*).

Patent L.R. 3-6 allows for the amendment of infringement contentions "only by order of the Court upon a timely showing of good cause." A finding of good cause includes "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(c).

### III. DISCUSSION

Digital Reg contends that Ubisoft's products infringe upon its '541 Patent, '670 Patent, '515 Patent, '655 Patent, '150 Patent, and '059 Patent.

As an initial matter, Ubisoft's assertion that Digital Reg's infringement contentions are insufficient are relevant, because courts in this district generally do not order defendants to proceed with discovery in patent cases until the plaintiff provides infringement contentions that comply with Patent L.R. 3-1. *See, e.g., Bender v. Maxim Integrated Products, Inc.,* C-09-01152-SI, 2010 WL 1135762, at *2 (N.D. Cal., March 22, 2010).

**A. Ubisoft's Claims of Deficiencies in Digital Reg's Infringement Contentions**

Ubisoft contends that Plaintiff's infringement contention charts are vague and that Plaintiff "implicitly acknowledges its deficiencies by now offering to amend its contentions at this late date." (Joint Letter, at 8.) Patent Local Rule 3-1(c) requires Plaintiff to provide:

> A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

The degree of specificity must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement and raise a reasonable inference that all accused products infringe. *See Shared Memory Graphic LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010). Contentions that fail to provide defendant with fair notice of the plaintiff's infringement theories are insufficient and must be amended. *Id*. at 1025-26.

In the Joint Letter, instead of claiming that its infringement contentions are sufficient, Digital Reg claims that Ubisoft waived its right to object to their sufficiency because they did not seek court intervention sooner. (Joint Letter, at 10.) This argument is insufficient. Ubisoft raised its objections with the Court before the close of discovery, and Digital Reg provides no authority to supports its argument for waiver. Further, Ubisoft complied with the Court's standing order to meet and confer in good faith before seeking court intervention. If Digital Reg was willing to amend its contentions, it should have sought leave of court to do so as required by Patent L.R. 3-6.

At this juncture, the Court finds that Plaintiff's infringement contentions are deficient for several reasons. First, Plaintiff has not sufficiently charted the entire claims, including those upon which other claims depend. Second, Plaintiff has failed to identify the accused instrumentality for each limitation, such that it generally defines the "Accused System and Method" for all patents as "the Ubisoft Online Services Platform, Ubisoft Game Launcher, Ubisoft store (UbiShop), Uplay, and all associated computer hardware, software and digital content." (Exs. D1-D6.) Digital Reg fails to identify and differentiate between Defendant's products. Third, Digital Reg fails to specifically and consistently identify where each claim limitation is found within each instrumentality. For example, as to consistency, claim 13 of the '541 Patent, is"[t]he method of claim 1, wherein the requesting permission from the external source initiates an authorization procedure, and the token received is based on a result of the authorization procedure." ('541 Patent ICs, Joint Letter, Ex. D1, at 27). According to the ICs, the accused system and method that allegedly infringes is "[t]he step of requesting permission from a server and receiving the permission initiates an authorization procedure, and the permission received is based on the result of that procedure." *Id.* As Ubisoft identified in its chart outlining the deficiencies in Plaintiff's ICs, the language parrots the claim language. As a result of these deficiencies, Digital Reg has not sufficiently articulated its theories of infringement to put Ubisoft on reasonable notice as to Digital Reg's theories of infringement. *See Shared Memory Graphic LLC*, 812 F. Supp. 2d at 1025.

Also, as was the case with Digital Reg's deficient ICs for Zynga, Plaintiff improperly incorporates screen shots in lieu of explanatory text, "leaving Ubisoft to guess what particular system (or aspect of a particular system) Digital Reg is accusing of meeting each limitation." (Joint Letter, at 9.)  Further, Digital Reg has had access to Ubisoft's source code since November 2012 and, at this juncture, should be able to amend its ICs to clearly articulate how each of Ubisoft's particular products infringe on Plaintiff's respective patents.

The Court declines to strike Plaintiff's infringement contentions at this time.  Instead, Digital Reg is hereby ordered to amend its infringement contentions to conform with Patent L.R. 3-1.  In doing so, Plaintiff must specify the particular accused method or instrumentality at issue in each limitation.

