IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ADOBE SYSTEMS INCORPORATED, et al.,<br><br>    Defendants.<br>_____/ | No. C 12-1971 CW<br><br>ORDER DENYING MOTIONS TO SEAL (Docket Nos. 400, 412) |

Before the Court are motions to seal certain documents in the parties' papers related to Defendants' motion for partial summary judgment. The Court DENIES Defendants' motion to seal (Docket No. 400) and DENIES Plaintiff's motion to seal (Docket No. 412).

LEGAL STANDARD

The motions to seal concern a dispositive motion and documents connected to a dispositive motion. Thus, to establish that the documents are sealable, the parties "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). Civil Local Rule 79-5(a) requires that every sealing request "be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(a). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by

a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable within seven days of the filing of the motion to seal. Civil Local Rule 79-5(d).

DISCUSSION

I. Defendants' Motion to Seal

Defendants have moved to file under seal the unredacted version of their motion for partial summary judgment, the unredacted version of the declaration of Alex Zvenigorodsky and several exhibits thereto, and several exhibits to the declaration of Nathan Greenblatt.

Defendants represented that documents or portions of the documents for which sealing is requested contain highly confidential information which could harm Defendant Electronic Arts if publicly disclosed, or contain information designated by Plaintiff Digital Reg as "Highly Confidential--Outside Counsel Only" or "Confidential." Defendants submitted the declaration of Nathan Greenblatt in support of their motion to seal and Plaintiff timely filed the declaration of Andrew Dinovo in support of the motion to seal.

Having reviewed the declaration of Nathan Greenblatt, the Court finds that Defendants have not established compelling reasons for sealing the unredacted version of the Declaration of Alex Zvenigorodsky in support of Defendants' Motion for Partial Summary Judgment or the exhibits to that declaration. Defendants' blanket assertion that "the redacted portions contain highly

2

1 confidential technical information regarding EA technology,"
2 Greenblatt Decl. ¶ 2, is not sufficient.  Defendants have failed
3 to state what harm they would experience if this material were
4 publicly disclosed or to provide any specific reasons, supported
5 by facts, that could outweigh the public policy favoring public
6 access to court filings.  Accordingly the Court DENIES Defendants'
7 motion to seal with respect to the declaration of Alex
8 Zvenigorodsky and the attachments thereto.  Pursuant to Civil
9 Local Rule 79-5(e), within four days of the date of this Order,
10 Defendants may re-submit the unredacted declaration and
11 attachments for filing in the public record or they may retain the
12 declaration and attachments and not make them part of the record
13 in this case.

14 With respect to the documents designated as confidential by
15 Plaintiff (Exhibits 1, 2, 5, 10, 11, 13-19 to the Declaration of
16 Nathan Greenblatt), Plaintiff has filed the declaration of Andrew
17 DiNovo stating that the relevant documents have been designated as
18 "Highly Confidential--Attorney's Eyes Only."  In addition, the
19 declaration provides general descriptions of the documents or
20 deposition testimony.  For example, it states that one exhibit is
21 "a confidential business record with sensitive financial
22 information that the parties have agreed to maintain as
23 confidential" and that another "includes, inter alia, confidential
24 business strategies and financial information."  DiNovo Decl. ¶¶
25 5, 11.  With respect to deposition testimony, the declaration
26 states generally that one witness "testified regarding financial
27 information, including Digital Reg's balance sheets and its
28 investors" and another testified "on technical matters and

3

licensing issues." The only reason Plaintiff states for filing under seal the unredacted version of Defendants' motion for partial summary judgment is that "the redacted sections discuss and disclose the confidential information identified above."

Plaintiff only describes the subject matter of the exhibits and makes conclusory statements that it considers the material to be confidential or sensitive. Plaintiff has failed to state what harm it would experience if this material were publicly disclosed or to provide any specific reasons, supported by facts, that could outweigh the public policy favoring public access to court filings. Moreover, it is not clear that the pages of deposition transcripts that have been presented by Defendants contain the purportedly sensitive testimony Plaintiff describes. Accordingly the Court DENIES Defendants' motion to seal with respect to the exhibits to the declaration of Nathan Greenblatt and the unredacted version of Defendants' motion for partial summary judgment. Within four days of the date of this order, Defendants shall file Exhibits 2, 5, 10, 11, 13-19 to the Greenblatt declaration and the unredacted version of their motion for partial summary judgment in the public record.

The Court notes that Exhibit 1 to the Greenblatt declaration is the same licensing agreement attached as Exhibit A to the declaration of Adam Price filed in support of Plaintiff's opposition to the motion for partial summary judgment. As discussed below, Plaintiff has filed a motion to file under seal the licensing agreement. In support of its own motion, Plaintiff has filed more specific reasons for seeking to file the document under seal. Accordingly, the Court has denied Plaintiff's motion

4

without prejudice to it filing a renewed motion to file under seal a redacted version of the licensing agreement instead of seeking to file the entire document under seal.  If, within two days of the date of this order, Plaintiffs have not filed a renewed motion to file the licensing agreement under seal, Defendants shall file Exhibit 1 to the Greenblatt declaration in the public record.

II.   Plaintiff's Motion to Seal

Plaintiff has filed a motion to file under seal the unredacted version of its opposition and exhibits A, I, J and M to the declaration of Adam Price filed in support of the opposition. Plaintiff has filed the declaration of Adam Price in support of the motion to seal.

A.   Exhibit A

Exhibit A to the Price declaration is the licensing agreement between Plaintiff and Microsoft.  Plaintiff asserts that "disclosure of the terms of the license would hurt both signatories by disclosing confidential financial information and business practices."  Specifically, Plaintiff asserts that "public knowledge of the licensing terms could adversely affect either party in future negotiations for patent licenses by revealing what is acceptable to each."  The Court finds that this might be sufficient justification to file under seal certain portions of the licensing agreement, but it is not sufficient to justify filing the entire document under seal.  Accordingly, the Court DENIES Plaintiff's motion to seal with respect to Exhibit A of the Price declaration without prejudice to refiling along with a proposed redacted version of the agreement.  Any renewed motion to seal must be filed within two days of the date of this order.  If

5

Plaintiff does not file a renewed motion to seal, pursuant to Civil Local Rule 79-5(e), within four days of the date of this Order, Plaintiff may re-submit the document for filing in the public record or it may retain the document and not make it part of the record in this case.

B.   Exhibits I and J

Exhibits I and J are excerpts of transcripts of depositions of two of Plaintiff's Rule 30(b)(6) witnesses.  Plaintiff asserts that Exhibit I contains "confidential information regarding Digital Reg products and confidential financial information" and Exhibit J contains "confidential information regarding Digital Reg's business strategy, intellectual property and financial information."  Docket No. 412 at 3.  Plaintiff further states that public disclosure of this information could negatively impact it "in licensing negotiations and could adversely affect its business."  The Court finds that these general statements do not provide a compelling reason to file these documents under seal.  Moreover, it is not clear that all of the pages of deposition transcripts that have been presented by Plaintiff contain the purportedly sensitive information.  Accordingly, the Court DENIES Plaintiff's motion to seal with respect to Exhibits I and J of the Price declaration.  Pursuant to Civil Local Rule 79-5(e), within four days of the date of this Order, Plaintiff may re-submit the documents for filing in the public record or it may retain the documents and not make them part of the record in this case.

C.   Exhibit M

Exhibit M to the Price declaration is an excerpt of a transcript Defendant Electronic Arts has designated as Highly

6

Confidential--Attorneys' Eyes Only.  Defendant Electronic Arts has not filed a declaration in support of Plaintiff's motion to seal as required by Local Rule 79-5(d).  Accordingly, the Court DENIES Plaintiff's motion to seal with respect to Exhibit M.  Within four days of the date of this order, Plaintiff shall file Exhibit M to the Price declaration in the public record.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to seal (Docket No. 400) and DENIES Plaintiff's motion to seal (Docket No. 412).

IT IS SO ORDERED.

Dated:  8/8/2013

CLAUDIA WILKEN
United States District Judge