United States District Court
Northern District of California

DIGITAL REG OF TEXAS, LLC,

Plaintiff,

v.

ADOBE SYSTEMS INCORPORATED, VALVE CORPORATION, ELECTRONIC ARTS INC., UBISOFT, INC., SYMANTEC CORPORATION, AVG TECHNOLOGIES USA, INC., ZYNGA GAME NETWORK INC., ZYNGA, INC., and INTUIT INC.,

Defendant.

Case No.: CV 12-01971-CW (KAW)

ORDER RE: PLAINTIFF AND DEFENDANT ADOBE SYSTEMS INCORPORATED'S 5/15/2013 JOINT DISCOVERY LETTER

(Dkt. No. 371)

Plaintiff Digital Reg of Texas, LLC ("Digital Reg") filed this action against several defendants, including Adobe Systems Inc.'s ("Adobe") for patent infringement in violation of the U.S. Patent Act, 35 U.S.C. § 271. The parties filed an updated joint discovery letter on May 15, 2013 ("Joint Letter"), in which both sides identify perceived deficiencies in their opposing party's discovery responses. (Dkt. No. 371.)

Digital Reg contends that Adobe has failed to provide adequate discovery in three areas: (1) financial information relating to the use of the accused instrumentalities; (2) basic interrogatory responses; and (3) complete source code regarding the accused instrumentalities, including Adobe License Manager/AMT. (Joint Letter, at 1.) Adobe's position is that it has produced responsive, non-privileged information regarding the products actually accused of infringement by Digital Reg, and that Digital Reg is now seeking "far-flung discovery of information for products that have never been a part of this case." (Joint Letter, at 1.)

In accordance with Civil L.R. 7-1(b), this matter is deemed suitable for disposition without hearing. In light of the joint letter and the documents submitted by the parties, the Court,

for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Digital Reg's request for further financial information. The Court DENIES Digital Reg's request for further responses to First Set of Common Interrogatory Nos. 2-4, and 6, Second Set of Common Interrogatory Nos. 12-15, First Set of Individual Interrogatory Nos. 1-3, and Third Set of Individual Interrogatory Nos. 6-9. The Court DENIES Digital Reg's request to compel the production of source code for accused products that were not included in Plaintiff's infringement contentions.

## I. BACKGROUND

Digital Reg alleges that Defendant Adobe directly and indirectly infringe upon U.S. Patent Nos. 6,389,541 ("'541 Patent") and 6,751,670 ("'670 Patent"), which concern the tracking of electronic content.

On April 12, 2013, the parties filed an initial joint discovery letter, which Adobe contended was filed prematurely based on a previous stipulation of the parties. (Dkt. No. 330.) On May 9, 2013, the Court ordered the parties "to file an updated joint letter by May 15, 2013 specifically outlining which discovery disputes from the April 12 Joint Letter, if any, still require court intervention." (Dkt. No. 366.)

On May 15, 2013 the parties filed the joint discovery letter currently before the Court. (Dkt. No. 371.) The Court has previously addressed the propriety of the parties' request to file portions of the joint letter and certain exhibits under seal pursuant to the stipulated protective order currently in effect. (Dkt. Nos. 388 & 392.)

## II. LEGAL STANDARD

Patent Local Rule 3-1 requires a party claiming patent infringement to serve, on all parties, a disclosure of asserted claims and infringement contentions (ICs). The purpose of Patent L.R. 3-1 is "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *InterTrust Technologies Corp. v. Microsoft Corp.*, No. 01-1640 SBA, 2003 WL 23120174, at *1 (N.D. Cal., Dec. 1, 2003) (citations omitted). Patent L.R. 3-1 is a discovery device that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not

provided for streamlined discovery." *Network Caching Technology LLC v. Novell, Inc.*, No. 01-2079, 2002 WL 32126128, *3-4 (N.D. Cal. Aug.13, 2002) (*Network Caching I*).

### III. DISCUSSION

Digital Reg contends that Adobe's products infringe upon its '541 Patent and '670 Patent. Digital Reg contends that Adobe has failed to provide adequate discovery in three areas: (1) financial information relating to the use of the accused instrumentalities; (2) basic interrogatory responses; and (3) complete source code regarding the accused instrumentalities, including Adobe License Manager/AMT. (Joint Letter, at 1.) The Court will address each area below.

**A. Financial Information regarding the Use of the Accused Instrumentalities**

1. <u>Financial Information</u>

Digital Reg seeks financial information "relating to the sales of digital content distributed using the accused platform." (Joint Letter, at 1.) Digital Reg, however, while attaching its First Set of Requests for Production (dated August 9, 2012), does not specify which of Adobe's responses to which numbered requests were insufficient, but generally contends that Abode's 39(b)(6) deponents confirm that financial information has been withheld. (*See* Pl.'s First Req. for Produc.to All Defs., Dkt. No. 377, Ex. 1; Joint Letter, at 2.) Adobe represents that the Requests at issue are Nos. 3, 4, and 16. (Joint Letter, at 3.) As this is not disputed by Digital Reg, the Court will limit its analysis to those three requests.

In response, Adobe objects because "Digital Reg has not even attempted to explain why it should be entitled to financial discovery on a multitude of products that have not been accused in this case, nor could it be." (Joint Letter, at 3.) Further, Adobe contends that it has already produced summary information for all accused products in response to Request No. 3, which seeks only "'summary documents sufficient to show' profitability, sales, and revenue for accused products." (Joint Letter, at 3-4.)

Digital Reg, however, argues that it "has requested production of information relating to the sales of digital content distributed using the accused platform." (Joint Letter, at 1.) Request No. 3 seek documents for "each of the Accused Products and Related Products." (Ex. 1, at 8.) "Accused Products," includes all products included in Digital Reg's infringement contentions in

the "Accused System and Method." (Ex. 1, at 5.) The ICs define the Accused System and Method as "the Adobe License Manager (ALM), License Server, License Server Charging Utility, License Server Console, License Server Tools, License Website (LWS), ALM Back-End Service, ALM-enable desktop applications, Adobe-provided command line utilities, Electronic Software Delivery (ESD), product licensing processes, other software distribution processes, and all associated computer hardware, software, and digital content." ('541 Patent Infringement Contentions, Ex. 26.) "Related Products" is defined "to include, for each Accused Product, those products that employ, engage, or contain any DRM, Software Activation, Software Licensing, Code Access Restrictions, Authorization, Authentication, Encryption, and/or Decryption features or functionality of the Accused Products, whether made, used, or sold by You or any other party." (Ex. 1, at 5-6.)

Adobe contends that many of the accused products in Digital Reg's "Adobe's Fabricated Spreadsheet" chart (Joint Letter, at 3) are not actually products, but rather are components or processes associated with products. (Joint Letter, at 4.) Other "products," such as "Digital Publishing Tools" and "Adobe-provided command line utilities" are terms purportedly "arbitrarily assigned by Digital Reg and are not known or understood by Adobe." *Id.* If that is the case, then Adobe is under no obligation to provide discovery based on terms arbitrarily assigned by Plaintiff. Adobe must, however, respond regarding those products and platforms that are identified. If that has already occurred, Digital Reg is not entitled to additional discovery.

Adobe also contends that Digital Reg listed several products in its ICs as accused, but failed to provide a claim chart for each accused product as required by Patent L.R. 3-1(c). (Joint Letter, at 5.) Digital Reg is clearly seeking basic financial information based on the products which utilized processes that regulated access to digital content ('541 Patent) and tracked digital activation processes ('670 Patent). To the extent that those products are processes or arbitrarily assigned terms, financial information does not have to be produced. Otherwise, Adobe shall supplement its responses and/or document production to include financial information relating to the sale of digital content for its products that are distributed using the accused platform.

///

### 2. Revenue for Impacted Profit Centers

Digital Reg seeks an apple-to-apples identification for all revenue by Profit Center. (Joint Letter, at 5.) Adobe contends that it does not track information in a way that would allow for that type of comparison. (Joint Letter, at 4-5.) Since that information is not available, Digital Reg is not entitled to that information.

### 3. Revenue Attributable to Adobe Licensing Website (LWS) and Adobe Electronic Software Delivery

In seeking to compel financial information attributable to LWS or ESD, Digital Reg appears to accuse Adobe of being untruthful in its representation that it attributed "zero revenue" to LWS or ESD. (Joint Letter, at 6.) Adobe, in turn, reiterates that ESD is not a product, but rather "an operation that can be accomplished on the Adobe Licensing Website (LWS)—namely the act of downloading software that has been purchased through some other channel." (Joint Letter, at 6.) Adobe contends that the products are sold by third parties through other channels, and may be made available for download through LWS. *Id.* Adobe states that "Adobe does not sell products via LWS and Digital Reg has not advanced a single theory as to why it would be entitled to revenue figures for products that have not been accused of infringement and are not sold on a system that is accused of infringement." (Joint Letter, at 6.) Digital Reg contends that Requests Nos. 3 and 16 seek "revenue for products licenses or distributed using these technologies." (Joint Letter, at 6.) Request No. 16 essentially asks Adobe to make Plaintiff's infringement claims for them. (Ex. 1, at 10.) Request No. 3, however, as described above, seeks "summary documents" on financial information, including, but not limited to, projected profitability, sales volume, and marketing forecasts. (Ex. 1, at 8-9.) Digital Reg appears to be seeking financial information related to third-party distribution channels for products not accused of infringement. Since that information, however, was not part of the request, the ready availability of the information is immaterial, and the Court DENIES Digital Reg's request to compel supplemental responses.

///

///

### B. Interrogatory Responses

Digital Reg appears to seek amendment to Adobe's responses to First Set of Common Interrogatory Nos. 2-4, and 6; Second Set of Common Interrogatory Nos. 12-15; First Set of Individual Interrogatory Nos. 1-3; and Third Set of Individual Interrogatory Nos. 6-9. (*See* Chart, Joint Letter, at 7.) The Court is forced to infer this information from a chart that fails to sufficiently outline the dispute and how Adobe's responses are substantively deficient. In fact, Digital Reg's entry in support of the deficiencies in Common Interrogatory Nos. 2-4 is "Adobe names deposition witnesses and provides no substantive response." (Joint Letter, at 7.) Digital Reg does not provide how the identification of deposition witnesses is unresponsive or what other information it is seeking.

As an initial matter, Adobe contends that Digital Reg has failed to meet and confer regarding the alleged deficiencies in Adobe's interrogatory responses. (Joint Letter, at 7.) Adobe asserts that it has supplemented its responses to Common Interrogatory Nos. 6, 12, 13, and 15, and Individual Interrogatory No. 2 to provide "substantive" responses. (Joint Letter, at 7.) Adobe also acknowledges that as to Individual Interrogatory Nos. 1, 3, 6-9, pursuant to its objection, Adobe has limited its responses to products identified in Digital Reg's infringement contentions. (Joint Letter, at 7.) As Digital Reg's ICs for the '541 Patent include a screen shot for Claim 1 that appears to limit it to volume licensing, those responses are sufficient. (*See* '541 infringement contentions, Ex. 26, at 3.)

For the reasons set forth above, in light of the parties' failure to meet and confer and Digital Reg's failure to identify the particular deficiencies in Adobe's responses, the Court denies Digital Reg's request to require Adobe to amend its interrogatory responses.

### C. Production of Source Code for Adobe License Manager/AMT

Digital Reg states that Adobe has only provided source code for Adobe License Manager for volume licensing, despite its ICs identifying Adobe License Manager generally. (Joint Letter, at 7.) Digital Reg claims that it never mentioned volume licensing at all in its ICs. (Joint Letter, at 7 n.3.) This assertion is contradicted by the infringement contentions for the '541 Patent, wherein volume licensing is specifically mentioned in a screen shot on page 3. (Pl.'s Ex. 26.) If Digital

Reg did not intend to specify volume licensing in Claim 1, then it should not have utilized a screen shot. Adobe, in turn, provides that it only provided source code for the ALM version used for volume licensing, which happened to be a "short-lived failure" and is no longer in use. (Joint Letter, at 9.)

Digital Reg points to deposition testimony to show that ALM is actually still in use. (Joint Letter, at 8.) Adobe, however, contends that it created new code to make the previous software system compatible with a new system. (Joint Letter, at 10.) As a result, while Adobe still appears to be using ALM, it is actually using a new system. *Id.*

Since Digital Reg's ICs appear to be limited to volume licensing, Adobe is not required to amend its responses.

## IV. CONCLUSION

For the reasons set forth above, Digital Reg's request that Adobe supplement its responses to provide financial information is GRANTED IN PART AND DENIED IN PART, such that Adobe shall supplement its responses and/or document production to include the financial information attributed to the sales of digital content distributed using the accused platform—to the extent that there are documents and/or information that have not already been produced— but is not required to provide additional information for Profit Centers or for LWS and ESD. Digital Reg's request for supplemental responses to the selected interrogatories and its request to compel additional source code are DENIED.

Adobe shall supplement its responses to its Requests for Production Nos. 3, 4, and 16 within 21 days of this order.

The parties shall meet and confer in good faith to resolve any outstanding disputes prior to seeking further court intervention.

IT IS SO ORDERED.

DATE: August 29, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

7