IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIGITAL REG OF TEXAS, LLC,

    Plaintiff,

  v.

ADOBE SYSTEMS INCORPORATED, et al.,

    Defendants.

No. C 12-1971 CW

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Docket No. 427)

Defendants Adobe Systems Incorporated, Electronic Arts, Inc., and Symantec Corporation[1] have filed a motion for partial summary judgment of noninfringement on the ground that their and their customers' use of the accused products in combination with any Microsoft product is licensed under Plaintiff Digital Reg's 2009 Patent License and Settlement Agreement with Microsoft. Plaintiff opposes the motion. Having considered the parties' papers, the Court DENIES Defendants' motions.

## BACKGROUND

Plaintiff brings this suit against Defendants alleging infringement of seven patents, Patent No. 6,389,541 (the '541 patent), Patent No. 6,751,670 (the '670 patent), Patent No, 7,127,515 (the '515 patent), Patent No. 7,272,655 (the '655 patent), Patent No. 7,421,741 (the '741 patent), 7,562,150 (the '150 patent), and Patent No. 7,673,059 (the '059 patent).

---

[1] Defendants state that Defendant Ubisoft might seek to join their motion for summary judgment. Ubisoft has not yet done so. Any future motion by Ubisoft on the grounds addressed in the instant motion for summary judgment will likely be denied.

Defendants now move for partial summary judgment, arguing that, to the extent the accused products are used in combination with Microsoft products, that use is permissible under a 2009 settlement agreement and license between Plaintiff and Microsoft (Microsoft License).

The Microsoft License agreement resolved a 2007 lawsuit Plaintiff filed against Microsoft in the Eastern District of Texas for infringement of the '541 patent.  The Microsoft License grants

> to Third Parties, including but not limited to direct and indirect customers, licensees, purchasers, resellers, distributors and end users of Microsoft Products, a worldwide, non-exclusive, non-transferable, non-sublicensable, fully paid-up irrevocable license under the Licensed Patents: (a) to use, sell, offer to sell, repair, maintain, support, dispose of, and otherwise exploit, including, but not limited to providing, distributing, exporting, and importing, whether alone or in combination with other things, Microsoft Products and (b) to use, whether alone or in combination with other things, Microsoft Products to perform, practice and use any process, method, formula or subject matter covered by, or which are a component, step, feature or element of any process, method, formula or subject matter covered by, or which are a component, step, feature or element of any process, method, formula or subject matter covered by, any claim of any Licensed Patent.

Greenblatt Dec., Ex. 1 ¶ 2.1.2.  The Microsoft License further defines "Licensed Patent" as:

> (a) U.S. Patent No. 6,389,541 (the "'541 Patent"), (b) any and all patents and patent applications throughout the world that claim priority from, or contain any claim that could have claimed priority from, the '541 Patent, (c) each and every patent and patent application related to any of (a) or (b) and (d) every substitution, divisional renewal, extension, continuation, continuation-in-part, foreign counterpart, reissue or re-examination of any of (a), (b) or (c).

Greenblatt Dec., Ex. 1 ¶ 1.5.

The parties to the license agreed that it would be governed by Washington State law.  Greenblatt Dec., Ex. 1 ¶ 7.7.  Microsoft

2

paid Plaintiff $487,500 for the release of Plaintiff's claims and the license.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

DISCUSSION

Defendants argue that (1) they are "Third Parties" under the terms of the Microsoft License; (2) the six other patents-in-suit are "related" to the '541 patent and are therefore "Licensed Patents" under the terms of the Microsoft License; and (3) Plaintiff's infringement contentions are based, at least in part, on Defendants' and their customers' use of the accused products in combination with various Microsoft products. Accordingly, Defendants seek partial summary judgment that certain products are licensed and do not infringe any patent-in-suit when used in combination with a Microsoft product.

Plaintiff counters that the six other patents-in-suit are not "Licensed Patents" and Defendants' and their customers' use of the accused products does not fall within the license granted to third parties under the terms of the Microsoft License.

I. Licensed Patents

Defendants argue that each of the seven patents-in-suit is a "Licensed Patent" as defined by the Microsoft License. Defendants note the broad inclusion of "each and every patent and patent application related to" the '541 patent in the definition. See Greenblatt Dec., Ex. 1 at ¶ 1.5(c). Defendants argue that the six other patents-in-suit are clearly "related to" the '541 patent.

Plaintiff counters that, in the context of the Microsoft License as a whole, the term "Licensed Patents" can only be reasonably read to refer to the '541 patent and other patents that are part of the '541 patent "family tree," meaning those patents in a technical priority relationship with the '541 patent.

4

Further, Plaintiff argues, none of the six other patents-in-suit are part of that family tree.

Defendants argue that "related to" must refer to more than the patents in the '541 family tree because limiting the "related to" clause to patents in the '541 family tree would make that section of the definition redundant of section (b), which includes "any and all patents and patent applications throughout the world that claim priority from, or contain any claim that could have claimed priority from, the '541 Patent." Greenblatt Dec., Ex. 1 at ¶ 1.5(b). But, as Plaintiff points out, section (b) only refers to "descendant" patents, that is patents that claimed or could have claimed priority from the '541 patent, not "ancestor" patents, patents from which the '541 claimed or could have claimed priority. Although the '541 patent did not claim priority from any other patent, there is no evidence that it could not have done so. The parties reasonably could have intended the license to extend to those patents from which the '541 patent could have claimed priority, even though it did not. The Court finds that there are triable questions of fact with respect to the meaning of the term "related to" in the definition of "Licensed Patents."

Defendants further argue that the six other patents-in-suit are related to the '541 patent because Plaintiff has represented that they "relate to similar subject matter" and described the patents as part of "the superdistribution family of patents." See Docket No. 71 at 11 n.22, Greenblatt Dec., Ex. 5 at 321. However, this argument relies on Defendants' broad interpretation of the term "related to." As discussed above, the Court finds that

5

triable questions of fact remain with respect to the proper interpretation of the contract language.

II. "In Combination With" "Microsoft Products"

Defendants argue that, at least in certain circumstances, each of the accused products is used in combination with a Microsoft product. Defendants further contend that, as a third party, use of the accused products is permissible under Paragraph 2.1.2 of the Microsoft License. However, Defendants have not shown as a matter of law that the language of Paragraph 2.1.2 grants a license to all Third Parties to use all products that perform a claim of the patents in issue as long as they use them in combination with Microsoft Products. Instead, this license may be to use "Microsoft Products" that perform a claim of "any Licensed Patents," whether in combination with other things or not.

> Paragraph 2.1.2(b) provides a license to Third Parties to use, whether alone or in combination with other things, Microsoft Products to perform, practice and use any process, method, formula or subject matter covered by, or which are a component, step, feature or element of any process, method, formula or subject matter covered by, any claim of any Licensed Patent.

Greenblatt Dec. Ex. 1 at ¶ 2.1.2(b). One reasonable reading of this provision is that the "to perform" and the "which are" clauses refer to "Microsoft Products." The phrase "whether alone or in combination with other things" could reasonably be interpreted to describe how the Microsoft Product might perform a claim of a patent or may constitute a component or feature of a patent. Read in this manner, the provision does not extend the

6

License to any other product that is used in combination with a Microsoft Product.

The Court finds that Defendants have not shown as a matter of law that the Microsoft License extends to any product when used in combination with a Microsoft product. The Microsoft License may only extend to Microsoft products that perform any claim of any Licensed Patent, whether used alone or in combination with other things.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for partial summary judgment. (Docket No. 427.) The start of the trial of this case must be delayed until May 12, 2014.

IT IS SO ORDERED.

Dated: 9/26/2013

CLAUDIA WILKEN
United States District Judge