1

2

3            United States District Court
          Northern District of California

4

5

6    DIGITAL REG OF TEXAS, LLC,                Case No.: CV 12-01971-CW (KAW)

7              Plaintiff,                       ORDER RE: PLAINTIFF AND
                                                DEFENDANT ELECTRONIC ARTS INC.'S
8         v.                                    5/15/2013 JOINT DISCOVERY LETTER

9    ADOBE SYSTEMS INCORPORATED,
     VALVE CORPORATION, ELECTRONIC
10   ARTS INC., UBISOFT, INC., SYMANTEC         (Dkt. No. 372)
     CORPORATION, AVG TECHNOLOGIES
11   USA, INC., ZYNGA GAME NETWORK
     INC., ZYNGA, INC., and INTUIT INC.,
12
               Defendant.
13

14

15       Plaintiff Digital Reg of Texas, LLC ("Digital Reg") filed this action against several

16   defendants, including Electronic Arts Inc. ("EA"), for patent infringement in violation of the U.S.

17   Patent Act, 35 U.S.C. § 271.  The parties filed an updated joint discovery letter on May 15, 2013

18   ("5/15/13 Joint Letter"), in which both sides identify perceived deficiencies in their opposing

19   party's discovery responses. (Dkt. No. 372.)

20       Digital Reg contends that EA has failed to provide adequate discovery in three areas: (1)

21   financial information relating to the use of the accused instrumentalities; (2) basic interrogatory

22   responses; and (3) production of a deponent under Federal Rule of Civil Procedure 30(b)(6).

23       EA also contends that Digital Reg has failed to provide adequate discovery in three areas

24   and seeks to compel the following: (1) Digital Reg's amended responses to Common

25   Interrogatory Nos. 1, 2, 3, and 5; (2) the production of documents from prior lawsuits relating the

26   Patents-in-Suit.; and (3) the production of documents requested by way of third party subpoena to

27   Intellectual Profit LLC.

28   ///

United States District Court
Northern District of California

1    In accordance with Civil L.R. 7-1(b), this matter is deemed suitable for disposition

2    without hearing.  In light of the joint letter and the documents submitted by the parties, the Court,

3    for the reasons set forth below, DENIES Digital Reg's request for further financial information.

4    The Court GRANTS IN PART AND DENIES IN PART Digital Reg's request for further

5    responses to Common Interrogatory Nos. 6, 13, and 15, and Individual Interrogatory Nos. 1, and

6    6-8.  The Court DENIES Digital Reg's request to compel the recall of EA's Rule 30(b)(6)

7    deponent.

8        Additionally, the Court GRANTS IN PART AN DENIES IN PART EA's request for

9    further responses to Common Interrogatory Nos. 1, 2, 3, and 5, and DENIES EA's requests for

10   the production of documents from prior lawsuits and from third party Intellectual Profit LLC.

## I.    BACKGROUND

12       Digital Reg alleges that EA directly and indirectly infringe upon its '541 Patent (manages

13   or regulates access to digital content), the '670 and '059 Patents (tracking access to digital

14   content), and the '150, '515', and '655 Patents (delivering electronic content).

15       On April 12, 2013, the parties filed its second joint discovery letter, which EA contended

16   was filed prematurely based on a previous stipulation of the parties. (Dkt. No. 330.)  Some of the

17   disputes had been addressed by the Court in its April 12, 2013 order on the parties' March 13,

18   2013 Joint Discovery Letter, which ordered EA to provide supplemental responses within 21

19   days. (4/12/13 Order, Dkt. No. 327.).

20       Pursuant to a stipulation of the parties (Dkt. Nos. 328 & 337), the fact discovery cutoff

21   was extended until April 30, 2013, and the last day to file a joint letter for disputes related to fact

22   discovery was on May 7, 2013. *See* Civil L.R. 37-3 ("no motions to compel fact discovery may be

23   filed more than 7 days after the fact discovery cut-off").[1]

24       On May 9, 2013, to determine whether any of the disputes identified in the April 12 Joint

25   Letter were obviated by EA's supplemental responses due May 3, 2013, the Court issued an order

---

[1] While this Court does not entertain motions to compel, the Court follows Civil Local Rule 37-3 to determine the last day to file a joint letter pursuant to the Court's Standing Order.

requiring that the parties update their April 12 Joint Letter to identify "which discovery disputes, if any, still require court intervention." (Dkt. No. 365.)

On May 15, 2013 the parties filed the joint discovery letter currently before the Court. (Dkt. No. 372.)  The Court has previously addressed the propriety of the parties' request to file portions of the joint letter and certain exhibits under seal pursuant to the stipulated protective order currently in effect. (Dkt. Nos. 388 & 391.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), "[a] party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).   The information "need not be admissible at the trial" so long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Rule 45 allows any party to serve a subpoena that commands a non-party "to produce documents, electronically stored information, or tangible things . . ." Fed. R. Civ. P. 45(a)(1)(C). Subpoenas are also subject to the relevance requirements of Rule 26(b), and therefore may command the production of documents which are "nonprivileged [and] . . . relevant to a party's claim or defense." *Soto v. Castlerock Farming & Transp., Inc.*, 1:09-CV-00701 AWI, 2011 WL 2680839, at *7 (E.D. Cal. July 8, 2011), quoting Fed. R. Civ. P. 26(b)(1).

This broad scope of relevant, discoverable information is limited by the responsibility of the parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court may, "[o]n motion or on its own . . . limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).

### III.   DISCUSSION

Digital Reg contends that EA has failed to provide adequate discovery in three areas: (1) financial information relating to the use of the accused instrumentalities; (2) basic interrogatory responses; and (3) sufficiency of Rule 30(b)(6) testimony.

EA contends that Digital Reg has failed to adequately respond to the following: (1) interrogatory responses; (2) the production of documents from prior lawsuits relating the Patents-in-Suit.; and (3) the production of documents requested by third party subpoena to Intellectual Profit LLC.

#### A.  Digital Reg's Requests for Relief

    1.   Requested Financial Information

Digital Reg seeks financial information "relating to the sales of digital content distributed using the accused platform." (5/15/13 Joint Letter at 3.)  The Court addressed this dispute in its Order on the March 13, 2013 Joint Letter. (4/12/13 Order, Dkt. No. 327, at 2-4.)  Digital Reg contends that EA has not produced all of its records consistent with the April 12 Order, and requests that "EA comply with this Court's standing order to 'confirm in writing that they have produced *all* such materials so described after a diligent search of *all* locations at which such materials might plausibly exist.'" (5/15/13 Joint Letter at 3-4.)  Digital Reg's Request for Production No. 1 only seeks "summary documents sufficient to show" product revenue. *Id.* at 3. Despite this limitation in its request, Digital Reg now seeks a complete production of EA's actual business records relating to Origin and digital distribution of games enabled with Origin." *Id.*

EA contends that it has complied with the April 12 Order and produced its Manager of Financial Planning Dan Givens for deposition. *Id.* at 4.  EA also objects that Digital Reg's request to "certify that *all* responsive documents have been produced does not make sense, given Digital Reg's document request for "summary documents" and the information that EA agreed to produce." *Id.* at 4 n. 6.  Under the Federal Rules of Civil Procedure, EA does, however, have an ongoing duty to supplement its responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the

discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  Given the limitation of Request No. 1, the Court understands why EA does not want to certify that it has produced all summary documents, as the request did not seek all documents, but EA should certify whether it has produced sufficient summary documents to fully respond to the request.

The Court has already resolved this discovery dispute, and so DENIES Digital Reg's request to compel actual business records, as those are not responsive to this request, which only sought "summary documents."  EA shall amend its response to Request No. 1 to state whether it has provided sufficient non-privileged, summary documents to fully respond to the request.

2.  EA's Responses to Interrogatories

Digital Reg seeks amendment to EA's responses to First Set of Common Interrogatory No. 6; Second Set of Common Interrogatory Nos. 13 and 15; First Set of Individual Interrogatory No. 1; and Third Set of Individual Interrogatory Nos. 6-8. (See Chart, 5/15/13 Joint Letter at 5.)  The Court is forced to infer this information from a chart that fails to sufficiently outline the dispute and how EA's responses are substantively deficient.  For example, Digital Reg's entry in support of the deficiencies in Common Interrogatory Nos. 6 is "Incomplete response. Does not provide U.S. data." Id. at 5.

As an initial matter, EA contends that Digital Reg has failed to meet and confer regarding the alleged deficiencies in EA's interrogatory responses. Id. at 5.  EA asserts that it has supplemented its responses to Common Interrogatory Nos. 6 and 15, and Individual Interrogatory Nos. 1, 3, and 6 to provide "substantive" responses on April 1, 2013, April 10, 2013, May 3, 2013, and May 10, 2013. Id. at 5.  The Court was only provided with EA's supplemental responses for Individual Interrogatory Nos. 6 and 9, and Common Interrogatory Nos. 1-10, both dated April 10, 2013, and EA's Fifth Supplemental Responses and Objections to Common Interrogatory Nos. 1-10. (5/15/13 Joint Letter, Exs. Q, S; Pl.'s Exs. to the Joint Letter, Dkt. No. 378, Ex. 11.)  After the Court's limited review, EA seems to have responded to Common Interrogatory No. 6.  As to the other allegedly deficient responses, since Digital Reg is alleging the insufficiency, the onus was on Digital Reg to attach all applicable, supplemental responses as exhibits.  Absent this information, coupled with Digital Reg's failure to provide more detail

pertaining to the alleged deficiencies, the Court will not compel further responses to these interrogatories.

EA claims that the Rule 30(b)(6) deposition of its Technical Director of Origin provides all information responsive to Common Interrogatory No. 13. *Id.* at 5. This argument is not persuasive, as the knowledge of a 30(b)(6) deponent is not necessarily the same as corporate knowledge. EA shall supplement its response to Common Interrogatory No. 13.

As to Individual Interrogatory Nos. 7 and 8, EA must amend its responses to provide information consistent with this court's April 12, 2013 order. (*See* Dkt. No. 327.)

For the reasons set forth above, the Court GRANTS Digital Reg's request to require EA to amend its responses to Common Interrogatory No. 13 and Individual Interrogatory Nos. 7 and 8, and DENIES Digital Reg's other requests for amendment.

3. <u>EA's Deponent under Rule 30(b)(6)</u>

Digital Reg contends that "[o]n April 24, 2013, EA presented a witness to address only limited financial information." (5/15/13 Joint Letter at 5.) Digital Reg now seeks to compel the production of competent witness with respect to the following deposition topics set forth in Digital Reg's December 7, 2012 Notice of Deposition under Fed. R. Civ. P. 30(b)(6): 13 (financials), 14 (projections) and 17 (analyses of the value of DRM)." *Id.* at 5-6. "Digital Reg further requests an opportunity to depose a corporate designee who is reasonably prepared to testify regarding the supplemental interrogatory responses provided by EA (including most recently on May 10, 2013—attached as Exhibit 11) and any documents produced by EA responsive to [the] Order of this Court." *Id.* at 6.

EA claims that this dispute is improper for several reasons. First, Digital Reg failed to attempt to meet and confer on this issue in violation of the Court's Standing Order. Second, this is an entirely new dispute, and should not be included in the instant joint letter, as the Court requested that the parties simply provide an update to the March 13, 2013 Joint Letter. *Id.*

The Court agrees, as its May 9, 2013 order required the parties to update their April 12, 2013 joint letter, and did not provide for the inclusion of new discovery disputes. In fact, the cutoff from fact discovery was April 30, 2013, such that the last day to file a joint letter on any

new fact discovery disputes was May 7, 2013. (*See* Stipulation Regarding Limited Extension of Fact Disc., Dkt. Nos. 328 & 337.)  The instant letter was filed on May 15, 2013, so any novel disputes are untimely.  As a result, the Court DENIES Digital Reg's request to compel the production of additional 30(b)(6) deponents.

**B. EA's Requests for Relief**

1. Digital Reg's Interrogatory Responses

EA seeks amendment to Digital Reg's responses to Common Interrogatory Nos. 1, 2, 3 and 5. (5/15/13 Joint Letter at 7.)  EA, however, did not provide copies of its interrogatories nor Digital Reg's responses, so the Court must depend upon the representations of the parties.

Interrogatory Nos. 1 and 2 seek Digital Reg's position regarding the date of conception for the patent claims asserted, so that EA can determine which date Digital Reg contends the invention was conceived. *Id.* This date is relevant to EA's defenses, because "[t]he priority date is important because it is the date EA must beat to show that the claims are invalid over the prior art." *Id.* Digital Reg does not address EA's arguments, but rather states that "[i]ts responses are monumentally more substantive than those served by EA, especially until its tardy supplementations on April 1, 2013 and on April 10, 2013, nearly two weeks after the close of fact discovery." *Id.*  This, however, is not the standard, and Digital Reg must amend its responses to fully respond to the interrogatories in regard to the priority date.

Interrogatory No. 3 involves marking, and EA alleges that Digital Reg's response is unclear, because it "fails to identify which specific products it developed 'for practicing inventions described in the Patents-in-Suit,' which specific 'goods and services' it has 'marketed,' when they were 'marketed,' and whether those 'goods and services' were marked with the applicable patent numbers." (5/15/13 Joint Letter at 8.)  EA states that Digital Reg's responses failed to address "whether it 'ma[d]e or offer[ed] for sale' any patented article post-issuance, but instead address only 'sale[s].' *See* 35 U.S.C. § 287 (requiring marking of patent articles that were made, sold, or offered for sale)."  Again, Digital Reg did not specifically address how its response was sufficient, and so must amend its response to identify any patented articles made or offered for sale after the issuance of the patent.

Interrogatory No. 5 pertains to "secondary considerations of nonobviousness." (5/15/13 Joint Letter at 8.)  EA contends that Digital Reg has "provided only a bare-bones response that wholly fails to meet its burden of producing evidence of secondary considerations, including evidence of nexus to the alleged patented inventions at issue in this case." *Id.*  The burden of proof as to the nexus resides with the patentee when the patentee "asserts that commercial success supports its contention of nonobviousness." *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988)  This requires that "objective evidence should be considered in the determination of nonobviousness." *Id.* at 1392.  Once the patentee has established the prima facie case of nexus, the burden of coming forward with rebuttal evidence shifts to the challenger. *Id.* at 1393.  As noted above, EA did not provide a copy of Digital Reg's responses, so the Court is unable to determine whether Digital Reg's responses makes secondary considerations, such as commercial success, of nonobviousness.  Therefore, the Court cannot compel Digital Reg's supplemental responses at this time.  Digital Reg, however, has a duty to supplement its responses pursuant to Rule 26.

The Court GRANTS EA's requests to compel amended responses to Common Interrogatory Nos. 1-3, and DENIES EA's request to compel amendment to Interrogatory No. 5.

2.  <u>Digital Reg's Production of Documents from Prior Lawsuit</u>

EA seeks to compel the production of documents from prior lawsuits relating the Patents-in-Suit. (5/15/13 Joint Letter at 9.)  EA acknowledges that Digital Reg has produced some documents, but believes that the production was incomplete. *Id.*  Digital Reg contends that it approached its prior law firm and obtained all documents that were retained, and has produced all of those documents. *Id.* at 10.

While Digital Reg is only required to produce those documents in its possession or control, like the dispute regarding EA's Rule 30(b)(6) deponent, this dispute was not included in the April 12, 2013 Joint Letter.  The last day to file a joint letter on other discovery disputes was May 7, 2013. (*See* Stipulation Regarding Limited Extension of Fact Disc., Dkt. Nos. 328 & 337.) The instant letter was filed on May 15, 2013, so these disputes are untimely.

The Court DENIES EA's request to compel documents from prior lawsuits.

3.   <u>Document Production of Intellectual Profit LLC</u>

EA seeks production of documents requested by way of third party subpoena to Intellectual Profit LLC, "a company that acted as a broker for, and attempted to auction, the patents-in-suit in April 2010" and currently acts as a "consultant to Digital Reg in efforts to monetize patents, including in this litigation." (5/15/13 Joint Letter at 10.)  EA served a subpoena to IP on January 3, 2013 "seeking documents relating to its role in attempting to monetize the patents-in-suit."  EA's requests the following relief:

> (a) a ruling that documents from Digital Reg's prior lawsuit in the position of its prior attorneys were within Digital Reg's possession, custody, or control; (b) a complete explanation for the authority on which the documents were destroyed, if any; (c) a complete description of the destroyed materials; (d) an explanation of the timing of when they were destroyed; (e) an extension of the discovery cut-off to depose Digital Reg's prior attorneys, if appropriate after review of Digital Reg's explanations to (b) – (d).

*Id.* at 9; *see also* Ex. H.  EA contends that Intellectual Profit responded "that due to its ongoing relationship as Digital Reg's consultant, Digital Reg would produce documents on its behalf." (5/15/13 Joint Letter at 10.)  "Digital Reg subsequently produced a total of only six documents that allegedly constitute the entirety of the IP documents responsive to the subpoena, while at the same time stating that there "may be" responsive emails that were not produced and not logged." *Id*.  EA seeks an order "compelling production of all responsive documents and a privilege log for any withheld document." *Id.*

Digital Reg contends that the Court lacks jurisdiction to enforce the subpoena on the grounds that it was issued in the U.S. District Court for the District of Delaware and must be enforced by the court where the subpoena was issued. *Id.*at 10.  Failure to comply with a subpoena, without adequate excuse, is contempt of court. Fed. R. Civ. P. 45(e).  The party seeking discovery may seek enforcement "by filing an application for an order to show cause why a contempt citation should not issue." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-F. The application must be filed in the district court in which the subpoena was issued. *Id.*; *see also Steshenko v. McKay*, C 09-5543 RS, 2012 WL 2589243 (N.D. Cal. July 3, 2012) (citing *S.E.C. v. CMKM Diamonds, Inc.,* 656 F.3d 829, 832 (9th Cir.2011) ("contention that this court has

United States District Court
Northern District of California

United States District Court
Northern District of California

1    jurisdiction to resolve disputes regarding the propriety of subpoenas issued under the authority of

2    other districts lacks merit.").  To the Court's knowledge, EA did not initiate contempt proceedings

3    in the District of Delaware and now asks this Court to exercise authority that it does not possess.

4          Moreover, like EA's request for relief regarding the production of documents from prior

5    lawsuits, this dispute was not included in the April 12, 2013 Joint Letter and so is untimely, as it

6    was not brought before the Court before the deadline to file a motion to compel pursuant to Civil

7    Local Rule 37-3, which was May 7, 2013.

8          The Court DENIES EA's requested for relief regarding the documents subpoenaed from

9    Intellectual Profit LLC.

## IV.   CONCLUSION

11         For the reasons set forth above, Digital Reg's request that EA supplement its responses to

12   provide financial information is DENIED as to actual business records.  EA, however, shall

13   amend its response to Request for Production No. 1 to state whether it has provided sufficient

14   non-privileged documents to fully respond to the request.

15         Digital Reg's request that EA be compelled to amend its responses to selected

16   interrogatories is GRANTED IN PART AND DENIED IN PART, such that EA must only amend

17   its responses to Common Interrogatory No. 13 and Individual Interrogatory Nos. 7 and 8.

18         Digital Reg's request to compel the production of additional Rule 30(b)(6) deponents is

19   DENIED, as it was outside the purview of the April 12, 2013 Joint Letter, and so was not properly

20   before the Court before the close of fact discovery.

21         EA's request to compel Digital Reg's amended interrogatory responses is GRANTED IN

22   PART AND DENIED IN PART, such that Digital Reg must only amend its responses to

23   Common Interrogatory Nos. 1-3.  EA's requests to compel documents from prior lawsuits is

24   DENIED.  EA's request for the production of documents from third party Intellectual Profit LLC

25   is DENIED as both untimely and not within the jurisdiction of this court, as the subpoena was

26   issued by the U.S. District Court for the District of Deleware.

27         All amended discovery responses shall be produced within 21 days of this order.

28

The parties shall meet and confer in good faith to resolve any outstanding disputes prior to seeking further court intervention.

IT IS SO ORDERED.

DATE: September 30, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge