IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-1971 CW<br><br>ORDER SUMMARIZING RULINGS FROM JANUARY 22, 2014 CASE MANAGEMENT CONFERENCE<br><br>(Re: Docket No. 462, 483) |

In this patent infringement case, Plaintiff Digital Reg of Texas, LLC accuses Defendants of infringing U.S. Patent No. 7,673,059 and 6,751,670 (the '059 patent and the '670 patent, respectively). At the January 22, 2014 case management conference, after considering the parties' papers and arguments, the Court ruled on two motions: Adobe's motion for relief from nondispositive pretrial order of magistrate judge and Symantec's motion to strike portions of the report submitted by Digital Reg's expert, Dr. Premkumar T. Devanbu. See Docket No. 489. Those rulings are summarized below.

Adobe's motion for relief from nondispositive order of magistrate judge is denied. The Court sees no clear error or inconsistency with law in Judge Westmore's order.

Symantec alleged that Devanbu's expert report covered three new theories that had not been disclosed in Digital Reg's infringement contentions: (1) a "seat transfer" theory describing how Symantec's CLT products infringe the "successive recipient" limitation of claims 32 and 45 of the '670 patent; (2) a theory

that Symantec's CLT products infringe claim 16 of the '059 patent; and (3) a theory that Symantec infringes claim 25 of the '059 patent.

Regarding the "seat transfer" theory, Digital Reg sufficiently disclosed this theory to Symantec with the information available at the time the infringement contentions were served. See Infringement Contentions, 51-55; Creagri, Inc. v. Pinnaclife Inc., 2012 WL 5389775, at *2 (N.D. Cal.). The motion to strike this theory is therefore denied.

As to the theory that CLT products infringe claim 16 of the '059 patent, however, Digital Reg's infringement contentions did not specifically accuse the CLT products by name, which is insufficient under Patent Local Rule 3-1(b). Digital Reg may not now assert this theory for the first time through its expert report.

The same is true of Digital Reg's theory that Symantec infringes claim 25 of the '059 patent. Digital Reg never asserted this claim against Symantec at all. See generally Infringement Contentions, App'x A-2. Digital Reg's arguments that Symantec will not be prejudiced are unavailing because if Digital Reg was not diligent in seeking leave to amend its infringement contentions, the inquiry may end there. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366–68 (Fed. Cir. 2006) (because district court properly concluded that plaintiff did not demonstrate diligence, there was "no need to consider the

2

question of prejudice"); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992).  Digital Reg cannot attempt to introduce this theory through its expert at this stage.

IT IS SO ORDERED.

Dated: 2/26/2014

CLAUDIA WILKEN
United States District Judge