United States District Court
Northern District of California

DIGITAL REG OF TEXAS, LLC,

    Plaintiff,

v.

ADOBE SYSTEMS INCORPORATED, VALVE CORPORATION, ELECTRONIC ARTS INC., UBISOFT, INC., SYMANTEC CORPORATION, INTUIT, INC., ZYNGA GAME NETWORK INC., and ZYNGA, INC.,

    Defendant.

Case No.: CV 12-01971-CW (KAW)

ORDER DENYING DEFENDANT UBISOFT, INC.'S MOTION TO STRIKE

(Dkt. No. 492)

***REDACTED***

Plaintiff Digital Reg of Texas, LLC ("Digital Reg") filed this action against several defendants, including Ubisoft, Inc. ("Ubisoft"), for patent infringement in violation of the U.S. Patent Act, 35 U.S.C. § 271. On July 3, 2013, the Court ordered Digital Reg to amend its infringement contentions to comply with Patent L.R. 3-1. (Dkt. No. 405.) On July 31, 2013, Digital Reg served its amended infringement contentions. (Ubisoft's Mot. to Strike, "Def.'s Mot.," Dkt. No. 492 at 2.)

On February 7, 2014, Ubisoft filed a motion to strike Plaintiff's amended infringement contentions and associated expert reports before the presiding judge, because the motion was filed after the close of discovery. (Def.'s Mot. at 5, n. 1.) Thereafter, the matter was referred to the undersigned for resolution.[1]

Ubisoft contends that Plaintiff has impermissibly used the Court's order to amend its infringement contentions to add new theories of infringement without leave to amend as required by Patent L.R. 3-6, which requires a timely showing of good cause.

---

[1] The Court construes the presiding judge's referral of the motion as permission to adjudicate the pending dispute after the close of discovery. The Court notes that the Amended ICs were filed after the close of discovery, and that any challenge thereto would necessitate leave of court.

In accordance with Civil L.R. 7-1(b), this matter is deemed suitable for disposition without hearing. In light of moving papers and documents submitted by the parties, for the reasons set forth below, the Court DENIES Ubisoft's motion to strike on the grounds that Digital Reg is not asserting a new theory of infringement.

## I. BACKGROUND

Digital Reg alleges that Defendant Ubisoft directly and indirectly infringe on U.S. Patent Nos. 6,751,670 ("'670 Patent"), 7,127,515 ("'515 Patent"), 7,272,655 ("'655 Patent"), 7,562,150 ("'150 Patent"), 7,673,059 ("'059 Patent"), all of which concern the tracking of electronic content.[2]

On October 28, 2011, Digital Reg served its original infringement contentions ("Original ICs") while this case was venued in the Eastern District of Texas.

On March 28, 2012, the case was transferred to the Northern District of California. At the July 25, 2012 Case Management Conference, the presiding judge ordered Digital Reg to supplement its ICs to comply with this district's Patent L.R. 3-1(d),(h), which concern allegations of indirect infringement. On August 30, 2012, Digital Reg served its supplemental ICs on all Defendants. On October 16, 2012, this action was referred to the undersigned for all discovery purposes.

On March 14, 2013 the parties filed a joint discovery letter, in which Ubisoft contended that Plaintiff's infringement contentions were deficient. (3/14/2013 Joint Letter, Dkt. No. 304.) Also in that joint letter, Ubisoft characterized "Uplay" as a branding change, and represented that its supplemental source code production reflected that rebranding. *Id.* at 6.

On July 3, 2013, the Court ordered Digital Reg to amend its infringement contentions. (Dkt. No. 405.) Digital Reg served its amended infringement contentions ("Amended ICs") on July 31, 2013, which narrowed the accused system to Uplay.[3]

---

[2] Digital Reg has dropped its U.S. Patent No. 6,389,541 ("'541 Patent") infringement claims against Ubisoft. (*See* Expert Report of Premkumar T. Devanbu, "Devanbu Report," Dkt. No. 492-14, Ex. 3A at 3-4.)

[3] The Original ICs listed Uplay along with the Ubisoft Online Services Platform, Ubisoft Game Launcher, and Ubisoft Store (UbiShop). Per the March 2013 Joint Letter, the Court understands Uplay PC to be the rebranding of the Ubisoft Online Services Platfor, which was accused in the

2

On February 7, 2014, Ubisoft filed a motion to strike Plaintiff's amended infringement contentions and associated expert reports.[4]

## II.  LEGAL STANDARD

Patent Local Rule 3-1 requires a party claiming patent infringement to serve on all parties a disclosure of asserted claims and infringement contentions (ICs).  The purpose of Patent L.R. 3-1 is "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *InterTrust Technologies Corp. v. Microsoft Corp.*, No. 01-1640 SBA, 2003 WL 23120174, at *1 (N.D. Cal., Dec. 1, 2003) (citations omitted).

ICs are a discovery device that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Technology LLC v. Novell, Inc.*, No. 01-2079, 2002 WL 32126128, *3-4 (N.D. Cal. Aug.13, 2002) (*Network Caching I*).  Infringement contentions may only be amended upon "order of the Court upon a timely showing of good cause." Patent L.R. 3-6.

Expert reports may not introduce theories not set forth in the infringement contentions. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 5:12-CV-0630-LHK-PSG, 2014 WL 173409, at *1 (N.D. Cal. Jan. 9, 2014) (citing *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, CIV.A. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010)). "The scope of contentions and expert reports are not, however, coextensive." *Id.* Infringement contentions "need not disclose specific evidence, whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them." *Id.* at *1 (citing Fed. R. Civ. P. 26(a)(2)(B)).  The threshold question in deciding whether to strike an expert report is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether. *Apple,* 2014 WL 173409, at *1.

---

Original ICs. If this is not the case and Uplay PC is the new version of the originally identified Uplay that does not change the analysis, as "Uplay" was also accused in the Original ICs.

[4] While Ubisoft names the Russell Parr Report as one of the reports to be stricken, it does not set forth any information regarding the report, does not discuss it in the motion or the reply, and has not furnished a copy of the report among is voluminous exhibits. The Court, therefore, considers the Parr Report erroneously included in the motion, and will only address the Devanbu Report.

3

## III. DISCUSSION

Digital Reg claims that Ubisoft's products infringe upon its '670 Patent, '515 Patent, '655 Patent, '150 Patent, and '059 Patent.

### A. Ubisoft's Claim that Uplay is a new platform

Ubisoft contends that Plaintiff has impermissibly amended its infringement contentions to include the Uplay PC platform ("Uplay") after the close of discovery and without obtaining leave of court pursuant Patent L.R. 3-6. (Def.'s Mot. at 2.) The Court notes, however, that Uplay was listed as an accused product in the original infringement contentions ("Original ICs"). (*See, e.g.,* '670 Patent ICs, Decl. of Mark C. Lang, "Lang. Decl.," Ex. 1B, Dkt. No. 492-3 at 1.)

Further, in the March 2013 Joint Letter, Ubisoft characterized Uplay as a "branding change[] such that certain aspects of the produced code are now referred to as 'Uplay.'" (3/14/2013 Joint Letter, Dkt. No. 304 at 6.) At that time, Ubisoft did not challenge the inclusion of Uplay in Plaintiff's ICs nor claim that the Uplay product accused differed from Uplay PC. *Id.* Instead, Ubisoft explained the Uplay branding change necessitated the supplemental source code production on February 8, 2013. *Id.* Ubisoft provides no explanation as to how the originally-accused Uplay and Uplay PC differ, only that the "'Uplay PC client' now accused did not exist two years ago." (Def.'s Reply, Dkt. No. 511 at 2.) In fact, one document identified by Ubisoft in support of its claim that Uplay PC is an entirely new product contradicts that very assertion, as it characterizes Uplay PC as "VERSION 2.0.0." (*See* Def.'s Reply at 3; UBST-00000230, Dkt. No. 492-22.)[5] It is commonly known that a new version of software is not necessarily equivalent to an entirely new product.

In its motion, Ubisoft portrays the inclusion of Uplay as equivalent to Digital Reg's attempts to include additional mobile apps in its Zynga ICs, which were stricken. (Def.'s Mot. at

---

[5] The Court also notes that the Uplay Community Developer posting, UBST-00000230, was last edited on November 28, 2012, and the page appears to have been printed on December 6, 2012. It is unclear, however, when the information regarding Uplay 2.0.0 was produced to Digital Reg to determine whether diligence would have required Digital Reg to seek leave to amend its infringement contentions prior to the filing of the March 2013 joint letter. Even if Digital Reg received the document on the day it was printed, which is unlikely given the timestamp, only three months passed between Uplay 2.0.0 and the filing of the March 2013 joint discovery letter.

4

1  3.) In the case of Zynga, Digital Reg attempted to accuse ten additional mobile apps without
2  obtaining leave of court. (Dkt. No. 277 at 5-6.)
3        In opposition, Digital Reg contends that Uplay is a rebranded platform and uses the same
4  ███████ technology, which was confirmed by Ubisoft's corporate representative. (*See*
5  Pl.'s Opp'n, Dkt. No. 504 at 4.) Digital Reg then cites Ubisoft's representations in the March
6  2013 Joint Letter in support of its contention that Uplay is simply a rebranding rather than a new
7  platform. *Id.* at 4-5.
8        Now, six months after the receipt of the Amended ICs, Ubisoft argues Digital Reg's
9  Original ICs "focused on the aspect of the [Online Services Platform (OSP)] requiring that a PC
10  video game player be continuously connected to the internet to play a game." (Def.'s Mot. at 4.)
11  Plaintiff's Amended ICs, however, focus on Uplay PC, which allegedly infringes "because it
12  requires a one-time activation, and then allows a user to play PC video games from any computer
13  without the need for a constant internet connection." *Id.* This change in theory appears to be due
14  to the launch of Uplay 2.0.0, which features include "Offline mode." (UBST-00000230.)
15        Nonetheless, in ordering Plaintiff to amend its infringement contentions in July 2013 to
16  include facts gleaned from discovery, including the source code production, the Court
17  contemplated that the Amended ICs would contain information not known to Plaintiff when the
18  Original ICs were filed. This would necessarily include information made known to Plaintiff via
19  the February 2013 source code production, as well as other documents produced. Essentially, the
20  Court gave Plaintiff permission to further clarify its theory of infringement without seeking leave
21  of court.[6] In so doing, Plaintiff restricted its contentions to a single product— Uplay—which was
22  already accused. Further, the crux of Plaintiff's infringement theory is that an internet connection
23  is required to track electronic content to confirm that the user has an authorized copy of the game.

---

[6] Ubisoft argues that Digital Reg's expert reviewed all of its source code, including all versions of Uplay PC, for over three weeks in March 2013, but was not diligent in seeking leave to amend. (Def.'s Mot. at 10.) This source code review occurred concurrently with the Court's review of the March 14, 2013 Joint Letter. The Court's order requiring amendment of the ICs obviated Digital Reg's need to seek leave to amend, because it was not adding a new theory of infringement.

5

That the new version of Uplay does not require the user to maintain a continuous internet connection does not fundamentally alter the theory of infringement.

In light of Ubisoft's representation in the March 14, 2013 Joint Letter that Uplay was a rebranding, and the Court's July 2013 order requiring Plaintiff's to amend its infringement contentions "to clearly articulate how each of Ubisoft's particular products infringe," the Court finds that Plaintiff was not required to seek leave of court to add additional information pertaining to Uplay's alleged infringement.

Accordingly, Ubisoft's motion to strike Uplay for PC from Digital Reg's amended infringement contentions is denied.

**B. Whether the Amended ICs contained new theories of infringement.**

1. Third-party vendors

Ubisoft contends that the inclusion of third-party distribution technologies or "soft privileges" is not permitted because Plaintiff did not seek leave of court to amend its ICs, and, therefore, the references in the Plaintiff's expert reports should also be stricken. (Def.'s Mot. at 5-7.)

As provided above, Digital Reg is not seeking to add additional products because Uplay was accused in the Original ICs. *See supra* Part III.A. Rather, the addition appears to be the inclusion of the third-party vendors. On July 3, 2013, the Court ordered Digital Reg to amend its infringement contentions to comply with Patent L.R. 3-1, and was specifically ordered to "amend its ICs to clearly articulate how each of Ubisoft's particular products infringe on Plaintiff's respective patents." (7/3/2013 Order at 6.) Since the inclusion of third-party vendors was part of Digital Reg's theory of infringement prior to amendment, and the Court ordered amendment that would require the substantive addition of information pertaining to Plaintiff's theory of infringement, Ubisoft's motion to strike on the grounds that this is a new theory is denied.

2. Alleged first-time assertions

Ubisoft seeks to strike certain assertions in the Amended ICs on the grounds that they are first-time allegations that were not included in the Original ICs. These include the allegation that the

> "notification information" required by most of the independent asserted patent claims can be an IP address and/or a CD key, that the "instructions" that cause or induce a first computer to dynamically transmit a network address are instructions included in the UPlay client and games, and that a permission locked uniquely to the client is "ownership files."

(Def.'s Mot. at 5:18-21.)  This illustrates why the Court found Plaintiff's Original ICs were deficient and ordered amendment, as it incorporated screen shot images in lieu of explanatory text, and the accused system and methods parroted the claim language. (*See* 7/3/2013 Order at 5-6.)

In opposition, Digital Reg correctly contends that "Ubisoft's argument regarding these 'first-time' allegations thus fails [because] it relies solely on additional evidence cited in the Amended Contentions (which is what this Court instructed Digital Reg to provide), rather than a shift in infringement theory." (Pl.'s Opp'n at 9.)  The Court agrees.  As provided above, in July 2013, the Court ordered Plaintiff to amend its ICs to clearly articulate its theory of infringement. In complying with the Court's order, Plaintiff necessarily amended its contentions, and, in fact, limited them to Uplay PC.  That the Amended ICs contain information that was only available after the Original ICs were filed is to be expected in light of this Court's previous order, which acknowledged that, at that stage in the litigation, Plaintiff's ICs should have included far more information than was provided prior to discovery. (7/3/2013 Order at 6.)

Accordingly, Ubisoft's motion to strike the "new" allegations in the Amended ICs is denied.

## C. Striking of Expert Reports

Ubisoft seeks to strike portions of the Dr. Premkumar Devanbu report (infringement) "to the extent that [it is] predicated on newly accused or infringement theories newly disclosed in Digital Reg's Amended ICs." (Def.'s Mot. at 12.)

In patent litigation, expert reports are expected to provide more information than is contained in infringement contentions.  *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 5:12-CV-0630-LHK-PSG, 2014 WL 173409, at *1 (N.D. Cal. Jan. 9, 2014) (citing *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, CIV.A. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010)).  The threshold question in deciding whether to strike an expert report is, therefore,

7

whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether. *Id.* So even if the Court chose to strike the contentions concerning third-party vendors or the notification information, the Court could decline to strike portions of the associated expert reports.

In its motion, Ubisoft cites another discovery order in *Apple Inc. v. Samsung Electronics Co., Ltd.*, in which portions of several expert reports were stricken on the grounds that the theories of infringement were not previously disclosed. *Apple Inc. v. Samsung Electronics Co., Ltd.*, C 11-1846 LHK PSG, 2012 WL 2499929 (N.D. Cal. June 27, 2012) *motion for relief from judgment denied,* 11-CV-01846-LHK, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012). While the *Apple v. Samsung* order on the motion to strike, 2012 WL 2499929, does not specify the grounds on which the expert reports were stricken, infringement contentions are produced before discovery begins.

Here, Ubisoft was on notice of Digital Reg's third-party vendor portion of its infringement theory through discovery when Digital Reg sought financial information for games downloaded through third-party channels. (*See* 3/14/2013 Joint Letter at 5, n.1.) In fact, in the March 14, 2013 Joint Letter, Ubisoft complained that those third-party distribution channels were not charted in Digital Reg's ICs, and that "[t]o the extent Digital Reg wants financials **for products not accused in its infringement contentions**, Digital Reg must seek and obtain leave of Court to add products." *Id.* (emphasis added.) To the contrary, the accused product, Uplay, was accused in the Original ICs. This differs from the *Apple v. Samsung* motion to strike, because Ubisoft was on notice that Digital Reg's theory of infringement involved third-party vendors, the Amended ICs chart this allegation, and it is the Uplay platform that still stands accused.

Further, expert reports may include information obtained during discovery, including that provided by opposing parties. Expert reports must identify "the facts or data considered by the witness in forming [their opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). That the expert reports include new allegations concerning "soft privileges" does not require that the allegations be present in the infringement contentions, because Plaintiff is not required to prove its infringement case at the IC stage. *See Creagri, Inc. v. Pinnaclife Inc., LLC*, 11-CV-06635-LHK-PSG, 2012 WL

8

5389775, at *2 (N.D. Cal. Nov. 2, 2012). Plaintiff contends that the expert reports include information provided by Ubisoft during discovery. Here, the Devanbu Report states that the materials reviewed include "documents produced by the Defendants, and deposition transcripts of Defendants." (Devanbu Report at 11.) That the expert report includes information outside of the infringement contentions, without altering the disclosed theory of infringement, is to be expected.

Since Plaintiff's expert is not substituting a new theory of infringement, the motion to strike the associated expert report[7] is denied.

## IV. CONCLUSION

For the reasons set forth above, Ubisoft's motion to strike Plaintiff's amended infringement contentions and associated expert reports is DENIED.

IT IS SO ORDERED.

Dated: April 24, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

---

[7] *See supra* note 4.