1  STEFANI E. SHANBERG (State Bar No. 206717)
   ROBIN L. BREWER (State Bar No. 253686)
2  EUGENE MARDER (State Bar No. 275762)
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   One Market Plaza
4  Spear Tower, Suite 3300
   San Francisco, California  94105
5  Telephone:      (415) 947-2000
   Facsimile:       (415) 947-2099
6  E-Mail:          sshanberg@wsgr.com
                    rbrewer@wsgr.com
7                   emarder@wsgr.com

8  RYAN R. SMITH (State Bar No. 229323)
   ROBERT R. CLEARY, JR. (State Bar No. 282113)
9  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
10 650 Page Mill Road
   Palo Alto, California  94304
11 Telephone:      (650) 493-9300
   Facsimile:       (650) 493-6811
12 E-Mail:          rsmith@wsgr.com
                    rcleary@wsgr.com
13 Attorneys for Defendant
   SYMANTEC CORPORATION

EDWARD R. REINES (State Bar No. 135960)
SONAL N. MEHTA (State Bar No. 222086)
BYRON C. BEEBE (State Bar No. 235179)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California  94065
Telephone:      (650) 802-3000
Facsimile:       (650) 802-3100
E-Mail:          edward.reines@weil.com
                 sonal.mehta@weil.com
                 byron.beebe@weil.com

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED

ERIC A. BURESH (*Pro Hac Vice*)
MICHELLE L. MARRIOTT (*Pro Hac Vice*)
MARK C. LANG (*Pro Hac Vice*)
ERISE IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, Kansas  66211
Telephone:      (913) 777-5600
Facsimile:       (913) 777-5601
E-Mail:          eric.buresh@eriseip.com
                 michelle.marriott@eriseip.com
                 mark.lang@eriseip.com

JULIE TURNER (State Bar No. 191146)
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California  94063
Telephone:      (650) 521-5930
E-Mail:          turner@turnerboyd.com

Attorneys for Defendant
UBISOFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC, | Case No. 4:12-cv-01971-CW (KAW) |
| Plaintiff, | **DEFENDANTS' STATEMENT OF RECENT DECISION** |
| v. | |
| ADOBE SYSTEMS INC., et al., | JUDGE:    Honorable Claudia Wilken |
| Defendants. | CTRM:     2, 4th Floor |

1    Pursuant to Civil Local Rule 7-3(d), defendants bring to the Court's attention *Limelight*

2 *Networks, Inc. v. Akamai Technologies, Inc.*, No. 12-786, slip op., 2014 WL 2440535 (S. Ct. June

3 2, 2014). This recent authority relates directly to defendants' summary judgment motion, Dkt.

4 Nos. 556, 564, which challenges the legal viability of plaintiff Digital Reg's theory that defendants

5 are liable for indirect infringement even though no direct infringer exists, based on the alleged

6 "direct infringement" jointly by multiple, unrelated parties. Dkt. No. 560-4 at 9-10 (citing the

7 Federal Circuit's prior *en banc* decision to support the claim that a "defendant is thus liable for

8 induced infringement of a method patent if the defendant has performed some of the steps of a

9 claimed method and has induced other parties to commit the remaining steps, or if the defendant

10 has induced other parties to collectively perform all the steps of the claimed method, but no single

11 party has performed all of the steps itself.").

12    In *Limelight*, the Supreme Court reverses the Federal Circuit, holding that a defendant is

13 not liable for inducing infringement when no one has directly infringed. *Limelight*, 12-686, slip

14 op. at *6. A copy of *Limelight* is attached hereto as Exhibit A.

15

16 Dated: June 3, 2014                          WEIL, GOTSHAL & MANGES LLP

17

18                                              By: _____/s/ *Edward R. Reines*_____

19                                                       Edward R. Reines

20                                              Attorneys for Defendant
                                               ADOBE SYSTEMS INCORPORATED

21

22 Dated: June 3, 2014                          ERISE IP, P.A.

23

24                                              By: _____/s/ *Michelle L. Marriott*_____

25                                                       Michelle L. Marriott

26                                              Attorneys for Defendant
                                               UBISOFT, INC.

27

28

**DEFS.' STATEMENT OF RECENT DECISION**     - 1 -     **CASE NO. 4:12-cv-01971-CW**

1    Dated:  June 3, 2014                          Respectfully submitted,

2                                                  WILSON SONSINI GOODRICH & ROSATI
                                                   Professional Corporation
3

4                                                  By:_____/s/ *Ryan R. Smith*_____
                                                              Ryan R. Smith
5

6                                                  Attorneys for Defendant
                                                   SYMANTEC CORPORATION
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Edward R. Reines, am the ECF User whose identification and password are being used to file Defendants' Statement of Recent Decision. In compliance with Local Rule 5-1(i)(3), I hereby attest that Ryan R. Smith of Wilson Sonsini Goodrich & Rosati, on behalf of Symantec Corporation, and Michelle L. Marriott of Erise IP, P.A., on behalf of Ubisoft, Inc., have concurred in this filing.

Dated: June 3, 2014                    Respectfully submitted,


                                       WEIL, GOTSHAL & MANGES LLP


                                       By: ____/s/ *Edward R. Reines*____
                                                    Edward R. Reines

                                       Attorneys for Defendant
                                       ADOBE SYSTEMS INCORPORATED

# Exhibit A

(Slip Opinion)          OCTOBER  TERM,  2013                    1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## LIMELIGHT NETWORKS, INC. *v.* AKAMAI TECHNOLOGIES, INC., ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 12–786.   Argued April 30, 2014—Decided June 2, 2014

Akamai Technologies, Inc., a respondent here, is the exclusive licensee
  of a patent that claims a method of delivering electronic data using a
  content delivery network (CDN).   Petitioner, Limelight Networks,
  Inc., also operates a CDN and carries out several of the steps claimed
  in the patent, but its customers, rather than Limelight itself, perform
  a step of the patent known as "tagging."   Under Federal Circuit case
  law, liability for direct infringement under 35 U. S. C. §271(a) re-
  quires performance of all steps of a method patent to be attributable
  to a single party.   This position was most recently refined in *Mu-
  niauction, Inc.* v. *Thomson Corp.,* 532 F. 3d 1318.   The District Court
  concluded that Limelight could not have directly infringed the patent
  at issue because performance of the tagging step could not be at-
  tributed to it.   The en banc Federal Circuit reversed, holding that a
  defendant who performed some steps of a method patent and encour-
  aged others to perform the rest could be liable for inducement of in-
  fringement even if no one was liable for direct infringement.   The en
  banc court concluded that the evidence could support liability for
  Limelight on an inducement theory and remanded for further pro-
  ceedings.

*Held*: A defendant is not liable for inducing infringement under §271(b)
  when no one has directly infringed under §271(a) or any other statu-
  tory provision.   Pp. 4–11.
   (a) Liability for inducement must be predicated on direct infringe-
  ment.   *Aro Mfg. Co.* v. *Convertible Top Replacement Co.,* 365 U. S.
  336, 341.   Assuming that *Muniauction*'s holding is correct, respond-
  ents' method has not been infringed because the performance of all of
  its steps is not attributable to any one person.   Since direct infringe-

ment has not occurred, there can be no inducement of infringement under §271(b). The Federal Circuit's contrary view would deprive §271(b) of ascertainable standards and require the courts to develop two parallel bodies of infringement law. This Court's reading of §271(b) is reinforced by §271(f)(1), which illustrates that Congress knows how to impose inducement liability predicated on non-infringing conduct when it wishes to do so. The notion that conduct which would be infringing in altered circumstances can form the basis for contributory infringement has been rejected, see *Deepsouth Packing Co.* v. *Laitram Corp.*, 406 U. S. 518, 526–527, and there is no reason to apply a different rule for inducement. Pp. 4–7.

(b) Respondents claim that principles from tort law and criminal aiding and abetting doctrine, as well as patent law principles in existence before the 1952 Patent Act, support the Federal Circuit's reading of the statute, but their arguments are unpersuasive. Though a would-be infringer could evade liability by dividing performance of a method patent's steps with another whose conduct cannot be attributed to the defendant, this is merely a result of the Federal Circuit's interpretation of §271(a), and a desire to avoid this consequence does not justify fundamentally altering the rules of inducement liability clearly required by the Patent Act's text and structure. Pp. 8–10.

(c) Because the question presented here is clearly focused on §271(b) and presupposes that Limelight has not committed direct infringement under §271(a), the Court declines to address whether the Federal Circuit's decision in *Muniauction* is correct. P. 10.

692 F. 3d 1301, reversed and remanded.

ALITO, J., delivered the opinion for a unanimous Court.

Opinion of the Court

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

---

No. 12–786

---

## LIMELIGHT NETWORKS, INC., PETITIONER *v.* AKAMAI TECHNOLOGIES, INC., ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

[June 2, 2014]

JUSTICE ALITO delivered the opinion of the Court.

This case presents the question whether a defendant may be liable for inducing infringement of a patent under 35 U. S. C. §271(b) when no one has directly infringed the patent under §271(a) or any other statutory provision. The statutory text and structure and our prior case law require that we answer this question in the negative. We accordingly reverse the Federal Circuit, which reached the opposite conclusion.

### I
#### A

Respondent the Massachusetts Institute of Technology is the assignee of U. S. Patent No. 6,108,703 ('703 patent), which claims a method of delivering electronic data using a "content delivery network," or "CDN." Respondent Akamai Technologies, Inc., is the exclusive licensee. Akamai maintains many servers distributed in various locations. Proprietors of Web sites, known as "content providers," contract with Akamai to deliver their Web sites' content to individual Internet users. The '703 patent provides for the designation of certain components of a

content provider's Web site (often large files, such as video
or music files) to be stored on Akamai's servers and ac-
cessed from those servers by Internet users. The process
of designating components to be stored on Akamai's serv-
ers is known as "tagging." By "aggregat[ing] the data
demands of multiple content providers with differing peak
usage patterns and serv[ing] that content from multiple
servers in multiple locations," 614 F. Supp. 2d 90, 96
(Mass. 2009), as well as by delivering content from servers
located in the same geographic area as the users who are
attempting to access it, Akamai is able to increase the
speed with which Internet users access the content of its
customers' Web sites.

Petitioner Limelight Networks, Inc., also operates a
CDN and carries out several of the steps claimed in the
'703 patent. But instead of tagging those components of its
customers' Web sites that it intends to store on its servers
(a step included in the '703 patent), Limelight requires its
customers to do their own tagging.[1] Respondents claim
that Limelight "provides instructions and offers technical
assistance" to its customers regarding how to tag, 629
F. 3d 1311, 1321 (CA Fed. 2010), but the record is undis-
puted that Limelight does not tag the components to be
stored on its servers.

B

In 2006, respondents sued Limelight in the United
States District Court for the District of Massachusetts,
claiming patent infringement. The case was tried to a
jury, which found that Limelight had committed infringe-
ment and awarded more than $40 million in damages.

Respondents' victory was short-lived, however. After

———————

[1] In its brief, Limelight disputes whether its customers actually "tag"
within the meaning of the patent. Brief for Petitioner 7, n. 4. We
assume *arguendo* that Limelight's customers do in fact "tag" within the
patent's meaning.

Opinion of the Court

the jury returned its verdict, the Federal Circuit decided
*Muniauction, Inc.* v. *Thomson Corp.*, 532 F. 3d 1318
(2008). In that case the Court of Appeals rejected a claim
that the defendant's method, involving bidding on finan-
cial instruments using a computer system, directly in-
fringed the plaintiff's patent. The defendant performed
some of the steps of the patented method, and its custom-
ers, to whom the defendant gave access to its system along
with instructions on the use of the system, performed the
remaining steps. The court started from "the proposition
that direct infringement requires a single party to perform
every step of a claimed method." *Id.*, at 1329. This re-
quirement is satisfied even though the steps are actually
undertaken by multiple parties, the court explained, if a
single defendant "exercises 'control or direction' over the
entire process such that every step is attributable to the
controlling party." *Ibid.* The court held that the defend-
ant in *Muniauction* was not liable for direct infringement
because it did not exercise control or direction over its
customers' performance of those steps of the patent that
the defendant itself did not perform. *Id.*, at 1330.

   In light of *Muniauction*, Limelight moved for reconsid-
eration of its earlier motion for judgment as a matter of
law, which the District Court had denied. The District
Court granted the motion, concluding that *Muniauction*
precluded a finding of direct infringement under §271(a)
because infringement of the '703 patent required tagging
and Limelight does not control or direct its customers'
tagging. A panel of the Federal Circuit affirmed, explain-
ing that a defendant that does not itself undertake all of a
patent's steps can be liable for direct infringement only
"when there is an agency relationship between the parties
who perform the method steps or when one party is con-
tractually obligated to the other to perform the steps." 629
F. 3d, at 1320. Since neither of these conditions was met
in the present case, the Federal Circuit panel held that

Limelight could not be held liable for direct infringement.[2]
*Ibid.*

The Federal Circuit granted en banc review and re-
versed. The en banc court found it unnecessary to revisit
its §271(a) direct infringement case law. Instead, it con-
cluded that the "evidence could support a judgment in
[respondents'] favor on a theory of induced infringement"
under §271(b). 692 F. 3d 1301, 1319 (2012) (*per curiam*).
This was true, the court explained, because §271(b) liabil-
ity arises when a defendant carries out some steps consti-
tuting a method patent and encourages others to carry out
the remaining steps—even if no one would be liable as a
direct infringer in such circumstances, because those who
performed the remaining steps did not act as agents of, or
under the direction or control of, the defendant. The
Court of Appeals did not dispute that "there can be no
indirect infringement without direct infringement," *id.*, at
1308, but it explained that "[r]equiring proof that there
has been direct infringement . . . is not the same as requir-
ing proof that a single party would be liable as a direct
infringer," *id.*, at 1308–1309 (emphasis deleted). Judge
Newman and Judge Linn both dissented (with the latter
joined by Judges Dyk, Prost, and O'Malley).

Limelight sought certiorari, which we granted. 571
U. S. ___ (2014).

                        II
                        A

Neither the Federal Circuit, see 692 F. 3d, at 1308, nor
respondents, see Tr. of Oral Arg. 44, dispute the proposi-
tion that liability for inducement must be predicated on

---

[2] The panel noted that Limelight's contracts instruct its customers to
tag the components they wish to be stored on Limelight's CDN, but
concluded that, because these contracts did not give Limelight control
over its customers, the customers' tagging could not be attributed to
Limelight. See 629 F. 3d, at 1321.

Opinion of the Court

direct infringement. This is for good reason, as our case law leaves no doubt that inducement liability may arise "if, but only if, [there is] . . . direct infringement." *Aro Mfg. Co.* v. *Convertible Top Replacement Co.*, 365 U. S 336, 341 (1961) (emphasis deleted).[3]

One might think that this simple truth is enough to dispose of this appeal. But the Federal Circuit reasoned that a defendant can be liable for inducing infringement under §271(b) even if no one has committed direct infringement within the terms of §271(a) (or any other provision of the patent laws), because direct infringement can exist independently of a violation of these statutory provisions. See 692 F. 3d, at 1314.

The Federal Circuit's analysis fundamentally misunderstands what it means to infringe a method patent. A method patent claims a number of steps; under this Court's case law, the patent is not infringed unless all the steps are carried out. See, *e.g.*, *Aro*, *supra*, at 344 (a "patent covers only the totality of the elements in the claim and . . . no element, separately viewed, is within the grant"). This principle follows ineluctably from what a patent is: the conferral of rights in a particular claimed set of elements. "Each element contained in a patent claim is deemed material to defining the scope of the patented invention," *Warner-Jenkinson Co.* v. *Hilton Davis Chemical Co.*, 520 U. S. 17, 29 (1997), and a patentee's rights extend only to the claimed combination of elements, and no further.

The Federal Circuit held in *Muniauction* that a method's steps have not all been performed as claimed by the patent unless they are all attributable to the same de-

——————

[3] *Aro* addressed contributory infringement under §271(c), rather than inducement of infringement under §271(b), but we see no basis to distinguish for these purposes between the two, which after all spring from common stock. See *Global-Tech Appliances, Inc.* v. *SEB S. A.*, 563 U. S. ___, ___ (2011) (slip op., at 8).

fendant, either because the defendant actually performed
those steps or because he directed or controlled others who
performed them.  See 532 F. 3d, at 1329–1330.  Assuming
without deciding that the Federal Circuit's holding in
*Muniauction* is correct, there has simply been no in-
fringement of the method in which respondents have
staked out an interest, because the performance of all the
patent's steps is not attributable to any one person.  And,
as both the Federal Circuit and respondents admit, where
there has been no direct infringement, there can be no
inducement of infringement under §271(b).

The Federal Circuit's contrary view would deprive
§271(b) of ascertainable standards.  If a defendant can be
held liable under §271(b) for inducing conduct that does
not constitute infringement, then how can a court assess
when a patent holder's rights have been invaded?  What if
a defendant pays another to perform just one step of a 12-
step process, and no one performs the other steps, but that
one step can be viewed as the most important step in the
process?  In that case the defendant has not encouraged
infringement, but no principled reason prevents him from
being held liable for inducement under the Federal Cir-
cuit's reasoning, which permits inducement liability when
fewer than all of a method's steps have been performed
within the meaning of the patent.  The decision below
would require the courts to develop two parallel bodies of
infringement law: one for liability for direct infringement,
and one for liability for inducement.

Section 271(f)(1) reinforces our reading of §271(b).  That
subsection imposes liability on a party who "supplies or
causes to be supplied in or from the United States all or a
substantial portion of the components of a patented inven-
tion . . . in such manner as to actively induce the combina-
tion of such components outside of the United States in a
manner that would infringe the patent *if such combination
occurred within the United States*" (emphasis added).  As

Opinion of the Court

this provision illustrates, when Congress wishes to impose liability for inducing activity that does not itself constitute direct infringement, it knows precisely how to do so. The courts should not create liability for inducement of non-infringing conduct where Congress has elected not to extend that concept.

The Federal Circuit seems to have adopted the view that Limelight induced infringement on the theory that the steps that Limelight and its customers perform would infringe the '703 patent if all the steps were performed by the same person. But we have already rejected the notion that conduct which would be infringing in altered circumstances can form the basis for contributory infringement, and we see no reason to apply a different rule for inducement. In *Deepsouth Packing Co.* v. *Laitram Corp.*, 406 U. S. 518 (1972), a manufacturer produced components of a patented machine and then exported those components overseas to be assembled by its foreign customers.[4] (The assembly by the foreign customers did not violate U. S. patent laws.) In both *Deepsouth* and this case, the conduct that the defendant induced or contributed to would have been infringing if committed in altered circumstances: in *Deepsouth* if the machines had been assembled in the United States, see *id.,* at 526, and in this case if performance of all of the claimed steps had been attributable to the same person. In *Deepsouth*, we rejected the possibility of contributory infringement because the machines had not been assembled in the United States, and direct infringement had consequently never occurred. See *id.,* at 526–527. Similarly, in this case, performance of all the claimed steps cannot be attributed to a single person, so direct infringement never occurred. Limelight cannot be liable for inducing infringement that never came to pass.

—————

[4] Section 271(f) now prohibits the exporter's conduct at issue in *Deepsouth.*

B

Respondents' arguments in support of the Federal Circuit's reading of the statute are unpersuasive. First, respondents note that tort law imposes liability on a defendant who harms another through a third party, even if that third party would not himself be liable, and respondents contend that, given the background tort principles against which the Patent Act of 1952 was enacted, it should not matter that no one is liable for direct infringement in this case. But the reason Limelight could not have induced infringement under §271(b) is not that no third party is *liable* for direct infringement; the problem, instead, is that no direct infringement was *committed*. *Muniauction* (which, again, we assume to be correct) instructs that a method patent is not directly infringed— and the patentee's interest is thus not violated—unless a single actor can be held responsible for the performance of all steps of the patent. Because Limelight did not undertake all steps of the '703 patent and cannot otherwise be held responsible for all those steps, respondents' rights have not been violated. Unsurprisingly, respondents point us to no tort case in which liability was imposed because a defendant caused an innocent third party to undertake action that did not violate the plaintiff's legal rights.

In a related argument, respondents contend that, at tort, liability sometimes attaches where two or more defendants inflict injury, even if each defendant's conduct, standing alone, would not be actionable. See W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Torts §52, p. 354 (5th ed. 1984) (multiple defendants who each add negligible impurities to stream liable if aggregate impurities cause harm). But the rationale for imposing liability in these circumstances is that the defendants collectively invaded the plaintiff's protected interests. See *ibid.* By contrast, under the *Muniauction* rule, respondents' interests in the '713 patent have not been invaded.

Opinion of the Court

Second, respondents seek to analogize §271(b) to the federal aiding and abetting statute, 18 U. S. C. §2, and they argue that two parties who divide all the necessary elements of a crime between them are both guilty under §2. The analogy does not hold up. The aiding and abetting statute must be read "against its common-law background," *Standefer* v. *United States*, 447 U. S. 10, 19 (1980), and at common law two or more defendants, each of whom committed an element of a crime, were liable as principals. See, *e.g.,* 1 J. Bishop, Commentaries on the Criminal Law §649, p. 392 (7th ed. 1882). While we have drawn on criminal law concepts in the past in interpreting §271(b), see *Global-Tech Appliances, Inc.* v. *SEB S. A.*, 563 U. S. \_\_\_, \_\_\_ (2011) (slip op., at 10–12), we think it unlikely that Congress had this particular doctrine in mind when it enacted the Patent Act of 1952, given the doctrine's inconsistency with the Act's cornerstone principle that patentees have a right only to the set of elements claimed in their patents and nothing further.

Third, respondents contend that patent law principles established before the enactment of the Patent Act demonstrate that a defendant that performs some steps of a patent with the purpose of having its customers perform the remaining steps is liable for inducing infringement. But here, too, the nature of the rights created by the Patent Act defeats the notion that Congress could have intended to permit inducement liability where there is no underlying direct infringement. According to respondents, their understanding of the pre-1952 doctrine casts doubt on the *Muniauction* rule for direct infringement under §271(a), on the ground that that rule has the indirect effect of preventing inducement liability where Congress would have wanted it. But the possibility that the Federal Circuit erred by too narrowly circumscribing the scope of §271(a) is no reason for this Court to err a second time by misconstruing §271(b) to impose liability for inducing

infringement where no infringement has occurred.

Finally, respondents, like the Federal Circuit, criticize our interpretation of §271(b) as permitting a would-be infringer to evade liability by dividing performance of a method patent's steps with another whom the defendant neither directs nor controls. We acknowledge this concern. Any such anomaly, however, would result from the Federal Circuit's interpretation of §271(a) in *Muniauction.* A desire to avoid *Muniauction*'s natural consequences does not justify fundamentally altering the rules of inducement liability that the text and structure of the Patent Act clearly require—an alteration that would result in its own serious and problematic consequences, namely, creating for §271(b) purposes some free-floating concept of "infringement" both untethered to the statutory text and difficult for the lower courts to apply consistently.

### III

Respondents ask us to review the merits of the Federal Circuit's *Muniauction* rule for direct infringement under §271(a). We decline to do so today.

In the first place, the question presented is clearly focused on §271(b), not §271(a). We granted certiorari on the following question: "Whether the Federal Circuit erred in holding that a defendant may be held liable for inducing patent infringement under 35 U. S. C. §271(b) even though no one has committed direct infringement under §271(a)." Pet. for Cert. i. The question presupposes that Limelight has not committed direct infringement under §271(a). And since the question on which we granted certiorari did not involve §271(a), petitioner did not address that important issue in its opening brief. Our decision on the §271(b) question necessitates a remand to the Federal Circuit, and on remand, the Federal Circuit will have the opportunity to revisit the §271(a) question if it so chooses.

Cite as: 572 U. S. \_\_\_\_ (2014)                    11

Opinion of the Court

## IV

The judgment below is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*