W. PAUL SCHUCK (Cal. Bar No. 203717)
*pschuck@bzbm.com*
BARTKO, ZANKEL, BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

ANDREW G. DINOVO (admitted *pro hac vice*)
*adinovo@dpelaw.com*
ADAM G. PRICE (admitted *pro hac vice*)
*aprice@dpelaw.com*
DINOVO PRICE ELLWANGER & HARDY LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone: (512) 539-2626
Facsimile:  (512) 539-2627

Attorneys for Plaintiff
DIGITALREG OF TEXAS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED, *et al.*,<br><br>Defendants. | Case No. 12-CV-01971 CW (KAW)<br><br>**PLAINTIFF DIGITAL REG OF TEXAS, LLC'S PRELIMINARY OMNIBUS MOTIONS *IN LIMINE* AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Judge:  The Honorable Claudia Wilken<br>Date:  August 25, 2014<br>Time:  8:30 a.m.<br>Ctrm:  2, 4th floor |

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

**TABLE OF CONTENTS**

1.   ANY EVIDENCE OR TESTIMONY FROM PRIOR ART INVENTORS REGARDING WHAT PRINTED REFERENCES DISCLOSE. ...................................................................................................1

2.   ALL PRIOR ART REFERENCES AND INVALIDITY DEFENSES THAT ARE NOT INCLUDED IN ADOBE'S DESIGNATED THREE PRIOR ART REFERENCE COMBINATIONS FOR EACH ASSERTED CLAIM. ...............................................................3

3.   ANY REFERENCE TO UNTIMELY-DESIGNATED WITNESSES OR UNTIMELY PRODUCED DOCUMENTS....................................6

4.   PLAINTIFF'S FEE ARRANGEMENT WITH COUNSEL. ................................................8

5.   DIGITAL REG'S ELECTION TO STREAMLINE THIS LITIGATION..................................................................................9

6.   DIGITAL REG'S DECISION TO FILE ITS ORIGINAL COMPLAINT AGAINST ADOBE IN THE EASTERN DISTRICT OF TEXAS. .......................................................................................9

7.   NEGATIVE OR DEROGATORY COMMENTS ABOUT THE USPTO...........................................................................................9

8.   COMPARING THE ACCUSED DEVICES TO THE PRIOR ART OR COMPARING THE ACCUSED DEVICES TO AN ALLEGED COMMERCIAL EMBODIMENT OF THE INVENTION. ...............................................11

9.   OPINIONS OF COUNSEL REGARDING NON-INFRINGEMENT OR INVALIDITY.................................................................12

10.  OPINION TESTIMONY FROM INDIVIDUALS NOT DESIGNATED AS EXPERTS..............................................................12

11.  ANY REFERENCE OR SUGGESTION THAT DAMAGES AWARDS MAY DRIVE UP THE PRICE OF PRODUCTS, PUT MANUFACTURERS OUT OF BUSINESS, OR CAUSE JOBS TO BE LOST. ....................................................................................13

12.  THE PERSONAL CHARACTERISTICS AND FINANCIAL STATUS OF COUNSEL AND/OR FIRMS. ................................................14

13.  ANY REFERENCE TO LEGAL PROCEEDINGS INVOLVING EITHER PARTY OTHER THAN THE PRESENT LEGAL PROCEEDING. ............................................................................14

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-ii-

14. INTERPRETATIONS OR APPLICATION OF CLAIM LIMITATIONS CONTRARY TO THIS COURT'S CLAIM CONSTRUCTION ORDER. .................................................................14

15. DEROGATORY, DISPARAGING, AND/OR PEJORATIVE REFERENCES TO DIGITAL REG. ........................................................15

16. ANY REFERENCE BY ADOBE'S EXPERT WITNESSES RELATED TO SOURCE CODE TO PROVE NON-INFRINGEMENT. ..........................................................................16

17. ANY REFERENCE OR DISCUSSION REGARDING A LEASE ON A TOWNHOME RENTED BY, FOR, OR BEHALF OF DESKGATE, INC. AND/OR PATRICK PATTERSON. ...................16

18. ANY REFERENCE TO MARKING AS AN AFFIRMATIVE DEFENSE OR LIMITATION ON DAMAGES. ...............................17

19. ANY REFERENCE TO PARALLEL OR RELATED PATENT PROSECUTION OF THE INVENTION DISCLOSED IN THE '541 PATENT OR '670 PATENT IN FOREIGN COUNTRIES. ...............18

20. ANY REFERENCE TO THE COURT HAVING RULED FOR OR AGAINST EITHER PARTY ON PRIOR RULINGS, INCLUDING ON SUMMARY JUDGMENT, SHOULD BE EXCLUDED. ..........................18

21. CONNECTIONS TO CALIFORNIA (OR LACK THEREOF). ......................19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

PLAINTIFF DIGITAL REG OF TEXAS, LLC'S PRELIMINARY MOTIONS IN LIMINE
CASE NO. 12-CV-01971 CW (KAW)

## **TABLE OF AUTHORITIES**

### **CASES**

*Abbott Labs v. Syntron Bioresearch, Inc.*, No. 98–CV–2359 H(POR), 2001 WL
34082555 (S.D. Cal. Aug. 24, 2001) ..................................................................3

*Am. Medical Sys., Inc. v. Laser Peripherals*, LLC., 712 F.Supp.2d 885 (D.Minn. 2010)............11

*Apple, Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846–LHK2012 WL 3155574 (N.D.
Cal. Aug. 2, 2012)..........................................................................................7

*Applied Material, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C 92-20643
RMW, 1995 WL 261407 (N.D. Cal. Apr. 25, 1995) ........................................9

*Applied Materials, Inc. v. Advanced Semiconductor Materials Am., In*c., 98 F.3d 1563
(Fed. Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997) ........................................10

*Bai v. L & L Wings, Inc.,* 160 F.3d 1350 (Fed. Cir. 1998) ...............................................11

*Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575(Fed. Cir. 1995).............................12

*Comm'nr of the Dep't of Planning and Natural Res. v. Century Aluminum Co.*, No. 05-
62, 2012 WL 2135287 (D.V.I. Jun. 13, 2012) ...............................................8

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308 (Fed. Cir.
2009) ..........................................................................................................17

*Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448 (Fed. Cir. 1998) ......................................11

*Drnek v. Variable Annuity Life Ins. Co.*, 261 Fed. Appx. 50 (9th Cir. 2007)....................8

*Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362 (Fed. Cir. 2002)....................................11

*EZ Dock v. Schafer Sys., Inc.*, No. Civ.-98-2364 (RHK/AJB), 2003 WL 1610781 (D.
Minn. Mar. 8, 2003) ......................................................................................10

*Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313 (Fed. Cir. 2007) ..............................2

*HTC Corp. v. Tech. Props. Ltd.*, 5:08-cv-00882-PSG, 2013 WL 4782598 (N.D. Cal.
Sep. 6, 2013) ................................................................................................16

*Innogenetics, N.V. v. Abbott Labs*., 512 F.3d 1363 (Fed. Cir. 2008)................................2

*Interconnect Planning Corp. v. Feil*, 774 F.2d 1132 (Fed. Cir. 1985) .........................10

*J&J Celcom v. AT&T Wireless Servs*., 215 Fed. Appx. 616 (9th Cir. 2006)...................7

*Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed. Cir. 1995) .........................11

*Neothermia Corp. v. Rubicor Med.*, Inc., 345 F. Supp. 2d 1042 (N.D. Cal. 2004) .......................7

*Newell Cos., Inc. v. Kenney Mfg Co.*, 864 F.2d 757 (Fed. Cir. 1988) ...........................10

*Omeprazole Patent Litig.*, MDL-21-81, 2000 WL 1145399 (S.D.N.Y. Aug. 1, 2000)...................2

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) ...........................................15

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-iv-

*Rambus Inc. v. Hynix Semiconductor Inc.*, C-05-00334 RMW, 2008 U.S. Dist. LEXIS 106481 (N.D. Cal. Dec. 29, 2008) ...............................................................................16

*Schiller v. City of New York*, No. 04-Civ.-7921, 2007 WL 1461378 (S.D.N.Y. May 18, 2007) ...................................................................................................................................7

*Spina v. Forest Pres.*, No. 98-C-1393, 2001 WL 1491524 (N.D. Ill. November 23, 2001) ...........7

*Sport Squeeze, Inc. v. Pro-Innovative Concepts, Inc.*, No. 97–CV–115 TW(JFS), 1999 WL 395328, n.1 (S.D. Cal. Apr. 1, 1999) ...............................................................11

*Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008) ............................13

*Tate Access Floors Inc. v. Interface Architectural Res. Inc.*, 279 F.3d 1357 (Fed. Cir. 2002) .................................................................................................................................11

*United States v. DeGeratto*, 876 F.2d 576, 584 (7th Cir. 1989) ...................................................17

*United States v. Dunn*, No. 04-C-50472, 2007 WL 1100754 (N.D. Ill. Apr. 12, 2007).................7

*Westberry v. Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999) ................................................10

*Zenith Labs., Inc. v. Bristol–Myers Squibb Co.,* 19 F.3d 1418 (Fed. Cir. 1994)...........................12

**STATUTES**

35 U.S.C. § 102....................................................................................................................................1

35 U.S.C. § 282..................................................................................................................................10

35 U.S.C. § 287(a) .............................................................................................................................17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-v-

# RULES

FED. R. CIV. P. 26 ................................................................................................................ 6

FED. R. CIV. P. 26(a) ........................................................................................................... 8

FED. R. CIV. P. 26(a)(1)(A)-(B) .......................................................................................... 6

FED. R. CIV. P. 26(a)(2) ..................................................................................................... 13

FED. R. CIV. P. 26(e)(1) .................................................................................................. 7, 8

FED. R. CIV. P. 26(e)(1)(A) ................................................................................................. 7

FED. R. CIV. P. 37(c) ........................................................................................................... 8

FED. R. EVID. 401, 402 and 403 ................................... 1, 4, 5, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19

FED. R. EVID. 608 .............................................................................................................. 17

FED. R. EVID. 608(b) .......................................................................................................... 17

FED. R. EVID. 702 and 703 ................................................................................................. 13


# OTHER AUTHORITIES

1 McCormick on Evidence § 41 (Kenneth S. Broun ed., 7th ed. 2013) ........................................ 17

4 Jack B. Weinstein and Margaret A. Berger, Weinstein's Federal Evidence, § 608.22[2]
[a] (Joseph M. McLaughlin ed., 2d ed. 2013) ..................................................................... 17

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

PLAINTIFF DIGITAL REG OF TEXAS, LLC'S PRELIMINARY MOTIONS IN LIMINE
CASE NO. 12-CV-01971 CW (KAW)

Pursuant to this Court's Order for Pretrial Preparation and N.D. Cal. L.R. 16-10, Plaintiff, Digital Reg of Texas, LLC ("Digital Reg") respectfully requests that the Court preclude Defendant Adobe Systems, Inc., its counsel, and all of Adobe's witnesses from mentioning, referring to, interrogating about, suggesting or alluding to, or offering any evidence or argument, whether live or by deposition, relating directly or indirectly to (collectively, "making reference to") any of the following matters within the hearing of any member of the jury panel, in *voir dire*, or at any time during trial. Evidence, testimony, and argument concerning such matters should be excluded because they would be clearly inadmissible, and compelling Digital Reg to object before the jury each time such matters are raised would only serve to reinforce the prejudicial impact on the jurors. Accordingly, Digital Reg respectfully requests that the Court grant these Motions *in Limine* and enter an order, prior to *voir dire* examination of the jury and statements of counsel to the jury, precluding any evidence, testimony, or argument concerning these matters. Digital Reg also requests that the Court instruct Adobe to caution each witness to follow the same instructions.

1. **Any Evidence or Testimony from Prior Art Inventors Regarding What Printed References Disclose.**

Adobe should be precluded from offering any testimony from any alleged prior art inventor regarding what certain prior art references mean or disclose, pursuant to FED. R. EVID. 401, 402 and 403. Such "evidence" violates 35 U.S.C. § 102, is highly prejudicial, and will serve only to confuse the jury and waste time. The focus of any invalidity inquiry is what the reference actually discloses to one of skill in the art, not what one or more of the inventors subjectively think or wish the references disclosed or thought their own patent disclosed. A witness may not use trial testimony to attempt to re-write a prior art patent or publication. Such evidence and testimony should therefore be precluded.

On Adobe's witness list, Adobe has indicated that it may call Johathan Schull to testify at trial. Adobe has indicated that Mr. Schull will testify regarding "[p]rior art, including Softlock Inc. system and patents, including U.S. Patent No. 5,509,070, and the state of the art." Joint

BARTKO ZANKEL BUNZEL
BARKO • ZANKEL • BUNZEL • MILLER

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Pretrial Conference Statement, Exh. D1 (Adobe's Trial Witness List), filed concurrently herewith, at 1. Mr. Schull is listed as the inventor of U.S. Patent No. 5,509,070. Adobe added him to its amended initial disclosures shortly before the close of fact discovery. (*See* Digital Reg's Motion to Strike Adobe's Amended Initial Disclosures, filed contemporaneously herewith.) Mr. Schull was not disclosed as an expert in this case, did not submit an expert report, and has not been deposed in the litigation.

Mr. Schull should not be permitted to testify regarding the content of any prior art reference on which Adobe is relying for its invalidity defenses. Any testimony that an inventor may have to offer about what a prior art reference discloses should be excluded as irrelevant. *Innogenetics, N.V. v. Abbott Labs*., 512 F.3d 1363, 1375 (Fed. Cir. 2008) (affirming the district court limiting an expert/inventor of a prior art patent application's testimony because "any information he might have to offer beyond the words of the Chat PCT application would be irrelevant to the issue before the jury of 'whether the Chat [PCT] application was sufficient in itself to have informed a person of ordinary skill in the art in 1992 how to distinguish among HCV genotypes by using probes in the 5' UTR'"); *Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313, 1320 (Fed. Cir. 2007) (affirming the district court's striking of inventor declaration that was "self-serving, biased, and of no assistance to the Court"); *In re Omeprazole Patent Litig*., MDL-21-81, 2000 WL 1145399, at *8 (S.D.N.Y. Aug. 1, 2000) (finding that an expert – who was also the author of the prior art publication – could not be asked what he meant by the publication and finding that "insofar as the document is asserted to constitute prior art, it is more important what the document actually discloses to one of ordinary skill in the art, rather than what the author may have subliminally intended").

This well settled rule justifies preclusion of inventor testimony that purports to explain the meaning or scope of any prior art patent. Furthermore, because Mr. Schull has no other personal knowledge relevant to the issues for the jury, any other testimony he may offer is irrelevant.

BARTKO ZANKEL BUNZEL
BARKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

**2. All Prior Art References and Invalidity Defenses that Violate the Court's Prior Art Election Order and Are Not Included in Adobe's Disclosure of Prior Art References and Prior Art Reference Combinations.**

On February 20, 2013, the Court ordered the Defendants, including Adobe, to reduce their number of prior art references as proposed by the Plaintiff.  *See* Decl. of W. Paul Schuck in Support of Digital Reg's Motions *in Limine* ("MIL Decl."), Exhibit D.  Plaintiff Digital Reg's proposal called for a maximum of three (3) prior art references or combinations for each asserted patent claim.  *See* MIL Decl. Exhibit E, p. 6.  On May 16, 2013, the Defendants served their Disclosure of Prior Art References and Prior Art Reference Combinations.  *See* MIL Decl. Exhibit B ("Prior Art Election").  Adobe's three prior art combinations for claims 1-4 and 13 of United States Patent Number 6,389,541 ("'541 Patent") included: (1) SoftLock system as described in U.S. Patent No. 5,509,070 and SCHULL 360-367, 368-372, 374-80, 2624-2627, 2743, 3599-3612, 6711-6738, 6835-36, 6840-6865, 13989-90, 14193-95, 14410, 89813-89838, in combination with U.S. Patent No. 5,509,070 (collectively "SoftLock"); (2) U.S. Patent No. 5,490,216 ("Richardson") in combination with SoftLock; and (3) U.S. Patent No. 6,073,124 ("Krishnan") in combination with SoftLock.  *See id*., p. 3.  Adobe's three prior art combinations for claims 32, 45 and 52 of United States Patent No. 6,751,670 ("'670 Patent)  included: (1) Griswold system as described in U.S. Patent No. 5,940,504 and Gary N. Griswold, "A method for Protecting Copyright on Networks," Proceedings, Technological Strategies for Protecting Intellectual Property in the Networked Multimedia Environment, Vol. 1, Issue 1, pp. 169-178 (Jan. 1994) (collectively "Griswold"); (2) SoftLock in combination with Griswold; and (3) Ziplock System, as described in U.S. Patent No. 5,898,777 and the "ZipLock Whitepaper" (collectively "ZipLock") in combination with Griswold.  *See id*., pp. 3-4.  These same combinations for the '541 patent and '670 patent were generally adhered to in Adobe's expert report on invalidity served on October 30, 2013.  *See* MIL Decl. Exhibit C, pp. 74-310.

Adobe should be precluded from making reference to alleged prior art references that are not set forth in Adobe's Prior Art Election.  *See Abbott Labs v. Syntron Bioresearch, Inc.*, No. 98–CV–2359 H(POR), 2001 WL 34082555 (S.D. Cal. Aug. 24, 2001) (striking references to prior art

BARTKO ZANKEL BUNZEL

One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-3-

where they were not disclosed during discovery and party did not have ability to conduct expert discovery on the references).  Despite the Court ordered limitation on prior art references, Adobe's pretrial materials reflect that it intends to offer evidence (and testimony) beyond its Prior Art Election.    First,  Adobe  has  identified  on  its  exhibit  list  40  patents,  13  patent applications/publications, 39 articles or prior art related documents, and four documents related to these  additional  prior  art  references  it  may  offer  at  the  jury  trial **that were not included in Defendant's Prior Art Election**.  *See* Adobe Exhibits 423, 426, 528-559, 584-586, 672-673, and 678 (patents); 424-425, 560-566, 574-576, and 580 (patent applications and publications); 529-535, 527, 567-573, 577-578, 581-583, 587, 591-592, 599, 604, 609, and 636-648 (articles/prior art related  documents);  and  510-512  and  514  (documents  related  to  these  additional  references). Many of the additional articles and prior art related documents are Softlock documents (exhibits 587, 599, 604, 609, and 638-646 on Adobe's exhibit list) that are not cited as part of the SoftLock system in Defendants' Prior Art Election.[1]   All of these documents appear only relevant for invalidity purposes (although some of them may not even qualify as prior art) and admitting these exhibits into evidence runs contrary to the Court's order to limit prior art references and frustrates the very purpose of that limitation.  The Court presumably ordered a limitation on both the number of claims being asserted and the prior art that could be applied to invalidate those claims to narrow the issues at trial, allow for an efficient trial of the case and permit the parties to be fully informed of the precise claims and prior art at issue.

Even if Adobe can offer some other reason why these documents and prior art references are relevant, the probative value is greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.  FED. R. EVID. 402 and 403.  For example, allowing these documents to be admitted into evidence because they allegedly disclose the state of the art completely eviscerates the Court's limitation on prior art references and combinations because the

---

[1]Exhibits 587, 599 and 604 include some pages that are cited as part of the SoftLock system in Defendants' Prior Art References and Prior Art Reference Combinations but also include some pages that are not part of that disclosure.

-4-

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

jury would be under the mistaken impression that they constitute applicable prior art, and Digital Reg would be required to address all of these documents as if they had been cited in Adobe's invalidity contentions.  Permitting the jury to consider such voluminous prior art and documents that are not included in Defendants' Prior Art Election will serve only to confuse the issues regarding the actual prior art at issue and give the false impression that numerous additional documents that are not part of Adobe's invalidity contentions can be used to invalidate the patents at issue.

Additionally, admitting these prior art references and/or documents that were not produced and disclosed in Defendants' Prior Art Election would severely prejudice Digital Reg because it would decidedly interfere with the ability to prepare for trial and conduct effective cross-examination and would constitute unfair surprise under FED. R. EVID. 401, 402 and 403.  Because these additional documents were not included in Defendants' Prior Art Election or utilized in Adobe's expert report on invalidity, they were not discussed in depositions or fully considered in other discovery.  Permitting Adobe to now include them as trial exhibits would be unfairly prejudicial to Digital Reg.

Likewise, Adobe should be precluded from making reference to United States Patent Number 6,389,541 ("'541 Patent") or United States Patent No. 6,751,670 ("'670 Patent) as anticipated or disclosed by any single piece of prior art.  Adobe's Prior Art Election and its expert report on invalidity proposed only obviousness rejections to the '541 patent and '670 patent, utilizing multiple pieces of prior art to allegedly disclose all of the limitations of each of the asserted claims of the '541 Patent and '670 Patent.  *See* MIL Decl. Exhibit B, Defendants' Disclosure of Prior Art References and Prior Art Reference Combinations and MIL Decl. Exhibit C, Wicker Expert Report, pp. 74-223.  Adobe's presentation of an invalidity defense based on anticipation directly contradicts this Court's order.  Further, use of evidence or testimony of witnesses at trial that was not produced or disclosed in discovery would severely prejudice Digital Reg by unfairly interfering with its ability to prepare for trial and conduct effective cross-examination and constitute unfair surprise under FED. R. EVID. 401, 402 and 403.  Moreover, the

-5-

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

### 3. Any Reference to Untimely-Designated Witnesses or Untimely Produced Documents.

Adobe should be precluded from introducing evidence at trial for its seven untimely-designated witnesses and its late production of over 70,000 pages of documents on the final day of fact discovery.

This case was filed on June 22, 2011 (Dkt. 1), following an initial dismissed filing on April 25, 2011.  Adobe served its Initial Disclosures identifying fact witnesses on December 2, 2011. Fact discovery in this matter closed on March 29, 2013.

On the day fact discovery closed, on March 29, 2013, Adobe produced 89,838 pages of additional documents, dwarfing its entire production until that date, and effectively precluding Digital Reg the opportunity to review or conduct discovery relative to any of that material.[2] Moreover, on March 12, 2013, approximately two weeks before the close of fact discovery, Adobe identified seven new witnesses that it had not previously disclosed: Ken Feuerman, Jason Boyer, Tom Diaz, Len Kaywell, Jonathan Schull, Jeff Lotspiech and Michael Floyd.  Mr. Feuerman had been designated as a corporate representative of Adobe previously, but Digital Reg had never been apprised that any of the remaining six witnesses had material knowledge of relevant facts prior to the end of fact discovery, when the parties were in the midst of conducting final depositions in the case.

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including: (i) the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses; and (ii) a copy or description by category or location of all documents that the disclosing party may use to support its claims or defenses. *See* FED. R. CIV. P. 26(a)(1)(A)-(B).   Rule 26 also

---

[2] Adobe produced the documents with a SCHULL designation, but its counsel purports to represent Mr. Schull and has shielded him from contact by Digital Reg.

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete or incorrect. *See* FED. R. CIV. P. 26(e)(1).  Finally, Rule 26 requires that a party seasonably amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect. *See* FED. R. CIV. P. 26(e)(1)(A); *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1045 (N.D. Cal. 2004) (supplements to initial disclosures under Rule 26(e) must be made promptly).

The end of the discovery period is not an "appropriate interval" and is plainly not "seasonable." *See J&J Celcom v. AT&T Wireless Servs.*, 215 Fed. Appx. 616, 621 (9th Cir. 2006) (affirming exclusion of expert report disclosed on the last day of discovery because delay was not substantially justified); *United States v. Dunn*, No. 04-C-50472, 2007 WL 1100754, at *4-5 (N.D. Ill. Apr. 12, 2007) (holding that the testimony of witnesses improperly "sprung" on the plaintiff on the last day of fact discovery was barred from use at hearing or trial); *Schiller v. City of New York*, No. 04-Civ.-7921, 2007 WL 1461378, at *1-2 (S.D.N.Y. May 18, 2007) (holding that supplementing initial disclosures three days before the end of discovery was untimely); *Spina v. Forest Pres.*, No. 98-C-1393, 2001 WL 1491524, at *10-11 (N.D. Ill. November 23, 2001) (granting motion in *limine* to exclude testimony of witnesses disclosed on the last day of discovery).  *See also Apple, Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846–LHK2012 WL 3155574, at *1, *6 (N.D. Cal. Aug. 2, 2012)  (recognizing that "[p]atent litigation is challenging and expensive enough without one putting one party to the other to the task of sifting through mountains of data and transcripts to glean what is at issue" and finding that magistrate judge did not err in striking portions of expert reports that were based on evidence and theories not disclosed during discovery).

The untimely disclosure has prejudiced Digital Reg because it has been deprived of the benefit of discovery. At least one federal district court has found *per se* prejudice in a similar situation:

-7-

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Plaintiffs argue that their Ninth Disclosure was timely within the meaning of Rule 26(e) because it was served on the last day of the period for deposing fact witnesses. This argument is unavailing. The purpose of Rule 26(a) disclosures is to give adversaries fair notice of what evidence upon which the disclosing party may rely so that the adversary may take appropriate discovery. Identifying new witnesses for the first time on the last day of the period for deposing such witnesses is not timely for the purposes of Rule 26(e) because it deprives the disclosing party's adversary of the opportunity to use the discovery process to learn what testimony the named witness might give.

*Comm'nr of the Dep't of Planning and Natural Res. v. Century Aluminum Co.*, No. 05-62, 2012 WL 2135287 (D.V.I. Jun. 13, 2012). Adobe produced documents on the final day of discovery and listed a host of witnesses two weeks beforehand, knowing full well that the entirety of the remaining two weeks of the discovery period were allocated to nine other depositions: Feurman (3/20/2013); Lay (3/21/2013); Herbach (3/22/2013); Colosso (3/26/2013); Wilde (3/26/2013); Cook (3/27/2013); Zvenigorodsky (3/27/2013); Jones (3/28/2013); and Kaethler (3/28/2013).

"Federal Rule of Civil Procedure 37(c) provides that [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence . . . any witness or information not so disclosed." *Drnek v. Variable Annuity Life Ins. Co.*, 261 Fed. Appx. 50, 51 (9th Cir. 2007) (internal quotations omitted). Accordingly, Digital Reg seeks a motion *in limine* to prevent Adobe's reference to the late-produced documents or the six witnesses (other than Mr. Feuerman) designated at the end of the fact discovery period.

### 4. Plaintiff's Fee Arrangement with Counsel.

Adobe should be precluded from making reference to Plaintiff's fee agreement in this case. These matters are generally inadmissible, irrelevant and prejudicial to the right to a fair and impartial trial. FED. R. EVID. 402. The probative value, if any, of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID. 403.

-8-

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**5.  Digital Reg's Election to Streamline this Litigation.**

Adobe should be precluded from making reference to Digital Reg's election to streamline this litigation for ease of presentation to the jury by dismissing any patents or claims prior to or during the trial.  The fact that Digital Reg has elected or may elect to simplify the issues and evidence to be presented to the jury has no impact on whether Adobe infringes any remaining claim and is therefore irrelevant.  FED. R. EVID. 402.  Contrary to Adobe's anticipated response, Adobe's good faith belief (if any) regarding noninfringement or validity of patents or claims no longer at issue in this litigation are not probative of whether or not Adobe's infringement of the asserted claims of the Patents-in-Suit was and is willful.  *See id.*  Furthermore, any probative value is greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.  FED. R. EVID. 403.

**6.  Digital Reg's Decision to File its Original Complaint against Adobe in the Eastern District of Texas.**

Adobe should be precluded from making reference to Digital Reg's motivations for originally filing in the Eastern District of Texas, allegations that Digital Reg engaged in "forum shopping," or any similar allegations. Any allegations of forum shopping or the like constitute irrelevant posturing and, if conveyed to the jury, are baseless accusations intended to paint Digital Reg as a bad actor. As such, they are irrelevant and/or any probative value is greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.  FED. R. EVID. 402 and 403.

**7.  Negative or Derogatory Comments About the USPTO.**

Adobe should be precluded from making any negative references to or disparaging comments regarding the United States Patent and Trademark Office ("USPTO"), including any suggestion that the USPTO examiners' performance is generally, or specifically in the case of the patents in suit, somehow lacking or inferior.  *See Applied Material, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C 92-20643 RMW, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995) (stating that "[t]estimony about overwork, quotas, awards or promotions at the Patent Office, or the number of patents that issue annually or insinuating that the Patent Office

-9-

does not do its job properly is excluded.  Such evidence would be irrelevant speculation and would constitute an inappropriate attack on the Patent Office.").

Any testimony disparaging the nature of the examination process, the USPTO, or USPTO examiners, should be excluded as irrelevant. The requirement that invalidity must be proved by clear and convincing evidence is grounded in the statutory presumption of validity.  35 U.S.C. § 282; *see also Newell Cos., Inc. v. Kenney Mfg. Co*., 864 F.2d 757, 782 (Fed. Cir. 1988).  The statutory presumption of validity, in turn, arises from the well-founded presumption that the actions of the agency charged with an examination of patentability (*i.e.,* the PTO) are administratively correct.  *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., In*c., 98 F.3d 1563, 1569 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997).  Further, a presumption arises from the USPTO's final decision to grant a patent, which is based upon a thorough search for prior art, followed by an examination of the patent application and an evaluation of the technological and objective evidence, both of which are based on scientific experience and legal expertise.  *Newell Cos*., 864 F.2d at 782; *see also Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir. 1985) (the government agency is presumed to have done its job).

Disparaging the USPTO, USPTO examiners, and/or the examination process would be speculative, prejudicial, and baselessly undermine the statutory presumption of validity articulated in 35 U.S.C. § 282. Given the potential impact that such testimony can have on the jury, any testimony or evidence that has a greater potential to mislead than enlighten should be excluded. FED. R. EVID. 403; *see also Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). Testimony suggesting that the patent examiners were not diligent, are prone to error, or that the examination process was somehow flawed, can only confuse the jury and would be offered only in the hope that the jury will conclude that the issued patents are invalid based merely on Defendant's disparagement of the USPTO.  Therefore, such evidence is inadmissible.  FED. R. EVID. 402 and 403; *see also EZ Dock v. Schafer Sys., Inc.*, No. Civ.-98-2364 (RHK/AJB), 2003 WL 1610781, at *13 (D. Minn. Mar. 8, 2003) ("As for assertions that the PTO and its examiners are not diligent or are prone to error, the Court can find no relevance in either evidence to that effect or argument. It

BARTKO ZANKEL BUNZEL
BARKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-10-

is Defendants' burden to prove, by the greater weight of the evidence, that the [patent-in-suit] is either invalid or unenforceable. Aspersions are not evidence.").

### 8. Comparing the Accused Devices to the Prior Art or Comparing the Accused Devices to an Alleged Commercial Embodiment of the Invention.

Adobe should be precluded from comparing the accused devices to the prior art or to a commercial embodiment of the invention made by Digital Reg or a predecessor to Digital Reg. *See Sport Squeeze, Inc. v. Pro-Innovative Concepts, Inc.*, No. 97–CV–115 TW(JFS), 1999 WL 395328, n.1 (S.D. Cal. Apr. 1, 1999) (finding that "the construction of the claims in a patent does not depend on how those patents were commercially implemented"); *Am. Medical Sys., Inc. v. Laser Peripherals*, LLC., 712 F.Supp.2d 885, 903-904 (D.Minn. 2010) (holding that statements criticizing the Patent Office are inadmissible because they "seek to call into question the statutory presumption of validity established in 35 U.S.C. § 282 (2006)").

A two-step analysis is employed in making an infringement determination. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). First, the court must construe the asserted claims to ascertain their meaning and scope. *Id.* Construction of the claims is a question of law subject to *de novo* review. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998). The trier of fact must then compare the properly construed claims with the accused infringing product. *Markman,* 52 F.3d at 976. This second step is a question of fact. *Bai v. L & L Wings, Inc.,* 160 F.3d 1350, 1353 (Fed. Cir. 1998).

When defending against infringement, it is not proper to argue that the accused product does not infringe because it practices the prior art. *See Tate Access Floors Inc. v. Interface Architectural Res. Inc.,* 279 F.3d 1357, 1366 (Fed. Cir. 2002) ("Literal infringement is determined by construing the claims and comparing them to the accused device, not by comparing the accused device to the prior art."). This "practicing-the-prior-art" defense is improper. *Tate Access Floors*, 279 F.3d at 1365 ("there is no 'practicing the prior art' defense to literal infringement"); *Ecolab, Inc. v. Paraclipse, Inc*., 285 F.3d 1362, 1377 (Fed. Cir. 2002) ("'practicing the prior art' is not a defense to literal infringement"); *see also Baxter Healthcare Corp. v. Spectramed, Inc*., 49 F.3d

-11-

BARTKO ZANKEL BUNZEL
BARTKO · ZANKEL · BUNZEL · MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1575, 1583 (Fed. Cir. 1995) (rejecting defendant's argument that its product could not infringe because it merely practiced the prior art).

Likewise, any attempt to compare an alleged commercial embodiment of an invention to the accused product is also inappropriate because there is no assurance that any commercial embodiment will have all the features/limitations of the claims and no additional features/limitations that are not in the claims. *Zenith Labs., Inc. v. Bristol–Myers Squibb Co.,* 19 F.3d 1418, 1423 (Fed. Cir. 1994) ("[I]t is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent."). Any arguments related to comparing the accused products to the prior art or to commercial embodiments of the invention have no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402. Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

### 9. Opinions of Counsel regarding Non-Infringement or Invalidity.

Adobe should be precluded from making references to any opinion(s) of counsel related to infringement or validity because no opinion of counsel was ever produced in this litigation. Use of evidence or testimony of witnesses at trial that was not produced or disclosed in discovery would severely prejudice the other party because it would decidedly interfere with the ability to prepare for trial and conduct effective cross-examination and would constitute unfair surprise under FED. R. EVID. 401, 402 and 403. As such, it would be extremely unfair and prejudicial to allow Adobe to rely or refer to opinions of counsel as a defense. Accordingly, Adobe should be precluded from offering any evidence of opinions of counsel and should be precluded from eliciting any testimony or evidence from opinions of counsel.

### 10. Opinion Testimony from Individuals Not Designated as Experts.

Adobe should be precluded from offering any opinion testimony based on scientific, technical, or other specialized knowledge from fact witnesses (percipient or not) who were not designated as experts and did not submit an expert report in accordance with FED. R. CIV. P.

-12-

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

26(a)(2). Federal Rules of Evidence 702 and 703 permit expert testimony on areas of scientific, technical or other specialized knowledge subject to certain restrictions. Federal Rule of Civil Procedure 26(a)(2), as well as the Court's Order in this action, set forth further requirements for expert reports and testimony under Federal Rules of Evidence 702 and 703. On the other hand, Federal Rule of Evidence 701 precludes opinion testimony by lay witnesses if that testimony is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." In combination, these rules forbid the use of opinion testimony, particularly on scientific, economic or technical issues, including but not limited to the manner in which Adobe's source code functions in the Accused Products, unless the witness has been designated as an expert and the requirements of Rule 26(a)(2) have been met. Thus, the introduction of any such testimony would be improper under the rules and prejudicial to Digital Reg.

In particular, Adobe's lay witnesses should be precluded from providing testimony or evidence related to invalidity and prior art, including the disclosures, scope, content of the art, the relation of any alleged prior art to the claims at issue, and whether any asserted prior art references read on asserted claims, and any motivation to combine the prior art. These are issues that require technical expertise, knowledge and a person of ordinary skill in the art. FED. R. EVID. 702. Admitting testimony from a layperson on the topics of invalidity will only serve to confuse the fact finder. *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1362 (Fed. Cir. 2008).

**11. Any Reference or Suggestion That Damages Awards May Drive Up the Price of Products, Put Manufacturers Out of Business, or Cause Jobs to Be Lost.**

Adobe should be precluded from making reference to or suggestion that a damage award in this case (or damage awards generally) may drive up the price of products, put manufacturers out of business, or cause jobs to be lost. Such evidence or comment is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay and waste of time. F.R.E. 401, 402 and 403.

-13-

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

**12. The Personal Characteristics and Financial Status of Counsel and/or Firms.**

Adobe should be precluded from making reference to the personal characteristics and financial status of counsel and/or firms, or to properties or means of conveyance owned or used by counsel (including, but not limited to, automobiles, airplanes, real estate and any other possessions), or to trial arrangements such as number of staff members, types of equipment used in preparation and trial, hotel/motel facilities and other arrangements made for the housing and office facilities of counsel, their staff members, experts, or clients.   Additionally, Adobe should be precluded from making reference to other legal proceedings against another party's counsel and/or firms.  Any such argument has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402.  Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.  Digital Reg agrees that if granted this motion *in limine* would be reciprocal and apply equally to Digital Reg, its counsel, and its witnesses.

**13. Any Reference to Legal Proceedings Involving Either Party Other than the Present Legal Proceeding.**

Adobe should be precluded from making reference to legal proceedings against Digital Reg or brought by Digital Reg, other than prior patent infringement actions involving the Patents in Suit, including the originally filed lawsuit in the E.D. Texas (Tyler Division).   (Argument, testimony or evidence regarding settlement agreement licenses are not affected by this motion *in limine*.)  Any such argument has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402.  Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.  Digital Reg agrees that if granted this motion *in limine* would be reciprocal and apply equally to Digital Reg, its counsel, and its witnesses.

**14. Interpretations or Application of Claim Limitations Contrary to this Court's Claim Construction Order.**

Adobe should be precluded from offering interpretation or application of claim limitations contrary to this Court's Claim Construction rulings.  This Court has already construed the claims

-14-

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

in this case pursuant to the Defendants' own request. The Court construed the claims as a matter of law, as guided by the Federal Circuit's decision in *Phillips v. AWH Corp*., 415 F.3d 1303 (Fed. Cir. 2005) (en banc).  This Court has the exclusive ability to construe the claims and patent at issue in this case.  Therefore, any testimony or argument regarding claim construction that in any manner deviates from the Court's construction is impermissible, confusing, a waste of time, and would invite jurors to disregard the Court's instructions. *Id.*; FED. R. EVID. 402 and 403. Such testimony or argument would include, e.g., (1) proffering or eliciting interpretation or application of claim terms that are contrary to the constructions adopted by the Court (explicitly or implicitly), as well as (2) testifying or arguing (explicitly or implicitly) that claim terms include limitations already explicitly rejected by the Court in its Claim Construction Order.

### 15. Derogatory, Disparaging, and/or Pejorative References to Digital Reg.

Adobe should be precluded from making before the jury prejudicial statements about Digital Reg as a non-practicing entity that has been, and is today, involved in patent lawsuits though it does not manufacture products or practice the patents-in-suit.  In particular, Digital Reg seeks an order prohibiting Adobe from (a) making derogatory, disparaging, and/or pejorative references to Digital Reg, companies like Digital Reg, or anyone associated with Digital Reg by, for example, using one of the following or similar terms: "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "stick up," "shakedown;" "playing the lawsuit lottery," "corporate shell game," "patent assertion entity," "a non-practicing entity," "a company that doesn't make anything," "a company that doesn't sell anything," or "a licensing entity;" and (b) otherwise referring negatively or disparagingly to Digital Reg's past suits and licensing history and strategy, except to the factual extent necessary to contextualize finalized settlement/license agreements referred to in the damages portion of the trial.

Such references, descriptions, statements, or arguments have no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402.  Moreover, the probative value, if any, of such statements, descriptions, references, or argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

-15-

BARTKO ZANKEL BUNZEL
A PROFESSIONAL LAW CORPORATION
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Courts have repeatedly restricted the use of such terms before the jury in reference to a patent owner.  *See, e.g.*, *Rambus Inc. v. Hynix Semiconductor Inc.*, C-05-00334 RMW, 2008 U.S. Dist. LEXIS 106481 (N.D. Cal. Dec. 29, 2008) (precluding references to "patent troll" and "submarine patents"); *HTC Corp. v. Tech. Props. Ltd.*, 5:08-cv-00882-PSG, 2013 WL 4782598, at*4 (N.D. Cal. Sep. 6, 2013) (precluding alleged infringer "from using derogatory characterizations of patent owners including the use of the term patent troll without court approval," but allowing references to "'non-practicing entity,' a 'patent assertion entity,' or neutral language to that effect").

**16. Any Reference by Adobe's Expert Witnesses Related to Source Code to Prove Non-Infringement.**

Adobe should be precluded from making reference to its source code as evidence of non-infringement.  Adobe's expert witness, Dr. Stephen Wicker, admitted that he did not review or rely on any source code for purposes of reaching his conclusions related to non-infringement for any of Adobe's accused products.  *See* MIL Decl. Exhibit A, pp. 101-105.  Use of evidence or testimony of witnesses at trial that was not produced or disclosed in discovery would severely prejudice the other party because it would decidedly interfere with the ability to prepare for trial and conduct effective cross-examination, and would constitute unfair surprise under FED. R. EVID. 401, 402 and 403.

**17. Any Reference or Discussion Regarding a Lease on a Townhome Rented by, for, or behalf of Deskgate, Inc. and/or Patrick Patterson.**

Adobe should be precluded from making reference to (1) the allegation that anyone but Patrick Patterson signed a townhouse lease agreement for Deskgate, Inc. (or any affiliated company); (2) the allegation that Mr. Patterson accused Charles Venters of signing Mr. Patterson's name without his permission on the townhouse lease agreement; (3) the allegation that Mr. Venters forged Mr. Patterson's signature on the townhouse lease agreement; or (4) the allegation that Mr. Venters used the company townhouse for his own personal use.  Any such evidence or argument has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402.

-16-

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Additionally, any evidence or argument regarding an alleged forgery or use of the townhome is improper character evidence.  FED. R. EVID. 608.  Adobe may cross examine Mr. Venters about "[s]pecific instances of . . . conduct" only if the instances are "probative of the character for truthfulness or untruthfulness" and only in the discretion of the court.  FED. R. EVID. 608(b).  Rule 608 requires that to be probative of character for truthfulness, the cross-examiner must have reason to believe the witness actually engaged in conduct that is relevant to the witness's character for truthfulness.  *See, e.g.*, *United States v. DeGeratto*, 876 F.2d 576, 584 (7th Cir. 1989) (questioning improper under Rule 608(b) because government lacked sufficient evidence "to permit a good faith belief that" witness engaged in alleged bad act); 1 McCormick on Evidence § 41 (Kenneth S. Broun ed., 7th ed. 2013) ("the cross-examiner must have a good faith basis in fact for the inquiry" under Rule 608(b)); 4 Jack B. Weinstein and Margaret A. Berger, Weinstein's Federal Evidence, § 608.22[2] [a] (Joseph M. McLaughlin ed., 2d ed. 2013).  Here, there is no evidence that would be sufficient to give Adobe a "good faith basis" to inquire about an alleged forgery or any other bad act.

Moreover, the probative value, if any, of such evidence or argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**18. Any Reference to Marking as an Affirmative Defense or Limitation on Damages.**

Adobe should be precluded from making reference to the affirmative defense of marking and may not remark or attempt to limit damages in any way for infringement of the '541 patent or '670 patent based on a marking affirmative defense.  While the '541 patent and '670 patent contain both method and system/apparatus claims, Digital Reg only has asserted the method claims from these patents against Adobe throughout this litigation, including in its initial disclosure of asserted claims and infringement contentions and expert report.  When only method claims are asserted in a patent containing both method and apparatus claims, the marking requirements of 35 U.S.C. § 287(a) do not apply.  *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316-1317 (Fed. Cir. 2009).  The probative value, if any, of any marking discussion or argument is

-17-

substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**19. Any Reference to Parallel or Related Patent Prosecution of the Invention Disclosed in the '541 Patent or '670 Patent in Foreign Countries.**

Adobe shall not refer to the patent prosecution of allegedly parallel or related patent applications filed by Digital Reg in foreign countries on allegedly the same or related subject matter as disclosed in the '541 patent or '670 patent. The claim language contained in any foreign filed patent applications ordinarily does not track exactly the language of the issued United States patents and therefore involves different claim scope being examined. In addition, foreign countries have different patent prosecution rules related to the application of prior art and how rejections are made during patent prosecution. Any evidence of a foreign patent office rejecting Digital Reg's allegedly parallel or related patent application to the '541 patent or '670 patent would likely be based on different claim language and the application of different rules from those applied in the United States for examining United States patent applications. The probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**20. Any Reference to the Court Having Ruled For or Against Either Party on Prior Rulings, Including on Summary Judgment, Should be Excluded.**

Adobe should be precluded from making reference to the Court having ruled for or against either party on dispositive, evidentiary, or procedural motions, including on motion for summary judgment except to disclose the Court's ultimate claim construction ruling. Any reference to the Court's prior rulings should be excluded because the jury may be misled into drawing an improper, adverse inference with respect to the strength of Digital Reg's and/or Adobe's claims, defenses, or positions. FED. R. EVID. 402 and 403. Contrary to Adobe's anticipated response, the Court's summary judgment ruling is not probative of whether or not Adobe willfully infringed the asserted claims of the Patents in Suit, particularly in light of the fact that Adobe did not succeed on every issue upon which it moved for summary judgment, and/or any probative value it may have is

-18-

BARTKO ZANKEL BUNZEL
BARKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

outweighed by the risk of jury confusion and unfair prejudice to Digital Reg. *See id.* Digital Reg agrees that if granted this motion *in limine* would be reciprocal and apply equally to Digital Reg, its counsel, and its witnesses.

**21. Connections to California (or Lack Thereof).**

Adobe should be precluded from making reference to a party's connections (or lack thereof) to California, including but not limited to the amount or type of business conducted in California or the length of time such party has done business in California. Such information is irrelevant to any issue in this case and is designed to cause unwarranted bias against a party as well as mislead the jury, and is therefore inadmissible. FED. R. EVID. 402 and 403. Digital Reg agrees that if granted this motion *in limine* would be reciprocal and apply equally to Digital Reg, its counsel, and its witnesses.

DATED: July 30, 2014            DINOVO PRICE ELLWANGER & HARDY LLP


By:      /s/ *Andrew G. DiNovo*
              Andrew G. DiNovo

Attorneys for Plaintiff
DIGITAL OF TEXAS, LLC


**ATTESTATION OF E-FILER**

Pursuant to Local Rule 5-1(i), the undersigned ECF user whose login and password are being used in filing this document, hereby attests that the signatory has concurred in the filing of this document.

Dated: July 30,  2014                  */s/ W. Paul Schuck*
                                                    W. Paul Schuck

-19-

BARTKO ZANKEL BUNZEL
BARTKO ZANKEL BUNZEL MILLER
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152