W. PAUL SCHUCK (Cal. Bar No. 203717)
pschuck@bzbm.com
BARTKO, ZANKEL, BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

ANDREW G. DINOVO (admitted *pro hac vice*)
adinovo@dpelaw.com
ADAM G. PRICE (admitted *pro hac vice*)
aprice@dpelaw.com
DINOVO PRICE ELLWANGER & HARDY LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone: (512) 539-2626
Facsimile:  (512) 539-2627

Attorneys for Plaintiff
DIGITAL REG OF TEXAS, LLC

EDWARD R. REINES (SBN 135960)
edward.reines@weil.com
SONAL N. MEHTA (SBN 222086)
sonal.mehta@weil.com
BYRON C. BEEBE (SBN 235179)
byron.beebe@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:  650-802-3000
Facsimile:  650-802-3100

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>ADOBE SYSTEMS INCORPORATED, *et al*.,<br><br>   Defendants. | Case No. 12-CV-01971 CW (KAW)<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>Judge: Hon. Claudia Wilken<br>Ctrm: 2, 4th Floor |

Pursuant to the Court's Order for Pretrial Preparation, plaintiff Digital Reg of Texas LLC ("Digital Reg") and defendant Adobe Systems Inc. ("Adobe") respectfully submit the following Pretrial Conference Statement.

I.  **THE ACTION**

   A.  **Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.**

   1.   This is an action by Digital Reg against Adobe for patent infringement. Digital Reg claims that Adobe has literally infringed, both directly and/or indirectly, U.S. Patent No. 6,389,541 (the "'541 Patent") and U.S. Patent No. 6,751,670 (the "'670 Patent and collectively with the '541 Patent referred to as the "Patents-in-Suit"), in violation of 35 U.S.C. § 271(a), (b), and (c).

   2.   Digital Reg alleges that (1) Flash Media Rights Management Server, Adobe Flash Access, Flash Catalyst, and Flash Professional (collectively, "Adobe Flash Platform"); (2) LiveCycle Policy Server, LiveCycle Rights Management, LC Reader Extensions, and Adobe Acrobat Professional (collectively, "Adobe LiveCycle"); and (3) Adobe License Manager ("ALM"), Application Management Technology ("AMT"), Licensing Website, and Creative Suite (collectively, "Adobe Activiation/ALM/AMT") infringe claims 1, 2, 4, and 13 of the '541 Patent. Digital Reg further alleges that Adobe Activation/ALM/AMT infringe claim 45 of the '670 Patent and that Adobe LiveCycle infringes claim 52 of the '670 Patent. All of these claims are collectively referred to as the "Asserted Claims."

   3.   Digital Reg alleges that the Adobe has and continues to actively induce others to infringe one or more claims of Digital Reg's '541 Patent and/or '670 Patent by directing or controlling acts of direct infringement when Adobe knew the induced acts constituted patent infringement.

   4.   Digital Reg alleges that Adobe has contributed, and continues to contribute, to the infringement of one or more claims of Digital Reg's '541 Patent and/or '670 Patent by unlawfully

selling, offering to sell, and/or importing into the United States products for use in practicing the patented methods of the Asserted Claims knowing that these products are especially made or adapted for use in infringement of such Asserted Claims and wherein these products are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

5. Digital Reg alleges that Adobe's infringement of Digital Reg's '541 Patent and '670 Patent has been, and continues to be, willful and with full knowledge of the '541 Patent and '670 Patents since at least January 1, 2005.

6. Adobe denies that it has literally infringed, either directly and/or indirectly, any asserted claim of the '541 Patent or '670 Patent through its acts in conjunction with any product identified by Digital Reg.[1],[2] Adobe seeks judgment that Adobe has not willfully or otherwise infringed, directly or indirectly, of any claim of the Patents-in-Suit

7. Adobe seeks judgment that the Asserted Claims of the Patents-in-Suit are invalid.

8. Adobe seeks judgment that claim 32 of the '670 Patent is invalid.

---

[1] Adobe's Statement: As detailed in Adobe's MIL 6, Digital Reg has not disclosed any viable theory of joint infringement, induced infringement or contributory infringement. Digital Reg should not be permitted to pursue undisclosed and nonviable theories at trial. Accordingly, Adobe objects to any and all statements as to factual or legal disputes regarding joint infringement, induced infringement or contributory infringement in this pretrial conference statement as improper subject to the Court's adjudication of Adobe's MIL 6.

Digital Reg's Statement: Digital Reg has adduced and will present evidence at trial of every element of Adobe's inducement of infringement and contribution to infringement. Digital Reg has also presented evidence that, to the extend Adobe contends it is not responsible for those acts, it directs and/or controls them.

[2] Adobe's Statement: As detailed in Adobe's MIL 3, Digital Reg's identification of accused products is improper insofar as it purports to accuse Adobe's current Application Management Technology ("AMT") technologies of infringement. As this Court has already ruled, Digital Reg's contentions are limited to the Adobe License Manager ("ALM"). Accordingly, Adobe objects to any and all statements as to factual or legal disputes regarding the AMT product in this pretrial conference statement as improper subject to the Court's adjudication of Adobe's MIL 3.

Digital Reg's Statement: Contrary to Adobe's contentions, Adobe has itself identified AMT as an Accused Product that incorporates ALM. Adobe has attempted to avoid its discovery responsibilities and ultimate liability by referring to AMT instead of ALM, which it incorporates. Its efforts to avoid reference to AMT are a belated effort to avoid summary judgment.

9. Adobe seeks judgment that the asserted claims of U.S. Patent No. 7,421,741 ("the '741 Patent") are invalid.[3]

10. Adobe seeks judgment that use of the products identified by Digital Reg is licensed.

11. Adobe seeks judgment that Digital Reg's claims are barred by the doctrine of laches.

12. Even in the event that Adobe were found to infringe any valid claim, Adobe denies any allegation of willfulness, including because Digital Reg has not come forward with adequate evidence of willfulness under the subjective or objective prongs of the *Seagate* standard.[4]

13. Adobe requests that this Court declare this case exceptional pursuant to 35 U.S.C. § 285 and that Digital Reg be required to pay Adobe's costs and reasonable attorney's fees.

**B. Relief Prayed. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.**

14. Digital Reg seeks a determination that Adobe has infringed and is infringing the Asserted Claims of Digital Reg's '541 Patent and '670 Patent.

---

[3] Digital Reg's Statement: Digital Reg has offered Adobe a covenant not to sue and provided draft the language of a covenant not to sue regarding the '741 Patent that moots any case or controversy regarding the '741 Patent, including Adobe's contention that any claim of the '741 Patent is invalid, pursuant to *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721 (2013); *Super Sack Manuf. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995). Digital Reg is considering changes proposed by Adobe on the date of this filing and intends to immediately execute the covenant, with or without Adobe's changes. Accordingly, Digital Reg objects to any and all statements as to factual or legal disputes regarding the validity of the '741 Patent.

Adobe's Statement: As of the filing of this document, Adobe has not received a covenant not to sue from Digital Reg, nor has Adobe evaluated any such covenant to determine whether it would in fact moot Digital Reg's counterclaims under the precedent cited. Accordingly, Adobe's counterclaims with respect to the '741 patent remain ripe for trial.

[4] Adobe's Statement: As detailed in Adobe's MIL 5, Digital Reg has not provided any contentions, let alone evidence, of willfulness sufficient to state even a viable claim of willful infringement such that the issue should go before the jury. Accordingly, Adobe objects to any and all statements as to factual or legal disputes regarding willfulness in this pretrial conference statement as improper subject to the Court's adjudication of Adobe's MIL 5.

Digital Reg's Statement: Contrary to Adobe's contention, the evidence will show that Digital Reg specifically identified the Patents-in-Suit in multiple meetings with Adobe over the past ten years. The Patents-in-Suit were cited by the United States Patent and Trademark Office in rejecting Adobe's own patent applications. Adobe has presented no attorney opinion upon which it relied regarding validity or noninfringement. Adobe willfully infringed the Patents-in-Suit.

15. Digital Reg seeks damages for Adobe's past infringement in an amount not less than a reasonable royalty. A detailed statement of the damages, as well as documents and other evidence supporting Digital Reg's damages claim, is set forth in the Expert Report of Russell Parr. Upon receiving further updated financial information regarding sales of the accused products from Adobe, Digital Reg intends to supplement Mr. Parr's opinions to include the most current financials in Digital Reg's possession.

16. Digital Reg seeks a determination that Adobe's infringement has been willful and deliberate, and an award of up to treble damages to Digital Reg.

17. Digital Reg seeks pre-judgment interest, post-judgment interest, and costs.

18. Digital Reg requests that the Court declare this case exceptional pursuant to 35 U.S.C. § 285 and order that Adobe pay Digital Reg's costs and reasonable attorneys' fees.

19. Digital Reg seeks any other further relief the Court deems appropriate.

20. Adobe seeks judgment that there has been no use of the products identified by Digital Reg in this matter to infringe, either directly and/or indirectly, any claim asserted in Digital Reg's First Amended Complaint.[5] Adobe seeks judgment that Adobe has not willfully or otherwise infringed, directly or indirectly, any claim of any Patents-in-Suit.

---

[5] Adobe's Statement: Since the filing of the First Amended Complaint, Digital Reg has dropped infringement allegations for patents, patent claims and/or products. The dropping of claims/allegations was voluntary and constitutes abandonment of those claims by Digital Reg. In the cases where Digital Reg narrowed its assertions based on an Order of the Court, Digital Reg purported to do so without "waiv[ing] its right to assert any other claims in the Patents-in-Suit—in this or other litigation—that present distinct issues regarding infringement, validity or damages. *See In re Katz Call Processing Patent Litigation*, 639 F.3d 1303, 1313 (Fed. Cir. 2011)." Because Digital Reg has failed to make any assertion, let alone showing, that there is good cause that any previously asserted claim/allegation should be included in this trial or presents distinct issues from the remaining Asserted Claims such that they should be deemed preserved, Digital Reg has abandoned any and all such allegations and judgment should be entered.

Digital Reg's Statement: Adobe has not and cannot provide support for its position based on the circumstances here. To the extent that Adobe seeks judgment on any claim for which it would have the burden of proof, the Court should hold Adobe to its burden. Digital Reg continues to reserve its right to assert any other claims in the Patents-in-Suit—in other ligitation—that present district issues regarding infringement, validity, or damages. *See Katz*, 639 F.3d at 1313.

21. Adobe seeks judgment that the Asserted Claims of the Patents-in-Suit are invalid.

22. Adobe seeks judgment that claim 32 of the '670 Patent is invalid.

23. Adobe seeks judgment that the asserted claims of the '741 Patent are invalid.

24. Adobe seeks judgment that use of the products accused by Digital Reg is licensed.

25. Adobe seeks judgment that Digital Reg's claims are barred by the doctrine of laches.

26. Adobe requests that this Court declare this case exceptional pursuant to 35 U.S.C. § 285 and that Digital Reg be required to pay Adobe's costs and reasonable attorney's fees.

27. Adobe seeks all other further relief that the Court deems appropriate.

## II. THE FACTUAL BASIS OF THE ACTION

**A.     Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.**

   **(a) Joint Statement of All Relevant Facts Not Reasonably Disputable**

28. This Court has subject matter jurisdiction over this action.

29. Venue is proper in this District.

30. Adobe is a Delaware corporation with its principal place of business located in San Jose, California 95110.

31. Digital Reg is a limited liability corporation organized and existing under the laws of the State of Texas and headquartered at 104 East Houston Street, Suite 165, Marshall, Texas 75670.

32. On May 14, 2002, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,389,541, entitled Regulating Access to Digital Content.

33. The '541 Patent names Patrick E. Patterson as inventor.

34. On June 15, 2004, the USPTO issued U.S. Patent No. 6,751,670, entitled Tracking Electronic Content.

35. The '670 Patent names Patrick E. Patterson as inventor.

36. Digital Reg filed its original complaint against Adobe on June 14, 2011, alleging that Adobe infringes the '541 Patent and the '670 Patent.

**(b) Digital Reg's Statement of Proposed Additional Facts that Digital Reg Contends Are Not Reasonably Disputable**

37. The following tables describe the interests in and chains of title for each of the Patents-in-Suit:

**'541 Patent**

| Assignor | Assignee | Conveyance | Date |
|---|---|---|---|
| Patrick Patterson | Deskgate Technologies, Inc. | assignment of assignor's interest | 06/29/1998 |
| Deskgate Technologies, Inc. | Sirrom Investments, Inc. | security interest | 03/29/1999 |
| Sirrom Investments, Inc. | First Union National Bank | assignment of assignor's interest | 02/21/2001 |
| First Union National Bank | Wachovia Bank, National Association | merger and change of name | 04/01/2002 |
| Wachovia Bank, National Association | DRM Technologies, L.L.C. | assignment of assignor's interest | 06/28/2002 |
| DRM Technologies, L.L.C. | Wachovia Bank, National Association | security interest | 06/28/2002 |
| DRM Technologies, L.L.C. | Commerce Bank of Arizona | security interest | 12/20/2004 |
| Commerce Bank of Arizona | Nottingham Mayport, LLC | security interest | 03/10/2006 |
| DRM Technologies, L.L.C. | Digital Reg of Texas, LLC | assignment of assignor's interest | 09/26/2007 |

**'670 Patent**

| Assignor | Assignee | Conveyance | Date |
|---|---|---|---|
| Patrick Patterson | Deskgate Technologies, Inc. | assignment of assignor's interest | 02/09/1998 |
| Deskgate Technologies, Inc. | Sirrom Investments, Inc. | security interest | 03/29/1999 |
| Sirrom Investments, Inc. | First Union National Bank | assignment of assignor's interest | 02/21/2001 |
| First Union National Bank | Wachovia Bank, National Association | merger and change of name | 04/01/2002 |
| Wachovia Bank, National Association | DRM Technologies, L.L.C. | assignment of assignor's interest | 06/28/2002 |

| DRM Technologies, L.L.C. | Wachovia Bank, National Association | security interest | 06/28/2002 |
| DRM Technologies, L.L.C. | Commerce Bank of Arizona | security interest | 12/20/2004 |
| Commerce Bank of Arizona | Nottingham Mayport, LLC | security interest | 03/10/2006 |
| Nottingham Mayport, LLC | DRM Technologies, L.L.C. | release by secured party | 03/13/2009 |
| DRM Technologies, L.L.C. | Digital Reg of Texas, LLC | assignment of assignor's interest | 03/18/2011 |

38. Digital Reg is the assignee and owner of rights, title, and interest in and to the '541 Patent and the '670 Patent.

(c) **Adobe's Statement of Proposed Additional Facts that Adobe Contends Are Not Reasonably Disputable**

39. Digital Reg's original Complaint in this action filed June 14, 2011 alleged that Adobe infringes the '541 Patent and the '670 Patent, as well as the '741 Patent and U.S. Patent No. 7,673,059 ("the '059 Patent").

40. Digital Reg's December 29, 2011 Amended Complaint in this action alleged that Adobe infringes the '541 Patent and the '670 Patent, as well as the '741 Patent and the '059 Patent.

41. Digital Reg's October 28, 2011 Infringement Contentions purported to accuse Adobe of infringing the '541 Patent, '670 Patent, '741 Patent, '059 Patent and also U.S. Patent No. 7,127,515 ("the '515 Patent").

42. Digital Reg's October 28, 2011 Infringement Contentions purported to accuse Adobe of infringing 10 claims of the '541 Patent, 18 claims of the '670 Patent, 1 claim of the '515 Patent, 11 claims of the '741 Patent and 4 claims of the '059 Patent.

43. Adobe itself does not practice every limitation of any claim of the patents referenced in the Amended Complaint.[6]

**B.  Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided.**

44. Whether Digital Reg can meet its burden to prove that Adobe has directly infringed any of the Asserted Claims of the '541 and '670 Patents.

45. Whether the damages period applicable to the '541 Patent and the '670 Patent in this case runs from June 14, 2005 to present.

46. Whether Adobe can meet its burden to prove that the Asserted Claims of the '541 and '670 Patents are invalid.

47. If one or more of the Asserted Claims are found infringed by Adobe and not invalid, the dollar amount of damages up to the time of judgment adequate to compensate Digital Reg for Adobe's past infringement, but in no event less than a reasonable royalty.

48. If one or more of the Asserted Claims are found to be infringed by Adobe and not invalid, the amount of prejudgment interest, post-judgment interest, and costs to which Digital Reg may be entitled.

49. Whether this is an "exceptional" case pursuant to 35 U.S.C. § 285, entitling Digital Reg or Adobe to reasonable attorneys' fees.

50. The level of ordinary skill in the art to which the subject matter of the Asserted Claims pertains.

---

[6] Digital Reg's Statement:  Digital Reg has not joined in Adobe's statement of proposed additional facts because (1) paragraphs 39-42 contain facts that are either irrelevant or any probative value is substantially outweighed by the danger of unfair prejudice, jury confusion, or waste of time; and (2) paragraph 43 is a disputed issue in this action.

**(a) Digital Reg's Identification of Additional Disputed Facts (Not Joined by Adobe)**

51. Whether Digital Reg can meet its burden to prove that Adobe intentionally induced infringement of the Asserted Claims.

52. Whether Digital Reg can meet its burden to prove that Adobe contributorily infringed the Asserted Claims.

53. What the appropriate royalty base would be for Adobe's accused products.

54. What the appropriate reasonable royalty rate would be for Adobe's alleged infringement.

55. Which license agreements are comparable and/or relevant for determining a reasonable royalty rate.

56. Whether any infringement of the Patent in Suit by Adobe was willful, and if so, the amount of any enhanced damages that should be awarded.

57. Whether Adobe can meet its burden to prove that the Asserted Claims of the '541 and '670 Patents are unenforceable.

58. Whether Adobe can meet is burden to prove that the affirmative defense of patent exhaustion and/or license.

**(b) Adobe's Identification of Additional Disputed Facts (Not Joined by Digital Reg)**

59. Whether Adobe can meet its burden to prove that the asserted claims of the '741 patent are invalid.

60. Whether Adobe can meet its burden to prove claim 32 of the '670 Patent is invalid.

61. Whether Digital Reg has proven that its claims against Adobe are not fully barred and/or exhausted by a license entered into between Digital Reg and Microsoft, and if not, the extent to which its claims are not barred or licensed.

**C. Agreed Statement. A statement assessing whether all or part of the action may be presented upon agreed statement of facts.**

62. The parties do not believe that this action or any part thereof may be presented to the jury upon an agreed statement of facts.

63. The parties agree that all facts set forth in Section II(A)(a) above may be presented in an agreed statement of facts.

**D. Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.**

The parties stipulate to the following for pretrial and trial purposes:

64. Any facts stipulated as undisputed by the parties shall become part of the trial record without the necessity of supporting testimony or exhibits.

65. All objections and attorney comments will be edited out from deposition testimony and discovery responses before the deposition testimony or discovery response is read, played, offered, or otherwise presented to the jury at trial.

66. The parties shall exchange demonstrative exhibits to be used in opening statement and closing argument the morning of the day in which opening statements and closing arguments will be presented to the jury.

67. During trial, the parties will have a standing meet and confer at 8 pm PT to discuss and attempt to resolve any outstanding issues for trial the following day.

68. The parties shall exchange a list of (non-adverse) witnesses that will be called live, and the order in which they will be called, by August 18, 2014. Changes to this list shall be permitted provided notice that affects witnesses to be presented or the order in which they will be called is provided. Specifically, by 7 pm PT [Digital Reg's Proposal: the day prior] [Adobe's Proposal: two calendar days prior] to any day on which testimony will be presented, the party shall

provide notice by email of the witnesses that are expected to be called (adverse or non-adverse, whether live or by deposition) and the order in which they will be called.

69.     The parties agree that they shall have no obligation to exchange any demonstrative that consists only of an enlargement or blow-up in full or in part of any item or exhibit on the parties' exhibit lists.

70.     The parties shall exchange a list of deposition designations a party intends to present to the jury (for purposes other than impeachment) [Digital Reg's Proposal: the day before] [Adobe's Proposal: two days before] the testimony will be presented, as follows:  (a) the party affirmatively offering the testimony will identify the testimony by 4 pm PT; (b) the party offering counter designations (if any) will identify the testimony by 7 pm PT; and (c) the parties shall discuss and attempt to resolve or narrow any objections to the affirmative and counter deposition designations during the standing 8 pm PT meet and confer.  Only those disputes that cannot be resolved shall be raised with the Court [Digital Reg's Proposal: the morning of the day] [Adobe's Proposal: the  day before[7]] the deposition testimony is sought to be presented to the jury.

71.     Digital Reg and Adobe stipulate to the authenticity of any document created and produced by either Digital Reg or Adobe in this case to the extent the document is identified in the parties' respective exhibit lists and not subject to a specific objection regarding authenticity.  This stipulation shall not be deemed or interpreted to be a stipulation that any document is admissible in evidence or may be published to the jury.

---

[7]Adobe's Statement:  Adobe proposes that any outstanding objections to deposition testimony to be offered be presented to the Court the day before the testimony is to be offered (not that same morning) to allow time for videotaped deposition excerpts to be edited in accordance with the Court's rulings on said objections.

Digital Reg's Statement: The parties are capable of editing videotaped deposition excerpts in accordance with the Court's rulings on the same day the Court makes its ruling. Requiring the party to identify deposition designations to be presented to the jury two days before a party wishes to present them does not allow the parties to account for the testimony that has been elicited at trial to date and runs a risk of a party over-designated and thereby wasting the jurors' and the Court's time.

72. The parties stipulate that copies of documents may be used at trial in lieu of originals and shall not be deemed inadmissible solely on the basis that they are copies.

73. The parties stipulate that by offering jury instructions they are not waiving the right to appeal any pretrial legal ruling by the Court.

74. Digital Reg agrees to Adobe's Motion *in Limine* Precluding Any Evidence Or Argument As To The Doctrine Of Equivalents.[8] Digital Reg stipulates it will not offer any evidence or argument as to infringement under the doctrine of equivalents.

75. Adobe agrees to Digital Reg's Motion *in Limine* No. 9 (Opinions of Counsel regarding Non-Infringement or Invalidity). Adobe stipulates not to rely on an opinion letter regarding non-infringement or invalidity.

76. Adobe agrees to Digital Reg's Motion *in Limine* No. 11 (Any Reference or Suggestion that Damages Awards May Drive Up the Price of Products, Put Manufacturers Out of Business or Cause Jobs to be Lost). Adobe stipulates not to suggest that a damages award in this case would drive up product prices, put Adobe out of business, or cause jobs to be lost.

77. The parties mutually agree to Digital Reg's Motion *in Limine* No. 14 (Interpretation or Application of Claim Limitations Contrary to this Court's Claim Construction Order). Both parties stipulate not to offer any evidence or argument suggesting or referencing any interpretation or application of claim limitations that are contrary to the Court's Order Regarding Claim Construction And Motions For Summary Judgment (D.I. 574).[9]

---

[8] Adobe has deleted this particular Motion *in Limine* from its Omnibus Motions *in Limine* to be concurrently filed with the Court to avoid troubling the Court with an issue on which the parties reached a stipulation. Nevertheless, Digital Reg has confirmed that it is not relying on the doctrine of equivalents.

[9] This stipulation is without prejudice to either parties' objections to that Order or right to seek review of that Order on appeal.

78. Adobe agrees to Digital Reg's Motion *in Limine* No. 18 (Any Reference to Marking as an Affirmative Defense or Limitations on Damages). Based on Digital Reg's dropping of any infringement allegations against Adobe as to any system claims, Adobe stipulates not to reference the marking requirement of Section 287.[10]

79. The parties will continue to meet and confer regarding additional stipulations that may be requested or proposed to streamline the trial of this matter, including the admissibility of exhibits and potential agreements as to voir dire.

80. The parties make these stipulations for the limited purpose of simplifying the issues for trial. *See* Fed. R. Civ. P. 16(c)(2)(A).

**E.  Disputed Trial Procedure Issues**

81. The parties dispute the procedure for exchange of demonstrative and trial exhibits to be used on direct examination.

<u>Adobe's proposal</u>: A party calling a witness will exchange demonstratives (other than blow-ups or enlargements of items on the parties' exhibit lists) and a list of exhibits to be used during direct examination for that witness by 4 pm PT the day before the witness is set to appear live for testimony. (For example, if a party plans to call witness A on Tuesday, the party will exchange the demonstratives for that witness by 4 pm PT on Monday.) The deadline for the opposing party to provide by email objections for objections to demonstratives and direct exhibits shall be 7 pm PT on the same day. The parties shall discuss and attempt to resolve or narrow any objections to trial exhibits and demonstratives to be used during direct examination during the standing 8 pm PT meet and confer. Only those disputes that cannot be resolved shall be raised with the Court that morning before the witness takes the stand.

---

[10] Digital Reg is willing to file an amended motion deleting its Motions *in Limine* Nos. 9, 11, 14, & 18 in light of Adobe stipulations should the Court so request.

PRETRIAL CONFERENCE STATEMENT
Case No. 12-CV-01971 CW (KAW)

13

Digital Reg's proposal: A party calling a witness need not exchange premade demonstratives and copies of the exhibits to be used during direct examination for that witness until immediately before the witness takes the stand.  In advance of trial, the parties shall discuss and attempt to resolve or narrow any objections to trial exhibits and at trial raise only those disputes that have not been resolved by the parties.

**III.    DISPUTED LEGAL ISSUES.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.**

82.    The parties have or will raise issues of law in their respective briefing on the motions set forth in section IV below and trial briefs. Although other issues of law may develop over the course of trial, no other legal issues need to be resolved at the pretrial conference.

83.    Because the disputed issues of fact identified above may also be considered issues of law or mixed issues of fact and law, the parties incorporates those identified issues as well as the following:

84.    Whether the claims in dispute of the '541, '670 and/or '741 Patents[11] are invalid because they would have been obvious to a person of ordinary skill in the art in light of prior art.

85.    Whether any of Digital Reg's claims against Adobe based on products utilizing a Microsoft operating system are barred and/or exhausted by a license entered into between Digital and Microsoft.

86.    Whether the infringement by Adobe was willful (objective prong).[12]

87.    Whether Digital Reg should be awarded treble damages and attorneys' fees in view of the willful nature of Adobe's patent infringement.

---

[11] As noted above, Digital Reg contends that no claims of the '741 Patent remain or will remain in dispute for trial, while Adobe contends that its counterclaims are ripe at least until it receives a covenant not to sue sufficient to render its counterclaims moot under applicable precedents.

[12] As noted above, Adobe disputes that willful infringement is an open issue. In the event that Adobe's MIL is denied, Adobe agrees that willfulness is disputed.

88. If one or more of the Asserted Claims are found to be infringed by Adobe and not invalid, the amount of prejudgment interest, post-judgment interest, and costs to which Digital Reg may be entitled.

89. Whether this is an "exceptional" case pursuant to 35 U.S.C. § 285, entitling Digital Reg or Adobe to costs and reasonable attorneys' fees.

**IV. FURTHER DISCOVERY OR MOTIONS. A statement of all remaining discovery or motions.**

90. The following motions are pending before the Court:

- Plaintiff's Motions *in Limine* Nos. 1-21;

- Defendant's Motions *in Limine* Nos. 1-9;

- Defendants' Motion For Leave To File A Motion For Partial Reconsideration Of Order Regarding Claim Construction And Motions For Summary Judgment (DI 583).

91. Discovery.

<u>Digital Reg's Statement.</u> Digital Reg has requested that Adobe supplement its discovery responses and produce updated financial (through at least May 30, 2014) by July 25, 2014 (*i.e.*, one month before trial) so that Digital Reg has sufficient time to review the production and supplement its damages expert report based on the most current financials in Digital Reg's possession. Although Adobe has agreed to produce updated financials through May 30, 2014, it has represented that it will do so by August 4, 2014. Digital Reg reserves the right to raise any deficiencies in Adobe's supplemental production at the Pretrial Conference.

<u>Adobe's Statement.</u> Adobe has agreed to update its production of sales information by August 4, 2014. Digital Reg has suggested that it intends to supplement the expert report of its damages expert, Mr. Parr, based on that updated production. Adobe reserves all rights to raise any objections to Mr. Parr's supplemental report to the extent he purports to

offer any new expert opinions or to present any analysis other than a simple update of his royalty calculation based on an updated royalty base.

## V. TRIAL ALTERNATIVES AND OPTIONS.

**A. Settlement Discussions. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.**

92. Digital Reg and Adobe have engaged in direct settlement discussions and a court-ordered settlement conferences before Magistrate Judge Spero, including as recently as July 18, 2014. No settlement was reached.

93. Digital Reg remains willing to participate in further settlement discussions.

94. Adobe remains willing to participate in further settlement discussions should circumstances evolve to make discussions more productive.

**B. Consent to Trial before a Magistrate Judge. A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.**

95. The parties have requested a jury trial on all issues triable to a jury.

96. The parties do not believe that reference of all or part of the action to a magistrate judge is feasible.

97. The parties do not consent to a bench trial on issues triable to a jury.

98. Adobe seeks a bench trial with respect to its equitable defense of laches.

**C. Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.**

99. Digital Reg states that bifurcation or a separate trial of specific issues is neither feasible nor desirable in this case.

100. Adobe maintains that it is entitled to a separate trial. Because the only other remaining defendant, Ubisoft, prevailed on summary judgment of noninfringement on all asserted

claims and has now sought dismissal of its counterclaims of invalidity, Adobe stands ready for a single-defendant trial with respect to Adobe. Adobe does not seek bifurcation.

**VI. Miscellaneous. Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.**

101. Digital Reg's objection legend is attached as Exhibit A. Adobe's objection legends are attached as Exhibit B.

102. Digital Reg's witness list is attached as Exhibit C1 and Adobe's objections thereto are attached as Exhibit C2. Adobe's witness list is attached as Exhibit D1 and Digital Reg's objections thereto are attached as Exhibit D2.

103. Digital Reg's exhibit list and Adobe' objections thereto are attached as Exhibit E. Adobe's exhibit list and Digital Reg's objections thereto are attached as Exhibit F.

104. Digital Reg's deposition designations and Adobe' objections thereto are attached as Exhibit G. Adobe's deposition designations and Digital Reg's objections thereto are attached as Exhibit H.

105. Digital Reg's discovery designations and Adobe' objections thereto are attached as Exhibit I. Adobe's discovery designations and Digital Reg's objections thereto are attached as Exhibit J.

106. The parties' agreed and disputed jury instructions are attached as Exhibit K.

107. Digital Reg's proposed verdict form is attached as Exhibit L. Adobe's proposed verdict form is attached as Exhibit M.[13]

---

[13] For the convenience of the Court, Adobe's proposed verdict form includes issues that Adobe believes are not properly part of the case and should not go to the jury. Adobe's submission of verdict form questions on issues is subject to and without waiving its positions as to the proper scope of issues for the trial and its positions on other legal and factual issues as set forth herein, in proposed jury instructions, Adobe's motions in limine, in Adobe's trial brief on disputed legal issues, and/or in prior claim construction or summary judgment papers.

PRETRIAL CONFERENCE STATEMENT
Case No. 12-CV-01971 CW (KAW)
17

108. Digital Reg's proposed voir dire is attached as Exhibit N. Adobe's proposed voir dire is attached as Exhibit O.[14]

---

[14] The parties are continuing to meet and confer as to supplemental voir dire questions and expect to submit updated voir dire submissions no later than Friday, August 1, which submissions will include areas of agreement and the parties' respective objections to the extent there are areas of dispute.

| | | |
|---|---|---|
| 1 | DATED: July 30, 2014 | BARTKO, ZANKEL, BUNZEL & MILLER |

By: _/s/ W. Paul Schuck_
     W. Paul Schuck

DINOVO PRICE ELLWANGER & HARDY LLP

By: _/s/ Andrew G. DiNovo_
     Andrew G. DiNovo

Attorneys for Plaintiff
DIGITAL REG OF TEXAS, LLC

WEIL, GOTSHAL & MANGES LLP

By: _/s/ Edward R. Reines_
     Edward R. Reines

Attorneys for Defendant
ADOBE SYSTEMS, INC.

### ATTESTATION OF E-FILER

Pursuant to Local Rule 5-1(i), the undersigned ECF user whose login and password are being used in filing this document, hereby attests that each signatory has concurred in the filing of this document.

Dated: July 30, 2014            _/s/ W. Paul Schuck_
                                W. Paul Schuck