IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIGITAL REG OF TEXAS, LLC,

    Plaintiff,

  v.

ADOBE SYSTEMS, INC., et al.,

    Defendants.
_____/

No. C 12-1971 CW

ORDER DENYING ADOBE'S MOTION FOR RECONSIDERATION (Docket No. 583)

    In this patent infringement case, Defendant Adobe Systems, Inc. is the only Defendant remaining, with trial set to begin on August 25, 2014. On July 14, 2014, Adobe asked for leave to file a motion for "partial reconsideration" of the Court's order on the motions for summary judgment. Because all three of the arguments raised by Adobe lack merit, the Court DENIES the motion.

    Under this Court's Civil Local Rules, a motion for reconsideration may be permitted upon a showing of: (1) a material difference in fact or law from what was presented to the Court before entry of the order, (2) new material facts or law emerging after the order, (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

    Adobe first argues that the Court should have awarded Adobe summary judgment based on the construction of the term "based on the results of the attempted transmission," which is present in all claims of the '670 patent. The Court construed this term as "based on whether or not notification information was sent," which was Defendants' proposed construction. MSJ Order at 13-14. Adobe

takes issue with the fact that the Court granted summary judgment based on this term for Ubisoft, but not for Adobe.

In moving for summary judgment, Adobe claimed that Plaintiff's infringement analysis was faulty because it was based on an "application-level response," which contradicted its invalidity analysis based on a "network-level response." Defendants' MSJ Brief at 19. But the Court's construction did not revolve around whether there was a network-level response or an application-level response. Adobe never explained how either a "network-level response or an application-level response would be inconsistent with the Court's constructions of this term" and therefore failed to satisfy "its initial burden of informing the Court of the grounds of the summary judgment motion." MSJ Order at 37; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). By contrast, Ubisoft explained that Plaintiff's own expert testified that "access to Ubisoft's products depends on the server authenticating the login information and 'sending a message back.'" MSJ Order at 42 (citations omitted). Because Ubisoft showed that Plaintiff could not prove that Ubisoft's products practiced the limitation as construed by the Court, summary judgment in its favor was warranted.

Now, Adobe presents deposition excerpts and other evidence that it argues establishes that its products, too, do not practice the required limitation. Notably, Adobe cites directly to the evidence rather than to its briefs. Adobe did not present these arguments to the Court at summary judgment. Adobe must explain its summary judgment arguments and cannot rely on the Court to sift through the countless exhibits to manufacture a summary

2

judgment argument. McKinzy v. IRS, 367 F. App'x 896, 897 (10th Cir. 2010). "The reason for this requirement is obvious: 'Judges are not like pigs, hunting for truffles buried in briefs.'" Id.

Adobe next argues that the Court erred in denying summary judgment based on its construction of the term "token." The Court adopted the construction the parties agreed upon, that is "a file indicating whether the transaction has been approved and access should be granted." MSJ Order at 6. The Court noted that "a token does not indicate simply that access should be granted, but also contains a yes/no indication." Id. Put a different way, the token must be capable of indicating either approval or rejection. Id. In its summary judgment brief, Adobe stated that Plaintiff's expert "did not opine on infringement under Adobe's proposed construction," and thus there was no material dispute "[u]nder Adobe's proposed construction" and summary judgment was warranted. Defendants' MSJ Brief at 13. Adobe's analysis was at best conclusory. Moreover, as noted by the Court in its order, Plaintiff's expert identified and described a token for each product, asserting the token complied with the Court's claim construction. MSJ Order at 33. Adobe failed to satisfy its initial burden of showing Plaintiff's identified tokens do not exhibit either approval or rejection.

Adobe finally contends that it was entitled to summary judgment because there was no evidence of specific intent. Adobe asserted a good-faith belief of non-infringement, which "eviscerates any claim of intent." Defendants' MSJ Brief at 10 (citing Commil USA, LLC v. Cisco Sys., Inc., 720 F.3d 1361, 1367-68 (Fed. Cir. 2013). Adobe pointed to Plaintiff's expert's

3

acknowledgement that "Adobe's expert has determined for a number of reasons that Adobe does not infringe." Defendants' MSJ at 10 (citing Devanbu Depo. at 506:5-12, 507:3-13).[1] But good faith is assessed based on an expert's opinion sought at the time of infringement, not one retained years later solely for the purpose of testifying at trial. See Commil USA, LLC, 720 F.3d at 1367-68 (discussing Cisco's good-faith belief of invalidity at the time of infringement and holding that "the jury must merely decide whether Cisco possessed that belief in good-faith") (emphasis added); DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1307 (Fed. Cir. 2006) (upholding jury decision that defendant in good faith believed it did not infringe because, around the time infringement began, defendant obtained several opinions of counsel that the product did not infringe). To accept Adobe's assertion during litigation of "good-faith belief" would require granting summary judgment on the same point in nearly every case.

---

[1] In its examination of Plaintiff's expert, Adobe made clear it was asking about its own expert's present-day opinion:

> Q: [. . .] You don't know today whether or not Adobe believes it infringes?
> A: I don't know what they believe.
> [. . .]
> Q: You know that Adobe has hired an -- an expert to testify and opine as to whether or not the products infringe the patents; right?
> A: Yes.
> Q: And you understand that Adobe's expert has determined for a number of reasons that Adobe does not infringe; right?
> A: Yes.

Devanbu Depo. at 506:9-12, 506:24-507:6.

4

Moreover, as the Court discussed in its order, there is evidence in the record to create an inference that Adobe instructed its users in the operation of the product, which in combination with its software, would cause its users to infringe. See Plaintiff's Reply Brief at 10; MSJ Order at 29-31 (citing to Adobe's license agreements, user manuals, and Defendants' expert's opinion discussing Adobe's use of licensing-related code to maintain control over the user's operation of the product). It is enough that this evidence shows Adobe specifically intended users to go through the patented digital rights management process; it need not show that Adobe specifically intended users to undergo the antecedent decision to attempt to circumvent the system. DSU Med. Corp., 471 F.3d at 1306 (discussing whether defendant encouraged another's infringement and specifically intended infringing acts to occur). The patents do not describe methods for attempting to circumvent digital rights management, but processes for maintaining it.

IT IS SO ORDERED.

Dated: 8/6/2014

CLAUDIA WILKEN
United States District Judge

5