1   EDWARD R. REINES (SBN 135960)
    edward.reines@weil.com
2   SONAL N. MEHTA (SBN 222086)
    sonal.mehta@weil.com
3   BYRON C. BEEBE (SBN 235179)
    byron.beebe@weil.com
4   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
5   Redwood Shores, CA 94065
    Telephone: 650-802-3000
6   Facsimile: 650-802-3100

7   Attorneys for Defendant
    ADOBE SYSTEMS INCORPORATED

8

9                  **UNITED STATES DISTRICT COURT**

10                **NORTHERN DISTRICT OF CALIFORNIA**

11                       **OAKLAND DIVISION**

12

| | |
|---|---|
| 13  DIGITAL REG OF TEXAS, LLC, | Civil Case No. 12-CV-01971 CW (KAW) |
| 14                    Plaintiff, | **ADOBE SYSTEMS INC.'S RESPONSES TO DIGITAL REG'S MOTIONS _IN LIMINE_** |
| 15           vs. | |
| 16  ADOBE SYSTEMS INCORPORATED, et al., | **Honorable Claudia Wilken** |
| 17                    Defendants. | |
| 18 | **Judge: Hon. Claudia Wilken** |
| 19 | **Ctrm: 2, 4th floor** |
|    | **Date:  August 25, 2014** |
|    | **Time: 8:30 a.m.** |

20

21              REDACTED VERSION

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

MOTION IN LIMINE NO. 1 (ANY EVIDENCE OR TESTIMONY FROM PRIOR ART INVENTORS REGARDING WHAT PRINTED REFERENCES DISCLOSE) ........................... 1

MOTION IN LIMINE NO. 2 (ALL PRIOR ART REFERENCES AND INVALIDITY DEFENSES THAT ARE NOT INCLUDED IN ADOBE'S DESIGNATED THREE PRIOR ART REFERENCE COMBINATIONS FOR EACH ASSERTED CLAIM) .................... 3

MOTION IN LIMINE NO. 3 (ANY REFERENCE TO UNTIMELY-DESIGNATED WITNESSES OR UNTIMELY PRODUCED DOCUMENTS)........................................ 7

MOTION IN LIMINE NO. 4 (PLAINTIFF'S FEE ARRANGEMENT WITH COUNSEL) ........ 11

MOTION IN LIMINE NO. 5 (DIGITAL REG'S ELECTION TO STREAMLINE THIS LITIGATION)............................................................................................... 11

MOTION IN LIMINE NO. 6 (DIGITAL REG'S DECISION TO FILE ITS ORIGINAL COMPLAINT AGAINST ADOBE IN THE EASTERN DISTRICT OF TEXAS)...................... 12

MOTION IN LIMINE NO. 7 (NEGATIVE OR DEROGATORY COMMENTS ABOUT THE USPTO) ................................................................................................ 13

MOTION IN LIMINE NO. 8 (COMPARING THE ACCUSED DEVICES TO THE PRIOR ART OR COMPARING THE ACCUSED DEVICES TO AN ALLEGED COMMERCIAL EMBODIMENT OF THE INVENTION) ........................................... 13

MOTION IN LIMINE NO. 9 (OPINIONS OF COUNSEL REGARDING NON-INFRINGEMENT OR INVALIDITY)............................................................... 15

MOTION IN LIMINE NO. 10 (OPINION TESTIMONY FROM INDIVIDUALS NOT DESIGNATED AS EXPERTS)....................................................................... 15

MOTION IN LIMINE NO. 11 (ANY REFERENCE OR SUGGESTION THAT DAMAGES AWARDS MAY DRIVE UP THE PRICE OF PRODUCTS, PUT MANUFACTURERS OUT OF BUSINESS, OR CAUSE JOBS TO BE LOST).......................... 15

MOTION IN LIMINE NO. 12 (THE PERSONAL CHARACTERISTICS AND FINANCIAL STATUS OF COUNSEL AND/OR FIRMS) ........................................... 15

MOTION IN LIMINE NO. 13 (ANY REFERENCE TO LEGAL PROCEEDINGS INVOLVING EITHER PARTY OTHER THAN THE PRESENT LEGAL PROCEEDING) ............................................................................................ 15

MOTION IN LIMINE NO. 14 (INTERPRETATIONS OR APPLICATION OF CLAIM LIMITATIONS CONTRARY TO THIS COURT'S CLAIM CONSTRUCTION ORDER) ........ 16

MOTION IN LIMINE NO. 15 (DEROGATORY, DISPARAGING, AND/OR PEJORATIVE REFERENCES TO DIGITAL REG) ............................................... 16

MOTION IN LIMINE NO. 16 (ANY REFERENCE BY ADOBE'S EXPERT WITNESSES RELATED TO SOURCE CODE TO PROVE NON-INFRINGEMENT)............. 17

MOTION IN LIMINE NO. 17 (ANY REFERENCE OR DISCUSSION REGARDING A LEASE ON A TOWNHOME RENTED BY, FOR, OR BEHALF OF DESKGATE, INC. AND/OR PATRICK PATTERSON) ................................................................................................ 18

MOTION IN LIMINE NO. 18 (ANY REFERENCE TO MARKING AS AN AFFIRMATIVE DEFENSE OR LIMITATION ON DAMAGES) ................................................. 18

MOTION IN LIMINE NO. 19 (ANY REFERENCE TO PARALLEL OR RELATED PATENT PROSECUTION OF THE INVENTION DISCLOSED IN THE '541 PATENT OR '670 PATENT IN FOREIGN COUNTRIES) .......................................................................... 19

MOTION IN LIMINE NO. 20 (ANY REFERENCE TO THE COURT HAVING RULED FOR OR AGAINST EITHER PARTY ON PRIOR RULINGS, INCLUDING ON SUMMARY JUDGMENT, SHOULD BE EXCLUDED) ................................................................. 19

MOTION IN LIMINE NO. 21 (CONNECTIONS TO CALIFORNIA (OR LACK THEREO)) ............................................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3COM Corp. v. Realtek Semiconductor Corp.,*
  2008 WL 783383 (N.D. Cal. Mar. 24, 2008) ........................................................................ 9

*Apple, Inc. v. Samsung Elecs. Co.,*
  2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) ...................................................................... 10

*Atlas Powder Co. v. Ireco, Inc.,*
  190 F.3d 1342 (Fed. Cir. 1999) ......................................................................................... 13

*Barnes v. Century Aluminum Co.,*
  2012 WL 2135287 (D.V.I. Jun. 13, 2012) .......................................................................... 10

*Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.,*
  246 F.3d 1368 (Fed. Cir. 2001) ......................................................................................... 13

*Caterpillar Tractor Co. v. Berco, SpA,*
  714 F.2d 1110 (Fed. Cir. 1983) ......................................................................................... 19

*Dystar TextilfarbenGmbH & Co. v. CH Pattrick Co.,*
  464 F.3d 1356 (Fed. Cir. 2006) ........................................................................................ 5, 6

*Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.,*
  2006 WL 1330002 (N.D. Cal. May 15, 2006) ...................................................................... 1

*Gart v. Logitech, Inc.,*
  254 F.Supp.2d 1119 (C.D. Cal. 2003) ................................................................................. 1

*Graham v. John Deere Co.,*
  383 US 1 (1966) .................................................................................................................. 1

*Hakim v. Cannon Avent Grp., PLC,*
  479 F.3d 1313 (Fed. Cir. 2007) ........................................................................................... 2

*Innogenetics, N.V. v. Abbott Labs.,*
  512 F.3d 1363 (Fed. Cir. 2008) ........................................................................................... 2

*J&J Celcom v. AT&T Wireless Servs.,*
  215 Fed. Appx. 616 (9th Cir. 2006) .................................................................................. 10

*KSR Intern. Co. v. Teleflex Inc.,*
  127 S.Ct. 1727 (2007) ......................................................................................................... 5

*Neothermia Corp. v. Rubicor Med., Inc.,*
  345 F. Supp. 2d 1042 (N.D. Cal 2004) .............................................................................. 10

*Schiller v. City of New York,*
  2007 WL 1461378 (S.D.N.Y. May 18, 2007) ..................................................................... 10

*Spina v. Forest Pres.,*
  2001 WL 1491524 (N.D. Ill. Nov. 23, 2001) ..................................................................... 10

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
    279 F.3d 1357 (Fed. Cir. 2002) .................................................................................. 14

*U.S. v. Dunn*,
    2007 WL 1100754 (N.D. Ill. Apr. 12, 2007) .......................................................... 10

*Verizon Services Corp. v. Cox Fibernet Virginia, Inc.*,
    602 F.3d 1325 (Fed. Cir. 2010) .................................................................................. 1

**Rules and Statutes**

F.R.C.P. 26 ........................................................................................................... 9, 10, 15

F.R.C.P. 37(c) ........................................................................................................ 9, 10

FRE 701 ....................................................................................................................... 15

FRE 702 ....................................................................................................................... 15

**MOTION IN LIMINE NO. 1 (ANY EVIDENCE OR TESTIMONY FROM PRIOR ART INVENTORS REGARDING WHAT PRINTED REFERENCES DISCLOSE)**

Adobe **opposes** this motion.

It is undisputed that the Softlock system was properly disclosed as relevant prior art on which Adobe would rely for invalidity of both the '541 and '670 patents. Dkt. No. 587-3 [Schuck Decl., Ex. B] at 3 (disclosing the Softlock system as a prior art reference for the '541 patent), 4 (disclosing Softlock in combination with Griswold for the '670 patent). Adobe timely disclosed and identified Professor Jonathan Schull as a percipient fact witness that may be called at trial to present relevant and admissible evidence related to his Softlock prior art system and to authenticate and introduce related documents. Evidence of this sort, coming in the form of testimony from a prior art fact witness, is routinely admitted and presented at trials and should be admitted here. *See, e.g., Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, 2006 WL 1330002 at *3 (N.D. Cal. May 15, 2006) (admitting a prior art inventor's testimony "premised on his personal knowledge" of the prior art and "the way it operate[d]"); *see also Verizon Services Corp. v. Cox Fibernet Virginia, Inc.*, 602 F.3d 1325, 1339-40 (Fed. Cir. 2010) (finding the district court properly admitted evidence from prior art inventors based on their personal knowledge); *Gart v. Logitech, Inc.*, 254 F.Supp.2d 1119, 1123 (C.D. Cal. 2003) (permitting prior art inventors, including named inventor on one prior art patent, to testify regarding personal knowledge of the prior art). Indeed, following the logic of Digital Reg's positions, inventors of patents-in-suit would not be able to testify at trial to explain their inventions. Of course, that is not the law.

As a key prior artist, Professor Schull has relevant knowledge about his Softlock prior-art system, background on his obtaining a patent on the system, the state of the art at the relevant time, and the authenticity of the documents describing his prior art system, among others. This evidence is relevant because it goes to a number of the factual questions at the heart of Adobe's obviousness defense. *See Graham v. John Deere Co.*, 383 US 1, 17 (1966) ("[T]he § 103 condition, which is but one of three conditions, each of which must be satisfied, lends itself to several basic factual inquiries. Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the

level of ordinary skill in the pertinent art resolved."). If anything, exclusion of such probative evidence would be highly prejudicial to Adobe.

Digital Reg has not identified unfair prejudice that would warrant the exclusion of such important testimony. As noted in the context of MIL No. 10 below, Adobe does not intend to introduce expert opinions through Professor Schull. Nor does Adobe intend to elicit testimony from Professor Schull to impermissibly rewrite or expand the disclosure of his patent.[1]

Digital Reg cites *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363 (Fed. Cir. 2008), to support its position. There, the Court excluded previously undisclosed expert testimony offered by a prior art fact witness. 512 F.3d at 1375. *Innogenetics* is irrelevant to Digital Reg's motion because the type of evidence the Federal Circuit found was properly excluded is far afield from Professor Schull's testimony.[2] Professor Schull is a fact witness with information about the background, development, operation, and patenting of his Softlock system – and the system is itself prior art.

If anything, *Innogenetics* actually supports *allowing* Professor Schull to testify. With respect to fact witness prior-art testimony, the *Innogenetics* court affirmatively recognized that testimony from a prior artist is relevant and admissible. For example, the court noted that "an expert is not the only source for evidence that it is obvious for one skilled in the art to combine references to reach the claimed method," that an order precluding all evidence of obviousness was "inaccurate" since it should have only excluded improper expert testimony, and that a prior art inventor can add "information that might not have been understood by a person of ordinary skill in the art just from reading the application, such as the conditions he used for his experiments or explanations for anomalous results." 512 F.3d at 1374-75.

Ultimately, this motion *in limine*—and others addressed below—is an attempt by Digital

---

[1] As discussed in the context of MIL No. 3 below, any alleged prejudice from Digital Reg's tactical decision not to depose Professor Schull is not grounds to exclude his relevant testimony.

[2] *Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313 (Fed. Cir. 2007) is also irrelevant. In *Hakim*, the Court upheld the district court's discretionary decision to exclude an untimely expert report and undisclosed testimony offered by the named-plaintiff inventor. 479 F.3d at 1319-20. The opinion has no discussion of the admissibility of fact witness testimony related to properly-disclosed prior art systems by witnesses with percipient knowledge of that prior art.

Reg to change course from tactical litigation decisions it made during discovery. Although Professor Schull was identified as a potential witness with relevant knowledge, Digital Reg made no attempt to request his deposition or otherwise follow-up on substance of his likely testimony. Likewise, despite knowing that Adobe would rely on the Softlock system as prior art, Digital Reg made no effort to determine or analyze the scope of that system during fact or expert discovery. Digital Reg should not be permitted a do-over on its litigation strategy choices through a motion *in limine*.

## MOTION IN LIMINE NO. 2 (ALL PRIOR ART REFERENCES AND INVALIDITY DEFENSES THAT ARE NOT INCLUDED IN ADOBE'S DESIGNATED THREE PRIOR ART REFERENCE COMBINATIONS FOR EACH ASSERTED CLAIM)

Adobe **opposes** this motion **in part**.

Adobe has the right to offer evidence supporting its defenses that the patents in this case[3] are obvious in light of the prior art Adobe disclosed in its prior art election and discussed in its expert reports. In an attempt to improperly limit Adobe's defenses, Digital Reg's second motion *in limine* seeks two forms of relief. First, Digital Reg seeks to exclude evidence in the form of patents, patent applications, articles, and documents it claims were not disclosed in Adobe's prior art election. Adobe opposes this request. Second, Digital Reg seeks to prevent Adobe from arguing that any of Digital Reg's patents are anticipated by the prior art. Adobe opposes this request with respect to the '670 patent, but does not oppose this request with respect to the '541 patent.

Adobe does not dispute that the Court ordered a narrowing of both infringement and invalidity positions in this case. As part of that narrowing, Adobe was ordered to reduce the prior art it would rely on to "three references or combinations per patent claim." Dkt. No. 587-5 [Schuck Decl., Ex. D], 587-6 [Schuck Decl., Ex. E]. In compliance with the Court's Order, on April 22, 2013, Adobe and the other defendants served a prior art election that limited the art upon

---

[3] Digital Reg's objection covers a multitude of exhibits that are only relevant to the '741 patent. Because Digital Reg has not provided the written covenant not to sue it has represented to the Court would be provided, Adobe's invalidity counterclaims as to the '741 patent remain ripe and these documents should remain on Adobe's exhibit list. These exhibits include numbers DTX 423-426, 540, 543, 551-52, 554, 556-57, 559, 562, and 564-66.

1   which it would rely to invalidate Digital Reg's patents to certain systems and combinations.

2   Beebe Decl., Ex. 1 [Defs. April 22, 2013 Prior Art Election]. After briefing on a motion to strike

3   filed by Digital Reg and extended meet and confer between the parties, Adobe and the other

4   defendants served an amended prior art election on May 16, 2013. Dkt. No. 587-33 [Schuck

5   Decl., Ex. B]. Following that amended identification, Digital Reg withdrew the motion to strike.

6   Dkt. No. 384. Defendants' May 16, 2013 Prior Art Election (the operative election of prior art),

7   identified the following prior art for the '541 patent: (1) SoftLock system as described in U.S.

8   Patent No. 5,509,070 and SCHULL 360-367, 368-372, 374-80, 2624-2627, 2743, 3599-3612,

9   6711-6738, 6835-36, 6840-6865, 13989-90, 14193-95, 14410, 89813-89838, in combination with

10  U.S. Patent No. 5,509,070 (collectively "SoftLock"); (2) U.S. Patent No. 5,490,216

11  ("Richardson") in combination with SoftLock; and (3) U.S. Patent No. 6,073,124 ("Krishnan") in

12  combination with SoftLock. *Id.* For the '670 patent, the May 16, 2013 Prior Art Election

13  identified: (1) Griswold system as described in U.S. Patent No. 5,940,504 and Gary N. Griswold,

14  "A Method for Protecting Copyright on Networks," Proceedings, Technological Strategies for

15  Protecting Intellectual Property in the Networked Multimedia Environment, Vol. 1, Issue 1, pp.

16  169-178 (Jan. 1994) (collectively "Griswold"); (2) SoftLock in combination with Griswold; and

17  (3) Ziplock System, as described in U.S. Patent No. 5,898,777 and the "ZipLock Whitepaper,"

18  available at http://web.archive.org/web/19970129185917/www.portsoft.com/zipwhite.htm

19  (collectively, "ZipLock"), in combination with Griswold. *Id.*

20      As Digital Reg acknowledges, these systems and combinations were adhered to in Adobe's

21  expert report on invalidity. Dkt. No. 587 at 3. Consistent with its disclosures and expert reports,

22  these systems and combinations are the prior art that Adobe intends to present as invalidating at

23  trial. Adobe has no plans to argue that any systems or combinations other than those disclosed

24  according to the Court's Order invalidate the asserted patents. This agreement alone should

25  resolve any legitimate concerns Digital Reg might have.

26      To the extent Digital Reg is arguing that Adobe may not rely on any trial exhibits other

27  than the specific documents disclosed within its prior art election, its position is unsupported. As

28  Adobe committed during discovery, Adobe intends to rely upon the '070 patent and the Softlock

system (as evidenced by documents disclosed in its prior art election) as invalidating prior art. Dkt. No. 587-3 [Schuck Decl., Ex. B] at 3. However, there can be no legitimate dispute that documents (or fact witness testimony) describing the background and development of systems should be permitted at trial. Indeed, the Court's narrowing Order required Adobe to identify no more than three "references or combinations" per asserted claim, not all surrounding evidence as to the background and development of those references. This makes sense: Adobe's trial presentation on its three references or combinations can of course include documentary and testimonial evidence about how those systems came to be. To wit, as described above in the context of Digital Reg's MIL No. 1, contemporaneous articles, inventor testimony, and corroborating documents are all relevant and admissible as background and probative of the scope of these disclosed prior art systems. This is particularly true because Adobe's invalidity defenses depend in part on arguments of obviousness. As the Supreme Court has explained, when considering obviousness "it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1740-41 (2007).

As one non-exclusive example of this principle, Adobe's technical expert Dr. Wicker opines that the Softlock system—specifically disclosed in Adobe's prior art election—invalidates asserted claim 1 of the '541 patent. Dkt. No. 587-4 [Schuck Decl., Ex. C] at 74. To the extent that the Softlock system does not disclose local creation of a permission—a requirement of the agreed-upon construction for the "executing an installation process" limitation—Adobe's expert considers that limitation an obvious design choice which "one of ordinary skill in the art would have recognized." *Id.* at 91. Adobe should therefore be permitted to introduce evidence regarding the scope of the prior art generally and the knowledge held by one of ordinary skill in that art. *Dystar TextilfarbenGmbH & Co. v. CH Pattrick Co.*, 464 F.3d 1356, 1360 (Fed. Cir. 2006) ("It is important in this inquiry to distinguish between the references sought to be combined and "the

prior art", as the latter category is much broader. For example, textbooks or treatises may include basic principles unlikely to be restated in cited references."); *id.*(noting case law going back 30 years holding that the common knowledge of one having ordinary skill in the art is relevant to an obviousness analysis). The Court's Order streamlining this litigation to three prior art references or combinations per claim in no way suggests that it somehow also limited the surrounding *evidence* that Adobe's invalidity expert could cite to support his opinions on obviousness, or that Adobe could present to develop its trial presentation based on those three references or combinations. Yet Digital Reg's motion would give the Court's Order just that prejudicial effect.

Likewise, to the extent Adobe introduces the percipient fact witness testimony of Professor Schull as to his development of the Softlock system (as described above in the context of MIL No. 1), Adobe should of course be permitted to introduce through Professor Schull documentary evidence corroborating his testimony as to the background and development of the system. As described below in the context of MIL No. 3, the trial exhibits that Adobe may seek to introduce via Professor Schull's testimony were all produced during fact discovery—Digital Reg's protestations of prejudice because these documents were "not discussed in depositions or fully considered in other discovery" is solely the result of Digital Reg's failure to diligently pursue that discovery. While Digital Reg may now be trying every possible path to fix its own mistake (including no fewer than three separate MILs all seeking to exclude the testimony and documents of Professor Schull that Digital Reg failed to pursue during discovery), excluding such probative evidence would unduly prejudice Adobe's trial presentation.

With respect to the second prong of Digital Reg's motion, Adobe agrees that it is not planning to argue invalidity based on anticipation for the '541 patent. However, Adobe opposes Digital Reg's motion insofar as it seeks to preclude Adobe from pursuing anticipation for the '670 patent. In its prior art election, Adobe specifically disclosed the Griswold system, standing on its own, as a basis for invalidity for the '670 patent. Dkt. No. 587-3 [Schuck Decl., Ex. B] at 3-4. In addition, Adobe disclosed separately the combination of the Griswold system plus the Softlock system, but with the express understanding that "depending on the court's claim construction, Defendants reserve the right to rely on a subset of the references disclosed in combinations." *Id.*at

2-4.  Now, following claim construction, Adobe may elect to pursue only a subset of that latter combination because, based on the Court's rulings, the Softlock system itself discloses each element of the asserted claims as set forth in detail in Adobe's invalidity expert report. Digital Reg has offered no meaningful explanation for why Adobe should not be permitted to rely on a subset of a combination it previously disclosed (particularly where it expressly provided notice that it might do so), especially where the bases for invalidity have been set forth in Adobe's expert reports and Digital Reg has had ample opportunity to rebut that showing.  Indeed, it is Adobe that would be prejudiced if it is now precluded from pursuing the defenses it has developed and disclosed, particularly after Adobe made difficult decisions as to which prior art references to narrow from dozens of available references and combinations to just these three per claim.

## MOTION IN LIMINE NO. 3 (ANY REFERENCE TO UNTIMELY-DESIGNATED WITNESSES OR UNTIMELY PRODUCED DOCUMENTS)

Adobe **opposes** this motion.

Digital Reg's MIL No. 3 seeks to exclude evidence about the invalidating Softlock system developed by Professor Schull.  Digital Reg argues that it did not have adequate notice of Professor Schull and the documents he will introduce – or, if it did, that it did not understand their import.  The reality is Digital Reg knew full well that the Softlock system was central prior art and that defendants intended to rely on Professor Schull's testimony and his documents, and, despite that, chose not to pursue discovery.

Discovery in this case was originally set to close on March 29, 2013, but ultimately extended by stipulation to April 30, 2013.  On March 12, 2013, Adobe supplemented its initial disclosures to identify additional fact witnesses with relevant knowledge.  Adobe disclosed Jonathan Schull, a non-party prior art inventor with relevant knowledge of the Softlock prior art system and United States patent 5,509,070 (the Schull '070 patent).  The Schull '070 patent, which describes portions of the Softlock system, was timely disclosed to Digital Reg on February 24, 2012, as invalidating art in Adobe's invalidity contentions.  Beebe Decl., Ex. 2 [Defendants' P.L.R. 3-3 Disclosures] at 28.  Contrary to Digital Reg's assertions that it did not know how or why Professor Schull's testimony might be relevant and could not contact him directly Adobe's

identification of Professor Schull as a potential witness not only clearly identified his relevance and knowledge on that topic but also provided his contact information:

| Prof. Jon Schull<br><br>Center for Student Innovation Building 87 Rochester Institute of Technology Rochester, NY 14607 | Named Inventor of Softlock Inc.'s U.S. Patent No. 5,509,070 | Prior art, including Softlock Inc. system and patents, including U.S. Patent No. 5,509,070, and the state of the art. |
| --- | --- | --- |

Beebe Decl., Ex. 3 [Adobe's First Amended Initial Disclosures] at 11. Then, on March 29, 2013, Adobe produced documents collected from Professor Schull relating to his Softlock system.

At no point between March 12, 2013 and the exchange of motions *in limine* on July 16, 2014 did Digital Reg seek Professor Schull's deposition or, by its own admission, otherwise attempt to contact him. Indeed, even after Adobe served its prior art election (the subject of MIL No. 2 above) in which Adobe identified the Softlock system as the core of all three of its prior art theories for the '541 patent and after Adobe served its invalidity expert report dedicating pages to the Softlock system, Digital Reg sat silently by. In short, for well over a year, Digital Reg failed to follow up in any way on Adobe's timely disclosure of Professor Schull and its production of documents bearing his name.

Digital Reg now seeks to excuse its failure to diligently follow-up (or, more likely, its tactical decision not to pursue this discovery) by blaming Adobe for supposedly identifying Professor Schull and producing these documents towards the end of the discovery period. Digital Reg's complaints should be rejected based solely on its admission that Adobe's disclosure and production were within the fact discovery period. But, here, there are additional undisputed facts that compel rejection of Digital Reg's motion. As fact discovery was concluding in March 2013, the parties were negotiating an extension to the fact discovery deadline to allow the parties to wrap up certain discovery that had not been finished by March 29, 2013. In line with those negotiations, on April 12, 2013, the parties submitted a stipulation extending the discovery

deadline until April 30, 2013, "to conclude discovery specifically relating to the following requests and issues currently pending between the parties. . ." and identifying a number of open categories of discovery both sides were seeking during the extended fact discovery period. Dkt. No. 328 at 2. While both parties identified their live discovery disputes in that stipulation, Digital Reg did not even raise a request for the deposition of Professor Schull or any other follow-up discovery it now says it needed based on the production of documents from Professor Schull. *Id.* In other words, despite knowing about a relevant prior art witness and his documents for weeks, Digital Reg did not object to the disclosure of Professor Schull or his documents, did not request Professor Schull's deposition, did not raise Adobe's supplemental disclosures or document production as a live dispute when negotiating an extension of the fact discovery deadline, and apparently did not make any other attempt during (or even after) fact discovery to investigate what information was disclosed.[4]

Even if the above facts did not reveal Digital Reg's claims of prejudice as merely a belated attempt to undo Digital Reg's strategic decision not to pursue this discovery (or, at best, lack of diligence), the law does not support the relief requested. With respect to the production of documents, the exclusion of such evidence is only proper when a discovery order has been violated. F.R.C.P. 37(b)(2). No such order has been violated. With respect to the identification of Professor Schull, Adobe properly disclosed this witness under Rule 26(a)(1)(A), which requires disclosure of those witnesses that Adobe "may use to support its claims or defenses." Adobe disclosed Professor Schull, who was not an Adobe employee or otherwise under Adobe's control, when it became clear that he would be willing to testify. Moreover, the timing of the disclosure of Professor Schull is harmless. There was ample time (over a year) for Digital Reg to pursue the discovery it thought was warranted or raise this issue to the Court. Its failure to act is hardly the type of harm Rule 37 contemplates. *See 3COM Corp. v. Realtek Semiconductor Corp.*, 2008 WL 783383 at *2, *6 (N.D. Cal. Mar. 24, 2008) (rejecting requests to exclude prior artist testimony

---

[4] During the same time, Digital Reg raised and briefed multiple discovery disputes to the Court, Dkt. Nos. 303, 304, 324, 325, 330, 331, 345, 384. At no point did Digital Reg raise the deposition of Professor Schull or any other follow-up discovery relating to Professor Schull's deposition in these motions, or even in the meet and confer conferences leading up to them.

1   disclosed on the last day of fact discovery because the objecting party "never requested Realtek's

2   agreement or leave of court to subpoena those witnesses in the nearly five months since discovery

3   cut-off."). Finally, even if all of Digital Reg's complaints were sound, exclusion would be drastic

4   and unwarranted. *See* F.R.C.P. 37(c).

5   While Digital Reg provides a laundry list of cases in its motion, none is on

6   point. *Neothermia* turned on the interplay of F.R.C.P. 26 and a statutory requirement of disclosure

7   specific to trade secret cases. *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042,

8   1045 (N.D. Cal 2004). *J&J Celcom* turned on the failure to meet a deadline set three months prior

9   to the close of fact discovery, followed by the disclosure of an expert report on the last day of

10  discovery. *J&J Celcom v. AT&T Wireless Servs.*, 215 Fed. Appx. 616, 621 (9th Cir. 2006). *Dunn*

11  involved claims of bad faith, where the disclosing party knew an individual was mentally

12  incompetent but failed to disclose that fact or witnesses supporting it until the last day of

13  discovery. *U.S. v. Dunn*, 2007 WL 1100754 at *4-5, 10-14 (N.D. Ill. Apr. 12, 2007). *Schiller*

14  involved the identification of 130 witness three days before the close of fact discovery, and, rather

15  than exclusion, merely resulted in discovery being reopened. *Schiller v. City of New York*, 2007

16  WL 1461378 at *1-2 (S.D.N.Y. May 18, 2007). Likewise, *Century Aluminum* involved the

17  identification of 118 new witnesses on the last day of discovery in a seven-year-old case. *Barnes*

18  *v. Century Aluminum Co.*, 2012 WL 2135287, at *3 (D.V.I. Jun. 13, 2012). *Spina* involved a

19  scenario where, after no less than six motions to compel, a flood of documents were produced

20  only three weeks before the close of fact discovery, with more coming after discovery closed—yet

21  only those produced after the close of fact discovery were ultimately excluded. *Spina v. Forest*

22  *Pres.*, 2001 WL 1491524 at *3-5 (N.D. Ill. Nov. 23, 2001). And *Apple* involved the failure to

23  disclose complete theories, not specific evidence supporting them. *Apple, Inc. v. Samsung Elecs.*

24  *Co.*, 2012 WL 3155574 at *4-6 (N.D. Cal. Aug. 2, 2012). Each of these scenarios falls well

25  outside the facts of this case, where all disclosures were made within the fact discovery period,

26  were limited to third-party documents and a minimal number of witnesses, and Digital Reg was

27  provided many weeks (indeed, months) and multiple opportunities to object or request relief, yet

28  failed to act.

# MOTION IN LIMINE NO. 4 (PLAINTIFF'S FEE ARRANGEMENT WITH COUNSEL)

Adobe **does not oppose** this motion so long as Digital Reg does not open the door to this subject matter.  Adobe agrees not to affirmatively raise or put at issue Plaintiff's fee arrangement with its counsel without seeking permission of the Court.  Of course, if Digital Reg opens the door, Adobe should be permitted to respond as appropriate.

# MOTION IN LIMINE NO. 5 (DIGITAL REG'S ELECTION TO STREAMLINE THIS LITIGATION)

Adobe **opposes** this motion, subject to Court's rulings on Adobe's Motion *In Limine* Nos. 5 and 6.

When Digital Reg originally filed this action, it accused Adobe of infringing four patents. Dkt. No. 1 [Complaint]; Dkt. No. 297 [Amended Complaint].  In its infringement contentions, Digital Reg purported to add a fifth patent-in-suit, and across the five patents, asserted 44 claims. Beebe Decl., Ex. 4 [Plaintiff's Infringement Contentions].  Since then, Digital Reg has dropped its infringement allegations as to two patents outright, has represented that it is planning to issue a covenant not to sue to Adobe on a third patent (the '741 patent) following the Court's grant of summary judgment of non-infringement in Adobe's favor, has voluntarily dropped its allegations as to one of four accused products (Adobe Digital Publishing), and has dropped additional asserted claims following the Court's claim construction ruling.  *See* Dkt.No. 593 [Joint Pretrial Conference Statement] at 3-4 n.3, n.5.

Digital Reg now seeks to exclude evidence and argument as to its decision to abandon large swathes of its infringement claims.  Adobe agrees not to raise this issue without permission (if the door opens, including for example if Digital Reg relies on alleged pre-suit patent assertions), insofar as the Court grants Adobe's MILs 5 and 6 seeking to preclude Digital Reg from pursuing willful or indirect infringement theories.  But if Digital Reg is permitted to pursue willfulness or indirect infringement—both of which directly implicate Adobe's scienter—Digital Reg's abandonment of much of its case is directly relevant and its exclusion would be unduly prejudicial to Adobe.  For example, with respect to willfulness, the fact that Digital Reg originally made sweeping infringement allegations against Adobe and has since dropped those allegations

goes directly to the objective prong of *Seagate*, not to mention Adobe's subjective state of mind under the *Seagate* standard. Likewise, with respect to indirect infringement, Digital Reg's abandonment of significant aspects of its case are probative of Adobe's substantial good faith belief of non-infringement and invalidity, which negate any purported intent to induce or contribute to infringement by Adobe's customers. Indeed, because Digital Reg has stated that it intends to offer evidence of pre-suit interactions between Adobe and Digital Reg as evidence of Adobe's state of mind (*see* Dkt.No. 593 [Joint Pretrial Conference Statement] at 3 n.4), Adobe should be permitted to introduce evidence as to Digital Reg's patent portfolio at the time of those pre-suit communications and the fact that Digital Reg originally asserted numerous claims from five patents in that portfolio against various Adobe products, only to subsequently drop its allegations as to three patents and at least one of four accused products. Similarly, because Digital Reg has stated that it intends to introduce evidence that certain Adobe patents cited Digital Reg patents as prior art as somehow reflective of Adobe's state of mind for willfulness and/or indirect infringement (*id.*), Adobe should be permitted to introduce evidence that contemporaneous Adobe patents also cite Digital Reg patents that Digital Reg has since abandoned, including the '741 patent, thus negating any suggestion (legally improper as it would be) that the citation of Digital Reg patents as prior art is somehow probative of an intent to infringe or induce or contribute to infringement. Digital Reg should not be permitted to simultaneously pursue claims that require proof of Adobe's intent while seeking to exclude evidence that supports Adobe's defense to such claims. Exclusion of this evidence would be highly prejudicial to Adobe.

## MOTION IN LIMINE NO. 6 (DIGITAL REG'S DECISION TO FILE ITS ORIGINAL COMPLAINT AGAINST ADOBE IN THE EASTERN DISTRICT OF TEXAS)

Adobe **opposes** this motion **in part**. Adobe agrees that it will not make reference to "forum shopping" or to the motivations underlying Digital Reg's decision to file this lawsuit in the Eastern District of Texas unless Digital Reg opens the door to those issues. However, insofar as to the motion seeks to preclude reference to the underlying fact that the case was originally filed in the Eastern District of Texas or that Digital Reg has an office there, that information is relevant as background and to Digital Reg's status as an entity that does not compete with Adobe in the

marketplace, is not itself prejudicial (let alone unduly prejudicial), and should not be excluded.

## MOTION IN LIMINE NO. 7 (NEGATIVE OR DEROGATORY COMMENTS ABOUT THE USPTO)

Adobe **opposes** this motion **in part**. Adobe agrees not to make derogatory comments about the US Patent Office or affirmatively put at issue the quality of the United States patent examination process, with the understanding that the jury will be properly instructed as to the burden of proof on invalidity and that prior art that differs from prior art considered by the PTO may carry more weight than prior art that was considered and make Adobe's burden easier to sustain. *See* Dkt.No. 593-13 [Proposed Jury Instructions] at 75-77. However, insofar as Digital Reg opens the door to this subject matter by offering argument or evidence or otherwise making suggestions before the jury as to the patent examination process (e.g., the quality of examination, credentials of examiners, amount of time spent on applications, etc.) or by referencing the presumption of validity beyond the specific instruction provided Court's jury instruction, Adobe should be permitted to respond as appropriate to provide the jury with a balanced perspective as to the patent examination process.

## MOTION IN LIMINE NO. 8 (COMPARING THE ACCUSED DEVICES TO THE PRIOR ART OR COMPARING THE ACCUSED DEVICES TO AN ALLEGED COMMERCIAL EMBODIMENT OF THE INVENTION)

Adobe **opposes** this motion **in part**. Adobe agrees that merely practicing the prior art is not a defense to infringement allegations. And Adobe will not argue that it is. However, Digital Reg's motion goes much further, attempting to also remove from the jury's consideration evidence supporting the claim that Digital Reg's patents are invalid because, under Digital Reg's infringement theory, the accused devices do not differ from the teachings of identified prior art. It is well settled that the same claim scope must be applied to infringement and invalidity. *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1378 (Fed. Cir. 2001) ("Kris's performance of these same steps today would literally infringe the '803 claims; *it is axiomatic that that which would literally infringe if later anticipates if earlier.*"); *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999) ("In other words, if granting patent protection on the

disputed claim would allow the patentee to exclude the public from practicing the prior art, then that claim is anticipated, regardless of whether it also covers subject matter not in the prior art."). Digital Reg cannot credibly claim that it should be permitted to argue that its claims are infringed by accused systems that work a particular way, while excluding evidence that, applying the same claim scope, the prior art would necessarily invalidate the claims.

Indeed, Digital Reg's own case law supports allowing this exact type of evidence. For example, in *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357 (Fed. Cir. 2002), after rejecting practicing the prior art as a defense to infringement, the Federal Circuit wrote: "Where an accused infringer is clearly practicing only that which was in the prior art, and nothing more, and the patentee's proffered construction reads on the accused device, meeting this burden of proof should not prove difficult." 279 F.3d at 1367. Adobe is entitled, factually and legally, to argue that Digital Reg's patents are invalid because they would prohibit Adobe from practicing the prior art, and similarities between Adobe's products and the prior art are relevant to whether Digital Reg's patents are obvious modifications of that art.

Digital Reg also seeks to exclude Adobe from comparing its products to an unnamed commercial embodiment of the patents-in-suit. This is unnecessary. Digital Reg has admitted that it is unaware of any post-issuance commercial embodiment of the patents-in-suit. Dkt. No. 591-16 [2013-10-21 Digital Reg's 2nd Amended Response to 1st Set Common Rogs (Rog 3)] at 6 ("Digital is not aware of any commercial sale of any commercial product post-issuance that embodies the inventions."). And the inventor of the patents-in-suit has testified that he has no idea whether the products his company produced embodied his patents and, in fact, no idea what those products were. Beebe Decl., Ex. 5 [Patterson 3/24/09 Dep. Tr.] at 85:16-17; Ex. 6 [Patterson 4/25/13 Dep. Tr.] at 258:10-14. Indeed, when asked during the meet and confer process what commercial embodiments (if any) are the subject of this motion, Digital Reg's trial counsel could not identify any. Adobe does not intend to compare its products with a non-existent commercial embodiment. However, should Digital Reg attempt to argue a commercial embodiment exists— despite its admissions to the contrary—Adobe should not be precluded from comparing such an embodiment to the prior art and/or the accused products to rebut Digital Reg's showing.

**MOTION IN LIMINE NO. 9 (OPINIONS OF COUNSEL REGARDING NON-INFRINGEMENT OR INVALIDITY)**

This motion is **moot**. Adobe has stipulated not to rely on an opinion letter regarding non-infringement or invalidity. *See* Dkt.No. 593 at 12.

**MOTION IN LIMINE NO. 10 (OPINION TESTIMONY FROM INDIVIDUALS NOT DESIGNATED AS EXPERTS)**

Adobe **does not oppose** this motion with the understandings outlined here. Consistent with Rule 26 and FRE 702, Adobe agrees not to offer expert opinion testimony from lay witnesses not designated as experts, with the understanding that this prohibition applies bilaterally. Of course, this agreement would not limit either side from offering proper fact witness testimony under FRE 701.

**MOTION IN LIMINE NO. 11 (ANY REFERENCE OR SUGGESTION THAT DAMAGES AWARDS MAY DRIVE UP THE PRICE OF PRODUCTS, PUT MANUFACTURERS OUT OF BUSINESS, OR CAUSE JOBS TO BE LOST)**

This motion is **moot**. Adobe has stipulated not to suggest that a damages award in this case would drive up product prices, put Adobe out of business, or cause jobs to be lost. *See* Dkt.No. 593 at 12. Of course, if Digital Reg opens the door to such arguments, Adobe should be permitted to respond as appropriate.

**MOTION IN LIMINE NO. 12 (THE PERSONAL CHARACTERISTICS AND FINANCIAL STATUS OF COUNSEL AND/OR FIRMS)**

Adobe **does not oppose** this motion so long as Digital Reg does not open the door to this subject matter. Adobe agrees not to affirmatively raise or put at issue the personal characteristics or financial status of counsel and/or law firms, with the understanding that this prohibition is bilateral. Of course, in the event that Digital Reg opens the door to this subject matter by offering argument or evidence or otherwise making suggestions before the jury as to the parties' lawyers or the ability for Digital Reg to pay for lawyers or that otherwise puts the personal or financial characteristics of counsel at issue, Adobe should be permitted to respond as appropriate.

**MOTION IN LIMINE NO. 13 (ANY REFERENCE TO LEGAL PROCEEDINGS INVOLVING EITHER PARTY OTHER THAN THE PRESENT LEGAL PROCEEDING)**

Adobe **opposes** this motion **in part**. Adobe agrees not to affirmatively raise or put at issue legal proceedings involving either party, *except*: (1) Digital Reg's prior lawsuit on the '541 patent (the prior E.D. Texas lawsuit against Microsoft, Sony, Apple and others); and (2) Adobe's prior patent litigation lawsuits that are the subject of Adobe settlement agreements considered and/or relied upon by Adobe's damages expert. First, with respect to the prior Digital Reg litigation, both parties should be permitted to refer to the prior litigation on the '541 patent, including for relevant background and because that litigation resulted in settlement agreements considered and relied upon by the parties' damages experts. Without the background and context of that prior litigation, there is a risk of jury confusion as to the evidence that both sides will introduce as to those settlement agreements. Second, with respect to prior Adobe litigations underlying Adobe settlement agreements, the parties should likewise be permitted to reference the underlying litigations to provide relevant context to the jury. Beyond those two issues, Adobe agrees that the parties should not reference other litigations that Digital Reg or Adobe have been involved in, with the understanding that this prohibition is reciprocal (as Digital Reg's motion itself suggests). Of course, in the event that Digital Reg opens the door to this subject matter by offering argument or evidence or otherwise making suggestions before the jury that warrant a response that invokes prior litigations, Adobe should be permitted to respond as appropriate.

**MOTION IN LIMINE NO. 14 (INTERPRETATIONS OR APPLICATION OF CLAIM LIMITATIONS CONTRARY TO THIS COURT'S CLAIM CONSTRUCTION ORDER)**

This motion is **moot**. The parties have mutually stipulated not to offer an evidence or argument suggesting or referencing any interpretation or application of claim limitations that are contrary to the Court's Order Regarding Claim Construction and Motions for Summary Judgment (Dkt. No. 574). *See* Dkt. No. 593 at 12.

**MOTION IN LIMINE NO. 15 (DEROGATORY, DISPARAGING, AND/OR PEJORATIVE REFERENCES TO DIGITAL REG)**

Adobe **opposes** this motion **in part**. Adobe agrees not to use the following terms raised in Digital Reg's motion to describe Digital Reg or its principles: "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "stick up," "shakedown," and "playing the lawsuit

1 lottery," except to the extent Digital Reg opens the door to such characterizations.   However,

2 Adobe opposes the part of Digital Reg's motion that suggests that Adobe should be precluded

3 from referencing the nature of Digital Reg's business with neutral, factual terms such as  "patent

4 assertion entity," "non-practicing entity," "company that does not make anything," "company that

5 does not sell anything," "corporate shell," or "licensing entity."   Digital Reg's status as a shell

6 company formed for patent assertion purposes and without any products or business is undisputed.

7 Its offices, where no employees worked, were located in a law-firm along with at least 100 other

8 companies.  Beebe Decl. Ex. 7 [3/28/13 Farley Depo] at 341:1-342:12.  It is also directly relevant

9 to issues in the case, including the damages calculus under *Georgia-Pacific.*  Because these terms

10 are neutral and not derogatory, there is no prejudice to Digital Reg from their use.  Indeed, as the

11 authority that Digital Reg itself relies upon makes clear, these neutral terms should be permitted.

12 *See* Dkt. No. 587 at 16 (citing *HTC Corp. v. Tech. Props. Ltd.*, 5:08-cv-00882-PSG, 2013 WL

13 4782598, at *4 (N.D. Cal. Sept. 6, 2013) as "allowing references too 'non-practicing entity,' a

14 'patent assertion entity,' or neutral language to that effect").

15 **MOTION IN LIMINE NO. 16 (ANY REFERENCE BY ADOBE'S EXPERT WITNESSES**
16 **RELATED TO SOURCE CODE TO PROVE NON-INFRINGEMENT)**

17 Adobe **opposes** this motion **in part**.  Specifically, Adobe agrees that its technical expert

18 Dr. Stephen Wicker will not affirmatively rely upon Adobe source code to establish non-

19 infringement of the patents-in-suit.  However, insofar as Digital Reg's motion purports to preclude

20 Dr. Wicker from addressing Adobe's source code at all, Adobe opposes the motion.

21 Digital Reg bears the burden of proof on infringement.  In an effort to carry that burden,

22 Digital Reg offered the opinion of its expert Dr. Premkumar Devanbu.  Adobe's technical expert

23 Dr. Wicker offered rebuttal opinion responsive to Dr. Devanbu's opinions.   In so doing, he

24 considered certain portions of Adobe source code (*see* Beebe Decl., Ex. 8 [Wicker Rebuttal Report

25 Materials Considered]), and even referenced source code files in the body of his report (*see* Dkt.

26 No. 523-15 [Ex. 8 (Wicker Rebuttal Report)] at ¶¶ 45, 85).  There can be no legitimate dispute that

27 Dr. Wicker should be permitted to rely upon and reference the source code that he considered in

28 forming his opinions and cited in his report.   Moreover, insofar as Digital Reg's expert Dr.

Devanbu is permitted to rely upon Adobe source code or other information for his opinions beyond any source code cited in his burden of proof expert report on infringement, Dr. Wicker should of course be permitted to offer rebuttal opinions.

**MOTION IN LIMINE NO. 17 (ANY REFERENCE OR DISCUSSION REGARDING A LEASE ON A TOWNHOME RENTED BY, FOR, OR BEHALF OF DESKGATE, INC. AND/OR PATRICK PATTERSON)**

Adobe **does not oppose** this motion so long as Digital Reg does not open the door to this subject matter. Adobe agrees not to affirmatively raise or put at issue the dispute between Mr. Patterson and Mr. Venters as to the townhome lease or Mr. Patterson's allegations that Mr. Venters forged his signature or improperly used the townhome for personal use. However, in the event that Digital Reg opens the door to this subject matter by offering argument or evidence or otherwise making suggestions as to Mr. Venters' character or trustworthiness, or the relationship between Mr. Venters and Mr. Patterson, Adobe should be permitted to respond as appropriate. Indeed, contrary to Digital Reg's suggestion, in the event that Digital Reg attempts to put Mr. Venters' character at issue, the evidence would be proper character evidence because Adobe does in fact have a good faith basis to inquire into Mr. Venter's forgery: the sworn testimony of Mr. Patterson ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Beebe Decl., Ex. 5 [Patterson 3/24/2009 Dep. Tr.] at 176:25-179:13 (testimony of Mr. Patterson that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮.[5]

**MOTION IN LIMINE NO. 18 (ANY REFERENCE TO MARKING AS AN AFFIRMATIVE DEFENSE OR LIMITATION ON DAMAGES)**

This motion is **moot**. Based on Digital Reg's dropping of any infringement allegations

---

[5] In this litigation (and after signing on as a paid-litigation consultant to Digital Reg's counsel DiNovo Price), Mr. Patterson attempted to back-track on this testimony, suggesting that his memory was actually betters years later than it was in 2009. Regardless, if Digital Reg puts Mr. Venters' character at issue, the jury should be permitted to make judgments as to Mr. Venters' character based on the testimony from Mr. Patterson, including whether Mr. Patterson' subsequent attempts to distance himself from his prior sworn testimony are credible.

against Adobe as to any system claims, Adobe stipulates not to reference the marking requirement

of Section 287.  *See* Dkt.No. 593 at 13.

**MOTION IN LIMINE NO. 19 (ANY REFERENCE TO PARALLEL OR RELATED PATENT PROSECUTION OF THE INVENTION DISCLOSED IN THE '541 PATENT OR '670 PATENT IN FOREIGN COUNTRIES)**

Adobe **opposes** this motion.

Digital Reg's motion does not specify what foreign patent prosecutions it is seeking to exclude or why.  Instead, Digital Reg speaks in generalities, noting that "claim language contained in any foreign filed patent applications ordinarily does not track exactly the language of the issued United States patents."  In reality, Digital Reg's motion is an effort to exclude highly probative evidence that contradicts Digital Reg's arguments in this case.

Digital Reg sought to extend its rights under the '541 patent in the European Union.  During prosecution, Digital Reg argued to the European Patent Office that the claimed "token" and "permission" could be same thing—precisely the theory that is offered by Digital Reg to assert infringement in this case.  Its arguments were rejected.  *See* Beebe Decl., Ex. 9 [File History to European Counterpart (DTX350)].  Specifically, the European Patent Office found that Digital Reg's interpretation would eviscerate the claim requirement of  "executing an installation process that *generates* at the client a permission," a limitation which also appears in the '541 patent.  Digital Reg abandoned its European counterpart application, acquiescing to this rejection.  Nevertheless, Digital Reg now purports to offer an infringement theory that applies the claims in precisely the way that the European Patent Office rejected and Digital Reg accepted through acquiescence.  Adobe should be permitted to introduce this evidence to support, at a minimum, the objective reasonableness of its conduct as relevant to willfulness and its good faith belief in non-infringement as relevant to the intent element of indirect infringement.  And, should Digital Reg argue an interpretation of its patents to the contrary, as impeachment evidence.  *See Caterpillar Tractor Co. v. Berco, SpA*, 714 F.2d 1110, 1116 (Fed. Cir. 1983) (finding that "when such matters comprise relevant evidence," representations to foreign patent offices "must be considered").

**MOTION IN LIMINE NO. 20 (ANY REFERENCE TO THE COURT HAVING RULED FOR OR AGAINST EITHER PARTY ON PRIOR RULINGS, INCLUDING ON SUMMARY JUDGMENT, SHOULD BE EXCLUDED)**

1      Adobe **opposes** this motion **in part**. Adobe agrees that both parties should be precluded

2   from introducing evidence or argument as to evidentiary or procedural rulings by the Court.

3   Adobe opposes Digital Reg's motion insofar as it seeks to preclude evidence as to the Court's

4   summary judgment rulings in two specific aspects.

5      First, subject to Court's rulings on Adobe's Motion *In Limine* Nos. 5 and 6, Adobe

6   opposes this motion to the extent it seeks to exclude evidence and argument as to the Court's grant

7   of summary judgment of non-infringement on the '741 patent. As described above in the context

8   of MIL No. 5, Digital Reg should not be permitted to simultaneously pursue claims of willful

9   and/or indirect infringement requiring proof of Adobe's intent to infringe, while seeking to

10   exclude evidence that supports Adobe's defense to such claims. As described therein, Digital

11   Reg's claims of willfulness and indirect infringement are based solely on pre-suit communications

12   between the parties and the citation to certain Digital Reg patents as prior art to certain Adobe

13   patents. *See* Dkt. No. 593 [Joint Pretrial Conference Statement] at 3-4 n.3. In both cases, the

14   supposed evidence applies equally to the still-asserted '541 and '670 patents and to the '741 patent

15   on which Adobe prevailed on summary judgment of non-infringement. *See* Beebe Decl., Ex. 10

16   [Adobe Value Proposition (PTX125)] (document allegedly provided to Adobe during pre-suit

17   communication referencing Digital Reg patent portfolio including '541 patent, '670 patent, '515

18   patent and the allowed patent application that subsequently issued as the '741 patent); Dkt. No.

19   591-13 [Digital Reg Responses to Adobe's First Set of Individual Rogs (DTX522)] at 3

20   (contending that Adobe willfully infringes because its own patents cite to Digital Reg's '541, '670

21   and '741 patents as prior art). Insofar as Digital Reg is permitted to introduce this evidence as

22   ostensibly establishing Adobe's state of mind for willful and/or indirect infringement as to the

23   '541 and '670 patents, Adobe should be permitted to introduce evidence that the Court determined

24   that Adobe does not infringe the '741 patent, to which this supposed evidence of intent applies

25   equally. Exclusion of this evidence would be highly prejudicial to Adobe unless Digital Reg is

26   also precluded from pursuing willfulness and indirect infringement.

27      Second, Adobe opposes this motion to the extent Digital Reg seeks to exclude evidence or

28   argument as to the Court's analysis of claim scope in its Order Regarding Claim Construction and

Motions for Summary Judgment (Dkt. No. 574). Specifically, to the extent Digital Reg seeks to exclude evidence or argument as to the Court's claim construction rulings and analysis of claim scope set forth in its claim construction Order "except to disclose the Court's ultimate claim construction ruling," Digital Reg's motion should be denied. The Court's claim construction order includes not only the "ultimate claim construction ruling," but also important guidance as to scope and import of that claim construction ruling that can (indeed must) be part of any proper expert opinion on (non)infringement and/or (in)validity. Digital Reg should not be permitted to offer expert testimony and/or argument on infringement or validity of the claims based on only the ultimate claim construction, without permitting Adobe to offer evidence and argument (and cross-examine Digital Reg's experts) on opinions that are inconsistent with the Court's determinations as to the implications and import of the Court's ultimate claim constructions. For example, Digital Reg's infringement theories for the '670 patent are at odds with the Court's rulings as to the scope of the asserted claims as set forth in its analysis of the "based on the result of the attempted transmission" limitation set forth in that Order. Permitting Digital Reg to pursue those infringement theories (and offer expert opinions) at odds with the Court's rulings, while excluding evidence and argument as to those rulings would only serve to invite error on the part of the jury and would unduly prejudice Adobe.

## MOTION IN LIMINE NO. 21 (CONNECTIONS TO CALIFORNIA (OR LACK THEREO))

Adobe **opposes** this motion **in part**. Adobe agrees that it will not attempt to suggest that Adobe's connections or Digital Reg's lack of connections to California are somehow probative of the merits of the parties' dispute, unless Digital Reg does something to open the door to such testimony. However, Adobe opposes the motion insofar as it purports to preclude Adobe's counsel and witnesses from introducing the parties to the jury or providing the jury with basic background facts as to the parties (e.g., Adobe was founded and is based in California, Adobe's witnesses that will testify at trial live and work in California, Digital Reg was formed in Texas). Aside from generalized assertions and paranoia that the jury will somehow be biased by the introduction of basic, undisputed background information about the parties, Digital Reg has not

even attempted to offer basis on which such evidence should be excluded. Indeed, if Digital Reg were correct that the jury would be biased by the introduction of background as to where the parties are from, in-state litigants would never be able to introduce themselves and where they are from the jury if the opposing side happens to be from out of state.

Dated: August 6, 2014

Respectfully submitted,

_/s/      Edward R. Reines_
Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

*Attorneys for Defendant*
*Adobe Systems Incorporated*