

DiNovo Price Ellwanger& Hardy LLP
7000 N. MoPac Expressway, Suite 350
Austin, TX 78731
512.539.2626 (o)
512.539.2627 (f)
www.dpehlaw.com

August 14, 2014

<u>**BY ELECTRONIC FILING**</u>

The Honorable Claudia Wilken, Chief United States Judge
United States District Court for the Northern District of California
Oakland Courthouse, 4th Floor
1301 Clay Street
Oakland, CA 94612

    Re:  *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, Case No. C 12-01971 CW (N.D. Cal.)

Chief Judge Wilken:

In an attempt to streamline this action and in response to Adobe's improper and argumentative "clarification" filed earlier today (Dkt. 615), Digital Reg responds as follows:

It would be inappropriate to preclude Mr. Parr from testifying or to strike Mr. Parr's report entirely. In his report, Mr. Parr discusses each of the *Georgia-Pacific* ("*G-P*") factors. Adobe did not object to many portions of Mr. Parr's analysis, and Adobe's damages expert expressly agrees in his rebuttal report with several portions of Mr. Parr's report.

While Mr. Parr's profit savings analysis is properly supported, Digital Reg will withdraw that portion of his report and not rely on it at trial to assist the Court in streamlining this litigation. The profits savings analysis is an alternative analysis discussed under *G-P* factor 11 of Mr. Parr's report and can be removed without altering his ultimate opinions. Furthermore, Digital Reg intends to supplement Mr. Parr's report tomorrow to include discussion of and reliance on two additional settlement agreements involving former defendants EA and Symantec, which were recently executed after Mr. Parr submitted his report. This will further support Mr. Parr's quantitative *G-P* factor 1 analysis, which is independent from the profit savings analysis.

Even assuming *arguendo* that the Court strikes Mr. Parr's report in its entirety, the appropriate remedy is to permit Digital Reg to submit a revised report to cure any deficiencies. Following Chief Judge Rader's example in *Cornell Univ. v. Hewlett-Packard Co.*, 609 F. Supp. 2d 279, 284 (N.D.N.Y. 2009), this is the remedy that this Court has repeatedly ordered to prevent a due process violation. Indeed, this is the exact remedy ordered in the case mistakenly cited by Adobe. *See Golden Bridge Tech. v. Apple, Inc.*, 2014 WL 2194501, at *7 (N.D. Cal. May 18, 2014); *see also Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2013 WL 4538210, at *5 (N.D. Cal. Aug. 22, 2013), attached as Exs. A & B. Further, to avoid any claim of prejudice, Digital Reg is willing to structure the trial so that the jury hears plaintiff's case in chief regarding liability (including Adobe's technical expert), defendant's case in chief, and then plaintiff's case in chief regarding damages (including Adobe's damages expert) and any outstanding rebuttal.

August 14, 2014
Page 2



> Respectfully submitted,
>
> */s/ Andrew G. DiNovo*
>
> Andrew G. DiNovo

### ATTESTATION OF E-FILER

In compliance with Local Rule 5-1(i), the undersigned ECF user filing this document, hereby attests that each signatory of this document has concurred in the filing of this document.

> */s/ W. Paul Schuck*
> W. Paul Schuck