IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-1971 CW<br><br>ORDER ON MOTIONS TO SEAL (Docket Nos. 468, 503, 515, 522, 523, 524, 537, 539, 541, 556, 560, 564) |

Before the Court are numerous administrative motions to seal filed by both parties.

Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id.

A party seeking to seal records attached to a dispositive motion bears the burden of establishing that "compelling reasons supported by specific factual findings that outweigh the general

history of access and the public policies favoring disclosure." Id. at 1178-79.  This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Id. at 1179.

The strong presumption in favor of access does not apply with equal force to non-dispositive materials, which may be only "tangentially related" to the underlying cause of action. Id. at 1179-80.  A party seeking to seal non-dispositive materials must show good cause exists by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. Id.; Fed. R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential harm" will not suffice. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

The Court provides the following rulings on the parties' motions to seal, as articulated in the table below.

| Docket No. | Ruling |
|---|---|
| 468 | Digital Reg seeks to seal portions of its Response to Symantec's Motion to Strike Devanbu's Expert Report and its supporting exhibits.  These portions discuss materials designated by Symantec as "Highly Confidential."  Because Symantec failed to file a supporting declaration as required by Civil Local Rule 79-5(e), the motion to seal is DENIED. |

2

| | | |
|---|---|---|
| 503 | | Ubisoft requests that portions of its Motion for Leave to File Third-Party Complaint and associated documents be filed under seal.  This motion is DENIED as moot.  The underlying motion was denied as moot, see Docket No. 575, and so these documents need not be filed under seal or otherwise. |
| 515 | | Digital Reg seeks to seal portions of its Response to Ubisoft's Motion for Leave to File Third-Party Complaint and supporting documents.  Because the underlying motion was denied as moot, see above, these documents need not be filed under seal or otherwise. |
| 522 | | Ubisoft moves to seal parts of its Claim Construction and Summary Judgment Brief, along with supporting documents.  This request is DENIED because it is not narrowly-tailored to cover only information for which there are compelling reasons to keep under seal.  The Wicker infringement report is not sealable in full; only portions discussing source code or otherwise confidential information that Ubisoft demonstrates would harm the company if |

| | | |
|---|---|---|
| | | revealed (such as certain financial terms) may be sealed.  The same is true of the Valve Settlement Agreement; some of the language of the Agreement was crucial to the Court's order.  See <u>Apple Inc. v. Samsung Electronics Co.</u>, 727 F.3d 1214, 1222 (Fed. Cir. 2013).  The Valve Settlement Agreement therefore cannot be sealed in full, although "pricing terms, royalty rates, and guaranteed minimum payment terms" are likely to be sealable.  <u>In re Elec. Arts, Inc.</u>, 298 F. App'x 568, 569 (9th Cir. 2008).  Digital Reg, the designating party, failed to file a declaration establish that this Agreement is sealable.  Ubisoft and Digital Reg may resubmit a modified and narrowly-tailored version of this sealing request no later than seven days from the issuance of this order. |
| | 523 | Adobe seeks permission to seal (1) documents designated by Digital Reg as "Highly Confidential" (Exhibits 2, 14, 17); and (2) documents Adobe claims to cover its trade secret or confidential financial information (Exhibits 3, 4, 5, 7, 8, 10, 13, 21, 22, 30, 31, 32, 33). |

4

| | | |
|---|---|---|
| | | The request to seal the first category of documents is DENIED because Digital Reg failed to file a supporting declaration. The request to seal the second category is GRANTED because, for the most part, Adobe limits its request to only source code or otherwise confidential information. |
| | 524 | Symantec seeks to seal portions of its Motion for Summary Judgment and Responsive Claim Construction Brief and accompanying exhibits.  This request is DENIED for failure to narrowly tailor the request to cover only sealable information.  For example, Symantec seeks to redact portions of the brief that only generally describe Symantec's "nagware" and do not describe specifically its source code or functionality.  Much of this information was crucial to the Court's order.  Moreover, this information is general and would not help would-be "hackers," and thus would not be detrimental to Symantec if disclosed, contrary to Symantec's allegations. |
| | 537 | Digital Reg requests leave to seal portions of its Response to Ubisoft's |

| | |
|---|---|
| | Claim Construction Brief and Motion for Summary Judgment, along with supporting exhibits.  Digital Reg states that the information sought to be sealed was designated confidential by Ubisoft.  Ubisoft filed a declaration supporting this motion.  Because the majority of the request is narrowly tailored to cover Ubisoft's confidential server and detailed source code functionalities, it is GRANTED except as to Exhibit Q.  The motion is DENIED as to Exhibit Q, or the Valve Settlement Agreement, for the same reasons as stated above.  The Agreement is not sealable in full; the request is not narrowly tailored to cover only confidential information. |
| 539 | Digital Reg asks that information contained in its Response to Symantec's Motion for Summary Judgment and Responsive Claim Construction Brief be redacted.  This information was designated confidential by Symantec.  Symantec's declaration states that, with the exception of Exhibits J and K, the information is sealable.  The Court GRANTS this request as to the Response |

6

| | | |
|---|---|---|
| | | itself, but DENIES the request as to the supporting exhibits, because it is not narrowly tailored to redact only sealable information.  Symantec may submit a revised, narrowly tailored request within seven days of the issuance of this order. |
| | 541 | Digital Reg seeks to seal portions of its Response to Adobe's Claim Construction Brief and Motion for Summary Judgment and supporting exhibits on the basis that they contain information designated as confidential by Adobe.  Adobe filed a supporting declaration.  Regarding Exhibit A, Adobe requested that its narrowly tailored redacted versions be filed.  This request is GRANTED.  Regarding Exhibits C and D, Adobe does not oppose filing these documents in the public record and so the request to seal is DENIED as moot.  Regarding Exhibits F and G, the request is not narrowly tailored to cover only sealable information, so it is DENIED.  Regarding Exhibits I, J, and K, the fact that it was marked confidential does not mean that it is sealable, so the request to seal is DENIED.  Adobe's Software License |

| | |
|---|---|
| | Agreements are likely made available publicly to users, and so they will not be sealed.  Exhibits L-1 through L-6 contain detailed descriptions of Adobe's products, and so the request to seal is GRANTED.  Adobe does not object to Exhibit L-7 being filed in the public record, and so the request to seal is DENIED as moot.  Some portions of Digital Reg's brief improperly redact public information, as detailed in the rulings above, and so the request to seal is GRANTED in part.  Digital Reg must file a version of its brief complying with the rulings above. |
| 556 | Symantec and Ubisoft file a motion to redact portions of Defendants' Summary Judgment and Responsive Claim Construction Brief.  This request is DENIED because it not narrowly tailored to cover only sealable information.  For example, general descriptions of Symantec's "nagware" and Ubisoft's Uplay software, Ubisoft's distributors, and expert admissions about the parties' infringement positions are not sealable.  Nor are crucial terms of the Valve |

| | |
|---|---|
| | License Agreement.  Symantec and Ubisoft may submit a revised request no later than seven days after the issuance of this order. |
| 560 | Digital Reg moves to seal portions of its Response to Defendants' Summary Judgment and Responsive Claim Construction Brief, along with numerous exhibits containing information that was designated as confidential by Defendants.  Regarding the Adobe-related exhibits, the motion is GRANTED as to Exhibit 9 and 19; DENIED as to Exhibits 16, 17, 18, which are publicly available documents; DENIED as to Exhibits 13 and 14 for failure to narrowly tailor the request and lack of support from Ubisoft, the designating party; and DENIED as moot as to Exhibits 11, 12.  Regarding Symantec-related exhibits, the motion is GRANTED as to Exhibits 26, 27, and 48; DENIED as to Exhibits 23, 24, 25, 28, 29 for failure to narrowly tailor the request; and DENIED as moot as to Exhibits 30 and 31 because Symantec does not oppose filing these documents publicly.  Regarding Ubisoft-related exhibits, the motion is |

9

| | |
|---|---|
| | GRANTED as to Exhibits 34, 35, 36, 37, 43, 44, 45, 46, 47; but DENIED as to Exhibits 32, 33, 38, and 39 for failure to narrowly tailor the request. Exhibit 41 is the Valve Settlement Agreement and the request to seal is DENIED for the reasons stated previously in this order. The motion to seal the brief is GRANTED in part according to the ruling on the exhibits above. |
| 564 | Defendants seek to seal information that Digital Reg designated as "Highly Confidential." Digital Reg never submitted a supporting declaration, and in any event the information does not appear to be sealable, so the request is DENIED. |

   IT IS SO ORDERED.

Dated: 9/3/2014

CLAUDIA WILKEN
United States District Judge