VOLUME 10

PAGES 1663 – 1689

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIGITAL REG OF TEXAS, LLC     )
                              )
            PLAINTIFF,        )    NO. C-12-1971 CW
                              )
 VS.                          )    MONDAY, SEPTEMBER 8, 2014
                              )
ADOBE SYSTEMS, INC., ET AL.,) OAKLAND, CALIFORNIA
                              )
            DEFENDANTS.       )    JURY TRIAL
_____)


BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**          DINOVO, PRICE, ELLWANGER & HARDY LLP
                            7000 NORTH MOPAC EXPRESSWAY, SUITE 350
                            AUSTIN, TEXAS 78731
                   BY:  ANDREW G. DINOVO, ESQUIRE
                        ADAM G. PRICE, ESQUIRE
                        GREGORY DONAHUE, ESQUIRE
                        JAY D. ELLWANGER, ESQUIRE
                        NICOLE E. GLAUSER, ESQUIRE


                            BARTKO ZANKEL BUNZEL MILLER
                            ONE EMBARCADERO CENTER, SUITE 800
                            SAN FRANCISCO, CALIFORNIA 942111
                   BY:  W. PAUL SCHUCK, ESQUIRE


**ALSO PRESENT:**          MICHAEL FARLEY, COMPANY REPRESENTATIVE

                    (APPEARANCES CONTINUED)

**REPORTED BY:**           DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                            OFFICIAL COURT REPORTER
        TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

1

2

3

4   **FOR DEFENDANT**            WEILL, GOTSHAL & MANGES, LLP
    **ADOBE SYSTEMS:**          201 REDWOOD SHORES PARKWAY
5                               REDWOOD SHORES, CALIFORNIA 94065
                          BY:   EDWARD R. REINES, ESQUIRE
6                               SONAL N. MEHTA, ESQUIRE
                                BYRON BEEBE, ESQUIRE
7

8   **ALSO PRESENT:**           KAREN ROBINSON, IN-HOUSE COUNSEL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | <u>MONDAY, SEPTEMBER 8, 2014</u>                    <u>8:35 A.M.</u> |
| 2 |                    P R O C E E D I N G S |
| 3 |         **THE CLERK:**  REMAIN SEATED.  COME TO ORDER.  COURT IS |
| 4 | IN SESSION. |
| 5 |            **THE COURT:**  GOOD MORNING. |
| 6 |         **MR. ELLWANGER:**  GOOD MORNING. |
| 7 |         **MR. REINES:**  GOOD MORNING. |
| 8 |      (PROCEEDINGS HELD IN THE PRESENCE OF THE JURY.) |
| 9 |         **THE COURT:**  PLEASE BE SEATED. |
| 10 |      GOOD MORNING, LADIES AND GENTLEMEN.  YOU HAD ASKED TO |
| 11 | REVIEW THE PATENT VIDEO, SO WE HAVE THAT READY TO GO FOR YOU. |
| 12 |                    (VIDEO PLAYED.) |
| 13 |         **THE COURT:**  ALL RIGHT. |
| 14 |      YOU ARE EXCUSED THEN TO CONTINUE YOUR DELIBERATIONS. |
| 15 |      HOPE YOU HAD A GOOD WEEKEND. |
| 16 |      (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.) |
| 17 |         **THE COURT:**  ALL RIGHT. |
| 18 |      (RECESSED AT 8:50 A.M.; RESUMED AT 9:35 A.M.) |
| 19 |      (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.) |
| 20 |         **THE CLERK:**  REMAIN SEATED.  COME TO ORDER.  THIS |
| 21 | COURT IS BACK IN SESSION. |
| 22 |         **THE COURT:**  SO WE HAVE A QUESTION:  "IF A SPECIFIC |
| 23 | CLAIM OF A PATENT IS INVALID, CAN THERE STILL BE INFRINGEMENT |
| 24 | ON THAT CLAIM?" |
| 25 |      AND I GATHER YOU WERE UNABLE TO AGREE ON THE ANSWER TO |

1　THIS QUESTION.  WHAT ARE YOUR RESPECTIVE PROPOSALS?

2　　　　　　**MR. ELLWANGER:**  YOUR HONOR --

3　　　　　　**MR. REINES:**  YOUR HONOR --

4　　　　　**THE COURT:**  WE WILL START WITH THE PLAINTIFF.

5　　　　　**MR. ELLWANGER:**  YES, YOUR HONOR.

6　　WE WOULD PROPOSE THAT THE JURY VERDICT FORM NOT BE

7　ALTERED.  THERE WAS NO OBJECTION TO THE ORDER OF THE

8　QUESTIONS.

9　　AND WE WOULD PROPOSE THAT THE ANSWER BE:  "YES, YOU NEED

10　TO ANSWER QUESTIONS, 1, 2, 3, AND 4 OF THE VERDICT FORM

11　REGARDLESS OF YOUR ANSWER TO ANY PARTICULAR QUESTION."

12　　THE CLAIM COULD BE FOUND BOTH INFRINGED AND INVALID, AND

13　SHOULD THERE BE AN APPEAL OF THIS MATTER, A FINDING OF

14　INFRINGEMENT SHOULD THE VALIDITY POSITION BE OVERTURNED, COULD

15　SAVE THIS COURT THE TIME OF A RETRIAL ON AN INFRINGEMENT ISSUE

16　WHERE THE JURY'S ALREADY ISSUED ITS FINDING.

17　　BECAUSE THERE WAS NO OBJECTION TO THE LAYOUT OF THE FORM

18　AND IT IS CLEAR FROM THE FORM THAT THE JURORS HAVE THAT BOTH

19　1, 2, 3 AND 4 ALL NEED TO BE ANSWERED, AND THEN THERE IS AN

20　INSTRUCTION AS TO WHAT TO DO AFTER YOU'VE ANSWERED ALL THOSE

21　QUESTIONS BEFORE YOU GET TO DAMAGES, WE THINK THE VERDICT FORM

22　SHOULD NOT BE ALTERED.

23　　　　　　**MR. REINES:**  THANK YOU, YOUR HONOR.

24　　THAT PROPOSAL CAUSES CONCERN BECAUSE GIVEN THE COMPOSITION

25　OF THE JURY AND THE AMOUNT OF TIME THEY HAVE BEEN OUT ALREADY,

1　I DON'T THINK WE SHOULD BE REQUIRING THEM TO ANSWER

2　UNNECESSARY QUESTIONS.  IT COULD LEAD TO AN EXTENSION OF THE

3　TIME AND POTENTIAL PERCEPTION IN THE JURY ROOM THAT THERE'S A

4　HUNG JUROR.

5　    WHAT I WOULD PROPOSE IS THE FOLLOWING:  "IF A CLAIM IS

6　INVALID, THERE CAN BE NO LIABILITY FOR INFRINGEMENT.  SO, YOU

7　NEED NOT ADDRESS THE INFRINGEMENT QUESTION FOR THAT PARTICULAR

8　CLAIM."

9　    WHICH IS ACCURATE, CONSISTENT WITH THE LAW, AND DOESN'T

10　HAVE THE JURY DEBATING QUESTIONS THAT ARE UNNECESSARY TO THE

11　POINT OF POTENTIAL CONFLICT.

12　    **THE COURT:**  WELL, I THINK WHAT I WILL TELL THEM IS,

13　IF A CLAIM IS INVALID, IT IS NOT NECESSARY TO DETERMINE

14　WHETHER IT'S BEEN INFRINGED BECAUSE IT'S INVALID.  HOWEVER, IT

15　COULD BE HELPFUL TO THE COURT FOR FUTURE REFERENCE.  IF YOU

16　ARE ABLE TO REACH AGREEMENT ON INFRINGEMENT, PLEASE DO SO.  IF

17　YOU'RE UNABLE TO REACH AGREEMENT ON INFRINGEMENT, OR HAVE NOT

18　DONE SO BUT HAVE REACHED AGREEMENT ON VALIDITY, YOU MAY RETURN

19　THAT VERDICT.

20　    OBVIOUSLY I WOULD SAY IT A LITTLE BETTER THAN THAT, BUT

21　SOMETHING ALONG THOSE LINES.  IF THEY -- BECAUSE IF THEY

22　ALREADY KNOW THAT IT IS OR ISN'T INFRINGED, WE MIGHT AS WELL

23　FIND OUT.  IT CAN'T HURT.

24　    IF THAT'S GOING TO CAUSE THEM TO HANG UP, THEN YOU'RE

25　RIGHT, I DON'T WANT THEM TO HANG UP OVER THAT.  SO THAT WOULD

1    BE THE MESSAGE I WOULD BE TRYING TO GET ACROSS TO THEM.

2         **MR. REINES:**  I THINK YOURS IS SUPERIOR TO BOTH

3    OPTIONS.

4         **MR. ELLWANGER:**  I WOULD PERHAPS THEN SUGGEST FLIPPING

5    IT, YOUR HONOR.  INVALIDITY IS A DEFENSE TO INFRINGEMENT.

6    IT'S SOMETHING THAT THEY ARE GOING TO GET TO AFTER THEY'VE

7    FOUND --

8         **THE COURT:**  JURIES DON'T ALWAYS DO THINGS IN THE

9    ORDER IN THE VERDICT FORM.

10        **MR. ELLWANGER:**  IF YOUR HONOR CAN PERHAPS FLIP THE

11   SENTENCES THAT YOU JUST STATED SO THAT THE HELPFULNESS TO THE

12   COURT IS LAID OUT FIRST, AND THEN THE ANSWER TO, IF IT'S

13   INVALID, THERE NEED NOT BE INFRINGEMENT.  PERHAPS THAT MIGHT

14   ALLAY SOME CONCERNS THAT PLAINTIFF HAS.

15        **MR. REINES:**  THE --

16        **MR. ELLWANGER:**  WE WOULD STILL MAINTAIN THAT OUR

17   PREFERENCE WOULD BE TO GO WITH OUR QUESTION -- RESPONSE, YOUR

18   HONOR.

19        **MR. REINES:**  THAT IGNORES THE FACT THAT WE HAVE

20   AFFIRMATIVE CLAIMS FOR INVALIDITY IN THIS CASE.

21        **THE COURT:**  THAT WE HAVE WHAT?

22        **MR. REINES:**  AFFIRMATIVE CLAIMS FOR INVALIDITY.  WE

23   ARE ASSERTING INVALIDITY NOT JUST AS A DEFENSE, BUT FOR BIGGER

24   ISSUES.

25        **THE COURT:**  IT'S ALSO COMPLICATED BECAUSE WE DON'T

```
1    KNOW WHETHER THEY HAVE FOUND ALL OF THE CLAIMS INVALID OR ONLY

2    SOME OF THEM, AND THE ONES THAT AREN'T INVALID, THEY DO NEED

3    TO DO INFRINGEMENT, ALTHOUGH THEY SEEM TO GET THAT.

4              MR. REINES:  THAT'S WHY I SAID FOR THAT PARTICULAR

5    CLAIM IS THE KIND OF LANGUAGE --

6              THE COURT:  LET ME GO TRY TO WRITE SOMETHING OUT.  I

7    WILL SEND IT OUT AND SEE WHAT YOU THINK.

8              MR. ELLWANGER:  DO YOU WANT US TO STAY HERE, YOUR

9    HONOR?

10             THE COURT:  YES, UNLESS YOU DON'T CARE WHAT I SAY.

11             MR. ELLWANGER:  NO, NO.  I DIDN'T KNOW IF YOU WANTED

12   US IN THE LAWYER ROOM.

13                  (PAUSE IN THE PROCEEDINGS.)

14             THE CLERK:  REMAIN SEATED.  COME TO ORDER.  COURT IS

15   BACK IN SESSION.

16                  (DOCUMENT HANDED TO COUNSEL.)

17             THE COURT:  HOW DOES THAT SOUND?

18             MR. REINES:  YOUR HONOR, I HAVE TWO ISSUES WITH IT.

19   I KIND OF PREFERRED WHAT THE COURT HAD SAID BEFORE.

20      ONE IS THE "OCCASIONALLY" SENTENCE.

21             THE COURT:  WE LIKE TO SAY IT'S OCCASIONAL.  WHAT DO

22   YOU WANT ME TO SAY, HALF THE TIME, WHICH IS PROBABLY MORE

23   TRUE.

24             MR. REINES:  WELL, GETTING IT TO THE APPELLATE

25   PROCESS AND SPECULATING ON FREQUENCY OF REVERSAL AND JUST
```

1    HAVING THEM SPECULATE WHAT HAPPENS ON APPEAL, ALL OF THAT

2    DOESN'T MAKE SENSE.

3         THE COURT:  I COULD SAY INVALIDITY VERDICTS CAN BE

4    REVERSED ON APPEAL.

5         MR. REINES:  I REALLY DON'T SEE -- I MEAN, JUST IN MY

6    EXPERIENCE, GETTING THEM INVOLVED IN WHAT THE APPELLATE

7    PROCESS IS.

8         THE COURT:  YOU ARE SAYING I SHOULDN'T SAY ANYTHING

9    ABOUT IT.

10        MR. REINES:  NO, I THINK --

11        THE COURT:  IT DOESN'T MAKE ANY SENSE.  WHY AM I

12   ASKING THEM TO DO IT THEN?

13        MR. REINES:  THERE'S A LOT OF THINGS YOU ASK THEM TO

14   DO THAT THEY PROBABLY DON'T UNDERSTAND, RIGHT?

15        THE COURT:  I GUESS THAT'S PROBABLY TRUE.

16        MR. REINES:  IT'S NOT THAT IT DOESN'T MAKE SENSE, BUT

17   YOU ARE NOT GIVING THE UNDERLYING RATIONALE, WHICH IS

18   DIFFERENT THAN SAYING THAT IT DOESN'T MAKE SENSE.

19      WHAT I WOULD DO, WHICH IS, ON THE OTHER HAND, IF YOU'VE

20   DECIDED INFRINGEMENT OF THAT CLAIM, IT, RATHER THAN WOULD, IT

21   COULD BE HELPFUL TO THE COURT TO KNOW YOUR DECISION.

22        THE COURT:  OKAY.  I GUESS I COULD DO THAT.  JUST

23   CROSS OUT THE SENTENCE?

24        MR. REINES:  I THINK SPECULATING ABOUT THE APPEAL AND

25   GETTING THEM INVOLVED IN THAT --

1       **MR. ELLWANGER:** YOUR HONOR, WE WOULD DISAGREE. THIS

2  IS POINTING OUT THE FLAW IN THIS ENTIRE APPROACH.

3       FOR THAT REASON WE WOULD ACTUALLY STEER YOU TO THE

4  NORTHERN DISTRICT OF CALIFORNIA MODEL VERDICT FORM, YOUR

5  HONOR. IT SAYS, THE VERY FIRST LINE: "THE QUESTIONS

6  REGARDING INFRINGEMENT SHOULD BE ANSWERED REGARDLESS OF YOUR

7  FINDINGS WITH RESPECT TO THE VALIDITY OR INVALIDITY OF THE

8  PATENT."

9       THE REASON THAT'S IN THERE, YOUR HONOR, IS TO AVOID THIS

10  WHOLE QUESTION OF COULD BE HELPFUL, WOULD BE HELPFUL, TALKING

11  ABOUT APPEALS. IF THEY CAN REACH A UNANIMOUS VERDICT ON

12  INFRINGEMENT, THEN THEY SHOULD.

13       IF THEY CAN'T AND ARE HUNG, THEN WE CAN KNOW THAT. THEN

14  WE CAN HAVE A RETRIAL ON INFRINGEMENT, IF WE HAVE TO, BUT WE

15  THINK REALLY IT NEEDS TO SAY, "IF YOU CAN REACH UNANIMOUS

16  VERDICT ON INFRINGEMENT, YOU MUST."

17       **THE COURT:** WHAT WOULD WE BE DOING ABOUT DAMAGES?

18       **MR. ELLWANGER:** AGAIN, I THINK THE INSTRUCTION ON

19  SAYING THAT THE PATENT IS FOUND TO BE INVALID, THEN THERE CAN

20  BE NO DAMAGES IS ACCURATE. BUT THERE IS CERTAINLY INSTANCES,

21  EVEN I THINK LAST WEEK IN EAST TEXAS WHERE THERE WAS A RETRIAL

22  ORDERED ON DAMAGES BECAUSE THE JURY WAS HUNG ON DAMAGES BUT

23  THEY EARLIER FOUND INFRINGEMENT. SO THE RETRIAL WAS LIMITED

24  TO JUST THAT ONE ISSUE.

25       IF WE DON'T HAVE THEM ANSWER THIS, LIKE THE VERDICT FORM

1    SAYS THEY SHOULD, THEN THERE IS THE POSSIBILITY THAT WE WOULD

2    BE BACK HERE TRYING INFRINGEMENT AGAIN ON THAT CLAIM WHEN WE

3    DON'T HAVE TO AND WHEN THE MODEL RULES SAY WE SHOULDN'T HAVE

4    TO.

5         **MR. REINES:**  THE MUST IS FAR TOO STRONG FOR THAT

6    BECAUSE -- ESPECIALLY THEY WANT MORE REQUEST FORMS TO SEND

7    MORE NOTES OUT?  IT SEEMS TO ME THAT IF THEY CAN FIGURE A WAY

8    TO GET TO A VERDICT THAT IS LEGALLY SOUND, WHICH INVALIDITY

9    WOULD BE --

10        **THE COURT:**  I COULD SAY, IF A SPECIFIC CLAIM OF A

11   PATENT IS INVALID, IT DOES NOT MATTER IF IT IS INFRINGED.  NO

12   DAMAGES COULD BE AWARDED FOR INFRINGING A VALID CLAIM.  SO, IF

13   YOU HAVE FOUND A SPECIFIC CLAIM TO BE INVALID AND CANNOT AGREE

14   WHETHER IT HAS BEEN INFRINGED, YOU MAY DECIDE INVALIDITY

15   WITHOUT DECIDING INFRINGEMENT OF THAT CLAIM.

16     ON THE OTHER HAND, IF YOU ARE ABLE TO AGREE WITH RESPECT

17   TO INFRINGEMENT OF THAT CLAIM, IT WOULD BE HELPFUL TO THE

18   COURT TO KNOW YOUR DECISION.

19        **MR. REINES:**  COULD BE --

20        **THE COURT:**  AND THEN CROSS OUT THE NEXT SENTENCE.

21        **MR. REINES:**  I WOULD JUST SAY COULD.

22        **MR. ELLWANGER:**  WE WOULD ALSO REQUEST TO HEAR HOW

23   THAT READS WITHOUT THAT FIRST SENTENCE.  I THINK THE FIRST

24   SENTENCE IS CREATING AN ISSUE THAT IT NEED NOT.

25        **MR. REINES:**  THAT'S AN ACCURATE STATEMENT OF THE LAW

1    FOR WHICH I CAN PROVIDE AUTHORITY.

2        CREATING ANY CONFUSION ABOUT WHETHER AN INVALID CLAIM CAN

3    BE THE BASIS FOR A DAMAGE AWARD IS NOT SENSIBLE.

4            **THE COURT:**  WHAT DID YOU SAY?  YOU WANT ME TO READ IT

5    WITHOUT THE FIRST SENTENCE?

6            **MR. ELLWANGER:**  WELL, I THINK THAT THAT MAY CLEAR UP

7    SOME OF THE ISSUES.  THE VERDICT FORM IS ALREADY CLEAR, YOUR

8    HONOR, THAT IF THEY DO NOT ANSWER THAT IT IS INFRINGED AND

9    VALID, THEN THEY NEVER REACH THE DAMAGES QUESTION WITH RESPECT

10   TO THAT CLAIM.

11       SO WE ARE ADDING CONFUSION TO A VERDICT FORM THAT HAS BEEN

12   APPROVED BY BOTH PARTIES AND CONFORMS WITH THE RULES -- WITH

13   THE MODEL RULES OF THIS DISTRICT.

14       THERE WAS NO OBJECTION TO THE ORDER OF THESE QUESTIONS OR

15   THE INSTRUCTION BEFORE NUMBER 5 ON DAMAGES BEFORE THIS PROCESS

16   BEGAN.

17           **THE COURT:**  OKAY.  IT'S A NON SEQUITUR.  YOU WANT ME

18   TO READ IT WITHOUT THE FIRST SENTENCE?  THE FIRST SENTENCE

19   DOESN'T SAY ANYTHING ABOUT DAMAGES.

20       I'M HAPPY TO READ IT WITHOUT ANY SENTENCES YOU WANT ME TO

21   READ IT WITHOUT.  OR YOU HAVE A COPY THERE, YOU CAN READ IT TO

22   YOURSELF, BUT I'M NOT CLEAR ON YOUR POINT.

23       WHAT I'M NOW PROPOSING TO SAY IS:  IF A SPECIFIC CLAIM OF

24   A PATENT IS INVALID, IT DOES NOT MATTER IF IT IS INFRINGED.

25   NO DAMAGES COULD BE AWARDED FOR INFRINGING AN INVALID CLAIM.

1    SO, IF YOU HAVE FOUND A SPECIFIC CLAIM TO BE INVALID AND

2    CANNOT AGREE WHETHER IT HAS BEEN INFRINGED, YOU MAY DECIDE

3    INVALIDITY WITHOUT DECIDING INFRINGEMENT OF THAT CLAIM.

4        ON THE OTHER HAND, IF YOU CAN AGREE ON INFRINGEMENT OF

5    THAT CLAIM, IT WOULD BE HELPFUL TO THE COURT TO KNOW YOUR

6    DECISION.  YOU NEED NOT DETERMINE DAMAGES WITH REGARD TO ANY

7    INVALID CLAIMS.

8            **MR. REINES:**  THE ONLY THING I WOULD ADD, YOUR HONOR,

9    IS IN FRONT OF INFRINGEMENT, WHETHER THERE IS INFRINGEMENT.

10   JUST SO IT'S CLEAR THAT IT'S A QUESTION NOT "A".

11           **THE COURT:**  THE WORD INFRINGED --

12           **MR. REINES:**  ON THE OTHER HAND, IF YOU'VE DECIDED

13   WHETHER THERE IS.

14           **MR. ELLWANGER:**  WE ALSO HAVE TWO EDITS WE WOULD

15   SUGGEST, YOUR HONOR, ALTHOUGH, AGAIN, STANDING ON THE FACT

16   THAT WE DON'T THINK THAT THIS VERDICT FORM SHOULD BE CHANGED,

17   BUT IN THE FIRST --

18           **THE COURT:**  I'M NOT CHANGING THE VERDICT FORM, I'M

19   JUST ANSWERING THEIR QUESTION.

20       GO ON.

21           **MR. ELLWANGER:**  THE FIRST SENTENCE WHERE IT SAYS, IT

22   DOES NOT MATTER IF IT IS INFRINGED.  WE BELIEVE IT COULD

23   CHANGE TO SAY, IF THE SPECIFIC CLAIM OF A PATENT IS INVALID IT

24   IS NOT INFRINGED AS OPPOSED TO IT DOES NOT MATTER IF.  CUTTING

25   THAT PHRASE.

1        **THE COURT:**  I'M NOT SURE THAT'S A TRUE STATEMENT.

2   INFRINGING MEANS IT PRACTICES THE CLAIMS.  EVEN IF IT'S

3   INVALID, IF IT PRACTICES THE CLAIMS, IT PRACTICES THE CLAIMS.

4   I'M NOT SURE IT'S STRICTLY SPEAKING LINGUISTICALLY CORRECT TO

5   SAY IT'S NOT INFRINGED.

6        **MR. ELLWANGER:**  IN THE FOURTH LINE, YOUR HONOR, WE

7   WOULD ALSO ASK, ON THE OTHER HAND, INSTEAD OF IT WOULD BE

8   HELPFUL TO THE COURT, THE COURT SHOULD KNOW YOUR DECISION.  IF

9   YOU CAN REACH A UNANIMOUS CLAIM, THE COURT SHOULD KNOW YOUR

10  DECISION.

11       **THE COURT:**  OKAY.

12       **MR. REINES:**  CAN YOU REPEAT WHAT YOU HAVE FOR THE ON

13  THE OTHER HAND SENTENCE AT THIS POINT?

14       **THE COURT:**  IF A SPECIFIC CLAIM OF A PATENT IS

15  INVALID, IT DOES NOT MATTER IF IT IS INFRINGED.  NO DAMAGES

16  COULD BE AWARDED FOR INFRINGING AN INVALID CLAIM.

17     SO, IF YOU HAVE FOUND A SPECIFIC CLAIM TO BE INVALID AND

18  CANNOT AGREE WHETHER IT HAS BEEN INFRINGED, YOU MAY DECIDE

19  INVALIDITY WITHOUT DECIDING INFRINGEMENT OF THAT CLAIM.  ON

20  THE OTHER HAND, IF YOU CAN AGREE WHETHER THERE IS INFRINGEMENT

21  OF THAT CLAIM, THE COURT SHOULD KNOW YOUR DECISION.  YOU NEED

22  NOT DETERMINE DAMAGES WITH RESPECT TO ANY INVALID CLAIMS.

23       **MR. REINES:**  THAT'S FINE.

24       **THE COURT:**  THEY MAY NOT EVEN BE ASKING ABOUT THE

25  HANG QUESTION.  THEY MAY JUST BE CURIOUS.

1          **MR. ELLWANGER:**  WELL, AND ACTUALLY, YOUR HONOR, THIS

2     MAY BE CLEARED UP IF WE BEGIN WITH THE SENTENCE THAT YOU START

3     "SO", OBVIOUSLY DROPPING THE "SO".  BUT JUST BEGINNING, IF YOU

4     HAVE FOUND A SPECIFIC CLAIM TO BE INVALID AND CANNOT AGREE

5     WHETHER IT HAS BEEN INFRINGED, YOU MAY DECIDE INVALIDITY

6     WITHOUT DECIDING INFRINGEMENT OF THAT CLAIM.

7          **THE COURT:**  RIGHT, BUT THAT DOESN'T ANSWER THEIR

8     QUESTION.

9          **MR. REINES:**  IT DOESN'T ANSWER THE QUESTION.  THAT'S

10    THE PROBLEM.

11         **THE COURT:**  IT'S SORT OF LIKE A NON SEQUITUR.  THEY

12    DIDN'T SAY THEY COULDN'T AGREE ON SOMETHING.  THEY ASKED A

13    QUESTION.  AND THE ANSWER TO THE QUESTION IS THAT IT DOESN'T

14    MATTER.  THERE COULD BE INFRINGEMENT LINGUISTICALLY,

15    THEORETICALLY, BUT IT WOULDN'T MATTER.

16         **MR. ELLWANGER:**  WE WOULD ARGUE THAT IT DOES MATTER

17    BECAUSE OF THE APPELLATE ISSUE.  WE DON'T NEED TO TELL THE

18    JURY THAT, BUT BY ELIMINATING THAT AND BEGINNING IF YOU HAVE

19    FOUND A SPECIFIC CLAIM TO BE INVALID, IT TAKES CARE OF THAT

20    ISSUE BY STARTING THERE.

21         AND IT STILL DOES ANSWER THE QUESTION BECAUSE IT SAYS, IF

22    YOU HAVE FOUND A SPECIFIC CLAIM TO BE INVALID AND CANNOT AGREE

23    WHETHER IT HAS BEEN INFRINGED, YOU MAY DECIDE INVALIDITY

24    WITHOUT DECIDING INFRINGEMENT OF THAT CLAIM --

25         **THE COURT:**  THAT MAY NOT BE THEIR QUESTION.  THEY

1    DON'T SAY ANYTHING ABOUT NOT BEING ABLE TO DECIDE.  THEY MAY

2    WELL HAVE DECIDED ALL OF THE INFRINGEMENT CLAIMS AND THEN GOT

3    TO INVALIDITY AND THOUGHT WHAT ARE WE THINKING HERE.

4        WE JUST -- WE'RE ASSUMING THAT THEY HAVE A FAILURE TO

5    AGREE PROBLEM, BUT WE DON'T KNOW THAT.  THEY DON'T SAY THAT.

6    THEY MAY JUST BE CURIOUS.

7            **MR. ELLWANGER:**  I MEAN, PART OF THAT, YOUR HONOR,

8    THOUGH, IS THEY ALSO DON'T ASK ABOUT DAMAGES.  THE FIRST TWO

9    SENTENCES DEAL WITH THE FACT THAT DAMAGES CAN'T BE AWARDED FOR

10   INFRINGING AN INVALID CLAIM.  SO THAT'S ANOTHER STEP OF

11   ANSWERING THE QUESTION THEY HAVEN'T YET ASKED.  WE THINK THE

12   LESS OF THAT THE BETTER.

13           **MR. REINES:**  ANYTHING THAT SUGGESTS THERE MIGHT BE

14   DAMAGES ARE AWARDABLE ON AN INVALID CLAIM.

15           **THE COURT:**  I DON'T HAVE TO SAY IT TWICE.

16               (PAUSE IN THE PROCEEDINGS.)

17           **THE COURT:**  SO WHAT DOES INFRINGEMENT ACTUALLY MEAN?

18   WOULD IT BE CORRECT AS A MATTER OF DEFINITION TO SAY YOU

19   INFRINGED AN INVALID CLAIM BECAUSE YOU PRACTICED EVERY ELEMENT

20   OF IT?

21           **MR. ELLWANGER:**  YES.

22           **MR. REINES:**  IT WOULD BE LIABILITY TRIGGERING, BUT I

23   THINK THAT BOTH QUESTIONS CAN BE ANSWERED INDEPENDENTLY.

24           **THE COURT:**  IT WOULD BE LIABILITY TRIGGERING?

25           **MR. REINES:**  THERE COULD NOT BE -- IT CAN NEVER BE

1    LIABILITY TRIGGERING, I THINK EVERYONE AGREES, BUT THEY ARE

2    TWO SEPARATE QUESTIONS.

3            MR. ELLWANGER:  TO ANSWER YOUR HONOR'S QUESTION, YES,

4    YOU CAN INFRINGE AN INVALID CLAIM.

5            MR. REINES:  THE BETTER WAY TO PUT IT IS THERE'S TWO

6    SEPARATE INQUIRIES.

7            MR. ELLWANGER:  ONE IS OUR BURDEN AND ONE IS THEIR'S

8    THAT'S TRUE.

9            THE COURT:  IS THERE, IN THESE INSTRUCTIONS, A

10   DEFINITION OF INFRINGEMENT?

11           MR. ELLWANGER:  IN YOUR INSTRUCTIONS OR IN THE

12   VERDICT FORM?

13           THE COURT:  IN THE INSTRUCTIONS.

14           MR. ELLWANGER:  YES.

15           THE COURT:  WHERE?

16           MR. ELLWANGER:  I READ FROM IT IN CLOSING, YOUR

17   HONOR.  IF YOU CAN -- THERE IS A DISCUSSION OF DIRECT AND

18   INDIRECT INFRINGEMENT.

19           THE COURT:  IS THERE A DEFINITION OF INFRINGEMENT, IS

20   WHAT I AM LOOKING FOR.

21           MR. REINES:  YOU HAVE 271(A) VIOLATION AND THEN YOU

22   HAVE LITERAL INFRINGEMENT.  THERE'S A FEW DIFFERENT INQUIRIES.

23   THERE'S DIRECT INFRINGEMENT, SO THERE'S DIFFERENT SPECIES OF

24   IT.

25           THE COURT:  RIGHT.  BUT I'M ASKING WHETHER IN MY

1    INSTRUCTIONS THAT I ALREADY GAVE THEM, DID I DEFINE FOR THEM

2    WHAT INFRINGEMENT IS.  THAT'S WHAT I'M LOOKING FOR.  IT SEEMS

3    THAT I DIDN'T.

4        I CAN'T FIND IT.  IT IS ALWAYS USEFUL TO BE CONSISTENT.

5            MR. REINES:  THE STANDARD FEDERAL CIRCUIT ANSWER TO

6    AT LEAST THE MAIN PART OF THIS QUESTION IS INVALID CLAIMS

7    CANNOT GIVE RISE TO LIABILITY FOR INFRINGEMENT.  THAT'S WHAT'S

8    REPEATED IN THE CASES.

9        THAT'S IN EXERGEN, MOST RECENT --

10           MR. ELLWANGER:  THERE'S A QUESTION OF LIABILITY, NOT

11    INFRINGEMENT ITSELF.

12           MR. REINES:  YOUR HONOR, YOU DID DEFINE IT IN THE

13    GLOSSARY --

14           THE COURT:  DID OR DID NOT?

15           MR. REINES:  DID.  AND IT COMPLICATES THINGS TO MY

16    EYE A LITTLE BIT BECAUSE THERE'S A FEW SENTENCES, BUT THE

17    FIRST SENTENCE IS, VIOLATION OF A PATENT OCCURRING WHEN

18    SOMEONE MAKES, USES, OR SELLS A PATENTED INVENTION WITHOUT

19    PERMISSION OF THE PATENT HOLDER WITHIN THE UNITED STATES

20    DURING THE TERM OF THE PATENT.

21        THAT'S THE PRIMARY SENTENCE.  AND THEN THERE'S SOME THINGS

22    BREAKING DOWN DIRECT AND OTHERS.  IT'S NOT A VIOLATION OF THE

23    PATENT.  IT IS, HOWEVER, THERE IS -- THEY ARE INDEPENDENT

24    INQUIRIES.  SO YOU CAN ANSWER THE QUESTION OF INFRINGEMENT

25    INDEPENDENT OF VALIDITY.

1          **THE COURT:**  I WAS LOOKING FOR SOMETHING THAT SAID

2     INFRINGEMENT MEANS THAT THE ACCUSED DEVICE PRACTICES EVERY

3     ELEMENT OF THE CLAIM.

4          **MR. ELLWANGER:**  PAGE 8, YOUR HONOR, PATENTS CLAIMED

5     DEFINE, WHAT IS COVERED BY THE PATENT.  YOU MUST DECIDE

6     WHETHER ADOBE HAS USED WITHIN THE UNITED STATES A METHOD

7     COVERED BY A CLAIM OF DIGITAL REG'S PATENTS.  IF ADOBE HAS

8     DONE SO, IT INFRINGES.  YOU MUST CONSIDER EACH OF THE ASSERTED

9     CLAIMS OF THE PATENT INDIVIDUALLY AND DECIDE WHETHER ADOBE

10    PRACTICES EVERY REQUIREMENT OF THAT CLAIM.  IT CONTINUES.

11         **MR. REINES:**  THEN THERE'S THE GLOSSARY ENTRY.

12         **MR. ELLWANGER:**  YOU CONTINUE ON TO SAY, THE CLAIMS AT

13    ISSUE ARE METHOD CLAIMS.  METHOD CLAIMS ARE ONLY INFRINGED

14    WHEN THE CLAIM PROCESS IS PERFORMED, NOT BY THE SALE OF THE

15    APPARATUSES CAPABLE OF THE INFRINGING USE.

16         THERE'S TWO PAGES OF IT, YOUR HONOR.

17         YOUR INSTRUCTIONS ALSO SPECIFICALLY LAY OUT THAT THE

18    JURY'S JOB IS TO DECIDE WHETHER THE ASSERTED CLAIMS OF THE

19    '541 AND '670 PATENTS ARE INVALID AND HAVE BEEN INFRINGED BY

20    ADOBE'S ACCUSED PRODUCTS.  BOTH PRONGS.

21         IF YOU DECIDE THAT ANY CLAIM OF THE ASSERTED PATENT IS NOT

22    INVALID AND HAS BEEN INFRINGED, THEN YOU WILL NEED TO DECIDE

23    THE MONEY DAMAGES.

24         SO IT'S LAID OUT BOTH IN THE VERDICT FORM AND THEIR

25    INSTRUCTIONS.

1    **THE COURT:** SO HOW ABOUT THIS:

2    IF A SPECIFIC CLAIM OF A PATENT IS INVALID, TECHNICALLY IT

3    CAN STILL BE INFRINGED. HOWEVER, THERE CAN BE NO LIABILITY OR

4    DAMAGES FOR INFRINGING AN INVALID CLAIM.

5    SO, IF YOU HAVE FOUND A SPECIFIC CLAIM TO BE INVALID AND

6    CANNOT AGREE WHETHER IT HAS BEEN INFRINGED, YOU MAY DECIDE

7    INVALIDITY WITHOUT DECIDING INFRINGEMENT OF THAT CLAIM. ON

8    THE OTHER HAND, IF YOU CAN AGREE WHETHER THERE IS

9    INFRINGEMENT, THE COURT SHOULD KNOW YOUR DECISION.

10   YOU WANT ME TO READ IT AGAIN?

11   **MR. ELLWANGER:** ONE MORE TIME, YOUR HONOR.

12   **THE COURT:** IF A SPECIFIC CLAIM OF A PATENT IS

13   INVALID, TECHNICALLY IT CAN STILL BE INFRINGED. HOWEVER,

14   THERE CAN BE NO LIABILITY OR DAMAGES FOR INFRINGING AN INVALID

15   CLAIM.

16   SO, IF YOU HAVE FOUND A SPECIFIC CLAIM TO BE INVALID AND

17   CANNOT AGREE WHETHER IT HAS BEEN INFRINGED, YOU MAY DECIDE

18   INVALIDITY WITHOUT DECIDING INFRINGEMENT OF THAT CLAIM. ON

19   THE OTHER HAND, IF YOU CAN AGREE WHETHER THERE IS INFRINGEMENT

20   OF THAT CLAIM, THE COURT SHOULD KNOW YOUR DECISION.

21   THAT'S PRETTY GOOD.

22   **MR. ELLWANGER:** I THINK WE ARE OKAY WITH THAT.

23   **THE COURT:** PARDON?

24   **MR. ELLWANGER:** WE ARE OKAY WITH THAT, YOUR HONOR.

25   **MR. REINES:** THAT'S FINE, YOUR HONOR.

1          **THE COURT:**  ALL RIGHT.  YOU CAN BRING THEM IN.  I CAN

2     TYPE IT IN, BUT I THINK MAYBE I SHOULD READ IT.

3          **MR. REINES:**  THAT SEEMS FINE.

4          (PROCEEDINGS HELD IN THE PRESENCE OF THE JURY.)

5          **THE COURT:**  PLEASE BE SEATED.

6      SO I HAVE A QUESTION FROM YOU WHICH READS:  "IF A SPECIFIC

7     CLAIM OF A PATENT IS INVALID, CAN THERE STILL BE INFRINGEMENT

8     ON THAT CLAIM?"

9      AND MY ANSWER IS THAT:  IF A SPECIFIC CLAIM OF A PATENT IS

10     INVALID, TECHNICALLY IT CAN STILL BE INFRINGED.  HOWEVER,

11     THERE CAN BE NO LIABILITY OR DAMAGES FOR INFRINGING AN INVALID

12     CLAIM.

13      SO, IF YOU HAVE FOUND A SPECIFIC CLAIM TO BE INVALID AND

14     CANNOT AGREE WHETHER IT HAS BEEN INFRINGED, YOU MAY DECIDE

15     INVALIDITY WITHOUT DECIDING INFRINGEMENT OF THAT CLAIM.  ON

16     THE OTHER HAND, IF YOU CAN AGREE WHETHER THERE IS INFRINGEMENT

17     OF THAT CLAIM, THE COURT SHOULD KNOW YOUR DECISION.

18      SO I WILL TYPE THAT UP FOR YOU AND GIVE IT TO YOU, BUT

19     THAT'S, I HOPE, A USEFUL ANSWER.

20      ALL RIGHT.  WE WILL SEND THAT IN FOR YOU.  THANKS.

21          (JURY CONTINUES DELIBERATION AT 10:26 A.M.)

22          **THE COURT:**  I HAVE IT TYPED.  I CAN SEND YOU THE

23     DOCUMENT, BUT I HAVE HANDWRITTEN MOST OF IT ANYWAY SO YOU

24     MIGHT AS WELL TYPE IT OVER.

25          **THE CLERK:**  NO PROBLEM.

1          **MR. REINES:**  THANK YOU.

2          **THE COURT:**  THANK YOU.

3       (RECESS AT 10:26 A.M.; RESUME AT 12:10 P.M.)

4          **THE CLERK:**  REMAIN SEATED.  COME TO ORDER.  COURT IS

5    IN SESSION.

6          **THE COURT:**  SO WE HAVE A VERDICT.  WE WILL BRING THEM

7    IN.

8          (PROCEEDINGS HELD IN THE PRESENCE OF THE JURY.)

9          **THE COURT:**  PLEASE BE SEATED.  WE ARE STILL MISSING

10   ONE PERSON.

11      SO I UNDERSTAND YOU HAVE REACHED A UNANIMOUS VERDICT?

12          **JURY:**  (NOD HEADS.)

13          **THE COURT:**  ALL RIGHT.  ALL RIGHT.  THE CLERK WILL

14   SPREAD THE VERDICT ON THE RECORD.  AND WHEN SHE HAS, SHE WILL

15   ASK IF THE VERDICT READ IS YOUR VERDICT.  IF IT IS, YOU SHOULD

16   ALL SAY "YES".

17          **THE CLERK:**  LADIES AND GENTLEMEN OF THE JURY, PLEASE

18   LISTEN TO YOUR VERDICT AS IT SHALL STAND RECORDED.

19      THE VERDICT READS:  WE, THE JURY, IN THE ABOVE-TITLED

20   ACTION RETURN THE FOLLOWING VERDICT ON THE QUESTIONS SUBMITTED

21   TO US.

22      INFRINGEMENT.  NUMBER 1.  DIRECT INFRINGEMENT.

23      HAS DIGITAL REG PROVEN IT IS MORE LIKELY THAN NOT THAT

24   ADOBE HAS INFRINGED ANY OF THE FOLLOWING CLAIMS.  ENTER "YES"

25   OR "NO" IN EACH BOX.

1    ADOBE ACTIVATION.  '650 (SIC) PATENT, CLAIM 45 --

2         **THE COURT:**  '670 PATENT, CLAIM 45.

3         **THE CLERK:**  '670 PATENT, CLAIM 45.  NO.

4    ADOBE LIVECYCLE, '670 PATENT, CLAIM 45, INDEPENDENT, NO.

5    '670 PATENT, CLAIM 52, DEPENDENT ON CLAIM 45, NO.

6    2:  INDIRECT INFRINGEMENT.  HAS DIGITAL REG PROVEN IT IS

7    MORE LIKELY THAN NOT THAT ADOBE DIRECTLY (SIC) INFRINGED

8    ANY --

9         **THE COURT:**  INDIRECTLY.

10        **THE CLERK:**  -- INDIRECTLY INFRINGED ANY OF THE

11   FOLLOWING CLAIMS.  ENTER "YES" OR "NO" IN EACH BOX.

12   ADOBE ACTIVATION:  '541 PATENT, CLAIM 1, INDEPENDENT, NO

13   DECISION.

14   '541 PATENT, CLAIM 2 DEPENDENT ON CLAIM 1, NO DECISION.

15   '541 PATENT, CLAIM 4, DEPENDENT ON CLAIM 1, NO DECISION.

16   '540 (SIC) PATENT, CLAIM 13, DEPENDENT ON CLAIM 1, NO

17   DECISION.

18   '670 PATENT, CLAIM 45, INDEPENDENT, NO.

19   ADOBE FLASH:  '541 PATENT, CLAIM 1, INDEPENDENT, NO

20   DECISION.

21   '541 PATENT, CLAIM 2, DEPENDENT ON CLAIM 1, NO DECISION.

22   '541 PATENT, CLAIM 4, DEPENDENT ON CLAIM 1, NO DECISION.

23   '541 PATENT, CLAIM 13, DEPENDENT ON CLAIM 1, NO DECISION.

24   ADOBE LIVECYCLE:  '541 PATENT, CLAIM 1, INDEPENDENT, NO.

25   '541 PATENT, CLAIM 2, DEPENDENT ON CLAIM 1, NO.

1      '541 PATENT, CLAIM 4, DEPENDENT ON CLAIM 1, NO.

2      '541 PATENT, CLAIM 13, DEPENDENT ON CLAIM 1, NO.

3      '670 PATENT, CLAIM 45, INDEPENDENT, NO.

4      '670 PATENT, CLAIM 52, DEPENDENT ON CLAIM 45, NO.

5      INVALIDITY.  ANTICIPATION:  HAS ADOBE PROVEN THAT IT IS

6  HIGHLY PROBABLE THAT THE FOLLOWING CLAIMS OF DIGITAL REG'S

7  PATENT WERE ANTICIPATED, OR, IN OTHER WORDS, NOT NEW?  ENTER

8  "YES" OR "NO" IN EACH BOX.

9      ANTICIPATED:  '670 PATENT, CLAIM 32, INDEPENDENT, NO.

10     '670 PATENT, CLAIM 45, INDEPENDENT, NO.

11     CLAIM 67 -- '670 PATENT, CLAIM 52, DEPENDENT ON CLAIM 45,

12 NO.

13     NUMBER 4, OBVIOUSNESS:  HAS ADOBE PROVEN THAT IT IS HIGHLY

14 PROBABLE THAT THE FOLLOWING CLAIMS OF DIGITAL REG'S PATENTS

15 WOULD HAVE BEEN OBVIOUS TO A PERSON OF ORDINARY SKILL IN THE

16 FIELD AT THE TIME THAT THE PATENT APPLICATION WAS FILED?

17 ENTER "YES" OR "NO" IN EACH BOX.

18     OBVIOUS:  '541 PATENT, CLAIM 1, YES.

19     '541 PATENT, CLAIM 2, DEPENDENT ON CLAIM 1, YES.

20     '541, CLAIM 4, DEPENDENT ON CLAIM 1, YES.

21     '541 PATENT, CLAIM 13, DEPENDENT ON CLAIM 1, YES.

22     '670 PATENT, CLAIM 32, INDEPENDENT, YES.

23     '670 PATENT, CLAIM 45, INDEPENDENT, YES.

24     '670 PATENT, CLAIM 52, DEPENDENT ON 45, YES.

25     IF YOU FOUND THAT --

1          **THE COURT:**  YOU DON'T NEED TO READ THE REST.  THERE

2     ARE NO BLANKS FILLED IN FOR THE NEXT QUESTION OR FOR THE

3     QUESTION AFTER.

4          **THE CLERK:**  IS THE VERDICT AS READ YOUR VERDICT?

5          **JURY:**  YES.

6          **THE CLERK:**  IS THE VERDICT UNANIMOUS?

7          **JURY:**  YES.

8          **THE COURT:**  WOULD ANYONE CARE TO HAVE THE JURY

9     POLLED?

10          **MR. REINES:**  NO, YOUR HONOR.

11          **MR. ELLWANGER:**  NO, YOUR HONOR.

12          **THE COURT:**  ALL RIGHT.

13     WELL, WITH THAT THEN, IN A FEW MINUTES I WILL RELEASE YOU

14     FROM YOUR JURY SERVICE WITH THE THANKS OF THE COURT AND THE

15     THANKS, I'M SURE, OF ALL THE PARTIES.  IT WAS A DIFFICULT AND

16     SOMEWHAT LENGTHY CASE AND CALLED FOR A LOT OF CONCENTRATION

17     AND EFFORT.  I KNOW YOU ALL PAID CLOSE ATTENTION AND WERE

18     EXTREMELY CONSCIENTIOUS IN YOUR DELIBERATIONS.  SO WE VERY

19     MUCH APPRECIATE THAT.

20     MANY PEOPLE TRY TO GET OUT OF JURY SERVICE, DON'T COME IN,

21     HAVE EXCUSES, MAKE UP THINGS.  AND WE APPRECIATE THAT EVEN

22     THOUGH I'M SURE IT WAS AS INCONVENIENT FOR YOU AS FOR OTHERS,

23     YOU UNDERSTOOD THAT THAT WAS WHAT WE NEEDED IN ORDER TO

24     RESOLVE DISPUTES IN THE JUSTICE SYSTEM, AND YOU WERE WILLING

25     TO STEP UP AND DO YOUR PART FOR THAT.

1    YOU WILL BE EXCUSED, AT LEAST FROM FEDERAL JURY SERVICE

2   FOR A YEAR.  I CAN'T SPEAK FOR THE COUNTY COURTS.  THEY MAY

3   COUNT FEDERAL SERVICE AS AN EXCUSE FOR A YEAR, BUT I DO HOPE

4   THAT YOU FOUND YOUR JURY SERVICE INTERESTING AND THAT WE DID

5   THE BEST WE COULD TO MAKE IT AS EASY FOR YOU AS WE COULD.

6    AT THIS POINT I WILL RELEASE YOU FROM YOUR OBLIGATION NOT

7   TO DISCUSS THE CASE AMONGST YOURSELVES OR WITH ANYONE ELSE.

8   IF YOU WOULD LIKE TO DISCUSS THE CASE WITH OTHERS, YOU MAY.

9    AND, IN PARTICULAR, SOMETIMES THE ATTORNEYS OR PEOPLE

10   INVOLVED WITH THE TRIAL LIKE TO SPEAK WITH JURORS AFTERWARDS

11   TO FIND OUT WHAT THEY THOUGHT OR WHAT -- WHY THEY DID WHAT

12   THEY DID, OR SO ON.  IF YOU WOULD LIKE TO DO THAT, YOU MAY

13   SPEAK WITH THE ATTORNEYS.  IF YOU DON'T WISH TO, THAT'S

14   PERFECTLY WITHIN YOUR RIGHTS AND YOU ARE UNDER NO OBLIGATION

15   TO SPEAK WITH THEM.  IF YOU DON'T WISH TO SPEAK WITH ANYONE,

16   JUST SAY YOU DON'T WISH TO SPEAK WITH THEM, AND YOUR WISHES

17   WILL BE HONORED.  AND IF THEY'RE NOT, SEE MS. RILEY AND SHE

18   WILL MAKE SURE THAT THEY ARE.

19    IF YOU DO DECIDE TO SPEAK WITH THE ATTORNEYS OR WITH

20   ANYONE ELSE ABOUT THE CASE, I WOULD CAUTION YOU OR ADVISE YOU

21   OR SUGGEST THAT YOU NOT DISCUSS CONVERSATIONS THAT WENT ON IN

22   THE JURY ROOM, INTERIM VOTES THAT MIGHT HAVE BEEN TAKEN, WHAT

23   OTHER PEOPLE THOUGHT.  YOU MIGHT WANT TO DISCUSS WHAT YOU

24   THOUGHT OR WHICH ELEMENTS OF THE PRESENTATION WERE USEFUL OR

25   NOT USEFUL, BUT IT COULD LEAD TO DIFFICULTIES IF YOU TALK

1   ABOUT VOTE COUNTS AND WHAT OTHER PEOPLE SAID, AND THAT SORT OF

2   THING.

3       WE WILL –– MS. RILEY WILL COME BACK AND COLLECT FROM YOU

4   THE COPIES OF THE JURY INSTRUCTIONS AND ANY NOTES THAT YOU

5   MIGHT HAVE.  THOSE WILL BE DESTROYED.  WE'LL PICK UP THE

6   EXHIBITS YOU HAVE BACK THERE.  SHE'LL PICK UP THE JURY BADGES.

7       DID DO THEY NEED TO GO BACK TO THE CLERK'S OFFICE FOR

8   ANYTHING?

9               **THE CLERK:**  NO.

10              **THE COURT:**  WE DID GIVE YOU A RAISE FOR A TEN-DAY OR

11  MORE TRIAL, YOU GET TEN EXTRA DOLLARS A DAY.  THAT, I'M SURE,

12  WILL MAKE A DIFFERENCE FOR YOU.  AND IF THERE'S ANY ISSUES IN

13  TERMS OF YOUR PARKING OR COMPENSATION OR ANY OF THAT, YOU CAN

14  CHECK IN WITH THE CLERK'S OFFICE LATER ON.

15      I WILL COME BACK TO THANK YOU PERSONALLY.  I CAN'T DISCUSS

16  THE CASE WITH YOU, BUT IF YOU HAVE GENERAL QUESTIONS ABOUT THE

17  LEGAL SYSTEM OR COMMENTS ABOUT SOMETHING THAT MIGHT HAVE MADE

18  YOUR WORK EASIER, YOU CAN CERTAINLY TELL ME WHAT THOSE ARE.

19      SO, AGAIN, ON BEHALF OF THE PARTIES AND THE COURT, I THANK

20  YOU FOR YOUR SERVICE, AND YOU ARE EXCUSED.

21      YOU CAN GO RIGHT THROUGH THE JURY ROOM.

22              **THE CLERK:**  OKAY FOR ME TO GO WITH THEM, JUDGE?

23              **THE COURT:**  YES.

24                  (JURORS EXCUSED.)

25              **THE COURT:**  I WILL EXPECT WHATEVER MOTIONS ANYONE

1  WISHES TO MAKE TO BE MADE IN A TIMELY FASHION, AND OTHERWISE,

2  IT WAS A WELL-TRIED CASE, I THOUGHT, AND I APPRECIATE ALL OF

3  YOUR HELP WITH IT.

4          **MS. MEHTA:**  THANK YOU, YOUR HONOR.

5          **MR. DINOVO:**  THANK YOU.

6              (PROCEEDINGS CONCLUDED AT 12:22 P.M.)

7

8

9                  **CERTIFICATE OF REPORTER**

10          I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

11  UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

12  CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

13  RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

14

15              *Diane E. Skillman*

16          DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

17              MONDAY, SEPTEMBER 8, 2014

18

19

20

21

22

23

24

25

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930**