# Weil, Gotshal & Manges LLP

BY ELECTRONIC FILING

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

**Edward R. Reines**
+1 (650) 802-3022
Edward.Reines @weil.com

September 25, 2014

The Honorable Claudia Wilken, Chief United States Judge
United States District Court for the Northern District of California
Oakland Courthouse, 4th Floor
1301 Clay Street
Oakland, CA  94612

Re:   *Digital Reg of Texas, LLC v. Adobe Systems Inc.,* Case No. C 12-01971 CW (N.D. Cal.)

Chief Judge Wilken:

Adobe writes to inform the Court that, although Adobe prepared a form of judgment consistent with the jury verdict as ordered by the Court, Dkt. No. 733, the parties were unable to agree on a proposed form of judgment. Adobe attaches its proposed form of judgment as Exhibit A and requests that the Court adopt it as the judgment of the Court. Digital Reg will separately submit its own proposed form of judgment.

Digital Reg has identified three grounds on which it objects to Adobe's proposed form of judgment. Each is addressed in turn.

First, Digital Reg confuses a *judgment* on its patent infringement cause of action with the infringement *verdict question* on the verdict form.  Digital Reg objects to the following sentence in Adobe's proposed judgment: "Judgment is entered in favor of Defendant Adobe Systems, Incorporated (Adobe) on Plaintiff Digital Reg of Texas, LLC's (Digital Reg) claims for infringement, and in favor of Adobe on its counterclaims for non-infringement, pursuant to the jury verdict filed on September 8, 2014." Digital Reg contends that the jury returned a verdict of "no decision" on particular claims of the patent and thus this statement is unsupported.  It is undisputed that the jury returned a verdict of invalidity of all claims-in-suit at trial.  It has long been held that an invalid patent cannot be infringed because invalidity is a total *affirmative defense*. *Richdel, Inc. v. Sunspool Corp.,* 714 F.2d 1573, 1580 (Fed. Cir.1983) ("The claim being invalid there is nothing to be infringed.").  Thus, it follows that the judgment against Digital Reg's patent infringement causes of action is proper – and necessary.  The purpose of a judgment is not to capture all the specifics of the verdict form, but to set forth the ultimate disposition of the causes of action presented in the case.  The verdict is part of the record and the judgment will stand or fall based on the full record.

The Honorable Claudia Wilken  
United States District Court  
September 25, 2014  
Page 2

**Weil, Gotshal & Manges LLP**

Second, Digital Reg objects to Adobe's statement regarding invalidity of the Patents-in-Suit and contends that the judgment must reflect that the jury did not find anticipation. This confuses legal *theories* with legal *claims*. Anticipation and obviousness are simply the legal theories underlying the legal claim (or defense) of invalidity. It misunderstands the purpose of a judgment to specify the jury's response to a verdict question on anticipation. What matters for the judgment is that there is unquestionably a judgment of invalidity.

Third, Digital Reg contends that the particular products at issue at trial must be specified in the judgment. Again, Digital Reg mistreats a judgment as though it is a detailed litigation scorecard. Exactly what products were included in the case or were accused was the source of much controversy. The full record will establish that for purposes of appeal and the basic preclusion doctrines will govern. Digital Reg's attempt to *a priori* limit the preclusion doctrine by attempting to micro-analyze the case in the judgment is misguided. What matters for the judgment is that Digital Reg's infringement causes of action failed and should be dismissed with prejudice.

For the foregoing reasons, Adobe requests that the Court adopt its proposed form of judgment.

Respectfully submitted,

*/s/ Edward R. Reines*  
Edward R. Reines

ATTORNEYS FOR DEFENDANT  
ADOBE SYSTEMS INC.