W. PAUL SCHUCK (Cal. Bar No. 203717)
*pschuck@bzbm.com*
BARTKO, ZANKEL, BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

ANDREW G. DINOVO (admitted *pro hac vice*)
*adinovo@dpelaw.com*
ADAM G. PRICE (admitted *pro hac vice*)
*aprice@dpelaw.com*
DINOVO PRICE ELLWANGER & HARDY LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone: (512) 539-2626
Facsimile:  (512) 539-2627

Attorneys for Plaintiff
DIGITALREG OF TEXAS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS INCORPORATED, *et al.*, <br><br> Defendants. | Case No. 12-CV-01971 CW (KAW) <br><br> **PLAINTIFF'S OBJECTION TO DEFENDANT'S LETTER RE FORM OF JUDGMENT AND ALTERNATE PROPOSED FORM OF JUDGMENT** <br><br> Judge:   The Honorable Claudia Wilken <br> Ctrm:    2, 4th floor |

Plaintiff Digital Reg of Texas, LLC ("Digital Reg") hereby respectfully submits its response and objections to Defendant Adobe Systems, Inc.'s ("Adobe") letter and attached proposed form of Judgment (Dkt. 740 & 740-1).[1]

## I. RELEVANT BACKGROUND

The Court held a jury trial in this action beginning on August 25, 2014. The jury returned a partial verdict in this case on September 8, 2014. (Dkt. 727.) On September 15, 2014, the Court ordered Adobe to "prepare a proposed form of judgment consistent with the jury verdict in this case and present it to . . . Digital Reg . . ., for approval as to form." (Dkt. 733.) Adobe presented its proposed form of judgment to Digital Reg on September 22, 2014.

In response, Digital Reg notified Adobe by email that its proposed form of judgment was inconsistent with the Court's order and inconsistent with the jury verdict and identified the particular inconsistencies. Thereafter, Digital Reg presented Adobe with a revised proposed form of judgment that rectified the errors in Adobe's proposed form of judgment. The parties met and conferred by telephone on September 25, 2014, but were ultimately unable to agree on a proposed form of judgment. Attached hereto as attachment 1 is the alternate proposed form of judgment prepared by Digital Reg.

## II. DIGITAL REG'S OBJECTIONS TO ADOBE'S PROPOSED FORM OF JUDGMENT

Adobe's proposed form of judgment is inconsistent with the jury's verdict, overbroad, and ambiguous, and as such invites potential future disputes over the scope of the judgment. By contrast, Digital Reg's proposed form of judgment tracks the findings of the jury and thereby

---

[1] The objections set forth herein relate to the form of Adobe's proposed judgment only. Digital Reg reserves all rights, including the right to seek judgment as a matter of law and/or a new trial on all issues and to oppose any request for costs, fees, or other relief sought by any Defendant in this action.

grants Adobe the judgment to which it is entitled under the jury's verdict. Accordingly, Digital Reg respectfully submits that its proposed form of judgment be adopted.

Specifically, Digital Reg objects to Adobe's proposed form of judgment regarding infringement for two main reasons. First, Adobe's proposal contains the following sentence: "Judgment is entered in favor of [Adobe] on [Digital Reg's] claims for infringement, and in favor of Adobe on its counterclaims for non-infringement, pursuant to the jury verdict filed on September 8, 2014." (Dkt 740-1 at 1.) In support of this statement and in response to Digital Reg's objection, Adobe cites *Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983). (Dkt. 740 at 1.) In *Richdel*, the Federal Circuit affirmed a district court judgment holding a patent claim invalid and unenforceable and affirmed the district court's concomitant disposal of the infringement issue by saying "[a]n invalid patent cannot be infringed." *Richdel*, 714 F.2d at 1579; *see also id.* at 1580. Adobe proposed form of judgment goes too far by suggesting that a determination was reached by the jury on all infringement issues. Digital Reg's alternate proposed form of judgment, on the other hand, properly recognizes that, to the extent the '541 and '670 Patents here are invalid, Adobe is not liable for infringement.

Second, Adobe's proposed form of judgment fails to track the jury instructions' and jury verdict's express limitation of any non-infringement finding (or resulting judgment) to the accused Adobe Activation, Flash, and LiveCycle products. Digital Reg's alternate proposed form of judgment remedies this error by limiting the judgment in the same manner adopted by this Court in the jury instructions and jury verdict form. (*See, e.g.*, Dkt. 716; Dkt. 717 at 7, 16, 21.) Adobe simply is not entitled to a judgment that it does not infringe the '541 and '670 Patent, when the issue before the jury was solely whether it infringes those Patents with respect to certain, limited products.

With regard to the invalidity section of Adobe's proposed form of judgment, Adobe specifically states that "Claims 1, 2, 4, & 13 of the United States Patent Number 6,389,541 and claims 32, 45, and 52 of the United States Patent 6,751,670 are invalid under 35 U.S.C. § 103." While Digital Reg in no way disputes that Adobe is entitled to judgment of invalidity based on

-3-

obviousness, Adobe's proposal fails to similarly state the judgment that "Claims 32, 45, and 52 of the '670 Patent are **not** invalid under 35 U.S.C. § 102," as determined by the jury (*see* Dkt. 727).

### III. CONCLUSION

Digital Reg's proposed form of judgment rectifies the errors, overbreadth, and ambiguity in Adobe's proposed form of judgment. Therefore, Adobe's proposed form of judgment should be rejected and Digital Reg's proposed form of judgment adopted. In the alternative, Adobe's proposed form of judgment should be modified to rectify the objectionable material.

DATED: September 26, 2014				DINOVO PRICE ELLWANGER & HARDY LLP

					By:	/s/ *Andrew G. DiNovo*
						Andrew G. DiNovo

					Attorneys for Plaintiff
					DIGITAL REG OF TEXAS, LLC

### ATTESTATION OF E-FILER

Pursuant to Local Rule 5-1(i), the undersigned ECF user whose login and password are being used in filing this document, hereby attests that the signatory has concurred in the filing of this document.

Dated: September 26, 2014				/s/ *W. Paul Schuck*
						W. Paul Schuck

# ATTACHMENT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ADOBE SYSTEMS INCORPORATED, et al.,<br><br>Defendants. | Civil Case No. 12-CV-01971 CW (KAW)<br><br>**[PROPOSED] JUDGMENT** |

This Court previously issued its Order Regarding Claim Construction and Motions for Summary Judgment (Dkt. No. 574). This action then came before the Court for a trial by jury for the accused Adobe LiveCycle, Flash, and Activation products (the "Accused Products"), the Honorable Claudia Wilken, Chief United States District Judge, presiding. The jury returned a partial verdict in this case on September 8, 2014. (Dkt. No. 727) In accordance with these determinations and all relevant proceedings to date,

**IT IS ORDERED AND ADJUDGED** as follows:

**United States Patent Number 6,389,541 (the "'541 Patent")**

Defendant Adobe Systems, Inc. ("Adobe") did not indirectly infringe claims 1, 2, 4, & 13 of the '541 Patent with regard to the accused LiveCycle products. Claims 1, 2, 4, & 13 of the '541 Patent are invalid due to obviousness under 35 U.S.C. § 103. Accordingly, judgment is entered in

favor of Adobe on Digital Reg's claim for infringement, and in favor of Adobe on its counterclaim of non-infringement, of claims 1, 2, 4, & 13 of the '541 Patent with regard to the accused Adobe LiveCycle products.  Additionally, judgment is entered in favor of Adobe on its counterclaim for a declaration that claims 1, 2, 4, & 13 of the '541 Patent are invalid.  Finally, judgment is entered in favor of Adobe on Digital Reg's claim for damages resulting from any infringement of the '541 Patent for the Accused Products.

**United States Patent Number 6,751,670 (the "'670 Patent")**

Adobe did not directly infringe claim 45 of the '670 Patent with regard to the accused Activation and LiveCycle products or claim 52 of the '670 Patent with regard to the accused LiveCycle products.  Adobe did not indirectly infringe claim 45 of the '670 Patent with regard to the accused Activation or LiveCycle products or claim 52 of the '670 Patent with regard to the accused LiveCycle products.  Claims 32, 45, & 52 of the '670 Patent are not invalid due to anticipation under 35 U.S.C. § 102.  Claims 32, 45, & 52 of the '670 Patent are invalid due to obviousness under 35 U.S.C. § 103.

Accordingly, judgment is entered is entered in favor of Adobe on Digital Reg's claim for infringement, and in favor of Adobe on its counterclaim of non-infringement, of claims 1, 2, 4, & 13 of the '541 Patent with regard to the accused LiveCycle products and claims 45 & 52 of the '670 Patent with regard to the accused Activation and LiveCycle products.  Additionally, judgment is entered in favor of Adobe on its counterclaim for a declaration that claims 32, 45 and 52 of the '670 Patent are invalid.  Finally, judgment is entered in favor of Adobe on Digital Reg's claim for damages resulting from any infringement of the '670 Patent for the Accused Products.

Adobe is not liable for infringement of any of the asserted patents for the Accused Products.  Digital Reg shall take nothing on its claims against Adobe for the Accused Products.  Any remaining claims asserted in this action by Digital Reg against Adobe are **DISMISSED WITH PREJUDICE**.  Adobe's remaining counterclaims are **DISMISSED WITHOUT PREJUDICE AS MOOT**.  Adobe is a prevailing party in this litigation.

Additionally, judgment is entered in favor of Defendant Ubisoft on Digital Reg's claims for infringement, and in favor of Ubisoft on its counterclaims for non-infringement, pursuant to

the Court's Order Regarding Claim Construction and Motions for Summary Judgment (Dkt. No. 574);

Ubisoft is not liable for infringement of any of the asserted patents. Digital Reg shall take nothing on its claims against Ubisoft. Any remaining claims asserted in this action against Ubisoft are **DISMISSED WITH PREJUDICE**. Ubisoft's remaining counterclaims are **DISMISSED WITHOUT PREJUDICE AS MOOT**. Ubisoft is a prevailing party in this litigation.

All pending motions not previously ruled on are hereby denied. This judgment thus disposes of all claims and counterclaims before the Court, all other defendants having been previously dismissed by Orders of this Court. *See* Dkt. Nos. 309 (Zynga), 319 (AVG), 346 (Intuit), 387 (Valve), 460 (EA), and 582 (Symantec).

This is a final, appealable judgment. The Court retains jurisdiction solely with respect to permitted post-trial motions and requests for costs and fees.

Dated: _____, 2014

_____
THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT JUDGE