IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADOBE SYSTEMS, INC., et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 12-1971 CW<br><br>ORDER ON MOTIONS TO SEAL (Docket Nos. 588, 590, 603, 607, 616, 621, 627, 646, 650, 654, 656, 701, 719, 725) |

Before the Court are numerous administrative motions to seal filed by both parties.

Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id.

Here, each of the administrative motions to seal is made in connection with dispositive motions. A party seeking to seal records attached to a dispositive motion bears the burden of

establishing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79. This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Id. at 1179.

The Court provides the following rulings on the parties' motions to seal, as articulated in the table below.

| Docket No. | Ruling |
|---|---|
| 588 | Digital Reg seeks to file under seal (1) the unredacted version of its brief in opposition to certain legal defenses raised by Adobe; and (2) certain exhibits to the declaration of W. Paul Schuck in support of that brief. The motion is DENIED. With respect to Digital Reg's brief, the motion is denied for failure to comply with Civ. L.R. 79-5(d)(1)(D), which provides both that the unredacted version "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," and that the unredacted version "prominently display the notation UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." With respect to Exhibits A, B, C, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, and S to the Schuck declaration, the motion is denied for failure to comply with Civ. L.R. 79-5(b), which requires that |

2

| | |
|---|---|
| | a request to seal be "narrowly tailored to seek sealing only of sealable material."  It appears that Digital Reg made no attempt whatsoever to narrowly tailor its request by providing the Court with redacted and unredacted versions of these exhibits, but instead merely provided a cover page for each reading "DOCUMENT SUBMITTED UNDER SEAL." The rule requires more.  Digital Reg may resubmit a modified and narrowly tailored version of this sealing request no later than seven days from the date of this order.  Specifically with regard to the listed exhibits, Digital Reg must submit both redacted and unredacted versions of each exhibit, with redactions narrowly tailored to only sealable material; if Digital Reg believes that an exhibit should be sealed in its entirety, it must explain why in an accompanying declaration. |
| 590 | Adobe seeks permission to seal (1) the unredacted version of its motions in limine; (2) the unredacted version of its brief regarding certain legal defenses; (3) several exhibits to the declaration of Byron C. Beebe; and (4) the unredacted version of Exhibit 10 to the Beebe declaration.  With respect to Adobe's motions in limine, its brief, and Exhibits 2 and 10, the motion is GRANTED, because Adobe limits its redactions to financial and otherwise confidential |

3

| | |
|---|---|
| | information. With regard to Exhibits 1, 4, 5, 6, 8, 9, 12, 14, 17, and 18, which Adobe seeks to seal in their entirety, the motion is DENIED for failure to comply with Civ. L.R. 79-5(b), which requires that requests to seal be narrowly tailored. Adobe may, within seven days from the date of this order, resubmit a modified and narrowly tailored version of this sealing request, with redactions narrowly tailored to only sealable material; if Adobe believes that an exhibit should be sealed in its entirety, it must explain why in an accompanying declaration. |
| 603 | Adobe seeks permission to seal (1) the unredacted version of its response to Digital Reg's motions in limine; and (2) certain exhibits to the declaration of Byron C. Beebe in support of that response. With respect to the response brief, the motion is GRANTED, because Adobe limits its redactions to confidential information. With respect to Exhibits 5, 6, 7, and 10 to the Beebe declaration, which Adobe seeks to seal in their entirety, the motion is DENIED for failure to comply with Civ. L.R. 79-5(b), which requires that requests to seal be narrowly tailored. Adobe may, within seven days from the date of this order, resubmit a modified and narrowly tailored version of this sealing request, with redactions narrowly |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | | tailored to only sealable material; if Adobe believes that an exhibit should be sealed in its entirety, it must explain why in an accompanying declaration. |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 607 | Digital Reg seeks permission to seal (1) the unredacted version of its response to Adobe's motions in limine; and (2) certain exhibits to the declaration of W. Paul Schuck in support of that response.  The motion is DENIED.  With respect to Digital Reg's response, the motion is denied for failure to comply with Civ. L.R. 79-5(d)(1)(D), which requires that the unredacted version show, by highlighting or other equally clear method, the material that has been omitted from the redacted version.  With respect to Exhibits A, B, C, D, E, F, G, H, I, J, K, L, O, P, and T to the Schuck declaration, which Digital Reg seeks to seal in their entirety, the motion is denied for failure to comply with Civ. L.R. 79-5(b), which requires that requests to seal be narrowly tailored. Digital Reg may resubmit a modified and narrowly tailored version of this sealing request no later than seven days from the date of this order. Specifically with regard to the listed exhibits, Digital Reg must submit both redacted and unredacted versions of each exhibit, with redactions narrowly tailored to only sealable |

28

5

| | | |
|---|---|---|
| 1<br>2<br>3 | | material; if Digital Reg believes that an exhibit should be sealed in its entirety, it must explain why in an accompanying declaration. |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | 616 | Digital Reg seeks permission to seal citations to the record indicating use of Adobe's ALM technology in its AMT product.  The motion is DENIED for failure to comply with Civ. L.R. 79-5(d)(1)(D), which requires that the unredacted version show, by highlighting or other equally clear method, the material that has been omitted from the redacted version.  Digital Reg may, within seven days of the date of this order, resubmit a modified and narrowly tailored version of this sealing request. |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 621 | Adobe seeks permission to seal the unredacted version of its response to Digital Reg's ALM-AMT citations to the record.  The motion is DENIED for failure to comply with Civ. L.R. 79-5(d)(1)(D), which requires that the unredacted version show, by highlighting or other equally clear method, the material that has been omitted from the redacted version.  Adobe may, within seven days of this order, resubmit a modified and narrowly tailored version of this sealing request. |
| 25<br>26<br>27 | 627 | Adobe seeks permission to seal (1) the unredacted version of its update to its motions in limine and objection to Digital Reg's supplemental expert |

|   |   |   |
|---|---|---|
|   |   | report; and (2) Exhibit A to that update.  With respect to the update brief, the motion is GRANTED, because Adobe limits its request to confidential financial information.  With respect to Exhibit A, which Adobe seeks to seal in its entirety, the motion is DENIED for failure to comply with Civ. L.R. 79-5(b), which requires that requests to seal be narrowly tailored.  Adobe may, within seven days from the date of this order, resubmit a modified and narrowly tailored version of this sealing request, with redactions narrowly tailored to only sealable material; if Adobe believes that the exhibit should be sealed in its entirety, it must explain why in an accompanying declaration. |
|   | 646 | Digital Reg seeks permission to seal Exhibit A to the identification of deposition testimony for presentation at trial of Joseph Jones.  Because the request is limited to confidential technical information, the motion is GRANTED. |
|   | 650 | Adobe seeks permission to seal its reply brief concerning its renewed motion to exclude the testimony of Digital Reg's damages expert, Mr. Russell Parr.  The motion is DENIED for failure to comply with Civ. L.R. 79-5(d)(1)(D), which requires that the unredacted version show, by highlighting or other equally clear method, the |

|  |  |
|---|---|
|  | material that has been omitted from the redacted version.  Adobe may, within seven days of this order, resubmit a modified version of this sealing request that includes an unredacted version of the reply brief showing, via highlighting or other clear method, the portions of the document that have been omitted from the redacted version. |
| 654 | Adobe seeks permission to seal the rebuttal expert report of its damages expert, Dr. Stephen D. Prowse.  Although Mr. Pradhan's declaration in support of the motion identifies specific paragraphs of the report that contain confidential information, Adobe does not seek to redact that information, but rather appears to seek to seal the report in its entirety.  The motion is DENIED for failure to comply with Civ. L.R. 79-5(b), which requires that requests to seal be narrowly tailored.  Adobe may, within seven days of this order, resubmit a modified version of this sealing request with redactions narrowly tailored to only sealable material; if Adobe believes that the exhibit should be sealed in its entirety, it must explain why in an accompanying declaration. |
| 656 | Digital Reg seeks permission to seal its opposition brief to Adobe's renewed motion to exclude the testimony of Mr. Parr.  The motion is DENIED for failure to comply with Civ. L.R. |

|     |     |                                                                                                                                                                                                                                                                                                                                                                                                                |
| --- | --- | --- |
|     |     | 79-5(d)(1)(D), which requires that the unredacted version show, by highlighting or other clear method, the material that was omitted from the redacted version.  Digital Reg may, within seven days of this order, resubmit a modified version of this sealing request. |
| 701 |     | Digital Reg seeks permission to seal the unredacted version of its offer of proof regarding Trial Exhibits 43, 44, and 45, including three attachments to the offer of proof.  With respect to the attachments, the motion is GRANTED.  With respect to the offer of proof, the motion is DENIED for failure to comply with Civ. L.R. 79-5(d)(1)(D), which requires that the unredacted version show, by highlighting or other clear method, the material that was omitted from the redacted version.  Digital Reg may, within seven days of this order, resubmit a modified and narrowly tailored version of this sealing request. |
| 719 |     | Digital Reg seeks permission to seal several demonstrative exhibits submitted in support of its offer of proof for Trial Exhibits 175A, 175B, and 176C.  Although Mr. Schuck states in his declaration that the demonstratives contain confidential information, Digital Reg seeks to seal them in their entirety rather than merely redacting the confidential information.  The |

9

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | | motion is DENIED for failure to comply with Civ. L.R. 79-5(b), which requires that requests to seal be narrowly tailored.  Digital Reg may, within seven days of this order, resubmit a modified and narrowly tailored version of this sealing request with redactions narrowly tailored to only sealable material; if Digital Reg believes that the exhibit should be sealed in its entirety, it must explain why in an accompanying declaration.. |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | 725 | Digital Reg seeks permission to seal (1) Trial Exhibits 43a, 44, 45a, 46, 98, and 100, which are license agreements and/or settlement agreements, each of which contains confidential financial information; and (2) Trial Exhibit 695, a demonstrative exhibit that sets forth key terms for patent licenses and/or settlement agreements. Because the request is limited to financial or other confidential information, the motion is GRANTED. |

    Judgment will enter after all of these outstanding motions have been decided.

    IT IS SO ORDERED.

Dated:  November 14, 2014

_____
CLAUDIA WILKEN
United States District Judge

10