IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-1971 CW<br><br>ORDER ON AMENDED ADMINISTRATIVE MOTIONS TO SEAL<br><br>(Docket Nos. 752, 753, 754, 755, 756, 757, 758, 759, 762, 763) |

Before the Court are several amended administrative motions to seal. Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id. The documents sought to be filed under seal in this case are related to motions for attorneys' fees, a non-dispositive motion. A party seeking to seal materials related to non-dispositive motions must show good cause by making

a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. Id. at 1179-80; Fed. R. Civ. P. 26(c). "[B]road, conclusory allegations of potential harm" will not suffice. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

The Court now assesses each motion in turn.

| Docket No. | Ruling |
|---|---|
| 752 | Digital Reg seeks to file under seal citations to the record indicating use of Adobe's ALM technology in its AMT product.  In support of its motion, Digital Reg submits a declaration from W. Paul Schuck.  Mr. Schuck explains that the redacted record citations contain information that Adobe has designated as highly confidential.  As the designating party, and in compliance with Civil Local Rule 79-5(e)(1), Adobe submits a declaration from Anant N. Pradhan explaining that the code is "very sensitive, non-public, and highly confidential."  The Court finds good cause to grant the motion.  Digital Reg's request is narrowly-tailored and the redactions contain information falling within the class of materials that may be filed under seal.<br><br>Accordingly, the motion is GRANTED (Docket No. 752). |
| 753 | Digital Reg seeks to file under seal a redacted version of its opposition to Adobe's renewed motion |

| | |
|---|---|
| | to exclude the expert testimony of Mr. Parr.  In support of its motion, Digital Reg submits a declaration from W. Paul Schuck.  Mr. Schuck explains that the redacted portions contain discussion and analysis of Digital Reg's financial information and patent licenses and that public disclosure of this information would harm Digital Reg by placing it at a disadvantage in future licensing negotiations.  The Court finds good cause to grant the motion.  Digital Reg's request is narrowly-tailored and the redactions contain information falling within the class of materials that may be filed under seal.<br><br>    Accordingly, the motion is GRANTED (Docket No. 753). |
| 754 | Digital Reg seeks to file under seal a redacted version of its offer of proof regarding Trial Exhibits 43, 44 and 45.  In support of its motion, Digital Reg submits a declaration from W. Paul Schuck.  Mr. Schuck explains that the redacted portions disclose details of Digital Reg's patent licenses and that public disclosure of this information would harm Digital Reg by placing it at a disadvantage in future licensing negotiations. The Court finds good cause to grant the motion. Digital Reg's request is narrowly-tailored and the redactions contain information falling within the |

| | |
|---|---|
| 1 | class of materials that may be filed under seal. |
| 2 | Accordingly, the motion is GRANTED (Docket No. 754). |
| 3 | |
| 755 | Adobe seeks to file under seal portions of Exhibits 1, 5 and 12, and the entirety of Exhibit 11 to the declaration of Byron C. Beebe.  In support of its motion, Adobe submits a declaration from Anant N. Pradhan.  Mr. Pradhan explains that the redacted citations contain information that Digital Reg has designated as highly confidential.  As the designating party, and in compliance with Civil Local Rule 79-5(e)(1), Digital Reg submits a declaration from Nicole E. Glauser explaining that the redacted information is confidential business information about royalty rates, terms of licensing agreements and revenues.  Ms. Glauser further explains that Digital Reg and its business partners would be harmed by the public disclosure of this information because it would place them at a disadvantage in future negotiations.  The Court finds good cause to grant the motion.  Adobe's request is narrowly-tailored and the redactions contain information falling within the class of materials that may be filed under seal.<br>Accordingly, the motion is GRANTED (Docket No. 755). |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | 756 | Adobe seeks to file under seal a redacted version of its response to Digital Reg's brief regarding ALM-AMT citations in the record.  In support of its motion, Adobe submits a declaration from Anant N. Pradhan.  Mr. Pradhan explains that the redacted portions contain discussion of Adobe proprietary technological information and trade secrets.  The Court finds good cause to grant the motion.  Adobe's request is narrowly-tailored and the redactions contain information falling within the class of materials that may be filed under seal.<br>    Accordingly, the motion is GRANTED (Docket No. 756). |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 757 | Adobe seeks to file under seal Exhibit A to its Update to Motion in Limine No. 1 And Objections to Second Supplemental Parr Report.  In support of its motion, Adobe submits a declaration from Anant N. Pradhan.  Mr. Pradhan explains that Digital Reg designated the Exhibit as confidential.  As the designating party, and in compliance with Civil Local Rule 79-5(e)(1), Digital Reg submits a declaration from Nicole E. Glauser explaining that the Exhibit contains sensitive information regarding royalty rates, revenues, payments, technical aspects of licensing agreements and unique material terms, that this information is confidential and that public disclosure of this information would harm |

| | |
|---|---|
| | Digital Reg by adversely affecting its future negotiations of licenses and litigation.  The Court finds good cause to grant the motion.  Adobe's request is narrowly-tailored and the redactions contain information falling within the class of materials that may be filed under seal.<br><br>Accordingly, the motion is GRANTED (Docket No. 757). |
| 758 | Adobe seeks to file under seal portions of its reply brief in support of its renewed motion to exclude the expert testimony of Mr. Parr.  In support of its motion, Adobe submits a declaration from Anant N. Pradhan.  Mr. Pradhan explains that Digital Reg designated the information contained in the redacted portions as confidential.  As the designating party, Digital Reg has an obligation under Civil Local Rule 79-5(e) to file a declaration establishing the designated material as sealable.  Digital Reg did not file such a declaration.<br><br>Accordingly, the motion is DENIED (Docket No. 758).  The Court refers Adobe to Civil Local Rule 79-5(e)(2) for further instruction. |
| 759 | Adobe seeks to file under seal portions of the rebuttal report of its damages expert Stephen D. Prowse.  In support of its motion, Adobe submits a declaration from Anant N. Pradhan.  Mr. Pradhan claims that one redaction, paragraphs 49-53, |

6

contains confidential information regarding Adobe licenses and that public disclosure of this information could harm Adobe.  Here, Adobe only states that it could be harmed, but does not provide any detail or information on which the Court could so find.  "[B]road, conclusory allegations of potential harm" will not suffice.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).  Thus, the Court is constrained to deny Adobe's motion as to the redactions in paragraphs 49-53.

With regard to the other redactions from the rebuttal report, Mr. Pradhan explains that Digital Reg designated the material as confidential.  As the designating party, and in compliance with Civil Local Rule 79-5(e)(1), Digital Reg submits a declaration from Nicole E. Glauser explaining that the report contains sensitive information regarding royalty rates and terms specific to licensing agreements, that this information is confidential and that public disclosure of this information would harm Digital Reg by adversely affecting its future negotiations of licenses and litigation.  The Court finds good cause to grant the motion as to the portions designated confidential by Digital Reg because the redactions are narrowly-tailored and contain information falling within the class of

| | | |
|---|---|---|
| 1 | | materials that may be filed under seal. |
| 2 | | Accordingly, the motion is DENIED in part and GRANTED in part (Docket No. 759).  The Court refers Adobe to Civil Local Rule 79-5(f)(3) for further instruction. |
| 6 | 762 | Digital Reg seeks to file under seal an unredacted version of its Response to Adobe's Brief Regarding Disputed Legal Issues and Exhibits F, H and J to the declaration filed in support of that Brief.  In support of its motion, Digital Reg submits a declaration from W. Paul Schuck.  Mr. Schuck explains that Adobe designated the materials sought to be filed under seal as confidential.  As the designating party, and in compliance with Civil Local Rule 79-5(e)(1), Adobe submits a declaration from Anant N. Pradhan.  The Pradhan Declaration speaks only to Exhibit F, paragraphs 42-45 of Exhibit H and sections 10:17, 11:1-20, 12:2-22 and 13:5-22 of the Response brief.  Mr. Pradhan explains that this material contains confidential information about the operation of Adobe products and that public disclosure could harm Adobe by disclosing confidential technical information.  The Court finds good cause to grant the motion as to Exhibit F, paragraphs 42-45 of Exhibit H and sections 10:17, 11:1-20, 12:2-22 and 13:5-22 of the Response brief.  The request to file these materials under seal is |

| | |
|---|---|
| | narrowly-tailored and the redactions contain information falling within the class of materials that may be filed under seal.  As to the other materials indicated in Digital Reg's motion but not substantiated by the Pradhan Declaration, the motion is denied.<br><br>     Accordingly, the motion is DENIED in part and GRANTED in part (Docket No. 762).  The Court refers Digital Reg to Civil Local Rule 79-5(f)(3) for further instruction. |
| 763 | Digital Reg seeks to file under seal an unredacted version of its Response to Adobe's Motions in Limine and Exhibits A, B, C, D, E, H, I J, K, L and T to the declaration filed in support of its Response.  In support of its motion, Digital Reg submits a declaration from W. Paul Schuck.  Mr. Schuck explains that Exhibits A, E, H, I and J contain confidential information regarding licensing agreements and that Exhibit C contains confidential financial information.  The Schuck Declaration argues that public disclosure of this information would harm Digital Reg by weakening its position in future licensing negotiations.  The Court finds good cause to grant the motion as to these materials because the redactions are narrowly-tailored and contain information falling within the class of materials that may be filed under seal. |

Mr. Schuck further explains that Adobe designated Exhibits B, D, K, L and T as confidential. As the designating party, and in compliance with Civil Local Rule 79-5(e)(1), Adobe submits a declaration from Anant N. Pradhan. Mr. Pradhan explains that Exhibit B describes confidential business practices relating to Adobe's products, that Exhibits D and L and portions of Exhibit K describe technical features of Adobe's products and that portions of Exhibit T describe Adobe's knowledge of information related to the Patents-in-Suit. Mr. Pradhan further explains that these materials contain confidential information and that public disclosure could harm Adobe by disclosing confidential information regarding the form, structure and operation of Adobe's products or other confidential technical and financial features of Adobe's products or business products. The Court finds good cause to grant the motion as to Exhibits B, D and L; as to sections 5:1-6:10 and 12:27-13:5 of Exhibit K; and as to section 10:9-15 of Exhibit T. The request to file these materials under seal is narrowly-tailored and the redactions contain information falling within the class of materials that may be filed under seal. As to the other materials indicated in Digital Reg's motion but not substantiated by the Pradhan Declaration—namely, the

10

> remainder of Exhibits K and T—the motion is denied.
>
> Finally, both the Schuck and Pradhan Declarations argue that portions of Digital Reg's Response to Adobe's Motions in Limine should be filed under seal because they refer to, analyze or cite to the above-discussed confidential materials. The Court finds that the redactions are narrowly-tailored and contain information falling within the class of materials that may be filed under seal.
>
> Accordingly, the motion is DENIED in part and GRANTED in part (Docket No. 763).  The Court refers Digital Reg to Civil Local Rule 79-5(f)(3) for further instruction.

CONCLUSION

For the reasons set forth above, Digital Reg's amended administrative motion to seal (Docket No. 752) is GRANTED; Digital Reg's amended administrative motion to seal (Docket No. 753) is GRANTED; Digital Reg's amended administrative motion to seal (Docket No. 754) is GRANTED; Adobe's amended administrative motion to seal (Docket No. 755) is GRANTED; Adobe's amended administrative motion to seal (Docket No. 756) is GRANTED; Adobe's amended administrative motion to seal (Docket No. 757) is GRANTED; Adobe's amended administrative motion to seal (Docket No. 758) is DENIED; Adobe's amended administrative motion to seal (Docket No. 759) is DENIED in part and GRANTED in part; Digital Reg's amended administrative motion to seal (Docket No. 762) is DENIED in part and GRANTED in part; and Digital Reg's amended administrative

11

motion to seal (Docket No. 763) is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

Dated: December 10, 2014

CLAUDIA WILKEN
United States District Judge