IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADOBE SYSTEMS, INC., et al.,<br><br>　　　　Defendants. | No. C 12-1971 CW<br><br>ORDER ON AMENDED ADMINISTRATIVE MOTION TO SEAL<br><br>(Docket No. 773) |

　　Before the Court is Adobe Systems Incorporated's amended administrative motion to seal. Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

　　"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id. The documents sought to be filed under seal in this case are related to motions for attorneys' fees, a non-dispositive motion. A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will

result" should the information be disclosed.  Id. at 1179-80; Fed. R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential harm" will not suffice.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

Adobe seeks to file under seal portions of the rebuttal report of its damages expert Stephen D. Prowse.  In support of its motion, Adobe submits a declaration from Anant N. Pradhan.  Mr. Pradhan claims that paragraphs 49-53 must be redacted because they contain confidential information regarding previously undisclosed license agreements and settlement agreements, the release of which could harm Adobe by impairing Adobe's ability to negotiate future license agreements and settlement agreements.  The Court finds good cause to grant the motion.  Adobe's request is narrowly tailored and the redactions contain information falling within the class of materials that may be filed under seal.  Accordingly, the motion (Docket No. 773) is GRANTED.

## CONCLUSION

For the reasons set forth above, Adobe's amended administrative motion to seal (Docket No. 773) is GRANTED.

IT IS SO ORDERED.

Dated:  December 19, 2014

CLAUDIA WILKEN
United States District Judge

2