EDWARD R. REINES (SBN 135960)
edward.reines@weil.com
SONAL N. MEHTA (SBN 222086)
sonal.mehta@weil.com
BYRON C. BEEBE (SBN 235179)
byron.beebe@weil.com
ANANT N. PRADHAN (SBN 287227)
anant.pradhan@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650-802-3000
Facsimile: 650-802-3100

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ADOBE SYSTEMS INCORPORATED, et al.,<br><br>Defendants. | Civil Case No. 12-CV-01971 CW (KAW)<br><br>**DECLARATION OF EDWARD R. REINES IN SUPPORT OF ADOBE'S MOTION FOR ATTORNEYS' FEES**<br><br>JUDGE: Hon. Claudia Wilken<br>CTRM: 2, 4th floor<br>HEARING: Feb. 12, 2015; 2:00 p.m. |

I, Edward R. Reines, declare:

1. I am a partner with the law firm Weil, Gotshal & Manges LLP ("Weil"), counsel for Defendant Adobe Systems, Inc. ("Adobe"). I am admitted to practice law in the State of California and before the Court. I submit this declaration based on personal knowledge following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

2. The parties have met and conferred regarding the filing of this motion.

3. Adobe paid over $3 million in attorneys' fees reasonably necessary to conduct this litigation.[1]

4. Adobe was represented throughout this matter by Weil. In addition, prior to trial Adobe was part of a joint defense group. The use of a joint defense group in this case significantly reduced the overall fees and costs incurred through most of this multi-year litigation, but required coordination with counsel for the various defendants. Fees billed to Weil's billing number 11316.0007 were incurred and paid fully by Adobe. Fees billed to Weil's billing number 11316.0008 were incurred and paid by Adobe and another joint defendant. Thus, all fees attributable to the .0008 billing number have been reduced by 50% to account for this apportionment. All fees identified in either billing number have already accounted for any reductions attributable to the joint defense group as a whole. Through my supervision of this matter, I ensured that work necessary to present a proper defense to Digital Reg's claims was performed in a diligent and efficient manner.

5. As reflected in the below summaries, the following individuals at Weil billed time to this matter throughout the litigation, at the following billing rates (which, at times, reflect a discounted rate to Adobe). Billing records were kept in line with Weil's customary practices in the form of entry into Weil's electronic billing system, including time spent and a description of tasks incurred, and itemized statements were provided to Adobe on a monthly basis. Consistent with Local Rule 54-5(b)(2), Adobe is willing to produce billing statements for

---

[1] A prior version of my declaration stated that Adobe was billed and/or paid $4,753,288.62 in attorneys' fees. I withdraw that number because it included costs and unadjusted fees amounts that should not be included.

| DECLARATION OF EDWARD R. REINES IN SUPPORT OF ATTORNEYS' FEES | CIVIL CASE NO. 12-01971 CW |
|---|---|

1

*in camera* review if necessary.

6. I, Edward R. Reines served as the senior partner on this matter, responsible for overall case strategy and development as well as trial, claim construction, and general supervision. Since 2008, I have been recognized by *The Daily Journal* as one of the "Top Intellectual Property Litigators" in California. I appeared in *IP Law & Business* magazine's 2008 inaugural ranking of the "Top 50 Under 45" US IP lawyers, and also have been recognized by *IP Law & Business* as one of the "Top 75 IP Litigators" nationally. Since 2005, I have been ranked in *Chambers USA* as a leading lawyer in the area of Intellectual Property: Patent. I am past President of the Federal Bar Association's Northern District of California Chapter and Chair of the Patent Rules Committee for the Northern District of California. I am the past president of the Federal Circuit Bar Association and former Chair of the AIPLA Amicus Committee. I teach patent litigation at both Berkeley and Stanford Law Schools. My hourly billing rate to Adobe for this matter was $967.50 throughout the litigation.

7. Sonal Mehta is the partner that handled day-to-day management of this matter. In addition, Ms. Mehta was responsible for damages issues and co-chaired the trial of this case. Ms. Mehta was named one of 50 "Fast Track" lawyers in California in 2012 by *The Recorder*. She was also named one of the *Silicon Valley/San Jose Business Journal's* "40 under 40" for 2012. Ms. Mehta was further recognized for patent litigation in California by *IAM Patent 1000* in 2013 and 2014. Ms. Mehta's hourly billing rate to Adobe for this matter ranged from $747 to $774.

8. Adrian Percer is the partner that handled non-infringement and invalidity issues, including the analysis and development of Adobe's positions, through discovery and trial. Mr. Percer has represented clients in a wide range of technical disciplines as part of the firm's Intellectual Property counseling practice, including software, medical devices, storage devices, user interfaces, and Internet technologies such as search and advertising. Mr. Percer's hourly billing rate to Adobe for this matter was $747.

9. Timothy E. DeMasi is a mid-level partner who was responsible for assistance with discovery matters in this case. Mr. DeMasi's hourly billing rate to Adobe for this

1 matter was $877.50.

2       10.     Byron Beebe is a senior associate who took over the lead associate role on this matter in November 2013. Mr. Beebe was responsible for assisting with expert reports, claim construction, and trial, along with other day-to-day requirements of this case. Mr. Beebe is a former law clerk to the Honorable Larry R. Hicks, District Judge for the District of Nevada, and to the Honorable Johnnie B. Rawlinson, of the Ninth Circuit Court of Appeals. Mr. Beebe had more than five years of experience in patent litigation when he joined this matter. His hourly billing rate to Adobe for this matter ranged from $688.50 to $738.

      11.     Anant Pradhan is a junior associate who joined the team as the case proceeded to trial. Mr. Pradhan was responsible for preparing trial materials, trial briefs, evidentiary objections, and any additional and necessary tasks during trial. Mr. Pradhan had nearly two years of experience in patent litigation when he joined this matter. His hourly billing rate to Adobe for this matter was $499.50.

      12.     Joshua Davis was a mid-level associate responsible for this case during discovery and pre-trial phases. He assisted with and defended depositions in this matter and managed the discovery process. Mr. Davis had more than four years of experience in patent litigation when he joined this matter. His hourly billing rate to Adobe for this matter was $666.

      13.     Nathan Greenblatt was a mid-level associate responsible for this case during the close of discovery and through portions of expert discovery. He assisted with deposition planning, document productions, and expert-related matters, including damages issues. Mr. Greenblatt had more than three years of experience in patent litigation when he joined this matter. His hourly billing rate to Adobe for this matter ranged from $562.50 to $634.50.

      14.     Andrew Hodel was a junior associate in the patent litigation group when he was a member of the case team. Mr. Hodel assisted with discovery issues. His hourly billing rate to Adobe for this matter was $405.

      15.     In addition, the Weil attorney team for this case was assisted by the firm's litigation paralegals. The primary paralegal assigned to this matter through discovery, Johnna

Reynolds, had at least six years of experience. Ms. Reynolds' hourly billing rate to Adobe for this matter was $270. The hourly rates for those assisting with the litigation on matters discussed below ranged from $180 to $301.5, depending on seniority and responsibility, as reflected in the following: Matthew Bonini ($301.5); Colleen Sphar ($252); Irina Khait ($238.50); Carin Han ($193.50); and Amir Kadri ($180).

16. The rates set forth above reflect the standard, hourly rates that are generally charged to fee-paying clients of Weil. These rates are commensurate with the prevailing market rates charged by Weil's peer firms in California and nationwide for similar services. These fees and costs reflect the customary hourly rates for our legal services. Only fees related to relevant work actually performed for Adobe are included in this motion.

17. The following chart summarizes the fees incurred in defending against Digital Reg's assertion of the 741 patent. Adobe has narrowly tailored its request to recover fees that are directly related to defending against the 741 patent. This includes deductions when billing entries included work not related to the 741 patent and all necessary deductions for work billed to the .0008 billing number. In addition, this includes deductions relating to billing adjustments.[2] The total amount incurred equals $103,864.35.

| Name | Hours | Rate | Total |
| --- | --- | --- | --- |
| Edward Reines | 14.1 | $967.5 | $13,641.75 |
| Sonal Mehta | 1.3 | $774 | $1,006.20 |
| Adrian Percer | 11.5 | $747 | $7866 |
| Timothy DeMasi | 26.3 | $877.5 | $23,078.25 |
| Byron Beebe | 12.6 | $738 | $9,298.80 |
| Anant Pradhan | .5 | $499.5 | $174.63 |
| Nathan Greenblatt | 31.1 | $562.5 | $17,493.75 |
|  | 39.8 | $634.5 | $21,352.50 |
| Joshua Davis | 6.3 | $666 | $3,776.22 |

---

[2] I withdraw the numbers in my prior declaration because they included unadjusted fees amounts that should not have been included.

| | | | |
|---|---|---|---|
| Andrew Hodel | 2.5 | $405 | $506.25 |
| Johnna Reynolds | 21 | $270 | $5,670 |

18. The following chart summarizes the fees incurred due to Digital Reg's improper damages opinions. Adobe has narrowly tailored its request to recover fees that are directly related to Digital Reg's improper expert reports. This includes deductions when billing entries included work not related to responding to Digital Reg's expert reports and all necessary deductions for work billed to the .0008 billing number. In addition, this includes deductions relating to billing adjustments.[3] The total amount incurred equals $33,605.55.

| Name | Hours | Rate | Total |
|---|---|---|---|
| Edward Reines | 2 | $967.50 | $1,352.95 |
| Sonal Mehta | 8.1 | $747 | $5,467.50 |
| | 14.9 | $774 | $10,166.40 |
| Anant Pradhan | 26.1 | $499.5 | $9,115.44 |
| Nathan Greenblatt | 10 | $634.5 | $5,062.50 |
| Matthew Bonini | 1.2 | $301.5 | $252.97 |
| Colleen Sphar | 7.5 | $252 | $1,687.50 |
| Irina Khait | 3 | $238.5 | $500.28 |

19. The following chart summarizes the fees incurred in relation to the changed testimony and additional discovery associated with Digital Reg's witnesses Patrick Patterson and Carl Venters. Adobe has narrowly tailored its request to recover fees that are directly related to the depositions and briefing related to these issues. This includes deductions when billing entries included work not related to the issues arising from Mr. Patterson's and Mr. Venters' improper testimony and all necessary deductions for work billed to the .0008 billing number. In addition, this includes deductions relating to billing adjustments. The total amount incurred equals $45,838.43.

| Name | Hours | Rate | Total |
|---|---|---|---|

---

[3] I withdraw the numbers in my prior declaration because they included unadjusted fees amounts that should not have been included.

| | | | |
|---|---|---|---|
| Edward Reines | 39.4 | $967.5 | $20,119.75 (.0008 and other deductions) |
| Adrian Percer | 0.7 | $747 | $261.45 (.0008 deduction) |
| Byron Beebe | 28 | $738 | $14,448.27 |
| Anant Pradhan | 11 | $499.5 | $3,841.75 |
| Nathan Greenblatt | 19.5 | $634.5 | $5458.38 (.0008 and other deductions) |
| Matthew Bonini | 1.2 | $301.5 | $252.97 |
| Carin Han | 7.6 | $193.5 | $1,028.24 |
| Amir Kadri | 5.1 | $180 | $401.62 (.0008 and other deductions) |

20.  Adobe has incurred further fees in bringing this motion. Adobe will provide a summary of those fees once they have been properly billed.

21.  Attached hereto as **Exhibit 1** is a true and correct copy of the excerpts from Patrick Patterson's deposition transcript dated April 25, 2013.

22.  Attached hereto as **Exhibit 2** is a true and correct copy of the excerpts from Carl Venters' deposition transcript dated March 26, 2013.

23.  Attached hereto as **Exhibit 3** is a true and correct copy of the excerpts from Carl Venters' deposition transcript dated September 1, 2014.

24.  Attached hereto as **Exhibit 4** is a true and correct copy of the excerpts from Russell Parr's expert report dated October 30, 2013.

25.  Attached hereto as **Exhibit 5** is a true and correct copy of Digital Reg's original Trial Exhibit 184, as first admitted into evidence.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 19, 2015, at Redwood Shores, California.

By: */s/ Edward R. Reines*
Edward R. Reines
edward.reines@weil.com