IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>ADOBE SYSTEMS, INC., et al.,<br><br>      Defendants.<br>_____/ | No. C 12-1971 CW<br><br>ORDER ON ADMINISTRATIVE MOTIONS TO SEAL<br><br>(Docket Nos. 783, 785, 799) |

    Before the Court are several administrative motions to seal. Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id. The documents sought to be filed under seal in this case are related to motions for attorneys'

fees, a non-dispositive motion. A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. Id. at 1179-80; Fed. R. Civ. P. 26(c). "[B]road, conclusory allegations of potential harm" will not suffice. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

The Court now assesses each motion in turn.

| Docket No. | Ruling |
|---|---|
| 783 | Defendant Adobe seeks to file under seal an unredacted version of its Motion for Attorneys' Fees and Exhibits 1, 2 and 4 to the declaration filed in support of its motion. The redacted version of the Motion for Attorneys' Fees omits proposed settlement values. Exhibit 1 contains excerpts from the Deposition of inventor Patrick E. Patterson. Exhibit 2 contains excerpts from the Deposition of Carl Vernon Venters, Digital Reg's principal. Exhibit 4 contains excerpts from the Expert Report of Russell Parr relating to Digital Reg's damages.<br><br>In support of its motion, Adobe submits a declaration from Byron C. Beebe. Mr. Beebe explains that the materials sought to be filed under seal have been designated as "Confidential" or "Highly Confidential – Outside Counsel Only" by Plaintiff Digital Reg. As the designating party, Digital Reg has an obligation under Civil Local Rule 79-5(e) to |

| | |
|---|---|
| | file a declaration establishing the designated material as sealable within four days of the filing of the Administrative Motion to File Under Seal. Digital Reg has not filed such a declaration.<br><br>Accordingly, the motion is DENIED (Docket No. 783). The Court refers Adobe to Civil Local Rule 79-5(e)(2) for further instruction. |
| 785 (as amended by Docket No. 793) | Adobe seeks to file under seal an unredacted version of its Motion for Attorneys' Fees and Exhibit 5 to the declaration filed in support of its motion. In addition to the settlement value originally redacted in Docket No. 783, this version of the Motion for Attorneys' Fees also redacts Digital Reg's proposed settlement value. Exhibit 5 (original version of admitted trial exhibit 184) is a table listing the amount for which Digital Reg settled various patent claims.<br><br>In support of its motion, Adobe submits a declaration from Edward R. Reines. Mr. Reines explains that the redacted information has been designated as "Confidential" or "Highly Confidential – Outside Counsel Only" by Digital Reg or Symantec; however, no party has filed a declaration stating why the information is sealable as required by Civil Local Rule 79-5(e)(1).<br><br>Accordingly, the motion is DENIED (Docket No. 785). The Court refers Adobe to Civil Local Rule |

3

| | | |
|---|---|---|
| 1 | | 79-5(e)(2) for further instruction. |
| 2 | 799 | Digital Reg seeks to file under seal an unredacted version of Digital Reg's Opposition to Adobe's Motion for Attorneys' Fees.  In support of its motion, Digital Reg submits a declaration from W. Paul Schuck.  Mr. Schuck explains that the redacted portions disclose details of Digital Reg's patent license terms and royalty rates and Adobe's software piracy rates.  He argues that public disclosure of Digital Reg's patent license terms and royalty rates would weaken Digital Reg's position in future license negotiations or in resolving litigation.  The Court finds good cause to grant the motion as to the portions designated confidential by Digital Reg.  Digital Reg's request is narrowly tailored and the redactions contain information falling within the class of materials that may be filed under seal.<br><br>With regard to Adobe's software piracy rates, Mr. Schuck explains that Adobe has designated this information as confidential; however, Adobe has not filed a declaration stating why this excerpt is sealable as required by Civil Local Rule 79-5(e). Accordingly, the motion is denied with respect to the information designated as confidential by Adobe.<br><br>Thus, the motion is DENIED in part and GRANTED in part (Docket No. 799).  The Court refers Adobe to |

4

Civil Local Rule 79-5(f)(3) for further instruction.

CONCLUSION

For the reasons set forth above, Adobe's administrative motion to seal (Docket No. 783) is DENIED; Adobe's amended administrative motion to seal (Docket No. 785) is DENIED; and Digital Reg's administrative motion to seal (Docket No. 799) is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

Dated:   February 11, 2015

CLAUDIA WILKEN
United States District Judge