IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIGITAL REG OF TEXAS, LLC

    Plaintiff,

  v.

ADOBE SYSTEMS, INC., et al.,

    Defendants.

_____/

No. C 12-1971 CW

ORDER ON MOTIONS FOR ATTORNEYS' FEES

(Docket No. 794)

On December 22, 2014, the Court entered judgment in favor of Defendant Adobe Systems, Inc. against Plaintiff Digital Reg of Texas, LLC. Docket No. 777. Adobe moves for an award of attorneys' fees under 35 U.S.C. § 285. Docket No. 794. Digital Reg opposes the motion and argues in the alternative that the issue of attorneys' fees should be deferred until the Federal Circuit decides the appeal of the Court's order. Based on the papers, the Court GRANTS the motion in part.

## BACKGROUND

In this patent infringement case, Digital Reg sued Adobe alleging infringement of U.S. Patent No. 6,389,541 (the '541 patent), U.S. Patent No. 6,751,670 (the '670 patent) and U.S. Patent No. 7,421,741 (the '741 patent). These patents cover different aspects of digital rights management (DRM). DRM is a generic term of art describing the control technologies that allow copyright holders, publishers and hardware manufacturers to restrict access to digital content.

Adobe denied infringement of all three patents and argued that the asserted patent claims were invalid. On June 10, 2014, the Court issued a claim construction order and entered summary judgment in favor of Adobe on the '741 patent, but denied summary judgment with respect to the other two patents. Docket No. 574. The parties went to trial on the '541 and '670 patents. Having found each of the disputed patent claims to be obvious, and therefore invalid, the jury awarded Digital Reg no damages. On December 22, 2014 the Court entered judgment in favor of Adobe against Digital Reg. Docket No. 777.

## LEGAL STANDARDS

Under 35 U.S.C. § 285, the court "in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court, in construing this section, has held that

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014). Because the exceptional case determination may be informed by the district court's unique insight into the manner in which the case was litigated, it is within the sound discretion of the district court. Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 134 S. Ct. 1744, 1748 (2014).

2

DISCUSSION

As a preliminary matter, Digital Reg's request that the Court defer consideration of the fees issue is denied. If this Court decides the fees issue now, the Federal Circuit may consider all appellate issues together, thereby saving judicial resources. See Nystrom v. TREX Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003) (disapproving piecemeal appeals).

Adobe contends that this case is exceptional because Digital Reg (1) proposed objectively unreasonable claim constructions; (2) offered unreliable and unreasonable expert opinion; (3) engaged in litigation misconduct with respect to two fact witnesses; and (4) was only seeking nuisance value settlements. Adobe only seeks fees resulting from the exceptional conduct.

A. Claim Construction

Adobe first argues that Digital Reg pursued objectively unreasonable and frivolous claims by proposing claim constructions that were baseless or had been previously disavowed. Adobe contends that the unreasonable nature of Digital Reg's claims is demonstrated by three instances in which the Court found that Digital Reg's proposed claim constructions were inconsistent with the specification and prosecution history. In addition, Adobe argues that Digital Reg's proposed construction of the term "header" in the '741 patent was "egregiously flawed." Digital Reg had proposed that the term "header" be construed as "control information including at least a key associated with a data block." Finding no intrinsic evidence supporting this proposed construction, the Court adopted the plain meaning of the term. Docket No. 574. Based on the construction of the term, the Court

3

1 granted summary judgment of non-infringement of the '741 patent.
2 Id.

3     A case presenting exceptionally meritless claims may be
4 sufficiently exceptional to warrant a fee award. Octane Fitness,
5 134 S. Ct. at 1756. Repeated disregard for the file history is
6 sufficient grounds to find the case exceptional. Linex Techs v.
7 Hewlett Packard, 2014 WL 4616847 (N.D. Cal.). However, it is not
8 enough that invalidity was determined on the pleadings. Gametek
9 LLC v. Zynga, 2014 WL 4351414 at *3 (N.D. Cal.).

10     Digital Reg's claim construction arguments do not descend to
11 the level of frivolousness or objective unreasonableness to
12 warrant a determination that they were exceptional. The proposed
13 claim construction was not completely baseless. While Digital Reg
14 did not speak to the use of "control information" in its proposed
15 claim construction, it contended that the relevant issue was the
16 necessity of multiple containers, not the physical location of the
17 header. With respect to this portion of the proposed
18 construction, it cited the patent specification, which uses the
19 "associated with" language, as intrinsic evidence supporting its
20 proposal. Moreover, the proposed construction had not been
21 previously analyzed by this Court or any other fora. Cf. Linex
22 Techs, 2014 WL 4616847 at *5 (finding a case exceptional where the
23 plaintiff continued to assert baseless infringement claims
24 following case-dispositive claim constructions by two other fora).

25     B. Unreliable and Unreasonable Expert Opinion
26     Adobe also contends that an exceptional determination is
27 warranted by the unreliable and unreasonable expert opinions
28 offered by Digital Reg. Adobe's argument is primarily based on

4

the testimony of Mr. Parr, Digital Reg's damages expert. At trial, the Court granted Adobe's Daubert[1] motion to exclude Mr. Parr's testimony because he: (1) used unreliable industry-wide data to impute piracy savings, (2) used an improper fifty-fifty profit split to determine the royalty rate, and (3) did not apportion the royalty base. Docket No. 632. Each of these aspects of the report was found to be inconsistent with Federal Circuit case law. Id. Mr. Parr was permitted to submit a revised report, which was found to cure the threshold problems identified in the Court's order. Docket No. 663.

An exclusion of expert testimony under Daubert does not in most cases trigger a finding of litigation misconduct; however, it may if the circumstances are "sufficiently egregious." MarcTec v. Johnson & Johnson, 664 F.3d 907, 920 (Fed. Cir. 2012). Although Mr. Parr's inputs and analysis originally included multiple flaws, he was able to cure the deficiencies through adjustments to his methodology. The problems with his testimony do not amount to egregious or exceptional conduct. Cf. id. at 920-21 (finding circumstances "sufficiently egregious" where plaintiff's expert testimony was "untested and untestable" and unnecessarily extended litigation in an attempt to support unfounded arguments).

C. Litigation Misconduct

Adobe also alleges that an award of attorneys' fees is justified based on Digital Reg's litigation misconduct with respect to its fact witnesses at trial. A case may be exceptional

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

5

1 based on the unreasonable manner in which it was litigated.
2 Octane Fitness, 134 S. Ct. at 1756.  Litigation misconduct is
3 shown through "unethical or unprofessional conduct by a party or
4 his attorneys during the course of adjudicative proceedings." Old
5 Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539, 549 (Fed.
6 Cir. 2011).

First, Adobe contends that Digital Reg engaged in litigation misconduct with respect to its witness Chip Venters, a principal of Digital Reg.  Mr. Venters testified to demonstrate Adobe's knowledge of the '541 and '670 patent.  To support this contention, Mr. Venters relied on a document called the Adobe Value Proposition (AVP), which he alleged was presented to Adobe in a telephone meeting in the summer of 2004.  In discovery, Digital Reg had produced several drafts of the AVP with various edits and comments in tracked changes.  In his deposition, Mr. Venters was shown multiple versions of the AVP.  He testified that a specific version was the one presented to Adobe in 2004.  This version identified both the '541 and '670 patents by name and number.

At trial, Adobe objected to admission of the AVP under the best evidence rule.  Counsel for Digital Reg explained that there were a number of versions because Mr. Venters had drafted the AVP for the 2004 meeting and then later edited the document in preparation for a meeting in 2008.  She further stated that Mr. Venters would be able to confirm that Trial Exhibit 125c was the copy sent to Adobe.  Counsel for Digital Reg also contended that it had produced all versions of the document and that there was no

6

prejudicial difference between the versions because none of the tracked comments pertained to the '541 or '670 patents.

In Mr. Venters' direct testimony, he stated that Trial Exhibit 125c was the version sent to Adobe and that he discussed the document with Adobe in detail in their phone meeting. Mr. Venters then conceded that Exhibit 125c contained a tracked changes comments bubble that would not have been included when he sent the document. On cross-examination, he admitted that none of the documents produced was the version sent to Adobe and stated that he had the final version without a comment bubble in his possession.

Following this admission, Adobe raised with the Court its concern that Mr. Venters had testified to possessing a document that was never produced. During further questioning, Mr. Venters stated that the version he was referring to was Exhibit 125c with tracking turned off. The Court ordered Digital Reg to produce all versions of the AVP. The following day, Digital Reg produced two previously unproduced versions of the AVP, neither of which was the document Mr. Venters had claimed to possess. One of the newly produced documents did not refer to the '670 patent by number, although it did describe the technology and refer to it as a "Patent by the U.S. Patent Office." Digital Reg explained that this version was drafted before the '670 patent issued in June 2004. The Court allowed Adobe to depose Mr. Venters a second time regarding the newly produced documents.

After briefing from both sides on the issue, the Court removed Exhibit 125c from the record and replaced it with the newly produced version that did not refer to the '670 patent by

7

number. Trial Exhibit 696. The Court also provided a curative instruction to the jury clarifying that Mr. Venters had stated that a version of the AVP was sent to Adobe, but that he could not identify the particular version.

Adobe contends that it should not have to bear the costs incurred as a result of Digital Reg's failure to produce relevant documents in discovery. According to Adobe, because the document was important to Digital Reg's claim of willful infringement, it was incumbent upon it to conduct a thorough investigation to ensure that the correct document was relied upon at trial. Furthermore, Adobe points out that the difference between the documents was material because one of the later produced versions did not identify the '670 patent by number.

Digital Reg maintains that its failure to produce the actual version that was attached to the email sent to Adobe at the time of the telephone meeting was due to the parties' agreement to limit the costs of discovery by not producing emails. Mr. Venters also explained that he and Digital Reg's former counsel had collected drafts of the AVP previously when involved in litigation with Microsoft. In the present litigation, those same documents were produced to Adobe on the assumption that the prior production had been complete.

In addition, Digital Reg argues that it had no incentive to produce the wrong version of the AVP because every version specifically described and identified the '541 and '670 patents. This is incorrect. Digital Reg has admitted that the '670 patent was not referred to by number in one of the versions because the patent had not yet issued. Consequently, the variations among the

8

drafts could have been material.  Moreover, Digital Reg was aware of the comment bubble in Trial Exhibit 125c and Adobe's evidentiary objection; therefore, it was on notice that it had not produced and was not proffering the final draft.

Digital Reg failed to produce material documents and now attempts to excuse its indiscretion by minimizing the relevance of the belatedly produced drafts.  A discovery agreement does not excuse Digitial Reg from conducting a thorough investigation of the evidence to support its claim.  Digital Reg must reimburse Adobe for the considerable costs it expended due to Digital Reg's behavior, regardless of whether it resulted from carelessness or bad faith.

Adobe contends that Digital Reg also engaged in litigation misconduct with respect to the testimony of Patrick Patterson, the named inventor on the patents-in-suit.  Mr. Patterson testified to describe and attest to the date of conception of the patented inventions.  During his deposition, Mr. Patterson testified that he did not recognize or have any knowledge of a document and stated that he would not change his testimony at trial.  However, at trial he identified the document as his conception document and stated that he was the author.  Mr. Patterson explained that he had requested a copy of the document to look over after the deposition, at which point he recalled what it was.

While a change of testimony is not itself necessarily unethical or unprofessional, the failure of Digital Reg to alert Adobe to the change in testimony at any point in the year prior to trial is.  Digital Reg knowingly introduced testimony that violated a witness's sworn commitment not to change his testimony

United States District Court
For the Northern District of California

at trial, understanding that Adobe would have prepared based on misleading information. Digital Reg took no steps to rectify the situation despite ample time to do so. Accordingly, the testimony of Patrick Patterson warrants a determination of exceptional conduct.

### D. Nuisance Value Settlements

Finally, Digital Reg argues an exceptional case determination is warranted because the litigation was initiated in bad faith. A case presenting subjective bad faith may warrant a fee award. Octane Fitness, 134 S. Ct. at 1757. Bad faith is exhibited where a party exploits "the high cost to defend complex litigation to extract a nuisance value settlement from [an] alleged infringer." Eon-Net LP v. Flagstar Bancorp, 653 F.3d 1314, 1327 (Fed. Cir. 2011). Adobe points to the low settlements Digital Reg accepted from other Defendants originally party to this suit as evidence of its improper motivation for litigation. However, the settlement figures alone are insufficient to demonstrate bad faith. See Gen. Components, Inc. v. Micron Tech., Inc., 2012 WL 1981698, at *6 (E.D. Va.)(noting that "otherwise valid actions accompanied by 'open speculation' as to their purpose cannot rise to the level of litigation misconduct").

The settlements arising out of this suit and payments for granting licenses of patents-in-suit are not "miniscule." Adobe fails to point to any other "indicia of extortion" that would make this case exceptional. See id. at 1326. Consequently, the evidence is insufficient to support a finding that Digital Reg initiated litigation in bad faith.

10

E. Reasonableness of Fee Amounts

A fee petition must provide sufficient detail to allow for a fair evaluation of the time expended and the nature and need for the service. United Steel Workers of Am. v. Ret. Income Plan, 512 F.3d 555, 565 (9th Cir. 2008). In moving for attorneys' fees, Adobe submitted a declaration with tables summarizing the time spent by each person in relation to each aspect of litigation for which it asserts the case is exceptional; however, Adobe does not provide any detail as to the nature of each biller's work. Without any information on the tasks conducted during those hours, there is insufficient detail to allow for an evaluation of the nature and need for the time expended.

CONCLUSION

Accordingly, Adobe's motion for attorneys' fees (Docket No. 794) is GRANTED to the extent that it is entitled to fees, in an amount to be determined, incurred in relation to Mr. Patterson's and Mr. Venters' deposition and testimony. The motion is DENIED with respect to all other fees.

Adobe's itemization of its fees is insufficient. Within two weeks of this order, Adobe must file a supplemental declaration providing further information about the fees incurred in relation to the changed testimony and resulting additional discovery and motion practice associated with Mr. Patterson and Mr. Venters. Digital Reg may file an opposition of not more than eight pages no later than one week thereafter. Digital Reg may oppose only with respect to the reasonableness of the amount of fees sought. Adobe may file a response to Digital Reg's opposition of up to five

pages no later than one week thereafter.  The matter will be decided on the papers.

IT IS SO ORDERED.

Dated: March 9, 2015



CLAUDIA WILKEN
United States District Judge