IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIGITAL REG OF TEXAS, LLC

    Plaintiff,

  v.

ADOBE SYSTEMS, INC., et al.,

    Defendants.
_____/

No. C 12-1971 CW

ORDER ON ADOBE'S MOTION FOR ATTORNEYS' FEES

(Docket No. 794)

On March 9, 2015, the Court awarded Adobe attorneys' fees under 35 U.S.C. § 285 due to Digital Reg's litigation misconduct with respect to two of its fact witnesses: Patrick Patterson and Carl Venters. Docket 815. The Court found Adobe's itemization of attorneys' fees insufficient and ordered Adobe to submit a supplemental declaration providing more detailed billing records. Adobe submitted its supplemental declaration on March 23, 2015. Having considered the parties' briefs and supporting documentation, the Court grants Adobe's fee request with moderate reductions.

DISCUSSION

Adobe seeks $90,586.12 in attorneys' fees. This figure includes the initial $45,838.43 sought in relation to the deposition and testimony of Mr. Patterson and Mr. Venters. In addition, Adobe requests $42,115.05 for fees incurred in bringing the fees motion and $2,632.64 for forensic expert fees incurred in relation to Mr. Venters' testimony.

Digital Reg objects to and opposes Adobe's requested fees on a number of grounds. First, Digital Reg contends that Adobe's

time entries include block billing and generic descriptions that warrant a reduction of twenty percent. Block billing is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. Apple v. Samsung, 2014 WL 2854994, at *2 (N.D. Cal.). Block-billing can provide a basis for calculating a fee award where there is sufficient detail to identify precisely the task accomplished. See PQ Labs, Inc. v. Qi, 2015 WL 224970, at *3 (N.D. Cal.) (citing Stonebrae, L.P. v. Toll Bros., Inc., 2011 WL 1334444 at *8 (N.D. Cal.). Adobe's billing entries are sufficiently detailed to identify the tasks accomplished and to allow the Court to assess the reasonableness of the time spent on those tasks. Moreover, Adobe's fee request accounts for over-inclusive billing entries. Consequently, the Court declines to reduce the award for block-billing.

I.   Fees Incurred due to Digital Reg's Litigation Misconduct

Digital Reg argues that Adobe is not entitled to fees for pre-trial depositions under the March 9 order. The Court awarded Adobe "fees incurred in relation to the changed testimony and resulting additional discovery and motion practice associated with Mr. Patterson and Mr. Venters." Docket No. 815. Digital Reg argues that this award should not include fees relating to pre-trial depositions because Digital Reg's misconduct was only associated with its behavior at trial. However, the award is not as narrow as Digital Reg contends. The order granted all fees incurred "in relation to" Digital Reg's misconduct, not only fees directly resulting from the misconduct. This is consistent with Federal Circuit precedent, which requires that the amount of

2

attorneys' fees awarded bear "some relation" to the extent of misconduct. <u>Read Corp. v. Portec, Inc.</u>, 970 F.2d 816, 831 (Fed. Cir. 1992). Digital Reg's misconduct undermined Adobe's efforts in preparing for and taking the pre-trial depositions. Moreover, had Digital Reg properly prepared its witnesses and the documents their testimony relied on for the pre-trial depositions, the subsequent issues would not have arisen. Thus, the pre-trial depositions are related to Digital Reg's misconduct.

Digital Reg also argues that Adobe's requested fee amount fails to apply deductions properly for fees it split with another defendant. Adobe's Supplemental Declaration states that it has reduced fees billed under the .0008 billing number by fifty percent to account for the fact that Adobe split these fees with another jointly-represented defendant. A review of Adobe's Supplemental Declaration reveals that the reduction has been properly implemented for all lawyers except Mr. Reines. <u>See</u> Def.'s Suppl. Decl. ¶ 6, Docket No. 819. Adobe requests $21,720.38 for work conducted by Mr. Reines. However, taking into account the fifty percent reduction and the 69.92% fee cap in place during trial, Adobe is only entitled to $16,399.125. Thus, $4,932.86 must be deducted from Adobe's fee award.

Digital Reg also challenges Adobe's inclusion of work related to witnesses other than Mr. Patterson and Mr. Venters. Adobe contends that it has discounted its request to address this issue. A review of the Supplemental Declaration reveals that Adobe has accounted for over-inclusive billing by Mr. Pradhan, Mr. Bonini, and Ms. Han. For these lawyers, Adobe only applied a certain percentage of the total hours billed towards the fees request.

3

See id. at ¶¶ 17, 23, and 25.  However, for other lawyers, Adobe has failed to apply a similar deduction.  See id. at ¶¶ 6, 11, and 27 (including preparations for Farley and Ornstein depositions). A three percent reduction in the fee award is warranted to account for Adobe's failure to account for over-inclusive billing.

Thus, the Court awards $39,678.40 for all fees incurred in relation to Mr. Venters and Mr. Patterson.  This figure represents a $4,932.86 reduction to account for deductions under the .0008 billing code and an additional three percent reduction to account for fees requested for unrelated work.

II.   Forensic Experts Fees

Digital Reg opposes Adobe's inclusion of fees for forensic experts employed to gather documents and verify the completeness of the collection of documents from Mr. Venters.  Adobe did not include fees for forensic experts in its initial motion for attorneys' fees.  The Court ordered Adobe to submit a supplemental declaration to provide more detailed billing information to support its fee request.  Adobe was not authorized to include new fees in the declaration.

Even if Adobe had included expert fees in its initial request, they are not recoverable under 35 U.S.C. § 285.  Section 285 allows for the award of attorneys' fees only.  The Federal Circuit has held that § 285 does not authorize the award of expert witness fees.  Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 377 (Fed. Cir. 1994).  The Court sees no reason and Adobe provides no authority to suggest that forensic experts should be treated differently from expert witnesses under § 285. Thus, Adobe's request to include forensic expert fees is DENIED.

4

III. Attorneys' Fees for Bringing the Attorneys' Fees Motion

With respect to fees incurred in bringing the attorneys' fees motion, Digital Reg takes issue with the number of hours, the billing rates, and the inclusion of work related to the bill of costs.

A. Number of Hours Claimed

Digital Reg argues that the number of hours for which Adobe requests fees is unreasonable. Adobe seeks to recover fifty percent of fees incurred for the 109.7 hours of work it performed relating to its fees motion. Digital Reg objects both to the number of hours and the allocation of fifty percent.

Attorneys' fees must be proportionate to the degree of success of the prevailing party. Hensley v. Eckerhart, 461 U.S. 424, 432 (1983). Adobe requests fifty percent of the total fees on the basis that it prevailed on half of its fees claims. Adobe considered conduct surrounding Mr. Venters and Mr. Patterson as two separate instances of misconduct. Adobe further supports its apportionment on the grounds that a substantial portion of the work in filing its fees motion was required regardless of the issues raised. Digital Reg argues that Adobe was only successful on one of the four grounds and consequently, should only be awarded twenty-five percent of its fees.

Neither party correctly characterizes Adobe's fees motion. Adobe requested fees for three allegedly exceptional instances of conduct; it argued that Digital Reg (1) asserted baseless claims, (2) relied on unreasonable expert testimony, and (3) engaged in litigation misconduct. Conduct surrounding both Mr. Patterson and Mr. Venters was included under the litigation misconduct argument.

5

Thus, Adobe was successful on one-third of its grounds for fees. However, the fifty percent apportionment figure is reasonable given that the litigation misconduct argument had two parts and that a substantial portion of the work conducted in bringing the claim would have been necessary regardless of the number of claims brought.

Digital Reg also contends that the number of hours Adobe expended on briefs for its fees motion was excessive. An attorneys' fee award may only include hours "reasonably expended" on litigation. Apple, Inc. v. Samsung Electronics Co., 2012 WL 5451411, at *3 (N.D. Cal.)(citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Mr. Beebe, an associate at Weil, Gotshal & Manges (Weil), billed sixty-seven hours for briefing Adobe's fee motion. Mr. Reines, a partner, billed an additional twenty-two hours reviewing, editing, and commenting on the same briefing, and paralegals spent an additional twenty hours cite-checking and proofreading. In support of its contention that these hours are unreasonable, Digital Reg cites Apple v. Samsung, in which the Court found it unreasonable that a partner with almost twenty-five years of experience needed fifty hours to draft a fourteen-page motion and to review a fifteen-page reply, when five associates had billed 85.8 hours for the same motion. 2012 WL 5451411 at *4. The extreme circumstances exhibited in Apple are not found in the present case. The Court finds the number of hours reasonable.

B.   Billing Rates

Digital Reg argues that Weil's billing rates are also unreasonable and warrant a reduction of Adobe's fees request. It is the obligation of the party seeking fees "to provide evidence

6

1 outside of an attorney affidavit that its counsels' hourly rates
2 are reasonable." Apple, Inc. v. Samsung Electronics Co., 2012 WL
3 5451411, at *6 (N.D. Cal.).  In calculating a reasonable
4 attorneys' fee, the Court may take into account a number of
5 factors, including: (1) the novelty and complexity of the issues;
6 (2) the special skill and experience of counsel; (3) the quality
7 of representation; and (4) the results obtained. Gates v.
8 Deukmejian, 987 F.2d 1392, 1402, n.12 (9th Cir. 1992).  The
9 reasonable rate inquiry should also be informed by reference to
10 the prevailing market rates in the forum district. Id. at 1405.

11    The hourly billing rates for Adobe's attorneys who worked on
12 the fees motion range from $747 to $967.50 for partners and $499
13 to $765 for associates.  In support of Weil's billing rates, Adobe
14 submits an excerpt from the 2013 American Intellectual Property
15 Law Association (AIPLA) report of the Economic Survey, showing
16 that third quartile rates in San Francisco in 2012 were $825 for
17 partners and $576 for associates.  Acknowledging that its numbers
18 are above the AIPLA third quartile rates, Adobe argues that these
19 numbers are outdated and that rates have increased since that
20 time.

21    Adobe also cites recent case law from this district where, it
22 contends, courts have awarded fees "in line" with Weil's rates;
23 however, only one of these cases actually involved rates as high
24 as those of Weil. See Banas v. Volcano Corp., 2014 WL 7051682, at
25 *5 (N.D. Cal.)(finding rates ranging from $355 to $1,095 per hour
26 for partners and associates were within the prevailing rates).  In
27 the rest of the cases, the rates upheld are consistent with the
28 AIPLA third quartile rates. See, eg., Kilopass Tech., Inc. v.

7

<u>Sidense Corp.</u>, 2015 WL 1065883, at *11 (N.D. Cal.)(finding rates as high as $830 in line with prevailing rates in that community). The AIPLA figures and bulk of the case law fail to support Adobe's contention that Weil's rates are in line with the prevailing market rates in the district. Consequently, a fee reduction is warranted to bring the rates in line with prevailing market rates. Because a fee cap was in place in trial, this reduction is only required for the fees incurred in bringing the fees motion.

C.    Fees Related to Bill of Costs

Finally, Digital Reg objects to Adobe's inclusion of 0.6 hours of work performed by Ms. Mehta conferring with Adobe regarding costs. Adobe is not entitled to recover any fees associated with its bill of costs.

To account for Adobe's high billing rates and inclusion of work performed on its bill of costs, the Court reduces Adobe's requested fee amount by ten percent. Therefore, the Court awards Adobe $37,903.55 in fees incurred in bringing the attorneys' fees motion.

CONCLUSION

Accordingly, Adobe's motion for attorneys' fees (Docket No.794) is GRANTED IN PART and DENIED IN PART. Adobe is awarded $77,581.95 in fees.

IT IS SO ORDERED.

Dated: May 1, 2015

CLAUDIA WILKEN
United States District Judge