UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL REG OF TEXAS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS INCORPORATED,<br><br>    Defendant. | Case No. 12-cv-01971-CW  (KAW)<br><br>**ORDER REQUIRING ADDITIONAL INFORMATION REGARDING ADOBE'S MOTION FOR REVIEW OF CLERK'S ORDER TAXING COSTS**<br><br>Re: Dkt. No. 816 |

    Adobe's motion for review of the clerk's order taxing costs was referred to the undersigned for report and recommendation. Upon review of the moving papers, the Court orders Adobe to file a declaration with copies of all receipts and invoices attached as exhibits. The receipts should be organized by category and be accompanied by a chart that lists all of the receipts. Deposition transcript receipts should be organized by deponent, so that the original transcripts are grouped with the receipts for the copies (i.e. videotapes or ASCII).

    The missing receipt referenced by the Clerk in the Bill of Costs is for the August 19, 2014 entry for "trial transcripts," in the amount of $9,171.27. That amount was disallowed because the receipt was not attached. That a copy of the receipt may have been attached to a subsequent filing does not remedy Adobe's failure to submit the receipt with the original bill of costs or the instant motion. Indeed, either an errata or supplemental declaration should have been filed to include the original receipt. Notwithstanding, the receipt Adobe cites to in its motion does not appear to be the missing receipt, and the undersigned declines to scour the record in search of it. (*See* Mot., Dkt. No. 816 at 2 (citing Dkt. No. 803-9).) If Adobe wishes to have the missing receipt considered, it must be attached to the supplemental declaration.

    Additionally, if the parties have stipulated to splitting any taxable costs, namely trial

1  transcripts, written confirmation of such an agreement should be provided. *See* Civil L.R. 54-3(b).

2        Adobe may also wish to revisit its challenge regarding the taxable costs of deposition
3  transcripts. As Adobe acknowledges, pursuant to the Local Rules, a prevailing party is only
4  entitled to the cost of one original transcript and one copy. Civil L.R. 54-3(c)(1). The one copy
5  may be in text or another format (E-Transcript, ASCII, video, rough transcript, etc.). *Id.* In
6  practice, the Clerk generally taxes costs for the original and the most expensive copy, and denies
7  the rest as more copies than are permitted under the Local Rules. For example, if John Doe is
8  deposed and the deposition is videotaped, the prevailing party may recover the cost for the original
9  transcript and the videotape, but not the ASCII, E-Transcript or rough versions, because the video
10 is more expensive. Also, hyperlinking is not taxable.

11       Furthermore, the attendance fee of a court reporter is only allowable if the witness fails to
12 appear. Civil L.R. 54-3(c)(5).

13       Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or
14 a court order provides otherwise, costs—other than attorney's fees—should be allowed to the
15 prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, paralegal time is recoverable through a
16 motion for attorneys' fees. Here, Adobe seeks payment for paralegal fees allegedly incurred as
17 exemplification costs for the creation of demonstratives used at trial. (Mot. at 2.) While the clerk
18 taxed costs for the third party vendor, she declined to tax costs for the paralegal work. Adobe has
19 provided no legal support for its request to recover internal paralegal fees for exemplification
20 costs, but claims that the hourly rates charged by its paralegals are reasonable. (Reply, Dkt. No.
21 822 at 5.) Thus, Adobe must provide authority for performing a lodestar analysis in connection
22 with a bill of costs. Otherwise, the Court will decline to perform a lodestar analysis, and will not
23 recommend that the paralegal fees be taxed.

24       Accordingly, if Adobe still wishes the Court to review the bill of costs, Adobe is ordered to
25 submit an amended motion on or before **June 3, 2015**, as well as a supplemental declaration with
26 all of the receipts attached. In light of the guidance provided above, should Adobe wish to reduce
27 the amount of taxable costs sought, it is invited to do so. If an amended motion is filed, Digital
28 Reg shall be permitted to file an opposition within 14 days pursuant to a normal briefing schedule.

United States District Court
Northern District of California

1 The Court will not, however, entertain any challenges to taxable costs already awarded. Adobe
2 may file a reply.
3     Alternatively, if Adobe decides to only seek taxation of the missing receipt and other costs
4 that Digital Reg had agreed to pay, it may file a supplemental declaration with that information
5 attached and state that it is withdrawing the remainder of its motion. This shall also be filed on or
6 before June 3, 2015. Should this occur, Digital Reg will not be permitted a response.
7     Upon receipt of all submissions, the Court will determine whether a hearing is necessary or
8 if the matter may be resolved without further briefing and oral argument under Civil Local Rule
9 7-1(b).
10     IT IS SO ORDERED.
11 Dated: May 20, 2015

KANDIS A. WESTMORE
United States Magistrate Judge