**B. Digital Reg's Claims of Deficiency**

1. <u>Financial Information</u>

Digital Reg seeks financial information "relating to the sales of digital content distributed using the accused platform." (Joint Letter, at 4.)  Digital Reg, however, while attaching copies of its First Set of Requests for Production (dated August 9, 2012) and its First Set of Common Interrogatories (dated August 9, 2012), does not specify which of Ubisoft's responses to which numbered requests were insufficient.  In response, Ubisoft contends that there is no issue to resolve because of Digital Reg's failure to identify any deficiencies in the production, which included "detailed financials that Digital Reg requested, broken out by month." (Joint Letter, at 5.)

Ubisoft provides that in "separate correspondence, Digital Reg has indicated that it seeks financials from games downloaded through other third-party channels, such as Best Buy, Valve (another defendant in this lawsuit), and EA (another defendant in this lawsuit)." (Joint Letter, at 5, n. 1.)  While the parties did not explain how the accused instrumentalities work, and the Court is unclear as to which requests this dispute pertains, Ubisoft has an ongoing discovery obligation to supplement its responses with responsive information in its possession.  Should Ubisoft have responsive information regarding royalties, this financial information likely varies depending on the specific vending contract, which would make the information highly confidential, and appear

to be covered by the stipulated protective order that is currently in effect. (*See* Stipulated Protective Order, Dkt. No. 242.)

Ubisoft, however, is not required to proceed with discovery until Digital Reg provides infringement contentions that comply with Patent L.R. 3-1, and so Digital Reg's request is denied without prejudice. *See, e.g., Bender,* 2010 WL 1135762, at *2. Upon receipt of Digital Reg's amended contentions, assuming that that they are sufficient, the parties shall meet and confer to identify specific deficiencies in Ubisoft's responses. The parties shall also meet and confer concerning the proper designation of any confidential material produced under the stipulated protective order.

### 2. Production of Technical Documentation and Source Code

Digital Reg conducted a review of Ubisoft's source code on November 1-2, 2012. (Joint Letter, at 6.) Thereafter, Digital Reg expressed its concern that there was no source code produced for Uplay. *Id.* On February 8, 2013, Ubisoft produced additional code, which Digital Reg claims is "Ubisoft's first genuine production of code in this case." *Id.* Digital Reg states that the production should include "developer- or engineer-authored documents describing for a technical audience how the source code is organized and constructed." *Id.*

Ubisoft contends that there is no genuine issue or dispute to resolve, because "Ubisoft's technical production is complete, and Digital Reg identifies no specific deficiencies." (Joint Letter, at 6.) Indeed, Digital Reg's primary grievance is that they did not have enough time to review all source code before the close of discovery. (Joint Letter, at 6.) While this is not necessarily a legitimate complaint, since the submission of the joint letter, the district court has approved a stipulation extending the discovery cut-off, so Digital Reg's request is denied without prejudice.

### 3. Technical Description of the Operation of the Accused Systems

Digital Reg contends that Ubioft's responses to interrogatories 2-4 are insufficient. The Court, however, was not furnished with a copy of Ubisoft's responses, and so must adjudicate these disputes based upon the representations of the parties.

As a practical matter, interrogatories 2-4 are very similar in form. (*See* Pl.'s First Set of Common Interrogatories to All Defendants, Joint Letter, Ex. P2.) Each interrogatory seeks the name of the "Accused Instrumentality," which are Ubisoft's platforms. Then for each, Digital Reg seeks "a detailed description" of how the product interacts with Digital Reg's patent, as well as the specific source code that relates to the process, any related software documentation, and the identity of two key individuals responsible for the design of development. (Joint Letter, Ex. P2, at 7.)

As stated above, the Court is limited in its ability to adjudicate this dispute, because it was not provided with Ubisoft's responses. Since Digital Reg is alleging the insufficiency, the onus was on Digital Reg to attach the applicable responses as an exhibit, especially since it attached the propounded discovery to the Joint Letter. In the Joint Letter, Digital Reg characterizes these requests as asking Ubisoft to "provide a technical description of the operation of the accused systems and identify the relevant source code in its production." (Joint Letter, at 6.)

Ubisoft objects stating that it "has fully responded to Interrogatories 2-4, and provided detailed references to its technical document production as is expressly permitted by Federal Rule of Civil Procedure 33(d)." (Joint Letter, at 7.) Ubisoft also contends that it "has identified specific bates-references to documents from which each and every answer to Interrogatories 2-4 can be derived." *Id.* Ubisoft contends that Digital Reg is trying to get Ubisoft to help it play "catch-up" by putting the burden on them to make Digital Reg's case for infringement.

Digital Reg cites *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.* to support its claim that Ubisoft must identify how the code separately corresponds to each accused instrumentality as part of its obligations under Patent L.R. 3-4. 417 F. Supp. 2d 1121, 1122 (N.D. Cal. 2006). This misstates *Nova*, which only requires the defendant to "separately identify by production number which documents correspond to each category," which Ubisoft has already done. *Id.* at 1122. Likewise, "[f]or disclosure to be 'sufficient to show the operation' it must be accompanied by the tools necessary to allow the receiving party to decipher the documents and discern which documents refer to which elements or aspects of the accused instrumentalities." *Id.* (citing *Cryptography Research, Inc. v. Visa Int'l Serv. Ass'n,* 2005 WL 1787421, at *2 (N.D. Cal.

2005)(quoting *Integrated Circuit Systems v. Realtek Semiconductor Co.,* 308 F.Supp.2d 1106, 1107 (N.D. Cal. 2004) in a dispute regarding Patent L.R. 3-4)). *Nova* involved a document production of 36,000 apparently unsearchable documents, leaving the plaintiff to contend that it could not "tell how the majority of the documents relate to the infringement claims." *Id.* at 1123. Digital Reg does not claim that it is unable to decipher the source code provided; only that it could spend "hundreds of hours reviewing the code and not accomplish a reasonable infringement analysis based upon the materials provided by Ubisoft." (Joint Letter, at 7.)

But discovery by its very nature is burdensome, and that especially holds true in patent cases. So in light of the *Nova* decision, and without having the benefit of Ubisoft's allegedly deficient responses, Ubisoft's source code production is sufficient for all but the identification of individuals who may undergo deposition. Digital Reg, however, does not contend that Ubisoft failed to identify those individuals, so Ubisoft's responses are sufficient.

In light of the above, Ubisoft is not required to provide source code citations to Digital Reg to identify where its product allegedly infringes, because it has made its source code available for inspection and has identified specific bates-references to documents for each and every answer to Interrogatories 2-4. Since Digital Reg does not identify any other deficiencies, Ubisoft does not have to supplement its responses and Digital Reg's request is DENIED.

4. <u>Deposition Discovery</u>

Digital Reg contends that Ubisoft has refused to produce a witness pursuant to Rule 30(b)(6), and has refused to produce individual deponents whose depositions have been noticed. (Joint Letter, at 7.) Digital Reg, therefore, seeks a court order compelling the production of those deponents. (Joint Letter, at 8.)

Ubisoft is willing to produce witnesses for deposition once Digital Reg has met its burden of providing infringement contentions that comply with Patent L.R. 3-1. Ubisoft acknowledges that "the individually noticed witnesses are likely also the natural 30(b)(6) designees," but claims that it "is unable to prepare a designee on Digital Reg's 30(b)(6) topics" without fair notice of Digital Reg's claims. (Joint Letter, at 8.)

As Digital Reg has not provided Ubisoft with infringement contentions that sufficiently describe its theories of infringement, Digital Reg's request is denied without prejudice and the parties shall further meet and confer regarding this issue after Plaintiff serves its amended ICs.

### IV. CONCLUSION

For the reasons set forth above, Digital Reg shall amend its infringement contentions to comply with Patent L.R. 3-1 within 60 days of this order.

Digital Reg's request that Ubisoft supplement its responses to provide financial information is DENIED without prejudice.  Digital Reg's request for supplemental responses to Interrogatory Nos. 2-4 is DENIED. Digital Reg's request to compel additional technical documentation is DENIED.  Digital Reg's request to compel the depositions of witnesses prior to serving compliant infringement contentions is DENIED.

The parties shall meet and confer in good faith to resolve any outstanding disputes after Digital Reg serves infringement contentions that comply with Patent L.R. 3-1, and prior to seeking further court intervention.

IT IS SO ORDERED.

DATE: July 3, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge